

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. | CIVIL ACTION NO. 02cv2810 |
| Plaintiff | |
| v. | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | FILED MAY 10 2002 |
| Defendants | |

## COMPLAINT

The plaintiff, De Lage Landen Financial Services, Inc., by and through its attorneys complains of defendants, DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C., and Zobar Properties, LLC as follows:

### PARTIES

1. Plaintiff, De Lage Landen Financial Services, Inc. is a corporation, organized and existing under the laws of the state of Michigan, with a place of business at 1111 Old Eagle School Road, Wayne, Pennsylvania, 19087.

2. Defendant, DeSoto Diagnostic Imaging, LLC ("DDI") is a limited liability company organized under the laws of the state of Mississippi, with a place of business at 9085 Sandridge Center Cove, Olive Branch, Mississippi, 38654.

3. Defendant, Randon Carvel is an adult individual who is a citizen and resident of the State of Mississippi with a place of residence at 2464 Monroe Avenue, Memphis, Tennessee 38112.

4. Defendant, Lynn T. Carvel is an adult individual who is a citizen and resident of the State of Mississippi with a place of residence at 2464 Monroe Avenue, Memphis, Tennessee 38112.

1

5. Defendant, Delta Radiology, P.C. is a professional corporation organized and existing under the laws of the State of Mississippi with a place of business at 5948 Lake Tide Cove, Memphis, Tennessee 38120.

6. Defendant Zobar Properties, LLC is a limited liability company organized and existing under the laws of the State of Mississippi with a place of business at 9085 Sandidge Center Cove, Olive Branch, Mississippi 38654.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred on this court under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Personal jurisdiction and venue are appropriate in this district because, among the reasons, the defendants each executed documents (described infra and attached hereto as Exhibits) consenting to the jurisdiction of this Court.

## FACTS

9. On or about February 17, 2000, defendant DDI executed and delivered to Toshiba America Medical Credit, a program of Toshiba America Medical Systems, Inc. ("TAMS"), a Master Lease Agreement and related attachments (collectively, the "Master Lease"), whereby, DDI leased from TAMS certain equipment more fully described therein. A true and correct copy of the Master Lease is attached hereto, made a part hereof and marked Exhibit "A".

10. In order to secure the obligations of DDI to TAMS, defendants Randon J. Carvel and Lynn T. Carvel each executed and delivered to TAMS their respective Blanket Personal Guarantys, true and correct copies of which are attached hereto, made a part hereof, and marked as Exhibits "B" and "C" respectively.

11. In order to secure the obligations of DDI to TAMS, defendants Delta Radiology, P.C. and Zobar Properties, LLC each executed and delivered to TAMS their respective Guarantys, true and correct copies of which are attached hereto, made a part hereof, and marked as Exhibits "D" and "E" respectively.

12. TAMS assigned all of its right, title and interest in and to the Master Lease and the Guarantys attached as Exhibits "B" through "E" inclusive and all related instruments, agreements and documents to plaintiff, DLL.

05/09/02/SL1 258374v1/21090.009

13. DDI is in default of the terms and conditions of the Master Lease for, <u>inter alia</u>, failure to timely make payments when due and for dismantling and removing the equipment described in the Master Lease prior to the end of the lease term.

14. DLL has demanded that DDI pay DLL all amounts which are due and owing under the Master Lease. DDI has failed and refused to make such payment.

### COUNT I – BREACH OF CONTRACT AS TO DDI

15. DLL incorporates paragraphs 1-14 as if set forth herein.

16. DDI had a duty to comply with the terms and conditions of the Master Lease and to timely make payments to DLL under the terms set forth therein.

17. DDI breached its duty to DLL by failing to make timely payments to DLL under the Master Lease, and, as a result there is due and owing to DLL a sum in excess of $3,250,000.00.

18. As a result of DDI's failure to make timely payments to DLL under the Master Lease, DLL has been damaged.

WHEREFORE, Plaintiff demands judgment against defendant DDI an amount in excess of $3,250,000.00 representing the balance due under the Master Lease and other charges due thereunder including, but not limited to, taxes, residual amounts due, attorneys' fees and late charges.

