IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynne T. Carvel, Delta Radiology, P.S. and Zobar Properties, LLC. | |
| Defendants | |

**PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S
ANSWER IN OPPOSITION TO DEFENDANTS' MOTION
FOR CHANGE OF VENUE FOR CONVENIENCE OF WITNESSES
<u>AND IN THE INTEREST OF JUSTICE</u>**

Plaintiff De Lage Landen Financial Services, Inc. ("DLL"), by its attorneys, McCarter & English, LLP, files the within Answer in Opposition to Defendants' Motion for Change of Venue for Convenience of Witnesses and in the Interest of Justice, and in support thereof states as follows:

1.   Denied.  The subject matter of this controversy arises out of a certain Master Lease Agreement (the "Master Lease") and four Guaranties, each of which contains a forum selection clause pursuant to which Defendants, <u>inter alia</u>, consented to personal jurisdiction and subject matter jurisdiction in the courts of the Commonwealth of Pennsylvania and the United

States District Court for the Eastern District of Pennsylvania.  DLL, as Plaintiff, chose the Eastern District of Pennsylvania, the District with which DLL maintains its principal place of business and within which the documents needed to prosecute its claims are located.  The Master Lease and Guaranties, copies of which are attached to DLL's Complaint as Exhibits A, B, C, D and E, respectively, further provide that they are deemed to have been made in Berwyn, Pennsylvania, that DDI must make its payments to DLL in Berwyn, Pennsylvania, and that they shall be governed by the laws of the Commonwealth of Pennsylvania.  Further, DLL intends to file a Crossclaim against Intervenor Plaintiff Toshiba America Medical Systems, Inc. ("TAMS"), which will be based upon a contract between DLL and TAMS which, inter alia, allocates their respective rights and responsibilities to one another under the Master Lease and Guaranties executed by Defendants.  The contract between DLL and TAMS, a copy of which is attached as Exhibit F to TAMS Intervenor Complaint, is by its own terms to be construed under Pennsylvania law and will require testimony and documentary evidence that is unrelated to, and not located in, the Northern District of Mississippi.

2. Admitted in part.  The averments pertaining to the corporate status and places of business of the Defendants are admitted based upon the averments in Defendants' Answer to DLL's Complaint.  It is further admitted that DLL could have brought this action in the Northern District of Mississippi, however, DLL, as Plaintiff, is entitled to choose its forum, and each of the Defendants has, inter alia, consented to personal jurisdiction and subject matter jurisdiction in the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania, and therefore venue in this Court is proper.

3. Denied. DLL's claims are set forth in its Complaint, which is a document that speaks for itself.

4. Denied. DDI's claims are set forth in its Counterclaim, which is a document that speaks for itself.

5. Denied. The central issue that will determine the liability of the parties is their respective performance or nonperformance, as the case may be, under the terms of the Master Lease and Guaranties which, by their own terms, were executed in Pennsylvania, are governed by Pennsylvania law, and which are subject to jurisdiction and venue in the United States District Court for the Eastern District of Pennsylvania.

6. Denied.

7. Denied. DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and the same are therefore denied. By way of further answer, there was no solicitation of DDI by DLL in the Northern District of Mississippi or anywhere else.

8. Denied. Certain of the medical equipment is no longer situated in the Northern District of Mississippi.

9. Denied as stated. TAMS's obligations are set forth in the Master Lease and other agreements between the parties, all of which are writings which speak for themselves.

10. Denied. It is denied that whether all service of the medical equipment occurred in the Northern District of Mississippi is the "central dispute in this case." By way of further answer, the central dispute in this case is DDI's nonpayment to DLL under the Master Lease and,

upon the default by DDI, the Guarantor Defendants' failure to pay DLL pursuant to their Guaranties.  Thus, the central dispute in this case turns on the Court's interpretation of, and the parties' performances under, contracts in which the Defendants consented to personal jurisdiction and subject matter jurisdiction in the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.

11. Denied.  To the extent that DLL understands the averments in paragraph 11 of DDI's Motion, Defendants' obligations to DLL under the Master Lease and Guaranties are unaffected by any "agreements by TAMS and DLL in Mississippi."

12. Admitted in part.  It is admitted that DDI's dismantling, care and maintenance of the medical equipment occurred in the Northern District of Mississippi.  DDI's dismantling, care and maintenance of the medical equipment was done by DDI in violation of the Master Lease, which contains the forum selection clause pursuant to which DDI has consented to personal jurisdiction and subject matter jurisdiction in the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.  Further, DDI's dismantling, care and maintenance of the medical equipment is but one of many issues in this case, many of which do not involve the Northern District of Mississippi.

13. Denied.  Many witnesses, some from the Northern District of Mississippi and some not, have evidence of the condition of the equipment at the time of its removal.

14. Denied.  All of DLL's books and records are situated in the Eastern District of Pennsylvania.  Further, all of DDI's payments were tendered to DLL in the Eastern District of

Pennsylvania. Further, upon information and belief, most, if not all, of TAMS's books and records are situated outside of the Northern District of Mississippi.

