## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | CIVIL ACTION NO. 02-CV-2810 |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. | : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. | : | |
| and Zobar Properties, LLC. | : | |
| | : | |
| Defendants | : | |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
### TO COUNTERCLAIM OF DEFENDANTS
### AND CROSSCLAIM AGAINST INTERVENOR PLAINTIFF

Plaintiff De Lage Landen Financial Services, Inc. ("DLL"), by its attorneys, McCarter &

English, LLP, hereby responds by way of Answer and Affirmative Defenses to the Counterclaim

of Defendants DeSoto Diagnostic Imaging, LLC ("DDI"), Randon J. Carvel, Lynn T. Carvel,

Delta Radiology, P.C. ("Delta") and Zobar Properties, LLC ("Zobar")(collectively,

"Defendants"), and asserts the within Crossclaim against Intervenor Plaintiff Toshiba America

Medical Systems, Inc. ("TAMS"):

### ANSWER TO COUNTERCLAIM

1.    Denied.  DLL is without knowledge or information sufficient to form a

belief as to the truth of the averments in paragraph 1 of the Counterclaim.

2.      Admitted in part; denied in part.  It is admitted that what appear to be true copies of the Master Lease Agreement as signed by DDI and TAMS  are attached as Exhibits to the Counterclaim.   The remaining averments of this paragraph are denied.

3.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of the Counterclaim.

4.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of the Counterclaim.

5.      Denied.

6.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Counterclaim.

7.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Counterclaim.

8.      Denied.

9.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of the Counterclaim.

10.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Counterclaim.

11.      Denied.

12.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of the Counterclaim.

13.      Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Counterclaim.

14.      Denied.

15.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Counterclaim.

16.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of the Counterclaim.

17.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of the Counterclaim.

18.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of the Counterclaim.

19.     Denied.  The Master Lease speaks for itself.

20.     Denied. The Master Lease speaks for itself.

21.     Denied.

22.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Counterclaim.

23.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of the Counterclaim.

24.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of the Counterclaim.

25.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Counterclaim.

26.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of the Counterclaim.

27.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of the Counterclaim.

28.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of the Counterclaim.

29.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 of the Counterclaim.

30.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of the Counterclaim.

31.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of the Counterclaim.

32.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32 of the Counterclaim.

33.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 of the Counterclaim.

34.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of the Counterclaim.

35.     Admitted.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

## COUNT I

**(Delivery of Non-Conforming Goods as to Supplier/Lessor)**

41.     DLL hereby incorporates by reference the averments in the preceding paragraphs.

42.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 42 of the Counterclaim.

43.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 43 of the Counterclaim.

44.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 44 of the Counterclaim.

45.     Denied.

46.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 46 of the Counterclaim.

47.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 47 of the Counterclaim.

48.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 48 of the Counterclaim.

49.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 49 of the Counterclaim.

50.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 50 of the Counterclaim.

51.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 51 of the Counterclaim.

52.     Denied.

53.     Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT II

### (Breach of Contract as to the Master Lease Agreement)

54.    DLL hereby incorporates by reference the averments in the preceding paragraphs.

55.    Denied.  The Master Lease speaks for itself and DLL refers to it for its terms.  As to the remaining averments of this paragraph DLL is without knowledge or information sufficient to form a belief as to their truth, and the same are therefore denied.

56.    Denied.  The Master Lease speaks for itself and DLL refers to it for its terms.

57.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 57 of the Counterclaim.

58.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 58 of the Counterclaim.

59.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 59 of the Counterclaim.

60.    Denied.

61.    Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT III

**(Breach of Express Warranties)**

62.     DLL hereby incorporates by reference the averments in the preceding paragraphs.

63.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 63 of the Counterclaim.

64.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 64 of the Counterclaim.

65.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 65 of the Counterclaim.

66.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 66 of the Counterclaim.

67.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 67 of the Counterclaim.

68.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 68 of the Counterclaim.

