**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., : <br>             Plaintiff, : <br> : <br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC. : <br>             Plaintiff/Intervener, : <br> : <br> v. : <br> : <br> DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC. : <br>             Defendants and Counter-Claimants : | CIVIL ACTION NO. 2:02CV2810 <br><br> HON. RONALD J. BUCKWALTER |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**I.     INTRODUCTION**

Defendants Desoto Diagnostic Imaging, LLC. ("Desoto"), Randon J. Carvel ("Mr. Carvel"), Lynn T. Carvel ("Dr. Carvel"), Delta Radiology, P.C. ("Delta") and Zobar Properties, LLC ("Zobar") (collectively, "Defendants") seek to amend their Counterclaims pursuant to Federal Rules of Civil Procedure 15(a) and 13(f) to allow Defendants to add more detail to their counterclaims, assert defenses based on the discovery that certain documents in this case were not executed by authorized persons, and to assert claims of fraud, conspiracy to commit fraud, and breach of the Tennessee Consumer Protection Act against Plaintiff De Lage Landen Financial Services, Inc. ("DLL") and Intervenor Toshiba American Medical Systems, Inc. ("TAMS"). Both of the individual defendants are residents of Tennessee, and Delta is a professional corporation organized under the laws of Tennessee.

This case was initiated by DLL, who claimed that it was the assignee of a lease between TAMS and Desoto relating to certain medical equipment. The medical equipment broke down repeatedly, and required Desoto to place over 200 service calls into TAMS during the approximately 14 month period in which the equipment was located at Desoto's facility in Olive Branch, Mississippi. Desoto continued to make payments on its lease obligations while TAMS continued to make promises that it would cure the deficient equipment, which it never did. Ultimately, Desoto asked TAMS to remove the faulty equipment.

In discovery, Defendants learned that the Master Lease Agreement was signed on TAMS' behalf by Lisa Sparta (who was an employee of DLL, and who has not and has never been an employee of TAMS), and that the Master Contract Financing Agreement was signed on TAMS' behalf by Masamichi Katsurada, who listed himself as President of TAMS but who has, upon information and belief, never held such position. Defendants also have learned that DLL and TAMS secretly agreed to conceal DLL's involvement in the financing of Desoto's acquisition of the medical equipment, and falsely represented that TAMS was a single source for sales, service and financing, an important selling point for Desoto. DLL and TAMS furthered their fraud by, *inter alia*, having DLL employees represent themselves as employees of TAMS, by referring to DLL as Toshiba American Medical Credit (TAMC), and later sending Desoto a letter purporting to assign Desoto's lease of the equipment from TAMC to DLL, even though in discovery TAMC has been referred to as a "d/b/a" of DLL. These facts and others which Defendants learned through discovery form part of their proposed counterclaims of fraud, conspiracy to commit fraud, and violations of the Tennessee Consumer Protection Act. For the Court's convenience, Defendants have attached as Exhibit 1 to this pleading a version of their

proposed amended pleading. If the Court grants Defendants' Motion, Defendants intend to file its amended pleading in substantially the same form as Exhibit 1 to this Motion.

The parties have stipulated to extend the discovery period by sixty (60) days, and submitted this stipulation to the Court for its approval. See Exhibit 2 to this Motion.

## II. ARGUMENT

Federal Rule of Civil Procedure 13(f) provides a flexible means by which a pleader may amend or add to its counterclaims: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). Similarly, Rule 15 permits a party to amend a pleading by leave of court or by written consent of the parties, and provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although the language of Rules 13(f) and 15(a) is slightly different, "this variation has not led to significantly different standards for granting leave to amend. . . . If anything, the clause 'when justice requires' is especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so." Nathanson v. Aetna Cas. & Sur. Co., Civ. No. 01-CV-3377, 2001 U.S. Dist. LEXIS 18248 (E.D. Pa. Nov. 7, 2001).

In the hopes of avoiding unnecessary Court involvement, Defendants sought the consent of both DLL and TAMS to amend their affirmative defenses and counterclaims, and provided DLL and TAMS with a draft version of the amended pleading Defendants wish to file. Unfortunately, and in spite of the facts that TAMS was willing to consent to the amendments and that, by rule, leave is to be granted liberally by the Court, DLL refused to consent, resulting in this Motion. While DLL gave no reason for their refusal to consent to the proposed amendment,

Rule 15 of the Federal Rules of Civil Procedure openly contemplates allowing proposed amendments to, *inter alia*, amplify a previously alleged claim, change the theory of the case, state additional claims, increase the amount of damages, and to add parties to the action:

> Motions to amend under Rule 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action.

Wolfson v. Lewis, 168 F.R.D. 530, 533 (E.D. Pa. 1996) (Broderick, J.) (citing L. Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d § 1474 (1990)).

The standard to be applied has been clearly set forth by the Supreme Court and routinely applied by this Court:

> If the underlying facts or circumstances relied upon by the Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought, should, as the rules require, be 'freely given.'

Wolfson, 168 F.R.D. at 533 (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

The Third Circuit has held that undue prejudice to the non-moving party is "the touchstone for the denial of the leave to amend." Id. (quoting Coventry v. Unites States Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988)). Defendants' proposed amendments do not pose any risk of undue prejudice to DLL or TAMS. There is no fact or defense that DLL or TAMS would be precluded from presenting as a result of the timing of the amendment. The discovery period ends on September 30, 2003, and the parties have already agreed to extend that period for another 60 days, meaning that there are over 3 months in which to take any discovery DLL

and/or TAMS believes is necessary as a result of the amendments. Moreover, the parties have also agreed to take discovery on those items raised by the proposed amendments while this Motion is pending.

### III. CONCLUSION

For the reasons set forth in this Memorandum, Defendants respectfully requests that their Motion for Leave to Amend be granted.

By: _____
Kyle P. Tate, AR Bar No. 95097
for TATE LAW FIRM
424 Ouachita Avenue
Hot Springs, AR 71901
(501) 624-9900

William Matthews
Attorney I.D. No. 82730
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-7106

Date: August 28, 2003

## **CERTIFICATE OF SERVICE**

I certify that I am this day serving a copy of the attached Defendants' Motion for Leave to Amend Affirmative Defenses and Counterclaims and Supporting Memorandum of Law upon the persons and in the manner indicated below:

Service by *first-class mail*, postage prepaid to:

Ms. Rosetta B. Packer
MCCARTER & ENGLISH, LLP
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA 19103-7501

Mr. John Chesney
Ms. Julianne Peck
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

_____
William Matthews

Date:  August 28, 2003