IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | CIVIL ACTION NO. 02-CV-2810 |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COUNTERCLAIMS OF DEFENDANTS**

Plaintiff De Lage Landen Financial Services, Inc. ("DLL"), by its attorneys, McCarter & English, LLP, hereby responds by way of Answer and Affirmative Defenses to the Amended Counterclaims of Defendants DeSoto Diagnostic Imaging, LLC ("DDI"), Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. ("Delta") and Zobar Properties, LLC ("Zobar")(collectively, "Defendants"), as follows:

  1-6. Denied. DLL is without knowledge sufficient to form a belief as to the truth of the averments and the same are therefore denied.

  7. Admitted, on information and belief.

  8. Denied. DLL is without knowledge sufficient to form a belief as to the truth of the averments and the same are therefore denied.

9-10. Denied. DLL is without knowledge sufficient to form a belief as to the truth of the averments and the same are therefore denied.

11. Denied.

12. Admitted in part. It is admitted that Dave Begy, a representative of DLL d/b/a Toshiba America Medical Credit ("TAMC") advised defendants that TAMC had approved DDI for financing of approximately $2.5 million. The remaining averments of this paragraph are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. It is admitted that on or about December 29, 2000 Lisa Sparta signed the Master Lease, and that Lisa Sparta has never been a director of Toshiba America Medical Systems, Inc. The remaining averments to this paragraph are denied.

18. Denied.

19. Admitted in part. It is admitted that on or about July 19, 1996 TAMS and Tokai Financial Services, Inc. entered into a Master Contract Financing Program Agreement, a copy of which is attached as Exhibit "B" to the Amended Counterclaim. The Agreement speaks for itself and DLL refers to it for its terms. The remaining averments of this paragraph are denied.

20. Admitted in part. It is admitted that the Master Contract Financing Program Agreement is signed by Masamichi Katsurada. DLL is without knowledge or information sufficient to form a belief as to the remaining averments to the paragraph which are therefore denied.

21.     Denied. It is admitted that DLL succeeded to the interest of Tokia under the Master Contract Financing Agreement.

22.     Denied. The Master Contract Financing Program Agreement speaks for itself and DLL refers to it for its terms. Defendants characterization of the Agreement is denied.

23.     Denied.

24.     Admitted in part. It is admitted that the letters, copies of which are attached as Exhibit "C" to the Amended Counterclaim were transmitted to defendants on or about March 15, 2002. The remaining averments of this paragraph and defendants characterization of the letters are denied.

25.     Denied. DLL's Complaint speaks for itself and DLL refers to it for its terms.

26.     Admitted in part. It is admitted that letters, copies of which are attached as Exhibit "C", were transmitted to defendants on or about March 14, 2003. The remaining averments of this paragraph are denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied. It is admitted only that DLL has leased medical equipment to other customers pursuant to its program arrangement with TAMS

34.     Denied.

35.     Denied.

36. Denied. The Master Lease Agreement speaks for itself and DLL refers to it for its terms.

37. Denied.

38. Denied.

39. Denied.

40-44. Denied. DLL is without information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied to the extent any of these allegations are directed to DLL, they are denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted on information. The Service Agreements speak for themselves, and DLL refers to them for their terms.

49. Denied.

50-51. Denied. DLL is without information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

52. Denied.

53. Denied.

54. Denied. DLL is without information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

55. Denied as a conclusion of law.

56. Denied.

57. Denied.

58. Denied.

59. Denied. DLL is without information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

60. Denied. DLL is without information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

61. Denied. DLL is without information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

62. It is admitted that a meeting occurred in November 2001. The remaining averments of this paragraph are denied.

63. Admitted that Exhibit "I" is a true copy of a letter transmitted by Lynn Carvel, MD on or about January 29, 2002. The remaining averments to this paragraph are denied.

64. Denied as a conclusion of law.

65. It is admitted that on or about March 12, 2002 J. Horning of DLL called Dr. Carvel. The remaining averments of this paragraph are denied.

