## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : | CIVIL ACTION NO. 2:02CV2810 |
| Plaintiff, | : | |
| | : | HON. RONALD J. BUCKWALTER |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : | |
| Plaintiff/Intervener, | : | |
| | : | |
| v. | : | |
| | : | |
| DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC. | : | |
| Defendants and Counter-Claimants | : | |
| | : | |

### ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the Motion to Compel Discovery filed by Defendants Directed to Plaintiff/Intervenor Toshiba American Medical Systems, Inc., and any response thereto, it is hereby ORDERED that the motion is GRANTED.  Plaintiff/Intervenor Toshiba American Medical Systems, Inc. shall do the following within ten (10) days of the date of this ORDER:

1.      Provide information sought by Interrogatory number 8, 13, 14, and 21 of Defendants First Set of Interrogatories directed to Plaintiff/Intervenor Toshiba American Medical Systems, Inc.;

2.      Regarding the documents sought by Request number 3, 4, 13, 15, 18, 20, 26, 27, 29, 30, 37, 38, 41 and 73 in Defendants' Second Request for Production of Documents directed to Plaintiff/Intervenor Toshiba American Medical Systems, Inc., either produce the documents requested, or provide written confirmation to Defendants that no such documents exist;

3.      Provide unredacted copies of the documents previously produced unless the redactions are on the basis of privilege in which case the redacted information should be properly identified on the privilege log of Plaintiff/Intervenor Toshiba American Medical Systems, Inc.;

4.      Produce a privilege log that describes the nature of the documents or information not disclosed in a manner that will enable Defendants to assess the applicability of the asserted privilege or protection in accordance with Federal Rule of Civil Procedure 26(b)(5).

BY THE COURT:

_____
                                                        J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : | CIVIL ACTION NO. 2:02CV2810 |
| Plaintiff, | : | |
| | : | HON. RONALD J. BUCKWALTER |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : | |
| Plaintiff/Intervener, | : | |
| | : | |
| v. | : | |
| | : | |
| DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC. | : | |
| Defendants and Counter-Claimants | : | |
| | : | |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY DIRECTED TO PLAINTIFF/INTERVENOR TOSHIBA AMERICAN MEDICAL SYSTEMS, INC.

For the reasons set forth in the accompanying Memorandum of Law, and pursuant to

Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule of Civil Procedure 26.1, Defendants

DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and

Zobar Properties, LLC respectfully request that Plaintiff/Intervenor Toshiba American Medical

Systems, Inc. be compelled to provide discovery as set forth on the attached proposed form of

Order.

Respectfully Submitted,

_____
Kyle P. Tate, AR Bar No. 95097
for TATE LAW FIRM
424 Ouachita Avenue
Hot Springs, AR 71901
(501) 624-9900

765813.1 11/5/03

William Matthews
Attorney I.D. No. 82730
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-7106

Date:  November 5, 2003

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : | CIVIL ACTION NO. 2:02CV2810 |
| Plaintiff, | : | |
| | : | HON. RONALD J. BUCKWALTER |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : | |
| Plaintiff/Intervener, | : | |
| | : | |
| v. | : | |
| | : | |
| DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC. | : | |
| Defendants and Counter-Claimants | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL DISCOVERY DIRECTED TO
PLAINTIFF/INTERVENOR TOSHIBA AMERICAN MEDICAL SYSTEMS, INC.**

Defendants DeSoto Diagnostic Imaging, LLC ("DDI" or "Desoto"), Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (collectively referred to as "Defendants") file this Motion to Compel Discovery as part of their continuing effort to obtain complete responses to their various discovery requests. Plaintiff/Intervenor Toshiba American Medical Systems, Inc. ("TAMS") has improperly objected to numerous requests for production and interrogatories and, when responding at all, has provided incomplete information in many instances. Accordingly, as is more fully explained below, Defendants request that this Court strike TAMS' objections and compel TAMS' complete responses to Defendants' discovery requests.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case was initiated by De Lage Landen Financial Services, Inc., who claimed that it was the assignee of a lease between TAMS and DDI relating to certain medical equipment. The medical equipment broke down repeatedly, and required DDI to place over 200 service calls to TAMS during the approximately 14 month period the equipment was located at DDI's facility. DDI continued to make payments on its lease obligations while TAMS continued to make promises that it would cure the deficient equipment, which it never did.

