IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DeLAGE LANDEN FINANCIAL SERVICES, INC., | : : | |
| Plaintiff | : : | CIVIL ACTION |
| and | : : | NO. 02-2810 |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC., | : : : | |
| Plaintiff/Intervenor | : : | |
| v. | : : | |
| DeSOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC, | : : : : | |
| Defendants and Counter-Claimants | : : | |

**ORDER**

AND NOW, this 7th day of November, 2003, upon consideration of Plaintiff's Motion to Compel Discovery Directed to Defendants (Docket No. 52), Defendants' Opposition to Plaintiff's Motion to Compel Discovery Directed to Defendants (Docket No. 61), and Plaintiff's reply thereto (Docket No. 65), Plaintiff's Motion to Compel Discovery Directed to Defendants is **GRANTED** in part and **DENIED** in part.

More specifically, it is hereby **ORDERED** that:

As to Plaintiff's First Set of Interrogatories:

   1. Plaintiff's Motion to Compel Defendants to answer Interrogatories 3(e) and 3(f) is **DENIED** as Defendant provided the requested information with its Opposition motion;

    2. Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Interrogatory No. 4 to the extent that Defendant must provide the requested information concerning any physicians and/or medical groups who have refused to pay for services rendered by DeSoto as a result of the leased medical equipment at issue in this case (hereinafter "Toshiba equipment") malfunctioning;

    3. Plaintiff's Motion to Compel is **DENIED** as to Plaintiff's Interrogatory No. 7 ;

As to Plaintiff's Second Set of Interrogatories:

    4. Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Interrogatories Nos. 1 through 6 and No. 8.  Defendant will provide all information regarding Defendant's medical equipment purchased to replace the Toshiba equipment, including the capabilities, specifications and features of the replacement equipment, the dates Defendant contracted to purchase or lease the replacement equipment, complaints regarding the replacement equipment, whether Defendant has paid all fees owed on the replacement equipment, and the areas in which the replacement equipment exceeds the capabilities, specifications, performance and features of the Toshiba equipment;

    5. Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Interrogatories Nos. 10, 11, and 12.  Defendant will provide information identifying each and every instance where the Toshiba equipment did not perform as warranted by Plaintiff and as specified in the operating manuals, as well as identifying how Plaintiff's service and maintenance technicians failed to alleviate the serious deficiencies of the medical equipment and what Plaintiff should have done;

As to <u>Plaintiff's Third Set of Interrogatories</u>:

      6.    Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Interrogatory No. 1. Defendant will identify all persons who

    (a) have been employed by DeSoto, including but not limited to all officers, technologists and administrative personnel such as office managers, billing assistants or secretarial assistants or;

    (b) have been employed by DeSoto, as licensed physicians, and whether or not employees of DeSoto, provided professional services to DeSoto patients. For each person identified, Defendant will provide the following information:

        i. The name of each such person;

        ii. The position(s) held by such person;

        iv. Whether or not the person is still employed by DeSoto; and

        v. the last known address and telephone number for each such person who is no longer employed by DeSoto;

As to <u>Plaintiff's First Request for Production of Documents</u>:

      7.    Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Request No. 13. Defendant will provide all documents relating to the removal of the medical equipment from Defendant's facility or Defendant shall unequivocally state that all such documents have been provided;

      8.    Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Request No. 15. Defendant will provide all documents concerning DeSoto's annual financial information for

the years 2000, 2001, 2002 to include annual financial statements, profit and loss statements and any other compilation of DeSoto's financial information;

        9.     Plaintiff's Motion to Compel is **DENIED** as to Plaintiff's Request No. 19 as Plaintiff's request is overly broad;

        10.     Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Request No. 22. Defendant will provide documents relating to Defendant's medical equipment purchased to replace the Toshiba equipment, including contracts relating to the purchase or lease of the equipment, documents relating to the financing of the equipment, documents regarding complaints about the replacement equipment, documents relating to the servicing of the equipment or billing records which would show the revenues generated by the replacement equipment;

        11.     Plaintiff's Motion to Compel is **DENIED** as to Plaintiff's Request No. 23 in light of Defendant's recent production of the requested documents;

As to Plaintiff's Second Request for Production of Documents:

        12.     Plaintiff's Motion to Compel is **DENIED** as to Plaintiff's Request No. 4;

        13.     Plaintiff's Motion for Sanctions is **DENIED** and Defendant is not ordered to pay any amount in attorney's fees. Defendant has fifteen (15) days to comply with this order.

        BY THE COURT:

        _____
        RONALD L. BUCKWALTER, J.