**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : <br> : <br> :    CIVIL ACTION NO. 2:02CV2810 <br> Plaintiff,    : <br> : <br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC.,    : <br> : <br> Plaintiff/Intervenor,    : <br> : <br> v.    : <br> : <br> DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, PC and ZOBAR PROPERTIES, LLC,    : <br> : <br> Defendants and Counter-Claimants.    : |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Defendants' Emergency Motion for Protective Order Under Fed. R. Civ. P. 26(c), and any response thereto, it is hereby ORDERED AND DECREED that the Motion for Protective Order is GRANTED and that the billing practices of the Defendants may not be inquired into.

                BY THE COURT:

                _____
                Ronald L. Buckwalter, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., : <br> : <br> Plaintiff, : <br> : <br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC., : <br> : <br> Plaintiff/Intervenor, : <br> : <br> v. : <br> : <br> DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, PC and ZOBAR PROPERTIES, LLC, : <br> : <br> Defendants and Counter-Claimants. : | CIVIL ACTION NO. 2:02CV2810 |

**DEFENDANTS' EMERGENCY MOTION
FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)**

Defendants and Counter-Claimants, DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC, ("DDI"), by and through their attorneys TATE LAW FIRM, by Kyle P. Tate, hereby move this Court for an emergency protective order under Federal Rule of Civil Procedure 26(c) to limit the scope of discovery and prohibit inquiry into the billing practices of DDI.

As fully explained in the accompanying memorandum of law, incorporated by reference herein, Toshiba America Medical Systems, Inc. ("TAMS") has surmounted a continuous and ongoing campaign of maltreatment against DDI in alleging absolutely unfounded, made-up

-2-

claims of Medicare fraud against DDI, and has recently directed its discovery toward attempting to "prove" these ridiculous claims.

There is no basis to assert this claim and TAMS knows it. Moreover, DDI's billing practices have no relevance to the claims in this case because DDI has made no claim for lost profits. This is a case about a large, international company, Toshiba, who knowingly sold defective equipment to a small free-standing imaging center in Olive Branch, Mississippi. Discovery has shown that Toshiba admits its equipment was defective. Thus, the only possible reason TAMS is pursuing this ridiculous line of inquiry is to try to intimidate and bully DDI for rightly rejecting the equipment that did not work.

DDI has scheduled the deposition of a former high-level manager, Paul King, for November 17 and 18, 2003. TAMS has presently scheduled the depositions of nine former employees of DDI as follows:

| | | |
|---|---|---|
| November 19, 2003: | Cindy Holmes | 8:30 a.m. |
| | Brian Gibbs | 11:30 a.m. |
| | Pam Paulk | 3:00 p.m. |
| November 20, 2003: | Deborah Powers | 8:30 a.m. |
| | Deborah May | 11:30 a.m. |
| | Joanne Tucker | 3:00 p.m. |
| November 21, 2003: | Erin Singer | 8:30 a.m. |
| | Holly Clark | 11:00 a.m. |
| | Rick Stobaugh | 1:00 p.m. |

Based upon TAMS' inquiries in previous depositions as well as in its written discovery, DDI fully anticipates that TAMS will continue to improperly inquire into DDI's billing practices. For the sake of economy and efficiency, this Court should limit the scope of discovery and prohibit inquiry into the billing practices of DDI, so that time and resources are not wasted with multiple emergency hearings during each of the ten depositions scheduled for next week.

        Respectfully Submitted,


    By: _____
       Kyle P. Tate
       for TATE LAW FIRM
       9085 Sandidge Center Cove
       Olive Branch, MS 38654
       (662) 893-8833
       (662) 893-8824 facsimile

Dated: November 14, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : |
| Plaintiff, | : CIVIL ACTION NO. 2:02CV2810 |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC., | : |
| Plaintiff/Intervenor, | : |
| v. | : |
| DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, PC and ZOBAR PROPERTIES, LLC, | : |
| Defendants and Counter-Claimants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)**

Defendants and Counter-Claimants, DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC, ("DDI"), seek an emergency protective order from this Court under Fed. R. Civ. P. 26(c) limiting discovery into matters pertaining to the billing practices of DDI.

By way of background, TAMS has initiated a continuous and ongoing campaign of abuse against DDI in alleging absolutely unfounded, made-up claims of Medicare fraud against DDI, which DDI categorically denies. In the final hours of four days of 30(b)(6) testimony by Dr. Lynn T. Carvel on behalf of DeSoto Diagnostic Imaging, LLC, TAMS attorneys began a line of questioning that in doing so inappropriately and baselessly suggested that Dr. Carvel and/or

DeSoto had acted improperly, or even illegally, with regard to her billing practices, which Mr. Chesney himself categorized as "propositions" ("I don't really expect that you're going to agree with some of the propositions I'm going to put forward here…" (Deposition of DeSoto Diagnostic Imaging, LLC, Volume IV at 196:12).) TAMS has continued to return to this issue in depositions and pleadings filed with the Court. For instance, in the deposition of May Vokaty, the only DDI technologist deposed thus far, TAMS ventured into aspects of DDI's billing practices, although Ms. Vokaty had no knowledge thereof.[1]

Not until almost one month later, with the filing of its Motion for and Memorandum of Law in Support of Motion for Terminating Sanctions, for Revocation of the *Pro Hac Vice* Admission of Kyle P. Tate, Esq., and for Disqualification of Kyle P. Tate, Esq. did Mr. Chesney offer any rationale or explanation for his inappropriate line of questioning. ("Bluntly stated, to the extent TAMS could show that DeSoto's historical revenues have been inflated as the result of, say Medicare or other insurance fraud, that would be relevant in assessing lost profits, since loss of opportunity to generate *unlawful* revenues could not constitute cognizable damages." Memorandum at p. 8). Of course, the problem with this rationale is that DDI has no claim for lost profits.

