# Exhibit "B"

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : | CIVIL ACTION NO. 2:02CV2810 |
| Plaintiff, | : | |
| | : | HON. RONALD L. BUCKWALTER |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : | |
| Plaintiff/Intervenor, | : | |
| | : | |
| v. | : | |
| | : | |
| DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC | : : : : | * |
| | : | |
| Defendants. | : | |
| | : | |

### OBJECTIONS AND RESPONSES OF PLAINTIFF/INTERVENOR TOSHIBA AMERICAN MEDICAL SYSTEMS, INC. TO DEFENDANTS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff/Intervenor Toshiba America Medical Systems, Inc. ("TAMS"), by and

through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 34, objects

and responds to Defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T.

Carvel, Delta Radiology, P.C., and Zobar Properties, LLC's ("Defendants" or "DeSoto") Fourth

Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.      TAMS objects to the Requests, Instructions and Definitions to the extent

that they purport to impose upon TAMS obligations different from, or beyond those, required by

the Federal Rules of Civil Procedure.

2.      TAMS objects to the Requests, Instructions and Definitions to the extent

that they seek documents protected by the attorney-client privilege, the work product doctrine or

any other applicable privilege or protective doctrine. The inadvertent disclosure of privileged information is not intended to be, and should not be deemed to be, a waiver of any applicable doctrine.

3. TAMS objects to the Requests, Instructions and Definitions to the extent that they are so vague, ambiguous and/or overbroad that TAMS cannot determine what documents they seek in order to provide meaningful responses.

4. TAMS objects to the Requests, Instructions and Definitions to the extent that they seek documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

TAMS incorporates the foregoing General Objections into each and every specific objection and response to the Requests set forth below, regardless of whether specific objections are referred to therein. Furthermore, these General Objections are not waived, limited or otherwise restricted by any more specific objection or response to the Requests.

Because discovery and factual investigation are ongoing in this litigation, TAMS reserves the right to amend, supplement and/or modify its objections and responses in accordance with the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS

81.    **Any and all tape-recorded, video-taped, or otherwise recorded statements among any and all partners, associates, officers, directors, employees, accountants, agents, parent corporations, subsidiaries, affiliates, consultants, advisors, representatives, attorneys and any other person or entity purporting to act on the behalf of TAMS, and the named Defendants, their associates, officers, directors, employees, accountants, agents, advisors, representatives, attorneys and any other person or entity purporting to act on the behalf of the Defendants.**

**RESPONSE:**

TAMS objects to this request as vague, ambiguous, not reasonably calculated to lead to the production of admissible evidence, as being facially overbroad and unduly burdensome in that it fails to limit the request by reference to persons, subject matter or time and as failing to describe the items requested to be reviewed with reasonable particularity as required by Federal Rule of Civil Procedure 34(b).

82.    **All written and oral communications between any director, officer, employee, representative, agent or attorney of Toshiba America Medical Systems, Inc., and any of the parties to this lawsuit, which includes any correspondence, memoranda, e-mails, notes (handwritten, typed or otherwise) affidavits, tape-recorded, video-taped, or otherwise recorded statements , letters, minutes, agendas contracts, reports, studies, checks, statements, receipts, summaries, interoffice and interoffice communications, ledgers, appointment calendars, offers, notations of any sort of conversations (including without limitation to telephone conversations or meetings), and all drabs, alterations, modifications, changes, or amendments of any of the foregoing, and any and all mechanical, magnetic or electronic recordings or reproductions of any kind of the foregoing.**

**RESPONSE:**

TAMS objects to this request as vague, ambiguous, not reasonably calculated to lead to the production of admissible evidence, as being facially overbroad and unduly burdensome in that it fails to limit the request by reference to persons, subject matter or time and as failing to

describe the items requested to be reviewed with reasonable particularity as required by Federal

Rule of Civil Procedure 34(b).

83.    **All written and oral communications or between any of the directors, officers, employees, representatives, agents or attorneys of Toshiba America Medical Systems, Inc. and third parties including, but not limited to H, Paul King, Harold Paul King, Paul King, or any other witness or possible witness with regard to any of the matters involved in this action, which includes any correspondence, memoranda, e-mails, notes (handwritten, typed or otherwise) affidavits, statements, letters, minutes, agendas contracts, reports, studies, checks, statements, receipts, summaries, interoffice and interoffice communications, ledgers, appointment calendars, offers, notations of any sort of conversations (including without limitation to telephone conversations or meetings), and all drafts, alterations, modifications, changes, or amendments of any of the foregoing, and any and all mechanical, magnetic or electronic recordings or reproductions of any kind of the foregoing.**

**RESPONSE:**

TAMS objects to this request as vague, ambiguous, not reasonably calculated to lead to

the production of admissible evidence, as being facially overbroad and unduly burdensome in

that it fails to limit the request by reference to persons, subject matter or time and as failing to

describe the items requested to be reviewed with reasonable particularity as required by Federal

Rule of Civil Procedure 34(b). TAMS further objects to this Request to the extent that it calls for

the production of documents or materials protected by the attorney-client or the work product

doctrine.

