# Exhibit "E"

## Kyle Tate

**From:** <John.Chesney@dbr.com>
**To:** <ktate@tatelawfirm.com>
**Cc:** <Julianne.Peck@dbr.com>; <Jonathan.Sturz@dbr.com>; <pboyer@mccarter.com>
**Sent:** Thursday, December 04, 2003 11:10 AM
**Subject:** Discovery Clean Up Issues and the TAMS "merger" issue

Kyle:

This will confirm where we are on discovery issues and fill you in on the "merger" issue that you have raised:

1.   As to Mr. Igarashi, you have declined to withdraw your notice of his deposition. We believe your attempt to depose him is unjustified and improper. We will, therefore, file an appropriate protective order motion promptly.

2.   As to Dr. Currie, you have declined to withdraw your subpoena. We have served objections to it.

3.   As to Dr. Winkler, you have declined to withdraw your subpoena. We have served objections to it. In the case of Dr. Winkler, I believe we may nonetheless be able to resolve our issues without involving the courts, since I believe he has produced, as part of his expert report, what he has responsive to your subpoena. As I told you on the 'phone this morning, Dr. Winkler does not have, and TAMS to date has been unable to find, a copy of the letter Dr. Winkler apparently wrote to TAMS in connection with his review of images in late 2001. We have asked TAMS to do what it can to locate a copy of that document and will be happy to provide you with a copy, if one is located. I will try to confirm definitively that Dr. Winkler does not have additional materials responsive to the subpoena so that we will be able to discuss, on Monday of next week, a sensible resolution to where, when and in what capacity he should be deposed.

4.   As to your Rule 30(b)(6) deposition notice, I understand that you will be unavailable all day tomorrow. You had suggested trying to resolve issues relating to that on Monday and that is agreeable to us. On Monday, I expect to be generally available in the morning and until c. 3 p.m. Let us know what works best for you.

5.   On the basis that there will be -- without waiver of the point Pete Boyer made this morning that any party will have the right to object to efforts to conduct duplicative discovery or start discovery in particular areas from scratch -- a general extension of pre-trial deadlines, not just of deposition deadlines, we will be willing to withdraw our objections to your most recent (Fourth, I think) document request as untimely and to provide you promptly with such substantive objections to that request as we may have. We will then be glad to meet and confer with you immediately on those objections.

6.   With regard to the "merger" issue, I am informed by TAMS that the merger in question was one between two Japanese companies that will serve to consolidate their operations, hopefully to the benefit of TAMS and its customers. In any event, I am advised that this "merger" has in no way affected the separate corporate existence of TAMS (e.g., TAMS has not been "merged" into some other company that is the surviving entity) or TAMS' name. TAMS, in short, exists and operates under its own name just as it did prior to the merger. Thus, the real party in interest appears on all of the relevant pleadings.

John

****************************************************************************************

This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee),
you may not use, copy or disclose to anyone the message or any information
contained in the message. If you have received the message in error,
please advise the sender by reply e-mail@dbr.com, and delete the message.

Thank you very much.