# Exhibit "G"

## Kyle Tate

**From:** "Kyle Tate" <ktate@tatelawfirm.com>
**To:** <John.Chesney@dbr.com>; "PECK, JULIANNE (PH)" <Julianne.Peck@dbr.com>; "Packer, Rosetta" <RPacker@McCarter.com>; "Boyer, Peter J." <PBoyer@McCarter.com>
**Sent:** Wednesday, December 24, 2003 10:29 AM
**Subject:** Re: meet and confer

John,

I'll look for your substantive responses on the 4th Request for Production and I don't believe the Requests were untimely.  Anyway, in reviewing the 4th Request this morning, I want to make sure that you and Juli understand Request number #102 and Request numbers #108 and #129 so we can proceed efficiently and you can respond appropriately.

Request #102 should include documents between the manufacturer(s) (Toshiba Corp. of Japan or other Toshiba corp. involved in the manufacturing)  and its subsidiary TAMS regarding the type equipment located at
DDI and other diagnostic facilities. Some, but not all of the documents would be as follows:

  Toshiba Field Reports
  Toshiba Interoffice Memos
  Toshiba National Service Support Reports
  Toshiba memos re: meetings
  Toshiba Work Orders
  Toshiba "Product Issues"
  Toshiba District Support Monthly Reports of Complaints
  Toshiba Historical Activity Reports & Summaries
  Hospital Service Reports

TAMS is arguing that the poor images were a result of operator error / lack of training.  We believe that the equipment had a history of problems and that the same or similar problems occurred at DDI, thus we are entitled to such relevant documents showing the history of problems to counter your operator error / lack of training argument.  This information will also show your client's knowledge of the problems and the obvious material misrepresentations regarding the equipments' capabilities before, during and after the sale to DDI. TAMS has already disclosed some documents  confirming its knowledge of the problems, but we need production of all such documents.

Request #108 and #129 should be understood to include all service reports, field reports, historical activity reports, etc. and all customer complaints from other Toshiba customers concerning the same or similar type equipment that was at DDI. This information is obviously relevant for many reasons including but not limited to the equipments' history of inherent problems which shows that the operators are not to blame.  Per Request #108 and #129, please produce the above mentioned records and/or other relevant records from at least the following facilities:

1. Golf Diagnostic
   Golf Diagnostic Imaging Center
   9680 Golf Road
   Des Plaines, IL  60016
   847-296-5366

2. SDMI
   Steinberg Diagnostic Medical Imaging

3. Great Plains
   Great Plains Regional Medical Center
   1705 West 2nd Street
   Elk City, OK  73644

      580-225-2511

4. Rockland
   Mid Rockland Imaging
   18 Squadron Boulevard
   New City, NY  10956
   845-634-XRAY

5. Rapid Imaging

6. Summa Health

7. NMI Roxborogh
   National Medical Imaging
   498 Roxborough Avenue
   Roxborough, PA  19128
   215-485-9980

8. West Florida

9. Diagnostic Clinic Largo
   Diagnostic Clinic
   1551 West Bay Drive
   Largo, FL  33770
   727-581-8767

10. Children's Denver

11. Garden City
    MRImaging at Garden City
    1103 Stewart Avenue, Suite 104
    Garden City, NY  11530

12. Hood River
    Providence Hood River Memorial Hospital
    811-13th Street
    Hood River, OR 97037
    541-713-3911

13. Cranford Diagnostic Imaging Center
    25 South Union Avenue
    Cranford, New Jersey 07016

14. Florida Institute for Advanced Diagnostic Imaging
    9238 U.S. Highway 19
    Port Richey, FL  34668

15. Medical Imaging Center, P.C.
    6 Northwestern Drive
    Bloomfield, CT  06002

16. Mountain Medical Imaging Center
    1485 East Skyline Drive
    South Ogden, UT  84403

01/26/2004

I hope that you will cooperate with the Requests so I don't have to pursue production through the Court and/or via the subpoenas that were previously issued.

I can also send the above in a formal letter if you would like, just let me know.

Thanks,
Kyle

> ----- Original Message -----
> **From:** John.Chesney@dbr.com
> **To:** ktate@tatelawfirm.com
> **Sent:** Wednesday, December 24, 2003 8:18 AM
> **Subject:** Re: meet and confer
>
> Kyle
>
> Two things.
>
> First, I'm a bit behind on a filing I need to get in today and won't be able to talk at 10. I will join in the brief scheduling discussion that Pete has set up for later on. Maybe you and I should spend a couple of minutes on scheduling before that call.
>
> Second, when you referenced the 4th document request as having been due in late November, I was confused as to what you were talking about. That request was actually untimely under the existing deadline, so we need to get you substantive (instead of just timeliness) objections as a predicate to a meet and confer. We will do that promptly.
>
> I will be available to discuss discovery with you or your designee through New Year's. If you need to be involved and are unavailable that entire time, you can talk with Juli during the first week in January.
>
> John
>
> ********************************************************************************
>
> This message contains information which may be confidential and privileged.
> Unless you are the addressee (or authorized to receive for the addressee),
> you may not use, copy or disclose to anyone the message or any information
> contained in the message. If you have received the message in error,
> please advise the sender by reply e-mail@dbr.com, and delete the message.
>
> Thank you very much.