**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-CV-2810 |
| vs. | : | |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. | : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. | : | |
| and Zobar Properties, LLC. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO FILE SECOND AMENDED AFFIRMATIVE DEFENSES**
**AND SECOND AMENDED COUNTERCLAIMS**

## I.  INTRODUCTION

Plaintiff De Lage Landen Financial Services, Inc. ("DLL") by and through its

undersigned attorneys, files this Memorandum in Opposition to defendants, DeSoto Diagnostic

Imaging, LLC ("DDI"), Randon J. Carvel ("Randon Carvel"), Lynn T. Carvel ("Lynn Carvel"),

Delta Radiology, P.C. ("Delta") and Zobar Properties, LLC ("Zobar") (collectively, the

"Defendants") Motion for Leave to File Second Amended Affirmative Defenses and Second

Amended Counterclaims in order to, inter alia, add Toshiba Corporation ("Toshiba") as a

Counterclaim Defendant.  Although the Court is quite familiar with the history of this case, a

brief procedural history of the facts of this case is necessary to bring to the Court's attention the

events that have lead to the filing of Defendants' Second Amended Motion.

This action was filed in May of 2002.  On September 19, 2002 the Court entered a scheduling Order which provided twelve months for completion of pretrial fact discovery, with discovery to be completed by September 30, 2003.  A copy of the Initial Scheduling Order is attached as Exhibit A to the Declaration of Counsel being filed with this Memorandum of Law.[1] The first depositions in the case were taken in April of 2003.  For reasons that are not clear, Defendants waited until the summer of 2003 to serve paper discovery.  In September, counsel for Defendants sought additional time to complete discovery.  After discussion, the parties submitted a consent order extending discovery for 60 days until November 30, 2003[2].  The Consent Order, which was signed by all parties and approved by the Court, provided in pertinent part:

> ". . . [T]he parties are in agreement that a sixty (60) day extension of the Discovery deadline and all other current pretrial deadlines would allow them to complete such discovery as might be necessary in view of Defendants' intended amendments as well as to complete other outstanding discovery and prepare adequately for the trial of the matter."

A copy of the Consent Order as entered by the Court on September 3, 2003 is attached as Exhibit B.

On November 18, 2003, during the deposition of Paul King in Memphis, counsel for Defendants suspended the deposition and called the Court to request a determination as to the scope and propriety of certain questions asked by counsel for TAMS.  At about the same time, Defendants' counsel filed an "Emergency Motion" for protective order seeking to preclude certain discovery.  It was agreed, during that conference call, that discovery would be suspended

---

[1] All Exhibit references herein are to the Exhibits attached to the Declaration of Counsel.

[2] At about the same time, Defendants moved, over DLL's objection, for leave to amend their affirmative defenses and counterclaims to assert new defenses and claims against DLL and TAMS.  The motion was granted and Defendants filed their amended affirmative defenses and counterclaims on September 22, 2003.

pending a determination of various discovery motions. The parties appeared, through counsel, on December 1 and argued various motions pending before the Court.

At the time discovery was suspended in late November, the parties had identified a discreet number of depositions to be completed within the then remaining time. These included completion of the deposition of Paul King, depositions of a number of present and former technologists of De Soto, completion of a 30(b)(6) deposition of De Lage Landen, and the scheduling and taking of a 30(b)(6) deposition of TAMS. The parties had scheduled matters such that the remaining discovery would have been completed by mid December, with dispositive motions and a trial listing to follow.

When the parties conferred in an effort to agree on a schedule for completion of discovery, plaintiff learned that Defendants intended once again to seek leave to amend its counterclaims, this time to join a new party, Toshiba Corporation ("Toshiba"). Plaintiff made it clear that it would not consent to any further amendment, and thereafter the Court issued its scheduling order of January 30, 2004, setting a deadline of March 15, 2004 for completion of pretrial fact discovery, pretrial motions to be filed by April 12, 2004, and a special trial listing for May 17, 2004.

