IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DeLAGE LANDEN FINANCIAL SERVICES, INC., | : : | |
| Plaintiff | : : | CIVIL ACTION NO. 02-CV-2810 |
| and | : : | |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC., | : : | |
| Plaintiff/Intervenor | : : : | |
| v. | : : | |
| DeSOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC, | : : : : | |
| Defendants and Counter-Claimants | : : | |

## ORDER

AND NOW, this 11th day of February, 2004, upon consideration of Defendants' Motion for Leave to Amend Affirmative Defenses and Counterclaims (Docket No. 88), Plaintiff/Intervenor's Opposition thereto (Docket No. 91), and Plaintiff's Opposition thereto (Docket No. 92), Defendants' motion is **DENIED**.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may deny a motion to amend, however, when such an amendment comes in the late stages of a proceeding, and causes undue delay and prejudice to the other parties. Foman v. Davis, 371 U.S. 178, 182 (1962). The Court finds that an amendment at this late stage in the discovery process

will cause undue delay by essentially restarting the discovery process or will unfairly prejudice the Plaintiffs and the proposed counterclaim defendant Toshiba Corporation.

The Court also denies Defendants' request to add Toshiba Corporation as a counterclaim defendant. Although Rule 15(c)(3) allows new parties to be added and have claims against such parties relate back to the date of the original filing of the counterclaims, such new parties must have notice of the action within 120 days of the original counterclaim filing so that the new party will not be prejudiced in presenting its defense. Fed. R. Civ. P. 15(c)(3). In addition, the Defendant must show that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Id. The Defendants have not made this showing, but even if they had, their delay in amending their counterclaim to name Toshiba Corp., from the time discovery documents demonstrate their clear knowledge of the manufacturer's identity was unexplained and unreasonable. Defendants filed their original counterclaim on August 16, 2002. (Docket Nos. 14 and 15). Defendants filed the present motion seeking to add Toshiba Corporation on January 20, 2004, nearly a year and a half after the original motion. Even considering Defendants' contention[1] that they did not discover the real manufacturer of the Toshiba equipment until they were in the midst of discovery, the evidence provided to the Court indicates Defendants had ample time to amend their complaint previously and chose not to. As early as April, 2003, the Defendants were aware TAMS was not the manufacturer of the medical equipment at issue in this case, and as early as June 16, 2003, Defendants knew that Toshiba Corporation was the manufacturer. This was well over three

---

1. Which in itself is somewhat questionable given that Defendants were in possession of brochures for the various pieces of medical equipment that clearly indicate they were produced by Toshiba Corporation, with the company's Japanese address as early as the first few months of 2000. (See, Plaintiff/Intervenor's Opp. Ex. B).

months before this court permitted Defendants to file their First Amended Counterclaims and Defenses and seven months before Defendants filed the present motion. There is no reasonable explanation for the Defendants' delay.

Defendants also argue that Toshiba must be joined under Rule 19(a)(1) as a party necessary for the just adjudication of this matter, because Defendants need certain allegedly discoverable items that Toshiba Corporation holds. Rule 19(a)(1) allows joinder of a necessary party when a party's absence would preclude a proper grant of relief. Fed. R. Civ. P. 19(a)(1). This rule is focused exclusively on relief and simply does not extend to joining a party in order to engage in discovery.

For all of the foregoing reasons, Defendants' Motion for Leave to Amend Affirmative Defenses and Counterclaims (Docket No. 88) is **DENIED**.

BY THE COURT:

_____
RONALD L. BUCKWALTER, J.