# Exhibit "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC., <br><br> Plaintiff/Intervenor, <br><br> v. <br><br> DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, PC and ZOBAR PROPERTIES, LLC, <br><br> Defendants and Counter-Claimants. | CIVIL ACTION NO. 2:02CV2810 |

## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO INTERVENOR/PLAINTIFF TOSHIBA AMERICA MEDICAL SYSTEMS, INC.

NOW COME the Defendants, Desoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, PC and Zobar Properties, LLC, by and through their attorneys, TATE LAW FIRM, by the undersigned attorney, and hereby submit their Fourth Request for Production of Documents to Intervenor/Plaintiff Toshiba America Medical Systems, Inc. ("TAMS").

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Desoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, PC and Zobar Properties, LLC, through their undersigned attorneys, request that Intervenor/Plaintiff Toshiba America Medical Systems, Inc. respond to the following Request for Production of Documents and serve responses thereto in accordance with the

107. Any and all documents regarding the training, if any, provided by Toshiba America Medical Systems, Inc. to its applications personnel regarding the maintenance or other service work performed by Toshiba America Medical Systems, Inc. on the equipment involved in the subject matter of this lawsuit.

108. Any and all documents regarding each and every similar occurrence of problems experienced by third parties with regard to the equipment involved in the subject matter of this lawsuit.

109. Any and all documents regarding Imaging Solutions, Inc., James V. Ferguson, Jr. M.D. and Donny Owens, M.D.

110. Any and all documents that relate to Toshiba America Medical Systems, Inc.'s efforts to perform a mechanical shim or an electronic shim.

111. Any and all documents regarding the efforts of Toshiba America Medical Systems, Inc., if any, to remarket the equipment involved in the subject matter of this lawsuit, or to provide remarketing support to the remarketing efforts of De Lage Landen Financial Services, Inc., including but not limited to information regarding the names, addresses, telephone numbers and offers of any individuals or entities with whom Toshiba America Medical Systems, Inc., or any director, officer, employee, representative or agent thereof, including third parties, has been in contact in connection with such remarketing efforts.

112. Any and all documents relating to the fair market value or reasonable commercial value of the equipment involved in the subject matter of this lawsuit as well relating to all actions taken by Toshiba America Medical Systems, Inc., if any, to assess the fair market value or reasonable commercial value of the equipment involved in the subject matter of this lawsuit at any time, including (a) prior to the installation of the medical equipment; (b) after deinstallation of the medical equipment, and (c) any time since the commencement of this litigation.

126. Any and all documents regarding any joint defense agreement and/or common interest agreement or any other agreement whatsoever between Toshiba America Medical Systems, Inc. and De Lage Landen Financial Services, Inc. with respect to this litigation.

127. Any and all documents relating to Toshiba America Medical Systems, Inc.'s most recent (a) state and federal corporate tax returns together with schedules or attachments; (b) annual financial statements; (c) profit and loss statements; and (d) any other annual compilation of Toshiba America Medical Systems, Inc.'s financial information.

128. Any and all documents relating to De Lage Landen Financial Services, Inc.'s purchase of all of Toshiba America Medical Systems, Inc. right, title and interest in the Master Lease Agreement and/or guaranties

129. Any and all documents relating to complaints or inquiries from third parties regarding the same or similar type equipment involved in the subject matter of this lawsuit.

Respectfully Submitted,

By: _____
Kyle P. Tate
for TATE LAW FIRM
9085 Sandidge Center Cove
Olive Branch, MS 38654
(662) 893-8833
(662) 893-8824 facsimile

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that the foregoing has been served upon the attorney of record for all other parties in this proceeding and upon parties not represented by attorneys by telefax or by delivering a copy of this pleading to the attorney or party personally, or to the offices of such attorney or party, or by placing a copy in the U.S. Mail addressed to such attorney or party named below at his office with sufficient prepaid postage on this 29th day of October, 2003.

Mr. John Chesney
Ms. Julianne Peck
DRINKER BIDDLE & REATH, LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

Ms. Rosetta B. Packer
MCCARTER & ENGLISH, LLP
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA 19103-7501

_____
Kyle P. Tate