**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : |
| | : |
| | : CIVIL ACTION NO. 2:02CV2810 |
| Plaintiff, | : |
| | : |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC., | : |
| | : |
| Plaintiff/Intervenor, | : |
| | : |
| v. | : |
| | : |
| DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, PC and ZOBAR PROPERTIES, LLC, | : |
| | : |
| Defendants and Counter-Claimants. | : |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Defendants' Response to Motion for Protective Order and to Vacate the Deposition Notice of Mr. Hiromitsu Igarashi and Notice of Withdrawal of Deposition Notice to Hiromitsu Igarashi Without Prejudice, it is hereby ORDERED that the Motion for Protective Order is DENIED as moot.

BY THE COURT:

_____
Ronald L. Buckwalter, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., : <br> : <br> : CIVIL ACTION NO. 2:02CV2810 <br> Plaintiff, : <br> : <br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC., : <br> : <br> Plaintiff/Intervenor, : <br> : <br> v. : <br> : <br> DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, PC and ZOBAR PROPERTIES, LLC, : <br> : <br> Defendants and Counter-Claimants. : | |

**RESPONSE TO TOSHIBA AMERICA MEDICAL SYSTEMS, INC.'S RENEWED MOTION FOR PROTECTIVE ORDER AND TO VACATE THE DEPOSITION NOTICE OF MR. HIROMITSU IGARASHI AND NOTICE OF WITHDRAWAL OF DEPOSITION NOTICE TO HIROMITSU IGARASHI WITHOUT PREJUDICE**

With the close of discovery at hand, Defendants and Counter-Claimants, DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC ("DDI") have taken the appropriate measures to complete their necessary discovery of TAMS witnesses who may have information, among other things, about the imaging equipment at issue which DeSoto believes is inherently defective. This includes noticing for deposition those witnesses with relevant non-privileged information concerning facts in dispute in this case. One such witness is Mr. Hiromitsu Igarashi, the president of Toshiba America Medical Systems, Inc. ("TAMS"), who was originally properly noticed for deposition

on November 24, 2003, and properly re-noticed on February 23, 2004 with a cover letter to counsel explaining that the issuance was for timing purposes and that DeSoto would inform them whether his testimony would be needed after the TAMS 30(B)(6) depositions concluded. With the impending close of discovery, and numerous other California depositions already planned, scheduling the deposition of Mr. Igarashi, if needed, during that same time period was the most reasonable, and viable, alternative. Given the close of discovery on March 15, 2004, had Defendants *not* noticed Mr. Igarashi's deposition when they did, the close of discovery could have barred Defendants inquiry altogether.

At the time Defendants withdrew the original deposition notice to Mr. Igarashi, it was made clear that Defendants reserved the right to re-notice Mr. Igarashi as set forth above. Defendants also made clear that depending on the testimony developed from other, lower-level employees, Mr. Igarashi's testimony may not be necessary after all. In correspondence to TAMS enclosing the deposition notice, counsel for Defendants stated "Based upon the testimony developed throughout the week, it may not be necessary to take Mr. Igarashi's deposition, but we will be unable to make that determination until the TAMS 30(b)(6) deposition is completed."

Now, with the completion of the TAMS 30(b)(6) deposition drawing near, counsel for Defendants has made the determination that Mr. Igarashi's deposition is no longer necessary, and wishes to withdraw Defendants' notice of deposition to Mr. Igarashi as they previously represented would be done in the event the testimony sought was provided in the 30(b)(6) deposition and certain other planned depositions.

Again, as before, Defendants' withdrawal of their Notice of Deposition should not be construed, in any way whatsoever, as acquiescence to the truth of any of the propositions set forth in TAMS' present motion. And in response to TAMS' present motion, Defendants

categorically deny TAMS' accusations of "vexatious" and "bad faith" conduct by the Defendants.

  WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order in the form attached hereto, denying TAMS' Motion for Protective Order as moot.

             Respectfully Submitted,

By:    WM782
   William Matthews
   For SAUL EWING LLP
   Center Square West
   1500 Market Street, 38th Fl.
   Philadelphia, PA 19102-2186
   (215) 972-7106

     KT823
   Kyle P. Tate
   for TATE LAW FIRM
   9085 Sandidge Center Cove
   Olive Branch, MS 38654
   (662) 893-8833

   Attorneys for Defendants DeSoto Diagnostic Imaging, LLC, *et al*

Dated: March 12, 2004

# CERTIFICATE OF SERVICE

I certify that I am this day serving a copy of the attached Defendants' Response to Renewed Motion of Plaintiff/Intervenor Toshiba America Medical Systems, Inc. ("TAMS") for Protective Order and to Vacate the Deposition Notice of Mr. Hiromitsu Igarashi and Notice of Withdrawal of Deposition Notice to Hiromitsu Igarashi Without Prejudice upon the persons and in the manner indicated below:

Service by *facsimile and by first-class mail*, postage prepaid to:

    Mr. John Chesney
    Ms. Julianne Peck
    Mr. Jonathan Sturz
    DRINKER BIDDLE & REATH LLP
    One Logan Square
    18th & Cherry Streets
    Philadelphia, PA 19103-6996

    Mr. Peter Boyer
    Ms. Rosetta B. Packer
    MCCARTER & ENGLISH, LLP
    Mellon Bank Center, Suite 700
    1735 Market Street
    Philadelphia, PA 19103-7501

                                                             KT823
                                                          Kyle P. Tate

Dated: March 12, 2004