EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| vs. : | |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : | |
| Defendants : | |

**PLAINTIFF'S ANSWER AND OBJECTIONS TO DEFENDANTS' AND COUNTERCLAIMANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO DELAGE LANDEN FINANCIAL SERVICES, INC.**

Plaintiff DeLage Landen Financial Services, Inc., ("DLL") by and through its undersigned attorneys, hereby objects and responds to Defendants and Counterclaimants' First Interrogatories Propounded to Plaintiff DeLage Landen Financial Services, Inc. as follows:

**GENERAL OBJECTIONS**

1. DLL objects to the interrogatories and instructions to the extent that they purport to impose upon DLL objections beyond those imposed or permitted beyond those imposed or permitted by Federal Rules of Civil Procedure.

2. DLL objects to the interrogatories and instructions to the extent that they seek disclosure of information which is neither relevant to the litigation nor reasonably calculated to lead to the discovery of relevant admissible evidence.

4. State all facts that relate to DLL becoming the successor in interest to Tokai Financial Services, Inc.

**RESPONSE:**

On 3/31/99 Tokia Bank sold all of the stock of Tokai Financial Services, Inc. to DLL USA, Inc. a subsidiary of DLL International B.V. Tokai Financial Services changed its name to DLL Financial Services, Inc.

5. State all facts that relate to TAMS' alleged assignment of the Master Lease and Guaranties to DLL as mentioned in paragraph 12 of DLL's Complaint.

**RESPONSE:**

TAMS assigned the Master Lease and the Guarantees to DLL pursuant to Section Four of the Master Program Financing Agreement.

6. State the specific terms of TAMS' assignment of the Master Lease and Guaranties to DLL.

**RESPONSE:**

Section Four of the Master Contract Financing Program Agreement, entitled GRANTING CLAUSE, provides as follows:

> a. TAMS hereby sells, assigns and transfers and sets over to TFS [DLL's predecessor] without recourse, all of its right, title and interest (including any security interest) in (a) each Contract executed and delivered pursuant to the terms and provisions of this Agreement, including any Guaranty, financing statements, insurance policies and all documents related thereto; (b) all Payments due and to become due thereunder; (c) the applicable System subject to such Contract; and (d) all of TAMS rights and remedies thereunder.
>
> b. This Agreement shall constitute a blanket assignment of Contracts and the assignment shall effective for each Contract upon TFS's acceptance of such Contract.

7. State the specific facts which relate to DLL's alleged purchase of all TAMS' right, title and interest in Master Lease Guaranties.

**RESPONSE:**

See Answer to Interrogatory Numbers 5 and 6.

      8.     State what DLL gave TAMS in exchange for TAMS' alleged assignment of the Master Lease and Guaranties to DLL.

**RESPONSE:**

In exchange for TAMS' assignment of the Master Lease and Guaranties, DLL funded the purchase price for the equipment. Other consideration is as set forth in the contract documents.

      9.     State all facts relevant to TAMC's alleged assignment of the Master Lease and Guaranties to DLL.

**RESPONSE:**

Objection. This interrogatory incorrectly assumes that there was an "assignment" of the Master Lease and Guarantees from TAMC to DLL. No such assignment occurred. TAMC is the private label name used by DLL in connection with the Lease at issue. Pursuant to DLL's contract with TAMS, DLL administered the lease under the trade name Toshiba America Medical Credit (TAMC).

      10.    State the specific terms of TAMC's alleged assignment of the Master Lease and Guaranties to DLL.

**RESPONSE:**

Objection. This interrogatory incorrectly assumes that there was an "assignment" of the Master Lease and Guarantees from TAMC to DLL. No such assignment occurred. TAMC is the private label name used by DLL in connection with the Lease at issue. Pursuant to DLL's contract with TAMS, DLL administered the lease under the trade name Toshiba America Medical Credit (TAMC).