### COUNT II – BREACH OF CONTRACT AS TO GUARANTOR DEFENDANTS

19. DLL incorporates Count I as if set forth herein.

20. Defendants, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC were guarantors of the Master Lease obligations of DDI to DLL pursuant to the Guarantys attached hereto as Exhibits "B" through "E", and as such, had a duty to comply with the terms of the Guarantys.

21. The Defendants Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C., and Zobar Properties, LLC, are indebted, jointly and severally to DLL in an amount in excess of $3,250,000.00, representing the sums due and owing from DDI to DLL.

WHEREFORE, Plaintiff demands judgment against Defendants Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C., and Zobar Properties, LLC in an amount in

05/09/02/SL1 258374v1/21090.009

excess of $3,250,000 representing the balance due under the Master Lease and other charges due thereunder including, but not limited to, taxes, residual amounts due, attorneys' fees and late charges.

### COUNT III AS TO DDI

22. DLL incorporates Count I and Count II as if set forth herein.

23. DLL believes, and upon that belief alleges, that DDI removed and dismantled several pieces of the equipment described in the Master Lease (the "Dismantled Equipment"), which Dismantled Equipment has been removed by agents of DDI.

24. DLL believes, and upon that belief alleges, that by dismantling the Dismantled Equipment, in contravention of the Master Lease, DDI caused extensive damage to the Dismantled Equipment.

25. DLL believes, and upon that belief alleges, that DDI has retained possession of the following equipment with related attachments: Asteion/VF36kw, Serial #00602189 plus all parts and accessories (the "Retained Equipment").

26. DLL has incurred additional costs in connection with the removal and inspection of the Dismantled Equipment.

27. The Retained Equipment is the Property of DLL, and in accordance with the terms of the Master Lease, DLL is entitled to possession of the Retained Equipment.

WHEREFORE, DLL demands judgment against DDI as follows:

(a) Requiring DDI to reimburse DLL for the damage to and expenses associated with removal of the Dismantled Equipment; and

(b) Requiring DDI to turn over to DLL the Retained Equipment;

(c) For such other relief as the Court deems necessary to protect DLL's interest in the Retained Equipment.

## COUNT IV AS TO DEFENDANT LYNN T. CARVEL

28. DLL incorporates Count I, Count II and Count III as if set forth herein.

29. In connection with the negotiation of the Master Lease and in order to induce TAMS to enter into the Master Lease, Defendant Lynn T. Carvel executed and delivered to TAMS, a Debt Subordination Letter (the "Subordination Letter"). A true and correct copy of the Subordination Letter is attached hereto, made a part hereof, and marked Exhibit "F."

30. DLL believes, and upon that belief alleges, that DDI, also a signatory to the Subordination Agreement, has continued to make payments to Defendant Lynn T. Carvel in contravention of the terms of the Subordination Agreement.

WHEREFORE, Plaintiff demands judgment against defendant Lynn Carvel as follows:

(a) Requiring Lynn Carvel to fully account for all payments of any nature received by her from DDI since March 15, 2002;

(b) Ordering the turn over to DLL by Lynn T. Carvel of all such payments made by DDI.

## COUNT V AS TO DDI

31. DLL incorporates Count I, Count II, Count III and Count IV as if set forth herein.

32. In accordance with and in furtherance of the terms of the Master Lease, DDI did execute and deliver to TAMS a Master Lease Agreement Addendum dated February 17, 2000 (the "Addendum"). A true and correct copy of the Addendum is attached hereto, made a part hereof, and marked Exhibit "G."

33. Pursuant to the Addendum, DDI granted to TAMS a security interest in all of the assets therein described (collectively, the "Collateral").

34. DLL believes, and upon that belief alleges, that DDI retains in its possession and/or control assets including the Collateral and to which DLL is entitled in accordance with the terms of the Addendum.

WHEREFORE, DLL demands judgment against DDI as follows:

(a) Requiring DDI to account to DLL for all of the Collateral; and

(b) Ordering the turn over of the Collateral and entering an Order for the issuance of a writ of replevin in favor of DLL for such relief; and

(c) For such relief as the Court deems necessary and appropriate to enforce the terms of DLL's security interest in and to the Collateral.

STEVENS & LEE, P.C.

By: *Rosetta B. Packer*
Rosetta B. Packer, Esquire
Attorneys for Plaintiff

Dated: May 10, 2002

05/09/02/SL1 258374v1/21090.009