15. Denied. DLL is without knowledge, at this time, as to the residences and/or places of business of individuals who may be independent witnesses in this action. However, even to the extent that such witnesses may be located in Mississippi, their testimonies may be secured through the use of regular or videotape depositions.

16. Denied. DLL is without knowledge, at this time, as to the witnesses identified by Defendants in paragraph 16 of their Motion.

17. Denied. DDI cannot seek to enforce the agreements between itself and TAMS on the one hand and deny the applicability of the forum selection clause contained in those agreements on the other hand. DDI's allegations with respect to the quality of the images produced by the medical equipment may raise an issue between DDI and Toshiba but they do not change the fact that, under the Master Lease, payments are due to DLL in Pennsylvania. Further, the quality of the images produced by the medical equipment may be one of the issues in this lawsuit, but most of the other issues are unrelated to the Northern District of Mississippi. Further, DLL is without knowledge, at this time, as to what evidence the witnesses identified in paragraph 16 of Defendants' Motion possess regarding the quality of the images produced by the medical equipment at issue.

18. Denied. DLL cannot respond as to "as of yet unidentified material and independent third-party witnesses" except to note that there will be such witnesses on behalf of DLL and/or TAMS who do not reside in the Northern District of Mississippi.

19. Denied. DLL is without knowledge, at this time, as to the "Mississippi physicians" who retained the services of DDI to make radiological images, however, their testimonies may be secured through the use of regular or videotape depositions.

20. Denied. DLL is without knowledge, at this time, as to the "Mississippi physicians" who retained the services of DDI to make radiological images, however, their testimonies may be secured through the use of regular or videotape depositions.

21. Denied. DLL is without knowledge, at this time, as to the "Mississippi physicians" who retained the services of DDI to make radiological images, however, their testimonies may be secured through the use of regular or videotape depositions.

22. Denied. The testimony of independent witnesses may be secured through the use of regular or videotape depositions, thus eliminating the need for them to attend trial in Philadelphia. It is further denied that, were these witnesses to attend trial, they would have to be absent from their homes and businesses for 14 days. Further, Defendants must recognize that, if venue is transferred to the Northern District of Mississippi, DLL's and, upon information and belief, TAMS's witnesses would be just as inconvenienced as DDI's witnesses will be if venue is maintained in the Eastern District of Pennsylvania. Accordingly, since inconvenience cannot be avoided, the Court should allow this case to proceed in the forum that plaintiff has chosen and that the defendants consents to in the Master Lease and the Guaranties.

23. Denied. Defendants effectively waived their right to plead hardship when, by signing the Master Lease and Guaranties, they consented to personal jurisdiction and subject

matter jurisdiction in the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.

24.     Denied. Defendant DDI effectively waived its right to plead hardship when, by signing the Master Lease, it consented to personal jurisdiction and subject matter jurisdiction in the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.

25.     Denied. It is denied that the Master Lease and Guaranties are "adhesion contracts." To the contrary, they are contracts voluntary signed by sophisticated parties to a commercial transaction. Further, Defendants have offered no legal or factual support of their argument, to the extent that they have made one, that they should not be bound by the forum selection clauses in the Master Lease and Guaranties. Further, this action has substantial contacts with the Eastern District of Pennsylvania including, but not limited to, DLL's witnesses, books and records are located in the Eastern District of Pennsylvania, DDI's payments were tendered to DLL in the Eastern District of Pennsylvania, and the Master Lease and Guaranties are all deemed to have been executed in Pennsylvania.

26.     Denied. It is denied that the Northern District of Mississippi is "the proper and most convenient forum for litigating" Defendants' Counterclaims against DLL and TAMS.

27.     Denied. Trial in the Northern District of Mississippi would serve the interests only of the Defendants and their witnesses, not DLL and its witnesses and not, upon information and belief, TAMS or its witnesses.

28.     Denied.

29.     Admitted, however, it is denied that the Affidavit supports the relief requested in the Motion.

WHEREFORE, for the reasons set forth herein and for those set forth in the attached Memorandum of Law, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that this Honorable Court enter an Order denying Defendants' Motion to transfer venue to the United States District Court for the Northern District of Mississippi.

                Respectfully submitted,

                **McCARTER & ENGLISH, LLP**

                Mellon Bank Center
                1735 Market Street
                Suite 700
                Philadelphia, PA  19103
                Attorneys for Plaintiff,
                De Lage Landen Financial Services, Inc.

        By: _____
                Rosetta B. Packer, Esquire
                Peter J. Boyer, Esquire
                David J. Gaier, Esquire

Dated: September 23, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| And : | |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. | |
| Carvel, Lynne T. Carvel, Delta Radiology, | |
| P.S. and Zobar Properties, LLC. | |
| Defendants | |

## ORDER

AND NOW, this         day of                    , 2002, upon consideration of Defendants', DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, PC and Zobar Properties, LLC, Motion for Change of Venue for Convenience of Witnesses and in the Interest of Justice, and the responses thereto of Plaintiff De Lage Landen Financial Services, Inc. and Intervenor Plaintiff Toshiba America Medical Systems, Inc., it is hereby ORDERED that the said Motion is DENIED.

By the Court:

_____
Ronald L. Buckwalter, U.S.D.J.

PH1: 114141.01