69.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 69 of the Counterclaim.

70.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 70 of the Counterclaim.

71.    Denied.

72.    Denied.

73.    Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT IV

### (Breach of Implied Warranty of Fitness for Particular Purpose)

74.    DLL hereby incorporates by reference the averments in the preceding paragraphs.

75.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 75 of the Counterclaim.

76.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 76 of the Counterclaim.

77.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 77 of the Counterclaim.

78.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 78 of the Counterclaim.

79.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 79 of the Counterclaim.

80.     Denied.

81.     Denied.

82.     Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT V

### (Breach of Implied Warranty of Merchantability)

83.     DLL hereby incorporates by reference the averments in the preceding paragraphs.

84.     Denied.

85.     Denied.

86.     Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 86 of the Counterclaim.

87.     Denied.

88.     Denied.

89.    Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT VI

### (Breach of Contract as to the Service Agreement)

90.    DLL hereby incorporates by reference the averments in the preceding paragraphs.

91.    Denied.  The Service Agreement speaks for itself, and DLL refers to it for its terms.  DLL is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 91 of the Counterclaim.

92.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 92 of the Counterclaim.

93.    Denied.

94.    Denied.

95.    Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said

Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT VII

### (Fraudulent Inducement)

96.    DLL hereby incorporates by reference the averments in the preceding paragraphs.

97.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 97 of the Counterclaim.

98.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 98 of the Counterclaim.

99.    Denied. DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 99 of the Counterclaim.

100.    Denied. DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 100 of the Counterclaim.

101.    Denied. DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 101 of the Counterclaim.

102.    Denied. DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 102 of the Counterclaim.

103.    Denied.

104.    Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar

Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT VIII

### (Breach of Master Contract Financing Program Agreement)

105.    DLL hereby incorporates by reference the averments in the preceding paragraphs.

106.    Admitted in part; denied in part.  It is admitted only that attached as Exhibit "A" is what appears to be a true copy of the Financing Agreement. DLL is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 106 of the Counterclaim

107.    Denied as stated.  The Financing Agreement speaks for itself and DLL refers to it for its terms.

108.    Denied.

109.    Denied. The Financing Agreement speaks for itself and DLL refers to it for its terms.

110.    Denied. The Financing Agreement speaks for itself and DLL refers to it for its terms.

111.    Denied. The Financing Agreement speaks for itself and DLL refers to it for its terms.

112.    Denied. The Financing Agreement speaks for itself and DLL refers to it for its terms.

113.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 113 of the Counterclaim.

114.    Denied.

115.    Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## COUNT IX

### (Declaratory Judgment)

116.    DLL hereby incorporates by reference the averments in the preceding paragraphs.

117.    Denied.

118.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 118 of the Counterclaim.

119.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 119 of the Counterclaim.

120.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 120 of the Counterclaim.

121.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 121 of the Counterclaim.

122.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 122 of the Counterclaim.

123.    Denied.  DLL is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 123 of the Counterclaim.  To the extent that the averments in paragraph 123 of the Counterclaim seek to characterize certain writings, the characterizations are denied, as the writings speak for themselves.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaim of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

1.    DLL hereby repeats and incorporates herein by reference any and all defenses which flow from the facts set forth in the following pleadings:  DLL's Compliant Against Defendants, DLL's Answer to Defendants' Counterclaim, and DLL's Crossclaim Complaint Against TAMS.

2.    Defendants' Counterclaims are barred for failure to state claims upon which relief can be granted against DLL.

3.    Defendants' Counterclaims against DLL are barred by the doctrines of waiver, estoppel and/or laches.

4.      Defendants' Counterclaims against DLL are barred by the applicable statute(s) of limitations.

5.      Defendants' Counterclaims against DLL are barred because the alleged wrongful actions and/or inactions described therein, the same having been denied, are the result of actions and/or inactions by individuals and/or entities other than DLL.