66. Admitted in part. Admitted that the telephone conversation referred in this paragraph occurred. The remaining averments of this paragraph are denied.

67. Denied. DLL is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied. It is admitted that prior or March 15, 2002 DLL did not advise defendants of the name De Lage Landen Financial Services Inc.

68. Admitted in part. Admitted that the telephone conversation referenced in this paragraph occurred. The remaining averments of this paragraph are denied.

69. Denied.

70. Denied.

71. Denied.

72. DLL repeats and incorporates herein by reference its responses to the allegations of paragraphs 1 through 71 as though set forth in length. To the extent DLL is required to respond to the "Affirmative Defenses" of defendants, they are denied.

73-86. The allegations of these paragraphs are not directed to DLL and therefore no response is required. To the extent a response is required by DLL, the allegations of these paragraphs are denied.

## COUNTERCLAIM II

87. DLL incorporates herein by reference its responses to the preceding paragraphs of this Answer as though fully set forth at length.

88-100. The allegations of these paragraphs are not directed to DLL and therefore no response is required. To the extent that a response is required by DLL, the allegations of these paragraphs are denied.

## COUNTERCLAIM III

101. DLL incorporates herein by reference its responses to the preceding paragraphs to this Answer as though fully set forth at length.

102-104. The allegations of these paragraphs are not directed to DLL and therefore no response is required. To the extent a response is required by DLL, the allegations of these paragraphs are denied.

## COUNTERCLAIM IV

105. DLL incorporates herein by reference its responses to the preceding paragraphs to this Answer as though fully set forth at length.

PH1: 413163.01

106. Admitted.

107-111. Denied. The Master Contract Financing Program Agreement speaks for itself and DLL refers to it for its terms.

112. Denied as a conclusion of law.

113. Denied.

## COUNTERCLAIM V

114. DLL incorporates herein by reference its responses to the preceding paragraphs to this Answer as though fully set forth at length.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## COUNTERCLAIM VI

123. DLL incorporates herein by reference its responses to the preceding paragraphs to this Answer as though fully set forth at length.

124-128. Denied.

## COUNTERCLAIM VII

129. DLL incorporates herein by reference its responses to the preceding paragraphs to this Answer as though fully set forth at length.

130-134.   Denied.

## COUNTERCLAIM VIII

135.   DLL incorporates herein by reference its responses to the preceding paragraphs to this Answer as though fully set forth at length.

136-139.   Denied.

## COUNTERCLAIM IX

140.   DLL incorporates herein by reference its responses to the preceding paragraphs to this Answer as though fully set forth at length.

141-143.   Denied.

WHEREFORE, Plaintiff De Lage Landen Financial Services, Inc. respectfully requests that judgment be entered in its favor on the Counterclaims of Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, plus an award of the attorneys' fees and costs incurred in defending the said Counterclaim, plus such other relief as this Honorable Court deems proper and just under the circumstances.

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO DEFENDENTS' COUNTERCLAIM

1.   DLL hereby repeats and incorporates herein by reference any and all defenses which flow from the facts set forth in the following pleadings:  DLL's Complaint Against Defendants, DLL's Answer to Defendants' Amended Counterclaim, and DLL's Crossclaim Complaint Against TAMS.

2.   Defendants' Counterclaims are barred for failure to state claims upon which relief can be granted against DLL.

3.   Defendants' Counterclaims against DLL are barred by the doctrines of laches, waiver and/or estoppel.

4. Defendants' Counterclaims against DLL are barred by the applicable statute(s) of limitations including specifically, but without limitation, the statute of limitation set forth in the Tennessee Consumer Protection Act.

5. Defendants' Counterclaims against DLL are barred because the alleged wrongful actions and/or inactions described therein, the same having been denied, are the result of actions and/or inactions by individuals and/or entities other than DLL.