Ultimately, in May 2002, DLL filed a complaint against Defendants for, among other things, breach of contract. TAMS petitioned to intervene and filed its own complaint against Defendants also alleging, among other things, breach of contract. Defendants answered both complaints and brought counterclaims against both DLL and TAMS, including claims for delivery of nonconforming goods, breach of contract, breach of warranty, fraud, and unjust enrichment.

Between May 16, 2003 and July 9, 2003, Defendants served TAMS with two sets of interrogatories and three requests for production of documents. TAMS served timely, but incomplete responses. In a series of telephone calls and letters, DDI and TAMS attempted to resolve their discovery disputes, but were not completely successful. Copies of the correspondence between counsel for the parties are attached as Exhibits "A" through "D". Defendants now move to compel the immediate answers and responses of TAMS to Defendants' outstanding discovery requests.

## II.    ARGUMENT

TAMS has improperly refused to provide relevant information in response to Defendants' discovery requests. In some instances, TAMS has refused to supply *any* responsive information

or documents while in others it has provided only incomplete responses.    In almost every instance, TAMS relied on some combination of the same blanket objections, namely, that the request in question is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence and/or that the request is vague, ambiguous, overbroad, undefined, and unduly burdensome.    TAMS cannot unilaterally withhold relevant information and it cannot rely on these unsupported general objections to block Defendants from obtaining discovery to which it is entitled under the Federal Rules of Civil Procedure.

    A.    **Legal Standard**

    The discovery permitted under the Federal Rules of Civil Procedure is purposefully broad.  See Harris v. Nelson, 394 U.S. 286, 297 (1969) (noting that Rule 26 "has been generously construed to provide a great deal of latitude for discovery").  Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible evidence.  Id.  Rather, discovery is "relevant" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  In fact, Rule 26 is so broad that it "encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case."  Great West Life Ass'n Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994).  See also Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994) (stating that "discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action").  Given this broad scope of discovery, TAMS' objections based on "relevance" should be stricken.

    Additionally, pursuant to Federal Rules of Civil Procedure 33 and 34, TAMS has not only failed to provide relevant information and documents but has also failed to set forth

specific reasons, supporting information, or affidavits as to why they claim each request is vague, ambiguous, overbroad, and/or unduly burdensome. See Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) (noting that mere statement by a party that discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is not adequate to voice a successful objection). Such blanket objections are simply not sufficient.

> The federal courts have held time and again that 'general objections are not proper [and] without more [are] an insufficient basis for refusal to answer.' . . . Further, it is the 'obligation of the [objecting party] to object with particularity so that the court can ascertain the objectionable character of the discovery request.' . . . Failure to meet this obligation 'may result in waiver of the objections.' . . . 'In light of the broad construction given to discovery requests, [the objecting party has] a heavy burden to show why discovery should be denied.'

Harding v. Dana Transport, Inc., 914 F. Supp. 1084 (D.N.J. 1996) (internal citations omitted) (alterations in original). TAMS has not met this "heavy burden" and it should therefore be compelled to respond to Defendants' outstanding discovery requests, which are specifically outlined below.

### B. TAMS' Refusal to Provide Responsive Information

In answer to Interrogatory Nos. 14 and 21 of Defendant's First Set of Interrogatories and in response to Request Nos. 15, 18, 30, and 37 of Defendants Second Request for the Production of Documents,[1] TAMS has simply refused to produce the requested information and documents.

### INTERROGATORY NUMBER 14

---

[1]    The numbering of TAMS' responses to Defendants' Second Request for Production of Documents is not consistent with the numbering of Defendants' original requests. To avoid confusion, Defendants will refer in this Motion to Compel and supporting Memorandum to the request numbers as stated in TAMS' responses since this is the numbering referred to in the related correspondence between the parties.

The full text of Interrogatory number 14 and TAMS' response is reproduced below:

**14.    List all transactions since 1996 involving medical equipment where DLL was the financing company for TAMS.**

**RESPONSE:**

TAMS objects to this Interrogatory as grossly overbroad and unduly burdensome on its face and as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that the information requested by this Interrogatory has no bearing on the claims and/or defenses of the parties to this action.