TAMS continues to improperly raise this issue, even after realizing that there is no lost profits claim in the case, to the extent that it has become utterly ridiculous in its' accusations. Most recently in its Motion to Compel Discovery Directed to Defendants and for Expedited Relief, TAMS' counsel makes the outrageous, and completely unprofessional, statement that "To

---

[1] "Q: Do you currently have anyone who's in charge of accounting or billing at DeSoto? A: I have no way of knowing that. Q: You don't know if anyone's in charge of --- A: Dr. Carvel's in charge." (Deposition of May Vokaty, 211:18); "A: She [Dr. Carvel] spent a lot of time at nights and on the weekends with billing duties. Q: Did you ever help with those? A: No. Q: Did anyone else that you're aware of? A: Not that I'm aware of. Q: So basically, Dr. Carvel did her own billing and her own accounting, as far as you know? A: I have no way of knowing how she handled it." Id. at 212:10.

the extent TAMS is able to show that Defendants' "profits" are in fact the result of revenues to which DeSoto was not lawfully entitled – whether because of over-billing for appropriate procedures or billing for inappropriate and unnecessary procedures – the loss of such "profits" cannot constitute legally cognizable damages any more than could the loss of an *opportunity to rob a bank*." (Emphasis added). Needless to say, DDI takes exception to TAMS' attempts to compare them to bank robbers, and denies such ludicrous accusations.

TAMS has unconvincingly defended this line of questioning as pertaining to damage calculations and that DDI is not entitled to claim as lost profits money that would be received as a result of Medicare or insurance fraud. TAMS' improper inquiries into DDI's billing practices are its attempts to get at information that TAMS *imagines* might exist, but that has no bearing whatsoever upon any claim or defense of any party in this litigation. As stated previously, DDI is not claiming lost profits, loss of business, lost revenues, or lost income in any manner whatsoever. It is simply seeking to reclaim its expenditures and outlays incurred as a result of receiving TAMS' faulty equipment, and inept service. What TAMS fails to recognize is that despite its unsuccessful attempts to develop factual support for its wild and unfounded Medicare and insurance fraud allegations, this case is not about Medicare or insurance fraud. This is a case primarily about the purchase and lease of faulty medical equipment.

**ARGUMENT**

Under Federal Rule of Civil Procedure 26(c), a court may "for good cause shown… make any order which justice requires to protect a party or person from [the] annoyance, embarrassment, oppression, or undue burden or expense" of discovery. Fed. R. Civ. P. 26(c). This rule authorizes the court to order that certain matter not be inquired into, or that the scope of

the disclosure or discovery be limited to certain matters. Moore's Federal Practice 3d, § 26.105 [5] (1998). TAMS' behavior in inquiring into DDI's billing practices to bolster its unfounded allegations of Medicare or other insurance fraud as set forth above is clearly improper and at a minimum constitutes annoyance and oppression of DDI to say the least.

Moreover, the court is authorized to issue a protective order after a showing that good cause exists. *Id.* Because TAMS' purported basis for its inquiries into DDI's billing practices relates solely to the calculation of damages that DDI would not be entitled to claim as lost profits due to alleged Medicare or insurance fraud, the proposed discovery is irrelevant and has no bearing on the claims or defenses of the parties, as DDI is not claiming lost profits, loss of business, lost revenues, or lost income in any manner whatsoever. "A showing of irrelevancy of the proposed discovery can satisfy the good cause requirement for a protective order." *McCurdy v. Wedgewood Capital Management Co., Inc.*, 1998 WL 964185 (E.D.Pa.), citing *Smith v. Dowson*, 158 F.R.D. 138, 140 (D.Minn.1994) (granting protective order on ground that actions taken by arresting officers in subsequent investigations, after release of erroneously arrested individual, is wholly irrelevant to plaintiff's claim that his arrest and detainer was without probable cause and in violation of his civil rights).

## CONCLUSION

For the foregoing reasons, DDI requests that this Court grant its motion for protective order under Federal Rule of Civil Procedure 26(c) to limit the scope of discovery and prohibit inquiry into the billing practices of DDI.

          Respectfully Submitted,


      By: _____
          Kyle P. Tate
          for TATE LAW FIRM
          9085 Sandidge Center Cove
          Olive Branch, MS 38654
          (662) 893-8833
          (662) 893-8824 facsimile

Dated: November 14, 2003

# CERTIFICATE OF COMPLIANCE
## WITH FEDERAL RULE OF CIVIL PROCEDURE 26(c)

    I, Kyle Tate, counsel for Defendants and Counter-Claimants, DESOTO DIAGNOSTIC IMAGING, LLC, ("DDI") RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC, hereby certify that I have conferred with John Chesney, counsel for Plaintiff/Intervenor Toshiba America Medical Systems, Inc. in a good faith effort to resolve the issues raised by the foregoing motion for protective order and that we have been unable to resolve the dispute.

                                                                            _____

                                                                            Kyle P. Tate

Dated: November 14, 2003

## CERTIFICATE OF SERVICE

I certify that I am this day serving a copy of the attached Defendants' Motion for Protective Order Under Fed. R. Civ. P. 26(c) and Memorandum of Law in Support upon the persons and in the manner indicated below:

Service by *facsimile and by first-class mail*, postage prepaid to:

Ms. Rosetta B. Packer
MCCARTER & ENGLISH, LLP
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA 19103-7501

Mr. John Chesney
Ms. Julianne Peck
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

_____
Kyle P. Tate

Date:  November 14, 2003