84.    **All written and oral communications between any director, officer, employee, representative, agent or attorney of Toshiba America Medical Systems, Inc., and any of the parties to this lawsuit, which includes any correspondence, memoranda, e-mails, notes (handwritten, typed or otherwise) affidavits, statements, letters, minutes, agendas contracts, reports, studies, checks, statements, receipts, summaries, interoffice and intraoffice communications, ledgers, appointment calendars, offers, notations of any sort of conversations (including without limitation to telephone conversations or meetings), and all drafts, alterations, modifications, changes, or amendments of any of the foregoing, and any and all mechanical, magnetic or electronic recordings or reproductions of any kind of the foregoing.**

**RESPONSE:**

TAMS objects to this Request as duplicative of Request No. 82, above.  TAMS repeats

and incorporates herein by reference its response to Request No. 82.

85.    **Any and all written, tape-recorded, video-taped, or otherwise recorded statements to be used in this litigation for any purpose whatsoever.**

**RESPONSE:**

TAMS objects to this request as vague, ambiguous, not reasonably calculated to lead to

the production of admissible evidence, as being facially overbroad and unduly burdensome in

that it fails to limit the request by reference to persons, subject matter or time and as failing to

describe the items requested to be reviewed with reasonable particularity as required by Federal

Rule of Civil Procedure 34(b).  TAMS further objects to this Request to the extent that it calls for

the production of documents or materials protected by the attorney-client or the work product

doctrine.

86.    **Any and all Affidavits or Declarations, signed or unsigned, from any witness, potential witness or third parry to be used in this litigation for any purpose whatsoever.**

**RESPONSE:**

TAMS objects to this request as vague, ambiguous, not reasonably calculated to lead to

the production of admissible evidence, as being facially overbroad and unduly burdensome in

that it fails to limit the request by reference to persons, subject matter or time and as failing to describe the items requested to be reviewed with reasonable particularity as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request to the extent that it calls for the production of documents or materials protected by the attorney-client or the work product doctrine.

87.    **Any and all "One Touch" sheets referenced in TAMS' recently disclosed Case Reports.**

**RESPONSE:**

TAMS objects to the phrase "TAMS' recently disclosed case reports" as vague, ambiguous, undefined and inaccurate. Subject to, and without waiving this objection, TAMS responds that it believes that it has already produced any non-privileged documents responsive to this Request in response to Defendants' First and Second Document Request, but TAMS will produce any additional non-privileged responsive documents that are identified.

88.    **The entire personnel files including but not limited to any and all exit interviews, exit agreements, employment separation agreements, severance agreements, severance packages, employee confidentiality agreements, for Mike O'Barr, Donny Jenkins, Charlie Ryan, Brian Turnbull, Michael Smith, Dan Smith, Greg Stalcup, Greg Zagorski, Ray Ruskowski, Richard a LaRosa, David Bennett, Gene Armstrong, Wendy McDonald, Jesse Jacobs, David Steiff, Scott Albright, Rick Prall and Kevin Smith.**

**RESPONSE:**

TAMS objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

- 6 -

89.    **Any and all documents relating to or regarding any tests or inspections performed by TAMS of the MRI room at the DDI facility, before the installation of the MRI, during the period in which the MRI was located in the DDI facility and after the MRI was removed from the DDI facility.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b) and on the ground that it assumes facts not in evidence. Subject to, and without waiver of, these objections, TAMS will produce any non-privileged documents that can be identified through a reasonable search.

90.    **Any and all documents relating to or regarding any inspections or tests of the equipment involved in the subject matter of this lawsuit during and after the removal of the equipment from the DDI facility.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request to the extent, as framed, it calls for the production of documents or materials protected by the attorney-client privilege. TAMS also objects to this Request as duplicative of Defendants' Second Document Request. Subject to and without waiving these objections, TAMS responds that it has already produced any non-privileged documents responsive to this Request that it has identified in response to Defendants' previous document requests in this action.