Now, as the final day of reckoning approaches, Defendants seek leave to file Second Amended Affirmative Defenses and Second Amended Counterclaims in order to, inter alia, add a new party, Toshiba, as a Counterclaim Defendant based upon facts that have been known to the Defendants from the early stages of this litigation. If permitted, Defendants' Second Amended Affirmative Defenses and Second Amended Counterclaims would severely prejudice DLL and burden the Court by necessarily expanding and enlarging the time period for discovery,

substantially increasing the costs associated in litigating this matter, and delaying plaintiff's day in Court on claims exceeding $3,000,000.

For the reasons that follow, Defendants' Motion for Leave to file Second Amended Affirmative Defenses and Second Amended Counterclaims should be denied.

## II. <u>ARGUMENT</u>

A motion for leave to amend a complaint is addressed to the sound discretion of the district court. <u>Cureton, et al. v. NCAA</u>, 252 F.3d 267, 272 (3d Cir. 2001). Although there is a presumption in favor of permitting a party to amend its pleading, a district court may deny leave to amend a pleading where there has been undue delay, bad faith or dilatory motives, where the amendment would prejudice the non-movant or where the amendment would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). Delay cannot be the only basis to deny leave to amend, unless the delay unduly prejudices the non-movant. <u>Kiser v. General Electric Company</u>, 831 F.2d 423, 427-28 (3d Cir. 1987) *cert. denied sub nom.*, <u>Parker-Hannifin Corp. v. Kiser</u>, 485 U.S. 906, 108 S.Ct. 1078 (1988). However, the district court is required to weigh the moving party's reasons for delay in raising the issues in the proposed amendment against the prejudice that the opposing party is likely to suffer if the motion is granted. <u>See</u>, <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993).

A.    **Defendants' Delay in Seeking Leave to File Second Amended Affirmative Defenses and Second Amended Counterclaims is Undue and in Bad Faith.**

In determining whether to permit a party to amend its pleadings, the Court should first focus on the moving party's motives for not amending the pleadings earlier in order to determine whether the delay was undue or dilatory. <u>See</u>, <u>Adams, et al. v. Gould, Inc.</u>, 739 F.2d 858, 868 (3rd Cir. 1984). Delay may be deemed undue when a party has had previous opportunities to

amend a pleading.  Cureton v. NCAA, 252 F.3d at 273, citing Lorenz v. CSX Corp., 1 F.3d at

1414 (delay of three years between the filing of complaint and the proposed amendment was

unreasonable as plaintiff had numerous opportunities to amend).

In Cureton, the plaintiffs had knowledge of the facts and legal support to allege an

intentional discrimination claim but chose to file for judgment on the merits of another claim.  Id.

at 275.  The plaintiffs later moved to amend the complaint to include an intentional

discrimination claim.  Id. at 273.  However, this court (the Honorable Ronald L. Buckwalter,

U.S.D.J.), denied the plaintiffs' motion determining that, inter alia, the motion was untimely, the

factual allegations in the proposed amendment were known for over two years before the

plaintiff sought leave to amend, leave to amend would be prejudicial to the defendant and would

disrupt the Court's trial calendar.  Id. at 273-74.  The Court found that there was no reasonable

explanation for the delay.  Id. at 273-74.  This Court's decision denying leave to amend was

affirmed on appeal.  Id. at 276.

In the present case, Defendants' delay in seeking leave to file Second Amended

Affirmative Defenses and Second Amended Counterclaims not only to assert new claims, but

also to add a new party after a year and a half of extensive pretrial discovery and vigorous and

hotly contested motion practice, is undue and unreasonable.  Similar to the plaintiffs in Cureton,

Defendants had knowledge as early as April 25, 2003 through the Objections and Responses of

TAMS to DLL's Request for Admissions that TAMS was not the manufacturer of the

equipment.[3]  A true and correct copy of the Objections and Responses of Plaintiff/Intervenor

---

[3] Plaintiff/Intervenor Toshiba American Medical Systems, Inc.'s Objections and Responses to Plaintiff De Lage Landen Financial Services, Inc.'s Request for Admissions were served on all parties on April 25, 2003.