      11.    State what DLL gave to TAMC in exchange to TAMC's alleged assignment of the Master Lease and Guaranties to DLL.

**RESPONSE:**

Objection. This interrogatory incorrectly assumes that there was an "assignment" of the Master Lease and Guarantees from TAMC to DLL. No such assignment occurred. TAMC is the private label name used by DLL in connection with the Lease at issue. Pursuant to DLL's contract with TAMS, DLL administered the lease under the trade name Toshiba America Medical Credit (TAMC).

12. State who authorized DLL to use the names Toshiba America Medical Credit, Inc., Toshiba America Medical Credit and/or Toshiba Medical Credit.

**RESPONSE:**

TAMS, through the Master Contract Financing Program Agreement.

13. State whether DLL has ever employed these names from TAMS.

**RESPONSE:**

Objection. Plaintiff does not understand what is meant by the term "employed". Without waiver of this objection, DLL responds as follows: DLL has used the name Toshiba America Medical Credit in connection with the transactions at issue in this case and in connection with other transactions involving the lease of TAMS equipment.

14. List all fictitious and assumed names that DLL has used since 1996.

**RESPONSE:**

Objection. The term "assumed names" is ambiguous and unclear. Subject to and without waiver of this objection, DLL responds as follows: None, except under private label agreements with banks and other vendors.

15. List all States within the United States that DLL is authorized to do business.

**RESPONSE:**

All fifty states of the United States.

16. List all States within the United States that DLL is authorized to do business under the names Toshiba America Medical Credit, Inc. Toshiba America Medical Credit and/or Toshiba Medical Credit.

**RESPONSE:**

Toshiba America Medical Credit, Inc.: None.
Toshiba America Medical Credit and/or Toshiba Medical Credit: All fifty states of the United States.

17. List all facts relating to DLL becoming incorporated, including, but not limited to, the State DLL is incorporated in, the date of incorporation and the officers and directors.

**RESPONSE:**

PHI: 143702.01

## VERIFICATION

I, Raymond Crouse, hereby verify that am Director, Litigation & Recovery Department of De Lage Landen Financial Services, Inc. ("DLL"), plaintiff in the within action, that I am authorized to make this Verification on behalf of DLL, and that the facts set forth in the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on October 9, 2003.

_____

EXHIBIT 2

De Lage Landen (L)
partners in finance

March 15, 2002

Desoto Diagnostic Imaging
Attn: Lynn Carvel MD President
9085 Sandridge Center Cove
Olive Branch, MS 38654

De Lage Landen Financial Services
1111 Old Eagle School Road
Wayne, PA 19087
610.386.5000

Re: Lease#24388998
Equipment Description: Toshiba Cardiac Gati

Dear Lessee:

Be advised Toshiba Medical Credit has assigned your lease to De Lage Landen Financial Services, Inc. (DLL). The Assignment of the Lease is a common practice in the financial community and does not affect or change any of the terms and conditions of your Lease Agreement.

Pursuant to Paragraph 14 Remedies under Lease#24373469 your account is in default. As such, you are liable for all the monthly lease payments remaining unpaid at the time of default, late charges, sales tax, personal property tax and all expenses associated with the repossession of the equipment.

Demand is hereby made for immediate payment of the accelerated balance on the Lease totaling $155,015.04 to DLL. If this amount is not paid immediately, demand is also hereby made for the return of the equipment to DLL.

If arrangements are not made for payment of the accelerated balance within seven (7) days from the date of this letter, DLL will have no alternative but to take whatever actions are necessary to protect its interest under the terms of the Lease.

I urge you to call me immediately to resolve this matter amicably.