6.      Defendants' Counterclaims against DLL are barred by reason of the fact that  Defendants' damages, if any, are the result of their own actions and/or inactions, including, but not limited to, their failure to properly utilize the medical equipment and/or to properly supervise and train the personnel who utilized the medical equipment.

7.      Defendants' Counterclaims against DLL are barred to the extent that the Counterclaims assert causes of action upon which relief can be granted only against TAMS, not DLL.

8.      Defendants' Counterclaims against DLL are barred because DLL is not a joint venturer with TAMS as alleged.

9.      Defendants' Counterclaims against DLL are barred because DLL is not a partner of TAMS as alleged.

10.     Defendants' Counterclaims against DLL are barred because DLL did not take its assignment of the Master Lease and Guaranties from TAMS with knowledge of DDI's complaints that the medical equipment suffered from defects and other problems as alleged.

11.     Defendants' Counterclaims against DLL are barred by the provisions of the Master Lease, Guaranties and other documents executed by Defendants in connection with the lease of the medical equipment at issue herein.

12.     Defendants' Counterclaims against DLL are barred by, <u>inter alia</u>, Paragraph 4 of the Master Lease, which states:

> "…If the Equipment is not properly installed, does not operate as intended by the Vendor and/or Manufacturer, or is unsatisfactory for any reason, Lessee shall make any claim on account thereof solely against the Vendor and/or Manufacturer and shall, nevertheless, pay Lessor all Lease payments under the Lease and shall not set up against Lessee's obligations any such claim as a defense, counterclaim, set-off or otherwise…."

13.     Defendants' Counterclaims against DLL are barred by reason of the fact that DLL is a holder in due course, for value, of the Master Lease, and is not subject to the causes of action asserted in Defendants' Counterclaim by reason of the alleged conduct and/or omissions of TAMS.

14.     Defendants' Counterclaims against DLL are barred or limited due to Defendants' failure to mitigate their damages.

15.     Defendants' Counterclaims against DLL are barred or limited to the extent that they seek damages that are not recoverable at law or under the Master Lease, Guaranties and other documents executed by Defendants in connection with the lease of the medical equipment at issue herein.

16.     Defendants' Counterclaims against DLL are barred and/or limited by, <u>inter alia</u>, Paragraph 4 of the Master Lease, which states:

> "…REGARDLESS OF CAUSE, LESSEE WILL NOT ASSERT ANY CLAIM WHATSOEVER AGAINST LESSOR FOR LOSS OF ANTICIPATORY PROFITS OR ANY OTHER INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES…."

17.     DLL hereby reserves the right to amend this pleading to assert such other affirmative defenses as may become known or available during discovery or based upon subsequent proceedings in this action.

## CROSSCLAIM AGAINST INTERVENOR PLAINTIFF

### PARTIES

1.     Plaintiff De Lage Landen Financial Services, Inc. ("DLL"), formerly known as Tokai Financial Services, Inc. ("Tokai"), is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 1111 Old Eagle School Road, Wayne, Pennsylvania 19087.

2.     Plaintiff/Intervenor, Toshiba American Medical Systems, Inc. ("TAMS") is a corporation, organized and existing under the laws of the State of California, with its principle place of business in Tustin, California.

### JURISDICTION

3.     Jurisdiction is proper pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

4.     Personal jurisdiction and venue are proper in this District because, inter alia, TAMS has acknowledged jurisdiction and venue as being proper in its Intervenor Complaint against Defendants DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynne T. Carvel, Delta Radiology, P.S. and Zobar Properties, LLC (collectively, "Defendants").

## FACTS

5.    On or about July 19, 1996, DLL's predecessor, Tokai, and TAMS entered into a certain Master Contract Financing Program Agreement (the "Agreement"), a copy of which is attached hereto, made a part hereof and marked as Exhibit A.

6.    Pursuant to its terms, the purpose of the Agreement, inter alia, was to permit Tokai, to purchase from TAMS certain contracts for the lease and/or sale of medical equipment and related software between TAMS and its customers (various medical providers), and to thereby facilitate TAMS's ability to lease and/or sell such equipment to those customers. See, recital paragraphs (a)-(c) on page 1 of the Agreement.