6. Defendants' Counterclaims against DLL are barred by reason of the fact that Defendants' damages, if any, are the result of their own actions and/or inactions, including, but not limited to, their failure to properly utilize the medical equipment and/or to properly supervise and train the personnel who utilized the medical equipment.

7. Defendants' Counterclaims against DLL are barred to the extent that the Counterclaims assert causes of action upon which belief can be granted only against TAMS, not DLL.

8. Defendants' Counterclaims against DLL are barred because DLL is not a joint venturer with TAMS as alleged.

9. Defendants' Counterclaims against DLL are barred because DLL is not a partner of TAMS as alleged.

10. Defendants' Counterclaims against DLL are barred because DLL did not take its assignment of the Master Lease and Guaranties from TAMS with knowledge of DDI's complaints that the medical equipment suffered from defects and other problems as alleged.

11. Defendants' Counterclaims against DLL are barred by the provisions of the Master Lease, Guaranties and other documents executed by Defendants in connection with the lease of the medical equipment at issue herein.

PH1: 413163.01

12.    Defendants' Counterclaims against DLL are barred by, <u>inter alia</u>, Paragraph 4 of the Master Lease, which states:

> "…If the Equipment is not properly installed, does not operate as intended by the Vendor and/or Manufacturer, or is unsatisfactory for any reason, Lessee shall make any claim on account thereof solely against the Vendor and/or Manufacturer and shall, nevertheless, pay Lessor all Lease payments under the Lease and shall not set up against Lessee's obligations any such claim as a defense, counterclaim, set-off or otherwise…."

13.    Defendants' Counterclaims against DLL are barred by reason of the fact that DLL is a holder in due course, for value, of the Master Lease, and is not subject to the defenses asserted in the Answer and Counterclaim by reason of the alleged conduct of TAMS.

14.    Defendants' Counterclaims against DLL are barred or limited due to Defendants' failure to mitigate their damages, the same having been denied.

15.    Defendants' Counterclaims against DLL are barred or limited to the extent that they seek damages that are not recoverable at law or under the Master Lease, Guaranties and other documents executed by Defendants in connection with the lease of the medical equipment at issue herein.

16.    Defendants' Counterclaims against DLL are barred and/or limited by, <u>inter alia</u>, Paragraph 4 of the Master Lease, which states:

> "…REGARDLESS OF CAUSE, LESSEE WILL NOT ASSERT ANY CLAIM WHATSOEVER AGAINST LESSOR FOR LOSS OF ANTICIPATORY PROFITS OR ANY OTHER INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES…."

17.    Defendants have no standing to assert claims under the Tennessee Consumer Protection Act.

18.    Defendants Randon J. Carvel, Lynn T. Carvel, Delta Radiology and Zobar Properties LLC have no standing to assert the claims set forth in the Counterclaims against DLL.

19. Defendants agreed, in the Master Lease Agreement and in the Guarantees that Pennsylvania law would apply to any disputes arising under the agreements.

20. Defendants Counterclaims are barred by the parole evidence rule.

21. Defendants' counterclaims are barred by the statute of frauds.

22. Defendants' claims of fraud against DLL fail, as a matter of law, to plead fraud with the requisite particularity required by the Federal Rules of Civil Procedure.

23. Individual defendants Randon Carvel and Lynn T. Carvel have no standing to assert the claims set forth in the Amended Counterclaims.

24. Defendants Delta Radiology, P.C. and Zobar Properties, LLC have no standing to assert the claims set forth in the Amended Counterclaims.

25. Defendants waived the right to trial by jury in the Master Lease Agreement and in the Guarantees.

26. DLL did not breach any implied covenants of good faith and fair dealing. To the contrary, DLL acted at all times in good faith.

          **McCARTER & ENGLISH, LLP**

          Mellon Bank Center
          1735 Market Street
          Suite 700
          Philadelphia, PA  19103
          Attorneys for Plaintiff,
          De Lage Landen Financial Services, Inc.

      By: _____
          Rosetta B. Packer, Esquire
          Peter J. Boyer, Esquire

Dated: October 14, 2003