TAMS' Objections and Responses to Defendants' First Set of Interrogatories at ¶ 14. A copy of TAMS' Objections and Responses to Defendants' First Set of Interrogatories is attached as Exhibit "E".

## INTERROGATORY NUMBER 21

The full text of Interrogatory number 21 and TAMS' response is reproduced below:

**21.    If TAMS has been a party to any lawsuits or legal actions other than this one since 1998, and which relate to or in any way involve medical equipment financing, set forth in full caption, the docket number, and the name and location of the court(s) where each such action was filed and/or litigated, and provide a detailed summary of the underlying facts involved, legal claims and outcome.**

**RESPONSE:**

TAMS objects to this Interrogatory as overly broad, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Ex. E at ¶ 21.

TAMS provides the same impermissible blanket objections in its supplemental response to Interrogatory number 21. <u>See</u> TAMS' Supplemental Objections and Responses to Defendants' First S A copy of TAMS' Supplemental Objections and Responses to Defendants' First Set of Interrogatories is attached as Exhibit "F". et of Interrogatories at ¶ 21.

## DOCUMENT REQUEST 18

The full text of Document Request 18 and TAMS' response is reproduced below:

**18.    All minutes from the quarterly review meetings of the Management Committee as set forth in the Master Contract Financing Program Agreement.**

**RESPONSE:**

TAMS objects to this Request as overly broad, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

TAMS' Objections and Responses to Defendants' Second Request for Production of Documents at ¶ 18. A copy of TAMS' Objections and Responses to Defendants' Second Request for Production of Documents is attached as Exhibit "G".

## DOCUMENT REQUEST 30

The full text of Document Request 30 and TAMS' response is reproduced below:

**30.    All documents which relate in any way to any fees that DLL paid to TAMS from January 1999 to the present.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject

matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Ex. G at ¶ 30.

In answer to these interrogatories and document requests, TAMS simply cites blanket objections and refuses to provide any responsive information or documents. As pointed out above, such objections are not sufficient and TAMS is required to provide responsive information. The nature of the business relationship between TAMS and DLL, particularly with regard to the leasing of medical equipment, and information or documents explaining or regarding TAMS' medical equipment financing business model are relevant areas of discovery.

For example, Defendants allege in their counterclaims that TAMS and DLL misrepresented their relationship and, indeed, their true identities, in order to induce DDI to enter into the medical equipment lease at issue in this litigation. Thus, Defendants should be permitted to discover whether the business model in place prior to DDI entering into its equipment lease was really as TAMS represented it to be. To do so, Defendants must have information regarding medical equipment transactions in which DLL was the financing company for TAMS. Likewise, Defendants should be permitted to discover whether TAMS has a history of engaging in the same type of conduct with respect to medical equipment financing as alleged in Defendants' counterclaims and of discovering all available information about the working of the Management Committee and any fees that DLL paid to TAMS' during the relevant time frame. Consequently, TAMS' objections should be stricken and TAMS should provide Defendants with responsive information and documents.

## DOCUMENT REQUEST 15

The full text of Document Request 15 and TAMS' response is reproduced below:

15.     **All exhibits from the Master Contract Financing Program Agreement.**

     **RESPONSE:**

        TAMS objects to this request as it relates to Exhibits B and C, which have been produced. TAMS has not yet located a copy of the Master Contract Financing Program Agreement with an Exhibit A attached. Exhibit A was, however, a blank Application Approval Form and TAMS will produce a blank of such form to DeSoto.

Ex. G at ¶ 15.

        No such blank form has been produced.  Defendants are entitled to a copy of the entire Master Contract Financing Program Agreement, including exhibits.

**DOCUMENT REQUEST 37**

        The full text of Document Request 37 and TAMS' response is reproduced below:

37.     **All documents which relate in any way to TAMS' cost of the Equipment.**

     **RESPONSE:**

        TAMS objects to the phrase "TAMS' cost of the Equipment" as vague, ambiguous and undefined. TAMS further objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Ex. G at ¶ 37.

Clearly, the cost to TAMS of the Equipment that is the very subject of the lease agreement and this lawsuit is a relevant area of inquiry. At the very least, Defendants are entitled to obtain information bearing on the calculation of damages and thus, should be permitted to obtain discovery regarding the cost of the Equipment, if any, to TAMS.