91.    **Any and all documents relating to the removal and storage of the medical equipment that is the subject of the litigation including but limited to the location of storage, the length of time stored at each facility and all actions taken regarding the transportation/shipping of the equipment.**

**RESPONSE:**

TAMS responds that it has already produced any non-privileged documents responsive to this Request in response to Defendants' previous document requests in this action.

92.    **Any and all documents relating to the packing and/or crating of the medical equipment removed from the DDI facility.**

**RESPONSE:**

TAMS responds that it has already produced any non-privileged documents responsive to this Request in response to Defendants' previous document requests in this action.

93.    **Any and all documents from Plaintiff, DLL, regarding the possible resale and remarketing of the medical equipment.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiver of these objections, TAMS responds that it has already produced non-privileged documents responsive to this Request in response to Defendants' previous document requests and that TAMS will produce any additional non-privileged, responsive documents to the extent they exist and are identified.

94.    **Any and all documents regarding the corporate structure of Toshiba America Medical Systems, Inc., Toshiba, Inc., Toshiba America Credit, and/or Toshiba America Medical Credit, including, but not limited to (a) identification of all former and present corporate officers, directors, and shareholders and/or members; (b) identification of the date and place of incorporation for each entity, (c) the business of Toshiba America Medical Systems, Inc. and its principal place or places of business; (e) information**

- 8 -

**regarding the internal structure or departmental divisions of each entity; (f) the current status of each entity with regard to standing to conduct business in the State of Mississippi.**

**RESPONSE:**

TAMS objects to this request as vague, ambiguous, not reasonably calculated to lead to the production of admissible evidence, facially overbroad and unduly burdensome in that it fails to make any effort to limit the request to matters relevant to this lawsuit. TAMS also objects to this request on the ground that it fails to describe the items requested to be reviewed with reasonable particularity as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this request as being duplicative of prior document requests served by Defendants in this action.

95.    **Any and all documents relating to Toshiba America Medical Systems, Inc.'s recordkeeping, including Toshiba America Medical Systems, Inc.'s practices with regard to creating and maintaining hard copy and electronic documentation of all aspects of its business or operations and of its dealings and communications with representatives of Defendants or of Plaintiff De Lage Landen Financial Services with regard to any of the matters involved in this action.**

**RESPONSE:**

TAMS objects to this Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, vague and overbroad and on the grounds that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

- 9 -

96.    **Any and all documents relating to Toshiba America Medical Systems, Inc.'s current net worth and the basis for that determination, including but not limited to Toshiba America Medical Systems, Inc.'s most recent (a) state and federal corporate tax returns together with schedules or attachments; (b) annual financial statements; (c) profit and loss statements; and (d) any other annual compilation of Toshiba America Medical Systems, Inc.'s financial information.**

**RESPONSE:**

TAMS objects to this Request as irrelevant to the subject matter of this action, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

97.    **Any and all documents regarding Toshiba America Medical Systems, Inc. marketing and advertising campaigns, including but not limited to the use of special marketing sites, national show sites, regional sites and/or a local reference sites in general, and the use of such sites in conjunction with the sale of medical equipment to potential customers.**

**RESPONSE:**

TAMS objects to the phrases "marketing and advertising campaigns", "special marketing sites", "national show sites" and "regional sites and/or a local reference sites in general" as vague, ambiguous and undefined. TAMS further objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

98.    **Any and all documents relating to Toshiba America Medical Systems, Inc.'s marketing strategy and/or plan for the Toshiba MM Excelart AG unit.**

**RESPONSE:**

TAMS objects to the phrase "marketing strategy and/or plan" as vague, ambiguous and undefined. TAMS further objects to this Request as vague and overbroad in that it fails to set

forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

99.    **Any and all documents relating to Toshiba America Medical Systems, Inc.'s marketing strategy and/or plan for the Toshiba MRI Excelart XG unit from January 2000 through the present.**

**RESPONSE:**

TAMS objects to the phrase "marketing strategy and/or plan" as vague, ambiguous and undefined. TAMS further objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

100.    **Any and all documents regarding compensation and/or commission paid to Toshiba America Medical Systems, Inc.'s sales representatives for the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. TAMS also objects to this Request as duplicative of Defendants' 30(b)(5) Document Request No. 10 propounded to TAMS.

101.    **Any and all documents relating to or regarding compensation and/or commission paid by Toshiba America Medical Systems, Inc., its partners,**

associates, officers, directors, employees, accountants, agents, parent corporations, subsidiaries, affiliates, consultants, advisors, representatives , attorneys and any other person or entity purporting to act on the behalf of TAMS to Paul King.