Request for Admission No. 30 states: TAMS was solely responsible for honoring all manufacturer's warranties for the Equipment.

Toshiba American Medical Systems, Inc. to Plaintiff's First Request for Admissions are attached

hereto and labeled as Exhibit C.  Further, on August 4, 2003, counsel for Defendants

acknowledged that Defendants were considering amending their counterclaims to add an

additional party to the litigation.  A true and correct copy of the email correspondence from Kyle

Tate to counsel for all parties dated August 4, 2003 is attached hereto and marked as Exhibit D.

In this email correspondence, counsel for Defendants stated

> I wanted to let you know that, based on information we have
> learned through discovery and on some of our outstanding
> discovery requests, Defendants may need to amend their
> counterclaims, and perhaps add another party to this litigation.

On August 18, 2003, counsel for Defendants provided all parties a draft of Defendants'

proposed First Amended Answer and Counterclaims and specifically once again stated that

> [W]e are working expeditiously to complete the third-party
> complaint against the newly identified manufacturer of the Toshiba
> equipment and hope to forward such document to you in the very
> near future.

A true and correct copy of the email correspondence from Kyle Tate counsel for all parties dated

August 18, 2003 is attached as Exhibit E.

Thereafter, on August 28, 2003, just as the parties were presenting a Consent Order for

extension of pretrial discovery, the Defendants moved for leave to file a First Amended Answer

and First Amended Counterclaim to assert additional defenses and counterclaims against DLL

and TAMS.  The proposed amended pleading made no mention of any claim against Toshiba.

Both DLL and TAMS opposed this motion on the grounds of undue prejudice, delay and bad

---

Response:

faith.  The motion was granted by this Court and the Defendants filed their amended pleadings

on September 22, 2003.  A true and correct copy of the First Amended Answer and First

Amended Counterclaims is attached as Exhibit F.  Ironically, the Defendants affirmatively plead,

in Paragraph 7 of the First Amended Counterclaim, that Toshiba was the manufacturer of the

equipment.  In addition, TAMS once again confirmed this fact.  See, TAMS' Answer to

Defendants First Amended Counterclaims attached as Exhibit G.  Thus, with full knowledge of

Toshiba's role and notwithstanding assertions that it would be joining Toshiba, Defendants

consciously chose not to name Toshiba as a party, fully aware that any late effort to further

amend would be vigorously opposed.

Now, nine months after TAMS indicated it was not the manufacturer of the equipment

and five months after Defendants stated that they were "working expeditiously to complete the

third party complaint against the "newly identified" manufacturer of the Toshiba equipment…,"

Defendants seek leave to amend the counterclaims and affirmative defenses a second time to add

Toshiba as a counterclaim defendant.  Defendants' moving papers offer no explanation as to any

reasonable excuse or explanation for their delay, because there is none.  The Defendants'

motives to amend are clearly dilatory.  As they did in September 2003, Defendants seek to delay

the final trial and disposition of the matter, this time by belatedly joining a new party.

> **B.**     **Defendants' Delay in Seeking Leave to File Second Amended Affirmative
> Defenses and Second Amended Counterclaims severely prejudices DLL and
> the Court.**

The Third Circuit has determined that prejudice to the non-moving party is the

touchstone for the denial of an amendment.  <u>Cornell & Co. v. Occupational Safety & Health</u>

---

"Denied as stated.  To the contrary, TAMS was not the manufacturer of the Equipment and was responsible

Review Commission, 573 F.2d 820, 823 (3d Cir. 1978).  Although delay alone is insufficient to

deny leave to amend, at some point, delay will become undue and result in prejudice and unfairly

burden the opposing party and the court.  Adams v. Gould, Inc., 739 F2d at 868.