Sincerely,

Jake Hornung
Collection Department
800/743-0144 X=3046

EXHIBIT 3



DOS Homepage

# Entity Details

Request
* New Request

Free Search
* General Name Search
* Old Name Search
* Orphan Search

## Basic Entity Information

| | |
|---|---|
| Entity Type | FICTITIOUS NAME |
| Entity Name | TOSHIBA AMERICA MEDICAL CREDIT |
| Entity No. | 3129408 |
| Filing Date | 03/10/2003    Letter of Consent    No |
| Address | 2500 YORK RD |
| | JAMISON   Pennsylvania   USA   18929 |
| County | Bucks        Jurisdiction        PA |
| Purpose | LEASE FINANCING |
| Limited Authority | No |

## Fictitious Owners

1        DVI FINANCIAL SERVICES INC

## Instrument History

| Doc Type | Microfilm# | Micro# Start | Micro# End | Filing Date | Comments |
|---|---|---|---|---|---|
| FICTITIOUS NAME | 2003020 | 331 | 332 | 03/10/2003 | |

Back

Home | Site Map | View as Text Only

Visit the
PAPowerPort

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

Case 2:02-cv-02810-RB   Document 107   Filed 04/12/2004   Page 12 of 18



PA Keyword [Go]    Search [Go]    Advanced Search »

DOS Homepage

# Entity Details

Request
- New Request

Free Search
- General Name Search
- Old Name Search
- Orphan Search

## Basic Entity Information

| | |
|---|---|
| Entity Type | FICTITIOUS NAME |
| Entity Name | TOSHIBA AMERICA MEDICAL CREDIT |
| Entity No. | 3199312 |
| Filing Date | 02/09/2004    Letter of Consent   No |
| Address | 1 CIT DR |
| | LIVINGSTON   New Jersey   USA   07039 |
| County | Others    Jurisdiction   - |
| Purpose | FINANCING TO SUPPORT THE SALE OF MEDICAL EQUIPMENT |
| Limited Authority | No |

## Fictitious Owners

| | |
|---|---|
| 1 | THE CIT GROUP / EQUIPMENT FINANCING INC |

## Instrument History

| Doc Type | Microfilm# | Micro# Start | Micro# End | Filing Date | Commen |
|---|---|---|---|---|---|
| FICTITIOUS NAME | 2004012 | 1615 | 1616 | 02/09/2004 | - |

[Back]

Home | Site Map | View as Text Only

Visit the
PAPowerPort

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

EXHIBIT 4



DOS Homepage

## Entity Details

Request
- New Request

Free Search
- General Name Search
- Old Name Search
- Orphan Search

Basic Entity Information

| | |
|---|---|
| Entity Type | FICTITIOUS NAME |
| Entity Name | TAMC |
| Entity No. | 2494063 |
| Filing Date | 06/25/1982    Letter of Consent    No |
| Address | 123 S BROAD STREET |
| | PHILADELPHIA   Pennsylvania   USA   19109 |
| County | Philadelphia   Jurisdiction   PA |
| Purpose | - |
| Limited Authority | No |

Fictitious Owners

1    THE ALLEGHENY MANAGEMENT COMPANY

Instrument History

| Doc Type | Microfilm# | Micro# Start | Micro# End | Filing Date | Comments |
|---|---|---|---|---|---|
| FICTITIOUS NAME | 8234 | 910 | 911 | 06/25/1982 | - |

Back

Home | Site Map | View as Text Only

Visit the
PA PowerPort

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

EXHIBIT 5

Page 4

*** THIS DATA IS INFORMATIONAL, AND ANY CERTIFIED COPIES MUST BE OBTAINED FROM THE PENNSYLVANIA DEPARTMENT OF STATE. ***

PENNSYLVANIA DEPARTMENT OF STATE, CORPORATE/LTD PARTNERSHIP RECORD

NAME: MEDCREDIT

OWNED-BY: DE LAGE LANDEN FINANCIAL SERVICES INC as of 12/07/2000

TYPE: FICTITIOUS NAME

DATE OF INCORPORATION/QUALIFICATION: 12/07/2000

STATE: PENNSYLVANIA

REGISTERED OFFICE: 1111 OLD EAGLE SCHOOL RD
        WAYNE, PA 19087-0000
        DELAWARE COUNTY

PURPOSE: MEDICAL EQUIPMENT LEASING/FINANCING

NUMBER: 2976381

HISTORY:

| DATE | TRANSACTION | MICROFILM ROLL | START/END |
|---|---|---|---|
| 12/07/2000 | CORPORATE FICTITIOUS NAME | 2000090 | 0711/0712 |