7.    On February 14, 2000, TAMS executed and delivered to DLL, as Tokai's successor, a certain Application Approval Form (the "Application Approval Form") which set forth the specific terms under which TAMS would sell and DLL, as Tokai's successor, would purchase, pursuant to and in furtherance of the Agreement, all of TAMS's right, title and interest in and to a certain Toshiba Master Lease Agreement (the "Master Lease") for medical equipment (the "Medical Equipment") between TAMS, as lessor, and Defendant DeSoto Diagnostic Imaging, LLC ("DDI"), of Olive Branch, Mississippi, as lessee.  A true and correct copy of the Application Approval Form is attached hereto, made a part hereof and marked as Exhibit B.

8.    Based upon TAMS's execution and delivery of the Application Approval Form to DLL, TAMS entered into the Master Lease with DDI.

9.    At the time of, or prior to, TAMS's execution of the Master Lease, DLL purchased all of TAMS's right, title and interest in and to the Master Lease and all related schedules, maintenance, service and other agreements, instruments and documents attendant to the Master Lease, including, but not limited to, the unconditional Guaranties (collectively, the

"Lease Documents) of Defendants Randon J. Carvel, Lynn T. Carvel, Delta Radiology and Zobar Properties, LLC (collectively, the "Guarantor Defendants").

10.    Pursuant to the Agreement and Application Approval Form between DLL and TAMS, and pursuant further to the Lease Documents between TAMS and the Defendants, TAMS was required to provide all necessary service and maintenance for the Medical Equipment and to honor all manufacturer's warranties for the Medical Equipment.

11.    On or about February 1, 2002, Defendants, claiming that TAMS had failed to properly service and maintain the Medical Equipment and to honor the manufacturer's warranties, breached the Master Lease and Guaranties by ceasing to make any further payments due thereunder.

12.    Defendants' breach has caused DLL to sustain a loss in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties.

**COUNT I
BREACH OF CONTRACT
(<u>FAILURE TO TENDER RECOURSE PAYMENT</u>)**

13.    The preceding paragraphs are incorporated herein by reference.

14.    In the Application Approval Form, TAMS agreed to make a recourse payment in the amount of $375,000 to DLL in the event of a default under the Master Lease by DDI within the first 24 months of the term thereof.

15.    DDI defaulted upon the Master Lease on or about February 1, 2002, which date is within the first 24 months of the term of the Master Lease.

16.    Despite demands by DLL, TAMS has refused, without justification, cause or excuse, to tender the recourse payment in the amount of $375,000 to DLL.

WHEREFORE, plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in the amount of $375,000 be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc., plus interest and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

### COUNT II
### BREACH OF WARRANTY
### (Warranty Against Unauthorized Warranties and Representations to Lessee)

17.    The preceding paragraphs are incorporated herein by reference.

18.    In Section 5.2(b) of the Agreement, TAMS represented and warranted to DLL's predecessor, Tokai, that "the only expressed or implied warranties or representations made by TAMS or its agents to the Lessee [DDI] are those contained in the manufacturer's standard product warranty or any maintenance agreement."

19.    Defendants have alleged that TAMS made certain warranties and representations concerning the Medical Equipment beyond those contained in the manufacturer's standard product warranties and maintenance agreements.  See, e.g., Defendants' Counterclaim against DLL at paragraphs 22 through 31.

20.    To the extent that the averments in the Counterclaim are true, TAMS has breached the representations and warranties given to DLL's predecessor, Tokai, as set forth in Section 5.2 (b) of the Agreement.