In short, because TAMS' refusal to provide responsive information and documents is unjustified, TAMS should be compelled to provide answers to Interrogatory Nos. 14 and 21 of Defendant's First Set of Interrogatories and responses to Request Nos. 15, 18, 30, and 37 of Defendants Second Request for the Production of Documents.

C.    **TAMS' Refusal to Provide Complete Responses**

In answer to Interrogatory Nos. 8 and 13 of Defendant's First Set of Interrogatories and in response to Request Nos. 13, 20, 26, 27, 29 and 38 of Defendants' Second Request for the Production of Documents, TAMS has failed to provide complete information. For purposes of Rule 37(a) "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). Accordingly, TAMS should be compelled to provide complete information and documents in response to Defendants' outstanding discovery requests. In addition, TAMS has redacted many of the documents its has produced. However, there is no explanation of what is redacted, why it was redacted, and whether the redactions are based on an assertion of privilege. Consequently, TAMS should be compelled to provide unredacted copies of the documents it has produced to date and should be prevented from further redacting responsive documents without adequately marking, explaining, and justifying the redactions and, where applicable, listing the redacted information on its privilege log.

**INTERROGATORY NUMBER 13**

The full text of Interrogatory number 13 and TAMS' response is reproduced below:

**13.    If TAMS has remarketed the Equipment, describe in detail how TAMS has done so, and state the names, addresses, telephone numbers and offers of any individuals or entities with whom TAMS has been in contact in connection with such remarketing. If not, state in detail the reason therefore**.

### RESPONSE:

TAMS objects to the phrase "remarketed the equipment" as vague, ambiguous and undefined. TAMS further objects to this Interrogatory as overly broad and unduly burdensome to the extent it requests that TAMS identify any and all individuals or entities with whom it has had any kind of contact in connection with "remarketing". By way of further answer, TAMS states that it does not have an obligation to "remarket" the relevant Equipment. Rather, that obligation is DLL's and TAMS' obligation is to provide "remarketing support" to DLL's remarketing efforts. In this regard, transactions under the Master Agreement can be of three types: "with TAMS support", "without TAMS support" or with "Standard Program Support". See §2.4: "Except for Contracts designated by TFS [DLL's predecessor] as being approved without TAMS support or with TAMS Support, all proposed Contracts that TFS accepts hereunder shall have Standard Program Support". Accordingly, the Application Approval form requires that the particular transaction be designated as one of three types - "Type I - without TAMS Support", "Type II - with Standard Program" or "Type III - Other TAMS Support". Under Type III contracts, such as the DeSoto transaction, DLL is the party that is to use its best efforts to remarket

the equipment. See Master Agreement at §6.12: "In the event Equipment is returned to TFS and/or TAMS by the Lessee on a Defaulted Contract with TAMS Support, TFS shall use its best efforts to remarket the Equipment."

In the DeSoto transaction, TAMS agreed to support DLL's remarketing by providing "remarketing support" and TAMS has done so, to date, by performing the following functions: TAMS has arranged for the transportation and storage of the equipment on which DeSoto defaulted (and, in the case of the Asteion CT Scanner, also saw to the equipment's de-installation), has inspected the equipment for visually detectable damage, has advised TAMS' business units and sales personnel that the equipment has been returned and is (with the exception of the DUA450 R & F System, which DeSoto damaged beyond the point of economically feasible repair and reassembly) available for resale. TAMS has also communicated with DLL concerning potential customers for the defaulted equipment and has communicated with such potential customers for the equipment as have been identified.

Ex. E at ¶ 13.

In its supplemental response, TAMS reiterated much of the same information, but added that "TAMS has also retained a consultant to assist in finding a buyer for the Excelart." Ex. F at ¶ 13. Nowhere in either the original response or the supplemental response does TAMS state the names, addresses, telephone numbers and offers of the individuals or entities with whom it has admittedly been in contact in connection with the remarketing of equipment as requested in Interrogatory number 13. Instead, TAMS simply refers to "a

consultant" and "potential customers". Because the issue of remarketing is critical to the calculation of damages and any applicable mitigation of damages, TAMS must be compelled to provide the specific identities and offers of the individuals or entities with whom it has been in contact, so that Defendants can, if they choose, depose such individuals and be made aware of TAMS' and DLL's efforts to mitigate.