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, TAMS responds that it does not believe that any documents responsive to this request exist but states that, if any are identified, they will be produced.

101.   **Any and all documents regarding financing of the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). Subject to and without waiving these objections, documents responsive to this Request have been produced as part of TAMS' initial disclosures in this action or have been produced in response to Defendants' First, Second and Third Document Request.

102. **Any and all documents regarding the manufacturer of the equipment involved in the subject matter of this lawsuit and all documents regarding the published specifications for the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

103. **Any and all documents regarding the owners of the equipment involved in the subject matter of this lawsuit from the time of its manufacture until the present.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

104. **Any and all documents that relate to Toshiba America Medical Systems, Inc. efforts to obtain FDA approval of the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

105.   **Any and all documents that relate to Toshiba America Medical Systems, Inc. efforts to obtain American College of Radiology (ACR) accreditation for the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague, ambiguous and nonsensical. ACR accreditation is applied for and granted to the end-user of the equipment. TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to equipment other than the equipment leased to DeSoto.

106.   **Any and all documents regarding the training, if any, provided by Toshiba America Medical Systems, Inc. to its service engineers regarding the maintenance or other service work performed by Toshiba America Medical Systems, Inc. on the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

107.   **Any and all documents regarding the training, if any, provided by Toshiba America Medical Systems, Inc. to its applications personnel regarding the maintenance or other service work performed by Toshiba America Medical Systems, Inc. on the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the

subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

    108.   **Any and all documents regarding each and every similar occurrence of problems experienced by third parties with regard to the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

    109.   **Any and all documents regarding Imaging Solutions, Inc., James V. Ferguson, Jr. M.D. and Donny Owens, M.D.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence as Imaging Solutions, Inc., James V. Ferguson, Jr., M.D. and Donny Owens, M.D. are not parties to this lawsuit.

    110.   **Any and all documents that relate to Toshiba America Medical Systems, Inc.'s efforts to perform a mechanical shim or an electronic shim.**

**RESPONSE:**

TAMS objects to the phrase "efforts to perform" and "mechanical shim or an electronic shim as vague, ambiguous and undefined. TAMS further objects to this Request as vague and

overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence to the extent that relates to efforts made on equipment other than the equipment leased to DeSoto.

111. **Any and all documents regarding the efforts of Toshiba America Medical Systems, Inc., if any, to remarket the equipment involved in the subject matter of this lawsuit, or to provide remarketing support to the remarketing efforts of De Lage Landen Financial Services, Inc., including but not limited to information regarding the names, addresses, telephone numbers and offers of any individuals or entities with whom Toshiba America Medical Systems, Inc., or any director, officer, employee, representative or agent thereof, including third parties, has been in contact in connection with such remarketing efforts.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request to the extent that it assumes that TAMS is obligated to re-market the equipment, and to the extent that, as framed, it calls for the production of documents or materials protected by the attorney-client privilege.

Subject to and without waiver of these objections, TAMS responds that it has already produced non-privileged documents reflecting the remarketing support that it has provided to DLL in response to Defendants' First and Second Document Request, and TAMS will produce additional non-privileged documents to the extent that they exist and are identified.

- 16 -

112.   **Any and all documents relating to the fair market value or reasonable commercial value of the equipment involved in the subject matter of this lawsuit as well relating to all actions taken by Toshiba America Medical Systems, Inc., if any, to assess the fair market value or reasonable commercial value of the equipment involved in the subject matter of this lawsuit at any time, including (a) prior to the installation of the medical equipment; (b) after deinstallation of the medical equipment, and (c) any time since the commencement of this litigation.**

### RESPONSE:

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. TAMS also objects to this Request as duplicative of Defendants' Second Document Request propounded to TAMS, to the extent that it calls for the production of documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections TAMS has produced all non-privileged documents responsive to subsections (b) and (c).

113.   **Any and all documents regarding insurance coverage on the equipment involved in the subject matter of this lawsuit.**

### RESPONSE:

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as overly broad, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. TAMS also objects to this Request as duplicative of Defendants' Second and 30(b)(5) Request No. 16 propounded to TAMS.

Subject to and without waiving the foregoing objections, TAMS states that it does not possess any insurance policies on the Equipment.