   Failure to timely file a motion to amend a pleading would place an undue burden upon

the court and unfairly prejudice the parties opposing the motion.  See, Cureton v. NCAA, 252

F.3d at 273-74; Prevent, Inc. v. WNCK, Inc., 1994 WL 530144, *2 (E.D. Pa.).  In Prevent,  this

Court determined that the plaintiff would suffer undue prejudice if the defendants' motion to

amend to add specific affirmative defenses not plead in the original answer was granted.  Id.  The

Court's rationale was based on the fact that discovery had expired, the plaintiff would require

additional discovery if the motion to amend was granted and an amendment at such a late stage

in the litigation would unduly prejudice the plaintiff and disrupt the Court's trial schedule.

Prevent, Inc. v. WNCK, Inc., 1994 WL 530144, 2 (E.D. Pa.).  In addition, the Court found that

the defendant had specific knowledge pertaining to the affirmative defense for quite some time

but unduly delayed in seeking to amend.  Id.

   Particularly where, as here, the proposed amendment would join a new party late in the

litigation process, the prejudice to other parties and disruption of the Court's calendar is a proper

ground for denial of the proposed amendment.  See, IU North America, Inc. v. The Gage

Company, 2002 WL 1471715 (E.D.Pa.2002).  In IU North America, this Court denied leave to

amend where defendants' motion to amend its counterclaims to add a new party was not filed

until nearly six months after the deadline for adding additional parties and where there was

adequate information from the early stages of the litigation accessible to the Defendants to put

---

only for honoring any representations and warranties made by TAMS."

them on notice of the existence of the new party. Id. at *1-3. This Court determined that the plaintiff would be unduly prejudiced as a result of the additional discovery, costs and preparation to defend against new facts or new legal theories at a late stage of the litigation that the plaintiff would be forced to incur in the event Defendants' leave to amend was granted. Id. at *3-4.

Similarly, in the present case Defendants' motion to amend their affirmative defenses and counterclaims in order to, inter alia, add Toshiba Corporation as a counterclaim defendant, if granted, would severely prejudice DLL. The motion comes at a very late stage of hotly contested litigation in which the parties have already engaged in extensive discovery. Although Defendants did not serve paper discovery until July 2003, it was revealed as early as April 25, 2003 that TAMS was not the manufacturer of the equipment. See, Exhibit C, Request for Admission No. 30. In addition, multiple days of deposition testimony have been conducted in several different cities, including Atlanta, Memphis and Philadelphia. The proposed amendment will require new and additional discovery by all of the parties as well as the new party and will likely result in further depositions in several different cities, as well as a need to reopen depositions already completed to permit questioning by the newly added party. If Defendants' proposed amendments were allowed, DLL would be severely prejudiced by having to engage in new and additional discovery in addition to the extensive discovery that has already taken place.

In addition, permitting these amendments would also burden the Court. Discovery, which was scheduled to close in November 2003 and now March 2004, will once again be postponed and delayed further. The Court's most recent Scheduling Order provides that this matter is specially listed for trial on May 17, 2004. The Court's interests in concluding this action are at issue as Defendants' proposed amendments would clearly and negatively affect the Court's docket and calendar.

The proposed amendment should not be permitted at this stage of the litigation as Defendants' have not provided this Court with an explanation as to their delay in filing the proposed amendments and DLL would suffer undue prejudice both in the prosecution of its affirmative claims and in the defense of the dilatory counterclaims and affirmative defenses now sought to be asserted.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File Second Amended Affirmative Defenses and Second Amended Counterclaims should be denied.

Respectfully submitted,

**McCarter & English, LLP**

_____
Peter J. Boyer (Attorney ID No. 25517)
Rosetta B. Packer (Attorney ID No.28357)
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Attorneys for Plaintiff
De Lage Landen Financial Services

Dated: February 6, 2004

PH1: 473303.03