21.    As a result of TAMS's breach of warranty, DLL has suffered damages in excess of $3.25 million.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff

Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

### COUNT III
### BREACH OF WARRANTY
### (Warranty Against Fraudulent Acts)

22.     The preceding paragraphs are incorporated herein by reference.

23.     In Section 5.2 (c) of the Agreement, TAMS represented and warranted to DLL's predecessor, Tokai, that "TAMS and its agents, and employees have not committed any fraudulent act or participated in any fraudulent act or activity in connection with the execution, delivery or assignment of the Contract or any Guaranty or the performance of this Agreement."

24.     Defendants seek judgment against the DLL as a result of TAMS having allegedly fraudulently induced DDI to enter into the Master Lease by, inter alia, knowingly making certain false representations to DDI concerning the Medical Equipment. See, Count VII of Defendants' Counterclaim against DLL.

25.     To the extent that Defendants prove their Counterclaim for fraudulent inducement against TAMS, and to the further extent that Defendants prove that DLL is liable for TAMS's fraudulent inducement of DDI, then TAMS has breached the warranties and representations set forth in Section 5.2 (c) of the Agreement.

26.     As a result of TAMS's breach of warranty, DLL has suffered damages in excess of $3.25 million.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff

Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

## COUNT IV
## BREACH OF WARRANTY
### (Failure to Perform Proper Maintenance and Service)

27.     The preceding paragraphs are incorporated herein by reference.

28.     In Section 5.2 (e) of the Agreement, TAMS represented and warranted to DLL's predecessor, Tokai, that "TAMS will perform such maintenance and service and provide such supplies, other Soft Costs and warranties as agreed to by TAMS and Lessee [DDI]."

29.     Defendants allege in their Counterclaim against DLL that TAMS failed in numerous instances to properly and adequately maintain and service the Medical Equipment; that TAMS failed to cure certain defects and other problems which DDI encountered with the Medical Equipment; and that TAMS failed to honor certain warranties made to DDI in connection with the Master Lease and the Medical Equipment.  See, e.g., Counts II, III, IV, V and VI of Defendants' Counterclaim against DLL.

30.     To the extent that TAMS has failed to properly and adequately maintain and service the Medical Equipment, or has failed to cure certain defects and other problems which DDI allegedly encountered with the Medical Equipment, or has failed to honor certain warranties made to DDI, then TAMS has breached the warranties and representations made to DLL's predecessor, Tokai, in Section 5.2 (e) of the Agreement.

31.     As a result of TAMS's breach of warranty, DLL has suffered damages in excess of $3.25 million.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master

Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff

Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such

other relief as this Honorable Court deems appropriate and just under the circumstances.

**COUNT V**
**BREACH OF WARRANTY**
**(Unenforceability of Lease Documents)**

32.     The preceding paragraphs are incorporated herein by reference.

33.     In Section 5.2 (j) of the Agreement, TAMS warranted and represented to

DLL's predecessor, Tokai, that "TAMS will not take any action or omit to take any action which

will cause the Contract or any related document, including any Guarantee, to become invalid,

cancelable or unenforceable."

34.     Defendants have alleged that the Lease Documents, including, but not

limited to, the Master Lease, each of the Guaranties signed by Defendants, the Debt

Subordination Letter signed by defendant Lynn T. Carvel, and various Service Agreements and

addenda pertaining to the Medical Equipment, are not enforceable for various reasons, including,

but not limited to, TAMS's alleged inability to properly maintain and service the Medical

Equipment, TAMS's failure to cure the alleged defects in the Medical Equipment, and that the

Lease Documents were "not the result of any bargained-for exchange" and are "unconscionable

contracts of adhesion and are thus not enforceable by any party."

35.     To the extent that any of the Lease Documents are held, in full or in part,

to be invalid, cancelable or unenforceable as alleged by Defendants, then TAMS has breached

the warranties and representations made to DLL's predecessor, Tokai, as set forth in Section

5.2(j) of the Agreement.