### DOCUMENT REQUEST 20

The full text of Document Request 20 and TAMS' response is reproduced below:

**20.    All documents between TAMS and Tokai Financial Services, Inc. relating to financing of medical equipment for any and all businesses whatsoever from January 1996 through December 1999.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, TAMS refers to the Master Contract Financing Program Agreement entered into by TAMS and Tokai Financial Services, Inc. (predecessor to DLL) dated July 19, 1996, which has been produced.

Ex. G at ¶ 20.

Clearly the referenced document is not the only responsive document that exists. The nature of the business relationship between TAMS and DLL (formerly Tokai Financial Services, Inc.), specifically with regard to the leasing of medical equipment, and information or

documents explaining or regarding TAMS' medical equipment financing business model, are relevant areas of discovery.

With respect to the remaining responses addressed in this section of the Memorandum, TAMS has provided responses related to DDI, but has failed to provide any responsive information concerning entities other than DDI and has refused to withdraw its objections to Defendants' discovery of such information.

## INTERROGATORY NUMBER 8

The full text of Interrogatory number 8 and TAMS' supplemental response is reproduced below:

**8.    State whether DLL made any payments to or for the benefit of TAMS under the Master Contract Financing Program Agreement.  If so, state in detail the reason for which DLL made any payments to TAMS and state the dates, amounts and payee(s) of all such payments.**

**RESPONSE:**

TAMS objects to this Interrogatory because the phrase "payments to or for the benefit of TAMS under the Master Contract Financing Program Agreement" is vague, ambiguous, undefined and overbroad and unduly burdensome in that it seeks information wholly unrelated to the transaction involving DeSoto. TAMS further objects to this Interrogatory because it seeks information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, TAMS responds that types of , payments made by DLL to TAMS under the Master Contract Financing Program Agreement *with respect to the lease of equipment to Desoto* are set forth in § 3.2 of that agreement. By way of

further answer, TAMS responds that the following payments by DLL to

TAMS with respect to the lease of equipment to Desoto were received by

TAMS on December 29, 2000: Invoice # 1034187: $260,035.00-for the

DUA 450 X-Ray System; Invoice # 1034188: $460,332.00-for the Asteion

CT; Invoice # 1034189: $1,222,135.00-for the Excelart MRI; Invoice #

1034190: $287,185.00-for the GCA 7200; Invoice # 1034191:

$140,062.00-for the Ultrasound System; Invoice # 1071118: $2,500.00-for

the MR Laptop Accessory; and Commission Points: $5,924.37. In addition,

DLL made the following payment to TAMS on April 30, 2001: Invoice #

1073344-for CT accessory equipment.

Ex. F at ¶ 8 (emphasis added).

### DOCUMENT REQUEST 13

The full text of Document Request 13 and TAMS' response is reproduced below:

**13.    Produce any and all documents relating to any agreements entered into between TAMS and DLL, wherein TAMS assigned all of its right, title and interest in and to various equipment leases, including the lease between TAMS and DDI, as well as the Guarantees executed by the guarantor defendants as stated in Memorandum of Law in Support of TAMS' Motion to Intervene as Additional Party Plaintiff on page 3 paragraph 1.**

**RESPONSE:**

TAMS objects to this Request as irrelevant to the extent that it does

not relate to the lease of equipment to DeSoto. To the extent that it does

relate to the lease of equipment to DeSoto TAMS nevertheless objects

to this Request on the ground that it is irrelevant. TAMS further objects

to this Request as vague and overbroad in that it fails to set forth and

describe the items requested to be reviewed "with reasonable

particularity" as required by Federal Rule of Civil Procedure 34(b), and

on the ground that it is duplicative of Request Nos. 8, 9 and 10 above.

TAMS repeats and incorporates by reference as if fully set forth herein its

responses to Request Nos. 8, 9 and 10.

Ex. G at ¶ 13.

In its supplemental response, TAMS added that "it is unaware of any responsive

documents responsive to this request *that pertain to the defendants*." TAMS' Supplemental

Responses to Defendants' Second Request for Production of Documents at ¶ 13 (emphasis

added). A copy of TAMS' Supplemental Responses to Defendants' Second Request for

Production of Documents is attached as Exhibit "H".