114.    **Any and all documents regarding all insurance policies that provide any coverage whatsoever for any of the claims, counterclaims or defenses asserted in this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

115.    **Any and all documents relating to or supporting the contentions and allegations in Toshiba America Medical Systems, Inc.'s Intervenor Complaint that Desoto is in default of the terms and conditions of the Master Lease.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiving these objections, to the extent TAMS has currently identified such documents, they have been produced as part of TAMS' initial disclosures in this action or have been produced in response to Defendants' First, Second and Third Document Request.

116. **Any and all documents relating to or supporting the contentions and allegations in Toshiba America Medical Systems, Inc.'s Intervenor Complaint that Desoto is in default of the terms of the service agreements.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiving these objections, to the extent TAMS has currently identified such documents, they have been produced as part of TAMS' initial disclosures in this action or have been produced in response to Defendants' First, Second and Third Document Request.

117. **Any and all documents relating to or supporting the contentions and allegations in Toshiba America Medical Systems, Inc.'s Intervenor Complaint that Desoto accepted and received benefits of the maintenance and services provided by Toshiba America Medical Systems, Inc. for leased equipment and has been unjustly enriched thereby.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiving these objections, to the extent TAMS has currently identified such documents, they have been produced as part of TAMS' initial disclosures in this action or have been produced in response to Defendants' First, Second and Third Document Request.

118.   **Any and all documents relating to each and every aspect (including quantification of the amount) in which Toshiba America Medical Systems, Inc. claims that it has suffered economic damage or other legally compensable injury purportedly attributable to the Defendants.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiving these objections, to the extent TAMS has currently identified such documents, they have been produced as part of TAMS' initial disclosures in this action or have been produced in response to Defendants' First, Second and Third Document Request.

119.   **Any and all documents relating to Toshiba America Medical Systems, Inc's efforts to mitigate any damages or injury that it claims it has suffered purportedly attributable to the Defendants.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiving these objections, to the extent TAMS has currently identified such documents, they have been produced as part of TAMS' initial disclosures in this action or have been produced in response to Defendants' First, Second and Third Document Request.

- 20 -

120.    **Any and all documents relating to Toshiba America Medical Systems, Inc.'s inventory of Toshiba MRI Excelart AG units at the time (a) prior to the installation of the medical equipment; (b) after deinstallation of the medical equipment, and (c) any time since the commencement of this litigation.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this request as overbroad in that it is unlimited in its time period. TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

121.    **Any and all documents relating to the number of Toshiba America Medical Systems, Inc. service engineers trained to perform maintenance or other service work on the Toshiba MRI Excelart AG unit and other equipment that is the subject of this litigation (a) prior to the installation of the medical equipment; (b) after deinstallation of the medical equipment, and (c) any time since the commencement of this litigation.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this request as overbroad in that it is unlimited in its time period. TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

122.   **Any and all documents relating to or regarding the profit generated by Toshiba America Medical Systems, Inc, resulting from the sale, at any time, of the equipment involved in the subject matter of this lawsuit.**

**RESPONSE:**

TAMS objects to the phrase "profit generated by" as vague, ambiguous and undefined. TAMS further objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS also objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

123.   **Any and all documents relating to or regarding the amount of TAMS or De Lage Landen Financial Services, Inc.'s unrecovered investment pursuant to the Master Contract Financing Program Agreement.**

**RESPONSE:**

TAMS objects to this Request as duplicative of Defendants' Second Request for Production of Documents No. 40 propounded to TAMS. TAMS repeats and incorporates herein by reference its response to Defendants' Second Request for Production of Documents No. 40.

124.   **Any and all documents regarding and identifying Masamichi Katsurada's as President of TAMS from July 1, 1996 to June 16, 1999; Any and all documents regarding Masamichi Katsurada's duties as President of TAMS July 1, 1996 to June 16, 1999; Any and all documents regarding Masamichi Katsurada's employment history from July 1, 1993 to July 1, 1996 and from June 16, 1999 to the present.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and describe the items requested to be reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible

evidence. TAMS also objects to this Request as duplicative of Defendants' 30(b)(5) Document

Request No. 2 propounded to TAMS.

125.    **Any and all documents regarding and identifying any common interest or interests between or among Toshiba America Medical Systems, Inc. and Toshiba America Medical Credit, Toshiba America Credit, Toshiba, Inc., De Lage Landen Financial Services, Inc., Tokai Financial Services and/or Rabobank.**

**RESPONSE:**

TAMS objects to the phrase "common interest or interests" as vague, ambiguous and

undefined. TAMS further objects to this Request as duplicative in and of itself since Toshiba

America Medical Credit, Inc. ("TAMC") was a d.b.a. of DLL. TAMS further objects to this

Request as vague and overbroad in that it fails to set forth and describe the items requested to be

reviewed "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b).