36.    As a result of TAMS's breach of warranty, DLL has suffered damages in excess of $3.25 million.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

### COUNT VI
### BREACH OF CONTRACT
### (Failure to Remarket the Medical Equipment)

37.    The preceding paragraphs are incorporated herein by reference.

38.    Pursuant to Section II of the Application Approval Form given by TAMS to DLL, TAMS is required "to provide [DLL] remarketing support at TAMS expense for all equipment except the GE Mammography unit."

39.    Pursuant to Section 2.4 (b) of the Agreement, TAMS owes the following contractual obligation to DLL:

> "Upon issuance of a Default Notice by [DLL], [DLL] may, at any time thereafter, request TAMS to pick up the [medical equipment] to the Defaulted Contract. Within thirty (30) days of TAMS's receipt of such request to pick up the Equipment, TAMS shall repurchase the [Equipment] for an amount equal to DLL's Unrecovered Investment in Defaulted Contract. Upon [DLL's] receipt of its Unrecovered Investment, [DLL] will transfer all of its right, title and interest in and to the Equipment subject to such Defaulted Contract, otherwise without any warranty or representation by [DLL]. TAMS, shall at its sole expense, use its best efforts to remarket the [medical equipment] for a period not to exceed the Remarketing Period. The Remarketing Period for each type of Equipment is set forth in Exhibit "C" which is attached hereto and made a part hereof. Such remarketing efforts shall include, without limitation, repossessing, storing and if necessary, refurbishing the [medical equipment] to the extent deemed

<u>necessary by TAMS. TAMS shall notify [DLL] of each bonified offer to purchase the [medical equipment] which TAMS deems a reasonable approximation of the fair market value of the [medical equipment] ("Offer"). Upon the request of [DLL], TAMS shall substantiate the reasonableness of/and Offer by showing [DLL] comparative sales information."</u> (emphasis supplied).

40.    Pursuant to the above-cited and other provisions of the Application Approval Form and the Agreement, TAMS was and is obligated to use its "best efforts" to remarket the Medical Equipment.

41.    To the extent that TAMS has not remarketed the Medical Equipment or used its best efforts to remarket the Medical Equipment, then TAMS is in breach of its contractual obligations to DLL.

42.    As a result of TAMS's breach of contract, DLL has sustained a loss in excess of 3.25 million.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectively demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

**COUNT VII**
**BREACH OF CONTRACT**
**(Failure to Refund Prepaid Soft Costs)**

43.    The preceding paragraphs are incorporated herein by reference.

44.    Section 6.3 of the Agreement states that, "In the event of (a) Lessee's default,…TAMS agrees to refund the prepaid Soft Costs on a pro-rata basis from the date the Contract goes into default …."

45. Despite DDI's default upon the Master Lease, TAMS has, without justification, cause or excuse, refused to refund any prepaid soft costs to DLL. Accordingly, TAMS is in breach of Section 6.3 of the Agreement.

46. As a result of TAMS's breach of contract, DLL has sustained damages.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully judgment for compensatory damages, interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

## COUNT VIII
## NEGLIGENCE
## (Loss or Damage to the Medical Equipment)

47. The preceding paragraphs are incorporated herein by reference.

48. Pursuant to Section 2.4 (h) of the Agreement, TAMS "is responsible for loss or damage to the Equipment from any cause whatsoever while the Equipment is in its possession or control."

49. To the extent that TAMS has breached, or may in the future breach, its duty to properly maintain the Medical Equipment while the same is in its possession or control, then TAMS is liable to DLL for any and all damages relating thereto.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

## COUNT IX
## NEGLIGENCE
## (Failure to Properly Perform Service and Maintain the Medical Equipment)

50.     The preceding paragraphs are incorporated herein by reference.

51.     Pursuant to Section 6.3 of the Agreement, TAMS "agree[d] to provide all required service and/or maintenance for the Equipment."

52.     Further, in Section 5.2 (e) of the Agreement, TAMS represented and warranted to DLL's predecessor, Tokai, that "TAMS will perform such maintenance and service and provide such supplies…and warranties as agreed to by TAMS and Lessee [DDI]."