**DOCUMENT REQUEST 26**

The full text of Document Request 26 and TAMS' supplemental response is

reproduced below:

**26.    All documents which relate in anyway to any and all payments from DLL to TAMS as a result of the Master Contract Financing Program Agreement.**

   **RESPONSE:**

   TAMS objects to this Request as vague and overbroad in that it

   fails to set forth and describe the items requested to be reviewed "with

   reasonable particularity" as required by Federal Rule of Civil

   Procedure 34(b). TAMS further objects to this Request as irrelevant

   to the subject matter of this action and not reasonably calculated to

   lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, TAMS

responds that nonprivileged documents *relating to lease of equipment*

*to DeSoto* responsive to this request are being produced herewith.

Ex. H at ¶ 26 (emphasis added).

## DOCUMENT REQUEST 27

The full text of Document Request 27 and TAMS' supplemental response is

reproduced below:

**27.    All documents which relate in any way to any and all payments from TAMS to
DLL as a result of the Master Contract Financing Program Agreement.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it

fails to set forth and describe the items requested to be reviewed "with

reasonable particularity" as required by Federal Rule of Civil

Procedure 34(b).  TAMS further objects to this Request as irrelevant

to the subject matter of this action and not reasonably calculated to

lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, TAMS

responds that it is unaware of any documents *relating to lease of*

*equipment to DeSoto* responsive to this request.    To the extent

responsive documents are discovered, TAMS will supplement this

response..

Ex. H at ¶ 27 (emphasis added).

## DOCUMENT REQUEST 29

The full text of Document Request 29 and TAMS' supplemental response is reproduced below:

**29.    All documents which relate in any way to any credit fees that DLL paid to TAMS pursuant to the Master Contract Financing Program Agreement.**

      **RESPONSE:**

      TAMS objects to the phrase "credit fees" as vague, ambiguous and undefined. TAMS further objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiver of the foregoing objections, TAMS responds that nonprivileged documents *relating to lease of equipment to DeSoto* responsive to this request are being produced herewith.

Ex. H at ¶ 29 (emphasis added).

**DOCUMENT REQUEST 38**

      The full text of Document Request 38 and TAMS' supplemental response is reproduced below:

**38.    All documents relating to any and all payments from TAMS to DLL pursuant to the default provisions in the Master Contract Financing Program Agreement.**

      **RESPONSE:**

      TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with

reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request to the extent that it assumes that TAMS has made payments to DLL pursuant to the terms of the Master Contract Financing Program Agreement. TAMS also objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, TAMS responds that it is unaware of any documents responsive to this request *that pertain to the defendants* other than the Master Lease. To the extent responsive documents are discovered, TAMS will supplement this response.

Ex. H at ¶ 38 (emphasis added).

The workings of the business relationship between TAMS and DLL with respect to the leasing of medical equipment, and information or documents explaining or regarding TAMS' medical equipment financing business model in general, are relevant areas of discovery, especially in light of Defendants' fraud claims. Thus, Defendants should be entitled to discover information relating to TAMS, DLL, and the Master Contract Financing Program Agreement, including information that does not specifically relate to Defendants.

As explained in section II.A. above, in order to pose a legitimate objection, TAMS has the heavy burden of showing how the information and documents requested by Defendants falls outside the broad scope of discovery. Blanket objections, such as that the requested information is "not relevant," do not meet this burden. Nor do partial answers satisfy TAMS' obligations under the Federal Rules of Civil Procedure. Consequently, TAMS should

be compelled to provide complete answers and responses to Interrogatory Nos. 8 and 13 of Defendant's First Set of Interrogatories and Request Nos. 13, 20, 26, 27, 29 and 38 of Defendants' Second Request for the Production of Documents.

### D.    TAMS' Privilege Log is Deficient

TAMS raised the attorney-client privilege as an objection numerous times in its responses and, after significant delay, finally produced a privilege log.  A copy of TAMS' privilege log is attached as Exhibit "I".  According to Rule 26(b)(5) of the Federal Rules of Civil Procedure, a party withholding information otherwise discoverable on the basis of privilege is required to describe the nature of the documents or information not disclosed in a manner that will enable other parties to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5).