In addition, TAMS objects to this Request to the extent that it pertains to Toshiba, Inc.

and/or Rabobank, which are not parties to this lawsuit. TAMS further objects to this Request as

irrelevant to the subject matter of this action and not reasonably calculated to lead to the

discovery of admissible evidence. TAMS also objects to this Request as duplicative of

Defendants' 30(b)(5) Document Request No. 6 propounded to TAMS.

126.    **Any and all documents regarding any joint defense agreement and/or common interest agreement or any other agreement whatsoever between Toshiba America Medical Systems, Inc, and De Lage Landen Financial Services, Inc. with respect to this litigation.**

**RESPONSE:**

TAMS objects to the phrases "joint defense agreement and/or common interest

agreement" and "any other agreement whatsoever" as vague, ambiguous and undefined. TAMS

further objects to this Request as overly broad on its face and irrelevant to the subject matter of

this action and not reasonably calculated to lead to the discovery of admissible evidence. TAMS

- 23 -

also objects to this Request as duplicative of Defendants' 30(b)(5) Document Request No. 7

propounded to TAMS.

127.    **Any and all documents relating to Toshiba America Medical Systems, Inc.'s most recent (a) state and federal corporate tax returns together with schedules or attachments; (b) annual financial statements; (c) profit and loss statements; and (d) any other annual compilation of Toshiba America Medical Systems, Inc.'s financial information.**

**RESPONSE:**

TAMS objects to the phrase "most recent" as vague, ambiguous and undefined. TAMS

further objects to this Request as irrelevant to the subject matter of this action and not reasonably

calculated to lead to the discovery of admissible evidence. TAMS also objects to this Request as

duplicative of Defendants' 30(b)(5) Document Request No. 9 propounded to TAMS.

128.    **Any and all documents relating to De Lage Landen Financial Services, Inc.'s purchase of all of Toshiba America Medical Systems, Inc. right, title and interest in the Master Lease Agreement and/or guaranties**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and

describe the items requested to be reviewed "with reasonable particularity" as required by

Federal Rule of Civil Procedure 34(b). TAMS further objects to this Request as irrelevant to the

subject matter of this action and not reasonably calculated to lead to the discovery of admissible

evidence. TAMS also objects to this Request as duplicative of Defendants' 30(b)(5) Document

Request No. 12 propounded to TAMS.

Subject to and without waiving these objections, TAMS states that non-privileged

responsive documents, including the Master Contract Financing Program Agreement entered into

by TAMS and Tokai Financial Services, Inc. (predecessor to DLL) dated July 19, 1996 (Section

4 of which addresses the "blanket assignment" of Contracts (leases) under the agreement) and

the Application Approval Form signed by TAMS in connection with the Equipment leased to

- 24 -

DeSoto, have been produced in response to Defendants' First Request for the Production of

Documents.

129.    **Any and all documents relating to complaints or inquiries from third parties
        regarding the same or similar type equipment involved in the subject matter
        of this lawsuit.**

**RESPONSE:**

TAMS objects to this Request as vague and overbroad in that it fails to set forth and

describe the items requested to be reviewed "with reasonable particularity" as required by

Federal Rule of Civil Procedure 34(b).  TAMS further objects to this Request as irrelevant to the

subject matter of this action and not reasonably calculated to lead to the discovery of admissible

evidence.


Date:  January 13, 2004

John Chesney (Attorney I.D. No. 24458)
Julianne Peck (Attorney I.D. No. 79966)
Jonathan Sturz (Attorney I.D. No. 88153)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-1996

Attorneys for Plaintiff/Intervenor
Toshiba America Medical Systems, Inc.

- 25 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that today I caused a true and correct copy of

Plaintiff/Intervenor Toshiba America Medical Systems, Inc.'s **OBJECTIONS AND**

**RESPONSES TO DEFENDANTS' FOURTH REQUEST FOR PRODUCTION OF**

**DOCUMENTS** to be served upon counsel of record for all of the other parties to this proceeding

at the following addresses as follows:

Facsimile and First Class Mail

Kyle P. Tate, Esquire
9085 Sandidge Center Cove
Olive Branch, Mississippi 38654

First Class Mail

Rosetta B. Packer, Esquire
MCCARTER & ENGLISH
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA 1910-7501

William Matthews, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Dated: January 13, 2004

Julianne Peck

Julianne Peck

- 26 -