53.     TAMS, in undertaking to provide all required service and maintenance for the Medical Equipment as agreed, owed a duty to DLL that it would service and maintain the Medical Equipment properly, in a workmanlike manner and with ordinary care, so that the Medical Equipment would be free from disrepair.

54.     DLL relied upon TAMS to maintain and service the Medical Equipment so as not to cause the DDI and the Guarantor Defendants to default upon their obligations to DLL.

55.     To the extent that TAMS breached its duty to DLL to properly maintain and service the Medical Equipment, then TAMS is liable to DLL for any and all damages relating thereto.

56.     As a direct and proximate result of TAMS's negligence, DLL has sustained a loss in excess of $3.25 million.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

**COUNT X**
**INDEMNIFICATION**
**(Breach of Warranties and Representations)**

57.     The preceding paragraphs are incorporated herein by reference.

58.     Section 9.1(a) of the Agreement states that "TAMS agrees to indemnify and hold harmless [DLL] and its affiliates, subsidiaries, employees, officers and agents from any and all losses, claims, liabilities, demands and expenses ("Losses") whatsoever (including, without limitation, reasonable attorneys' fees) sustained by [DLL] in connection with or in any way related to the breach by TAMS of any of TAMS, warranties and representations. …"

59.     As alleged by Defendants in their Counterclaim against DLL, TAMS has breached numerous warranties and representations given to DDI in connection with the Master Lease and Medical Equipment.

60.     Further, as set forth herein, TAMS may have breached, or may in the future breach, numerous warranties and representations given to DLL in connection with the Agreement and the Application Approval Form.

61.     As a result of TAMS's breaches of its warranties and representations to both DLL and the Defendants, DLL has sustained a loss in excess of $3.25 million.

62.     To the extent that TAMS has breached, or may in the future breach, any of the warranties and representations given to DLL in connection with the Agreement and the Application Approval Form, or to the extent TAMS breached any of the warranties and representations given to DDI in connection with the Master Lease and Medical Equipment, then TAMS must indemnify DLL from any and all losses, claims, liabilities, demands and expenses whatsoever, including reasonable attorneys' fees, sustained by DLL pursuant to Section 9.1(a) of the Agreement

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

### COUNT XI
### INDEMNIFICATION
### <u>(Loss or Damage to the Medical Equipment While in TAMS's Possession)</u>

63.     Pursuant to Section 2.4 (h) of the Agreement, TAMS "is responsible for loss or damage to the Equipment from any cause whatsoever while the Equipment is in its possession or control [and] TAMS shall also hold [DLL] harmless and indemnify and defend [DLL] against any and all claims, actions, suits, proceedings, costs, expenses, damages and liabilities including attorney's fees arising out of, connected with or resulting from the Equipment while it is in TAMS possession or control."

64.     Upon information and belief, TAMS has alleged that one of the pieces of Medical Equipment, an "efficiency x-ray machine," became damaged beyond TAMS's ability to repair and refurbish it for resale when Defendants de-installed it from their offices in Olive Branch, Mississippi.

65.     To the extent that the "efficiency x-ray machine" became damaged while in TAMS's possession or control and not, as TAMS alleges, while in Defendants' possession or control, TAMS must indemnify DLL in accordance with Section 2.4(h) of the Agreement.

66.     To the extent that any of the Medical Equipment is presently, or becomes, damaged from any cause whatsoever while in TAMS's possession or control, TAMS must indemnify DLL in accordance with Section 2.4(h) of the Agreement.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

**COUNT XII**
**INDEMNIFICATION**
**(Liability of DLL to Defendants)**

67.     The preceding paragraphs are incorporated herein by reference.

68.     DDI's Counterclaim alleges acts and omissions of TAMS for which DDI seeks to hold DLL liable.  DLL has denied liability on the counterclaim.  DLL is entitled to and seeks indemnification under the terms of the Agreement and under the common law for any and all costs, expenses and attorneys fees incurred by DLL in defending the Counterclaim and for any award of damages entered in favor of the Defendants and against DLL on the Counterclaim.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment be entered in its favor and against Intervenor Plaintiff Toshiba America Medical Systems, Inc. for the amount of any judgments that may be entered in favor of any of the Defendants and against Plaintiff on the Defendants' Counterclaims, plus interest, attorneys fees and costs of suit, and such other relief as this Honorable Court deems appropriate and just under the circumstances.