TAMS' privilege log does not satisfy this standard as it is impossible for Defendants to assess the applicability of the privilege on the basis of the information provided by TAMS.  For example, in the privilege log, TAMS repeatedly asserts the attorney client privilege yet does not identify any of the addressees as "Esquire".  In addition, TAMS identifies on the privilege log numerous documents regarding, for instance, the "R&F system," yet it is impossible to tell from the privilege log itself how the documents regarding the "R&F System" are in any way protected from disclosure by the attorney-client privilege.

Moreover, there is no way to trace TAMS' assertions of the privilege in its responses to any listing on the privilege log, making it impossible to tell what has been withheld and whether it has been withheld improperly.  For example, TAMS asserts the attorney-client privilege in response to Document Request numbers 41 and 44.  Ex. G at ¶¶ 41, 44.  However,

nothing on the privilege log indicates whether the documents withheld as privileged are responsive to Request numbers 41 and 44.  Ex. I.

Furthermore, in Request number 3, Defendants request "[a]ll documents that were sent, received and/or otherwise exchanged by TAMS and any individuals or entities who are non-Parties to this action which relate to the transactions, claims or events referred to in the pleadings."  Ex. G at ¶ 3.  TAMS responded by making its typical blanket objections and by invoking the "work product doctrine."  Id.  TAMS did not produce any responsive documents and it is impossible to tell from TAMS' privilege log whether any documents responsive to this Request were actually withheld on the basis of the "work product doctrine".

Similarly, in Request number 4, Defendants asked for "[a]ny written or recorded statements made by TAMS pertaining to the transactions, claims or events described in the Pleadings."  Ex. G at ¶ 4.  TAMS objected on the basis of, among other things, the attorney-client privilege, yet nothing in the privilege log indicates whether any of the documents withheld by TAMS are responsive to this request.  And, in Request number 72, Defendants asked for the "names, business addresses, and home addresses, if available, of all individuals contacted by TAMS as potential fact witnesses."  Ex. G at ¶ 72.  TAMS responded that  the identity of its potential fact witnesses is protected by the "work product" doctrine.  Again, nothing was produced in response to this request and nothing on TAMS privilege log indicates whether any of the documents withheld on the basis of the "work product doctrine" are responsive to this request.  Without receiving responsive documents to their requests and without being able to determine from TAMS' privilege log which documents have been withheld on the basis of privilege, Defendants must proceed as though TAMS has simply failed to respond and is improperly withholding responsive documents.

Consequently, TAMS should be compelled to provide Defendants with a privilege log that complies with the Federal Rules of Civil Procedure.    Second, TAMS should be compelled to produce all documents responsive to Requests 3, 4, 41, 44 and 73.

III.    **CONCLUSION**

Defendants respectfully request that this Court grant Defendants' Motion to Compel and enter an Order in the form provided.


By:    _____
Kyle P. Tate, AR Bar No. 95097
for TATE LAW FIRM
424 Ouachita Avenue
Hot Springs, AR 71901
(501) 624-9900

William Matthews
Attorney I.D. No. 82730
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-7106


Date:  November 5, 2003

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : | CIVIL ACTION NO. 2:02CV2810 |
| Plaintiff, | : | |
| | : | HON. RONALD J. BUCKWALTER |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : | |
| Plaintiff/Intervener, | : | |
| | : | |
| v. | : | |
| | : | |
| DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC. | : | |
| Defendants and Counter-Claimants | : | |
| | : | |

<u>**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 26.1(f)**</u>

I, Kyle P. Tate, counsel for Defendants, hereby certify that the parties, after reasonable effort, have been unable to resolve the discovery disputes discussed in Defendants' Motion to Compel Discovery.

_____

Kyle P. Tate, AR Bar No. 95097
for TATE LAW FIRM
424 Ouachita Avenue
Hot Springs, AR 71901
(501) 624-9900

*Counsel for Defendants*

Date:  November 5, 2003

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am this day serving a copy of the attached Defendants' Motion to

Compel Discovery Directed to Plaintiff/Intervenor TAMS and Supporting Memorandum of Law

upon the persons and in the manner indicated below:

Service by <u>*first-class mail*</u>, postage prepaid to:

Ms. Rosetta B. Packer
MCCARTER & ENGLISH, LLP
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA 19103-7501

Mr. John Chesney
Ms. Julianne Peck
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

_____
William Matthews

Date:  November 5, 2003