**COUNT XIII**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH**
**AND FAIR DEALING**

69.     The preceding paragraphs are incorporated herein by reference

30

70.    TAMS, by its execution of the Agreement and the Application Approval Form, made certain covenants to DLL, including, but not limited to, the implied covenant of good faith and fair dealing.

71.    TAMS breached its implied covenant of good faith and fair dealing to DLL by:

(a)    breaching its duty of loyalty;

(b)    failing to advise DLL of DDI's complaints that the Medical Equipment was defective;

(c)    failing to advise DLL of DDI's claims that TAMS had breached certain warranties and representations in connection with the Medical Equipment;

(d)    failing to provide adequate and proper service, maintenance and support for the Medical Equipment leased to DDI, and thus causing DDI to default upon the Master Lease and the Guarantor Defendants to default upon their Guaranties;

(e)    failing to honor the warranties and representations to DLL as set forth in the Agreement and the Application Approval Form;

(f)    failing, without justification, cause or excuse, to tender to DLL the recourse payment of $375,000 as required in the Application Approval Form; and

(g)    such other actions and/or inactions as yet unknown but which may become known during pretrial discovery or trial.

72.    As a direct and proximate result of TAMS's breach of its implied covenant of good faith and fair dealing to DLL, DLL has sustained a loss in excess of $3.25 million.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully demands that judgment in an amount in excess of $3.25 million, which is the balance due under the Master Lease Agreements and Guaranties, be entered in its favor and against Intervenor Plaintiff

31

Toshiba America Medical Systems, Inc., plus interest, attorneys fees and costs of suit, and such

other relief as this Honorable Court deems appropriate and just under the circumstances.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

Mellon Bank Center
1735 Market Street
Suite 700
Philadelphia, PA  19103
Attorneys for Plaintiff,
De Lage Landen Financial Services, Inc.


By:     _____
        Rosetta B. Packer, Esquire
        Peter J. Boyer, Esquire
        David J. Gaier, Esquire


Dated:  September 30, 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. | : | |
| Carvel, Lynne T. Carvel, Delta Radiology, | : | |
| P.S. and Zobar Properties, LLC. | : | |
| | : | |
| Defendants, | : | |
| | : | |

**CERTIFICATE OF SERVICE**

      I, David J. Gaier, Esquire, hereby certify that on this date I caused the foregoing

Plaintiff's Answer and Affirmative Defenses to Counterclaim of Defendants and Crossclaim

Against Intervenor Plaintiff to be filed via hand delivery with the Clerk of Eastern District of

Pennsylvania, and true and correct copies via regular mail to:

| | |
|---|---|
| John Chesney, Esquire | William Matthews, Esquire |
| Julianne Peck, Esquire | Saul Ewing LLP |
| Drinker Biddle & Reath, LLP | Centre Square West |
| One Logan Square | 1500 Market Street, 38th Floor |
| 18th & Cherry Streets | Philadelphia, PA  19102 |
| Philadelphia, PA  19103 | |

Kyle P. Tate, Esquire
TATE, RAY & BRADY
424 Quachita Avenue
Hot Springs, AR  71901

_____
David J. Gaier, Esquire
PA Attorney ID:  62510

**McCARTER & ENGLISH, LLP**
Mellon Bank Center
1735 Market Street
Suite 700
Philadelphia, PA  19103
(215) 979-3800
Attorneys for Plaintiff,
De Lage Landen Financial Services, Inc.

Dated:  September 30, 2002