Table of Contents

Page

I. STATEMENT OF UNDISPUTED FACTS ...................................................................................1

II. LEGAL ARGUMENT: SUMMARY JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT GUARANTORS ON COUNT II OF THE COMPLAINT ...................................................................................2

    A. Summary Judgment For De Lage Landen Financial Services, Inc. Is Consistent With Generally Applicable Summary Judgment Standards...................................................................................2

    B. Summary Judgment Should Be Entered Against Defendants, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC And In Favor Of DLL For Breach of the Master Lease as Guarantors. ............................4

III. CONCLUSION ...................................................................................8

i

## TABLE OF AUTHORITIES

### CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................... 3

*Brokers Title Co. v. St. Paul Fire & Marine Insurance Co.*, 610 F.2d 1174 (3d Cir. 1979) ............................................................................................................................ 7

*Continental Leasing Corp. v. Lebo*, 272 A.2d 193 (Pa. Super. 1970) ................................ 7

*Cottman Transmission Systems, Inc. v. Melody*, 869 F. Supp. 1180 (E.D. Pa. 1994) ....................................................................................................................... 4

*General Electric Capital Corp. v. Cohen*, 1991 WL. 157297 (E.D.Pa.) ............................ 5

*Harr v. Perkins*, 335 Pa. 186, 6 A.2d 534 (1939) ................................................................ 5

*I.C.D. Industrial v. Federal Insurance Co.*, 879 F. Supp. 480 (E.D. Pa. 1995) .................. 3

*Kiewit Eastern Co., Inc. v. L&R Construction Co., Inc.*, 44 F.3d 1194 (3d Cir. 1995) ................................................................................................................................ 3

*Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941) ................................................................................................... 4

*Meade v. Florida Infusion Services, Inc.*, 120 F. Supp. 499 (E.D. Pa. 2000) .................... 4

*Parker Hannifin Corp. v. Bradshaw*, 1992 WL. 150658 (E.D.Pa. 1992) ........................... 7

*Parker Hannifin Corp. v. Bradshaw*, 1992 WL. at 4 (E.D.Pa. 1992) ................................. 7

*Paul Revere Protective Life Insurance Co.*, 535 F. Supp. 379 (E.D.Pa. 1981) .................. 5

*12th Street Gym v. General Star Indemnity Co.*, 93 F.3d 1158 (3d Cir. 1996) .................. 3

*United States v. 717 S. Woodward St.*, 2 F.3d 529 (3d Cir. 1993) ..................................... 3

*Vogel v. Berkley*, 354 Pa. Super. 291, 511 A.2d 878 (1986) .............................................. 3

*Watkins v. Kmart Corp.*, 1998 WL. 355525 (E.D. Pa.) ...................................................... 4

### RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 56(c) ............................................................................................................ 3

IN THE UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-CV-2810 |
| vs. | : | |
| | : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : | |
| | : | |
| Defendants | | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST GUARANTOR DEFENDANTS**

---

**McCARTER & ENGLISH, LLP**
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

I.   **STATEMENT OF UNDISPUTED FACTS**

The evidence of record reveals the following facts to be undisputed.

On or about February 17, 2000 defendant DeSoto Diagnostic Imaging, LLC ("DDI") executed and delivered to Toshiba America Medical Credit ("TAMC"), a program of Toshiba America Medical Systems, Inc. ("TAMS"), a Master Lease Agreement and related attachments (the "Master Lease") whereby DDI leased from TAMC certain equipment described therein. (Exhibit "C")[1]. The name Toshiba America Medical Credit was a name utilized by De Lage Landen Financial Services, Inc. ("DLL") pursuant to its Master Contract Financing Program Agreement with TAMS (the "Program Agreement"). Exhibit "A", Section 6.1.

In order to induce TAMC to enter into the Master Lease with DDI and to secure the obligations of DDI to TAMC, defendants/related parties Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (collectively the "Guarantor Defendants") executed and delivered to TAMC their respective blanket personal guarantees. Exhibits "D" through "G". ("Guaranty Agreements").

After execution of the Master Lease and the Guaranty Agreements by the Defendants, the equipment was ordered, delivered, and installed by TAMS. On December 27, 2000, DDI certified in writing, that all equipment specified in the schedules in the Master Lease:

> [have] been delivered to and been received by lessee, that all installation or other work necessary prior to the use thereof has been examined by the lessee and is in good operating order and condition and is in all respects satisfactory to lessee and that he equipment is accepted by lessee for all purposes under the lease."

---

[1] Plaintiff is submitting, as part of its motions for Summary Judgment, an Appendix containing all evidence referenced in its summary judgment motions. Unless otherwise stated, Exhibit References are to Plaintiffs' Appendix of Exhibits In Support of Plaintiffs' Motions for Summary Judgment.

1

Exhibit "M". Upon receipt of the signed acceptance, DLL funded the purchase price and commenced collecting lease payments under the private label name TAMC. Deposition of Lisa Sparta, page 23-24. Exhibit "N".

On or about February 1, 2002, DDI defaulted upon its obligations to DLL by, inter alia, failing to make lease payments when due, and by de-installing and removing the leased medical equipment prior to the end of the lease term. As of April 1, 2004, the amount due and owing is $2,929,590 plus interest from that date at the per diem rate of $984.53 and counsel fees and costs, which continue to accrue. Declaration of Lawrence D. Levin. (Exhibit "L").

On May 10, 2002, DLL commenced this diversity action by filing a Complaint against Defendants. Count II of DLL's Complaint is against the Guarantor Defendants. This brief is submitted in support of Plaintiff's Motion for Summary Judgment against the Guarantor Defendants.

II. **LEGAL ARGUMENT: SUMMARY JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT GUARANTORS ON COUNT II OF THE COMPLAINT**

    A. **Summary Judgment For De Lage Landen Financial Services, Inc. Is Consistent With Generally Applicable Summary Judgment Standards.**

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine only if there is evidence from which a reasonable trier of fact could find in favor of the

2

non-moving party, viewing the record as a whole in light of the evidentiary burden the law places on that party.  United States v. 717 S. Woodward St., 2 F.3d 529, 533 (3d Cir. 1993).

     A factual dispute is material only if it might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  While DLL bears the initial burden of pointing out the absence of genuine issues of material fact, the burden then shifts to Defendants to come forward with competent evidence through affidavits, depositions, or admissions showing that a genuine issue exists.  I.C.D. Indus. v. Fed. Ins. Co., 879 F. Supp. 480, 483 (E.D. Pa. 1995).  The non-movant must make a showing sufficient to establish the existence of every element essential to his case.  Anderson, 477 U.S. at 255.  If the non-moving party's evidence, when viewed in the context of all of the evidence, could not be credited by a rational juror, summary judgment should be granted.  717 S. Woodward St., 2 F.2d at 532.  Interpretation of a written contract is a matter particularly well suited to summary judgment.

     Disagreement between parties over proper interpretation of a contract does not necessarily mean that the contract is ambiguous.  Vogel v. Berkley, 354 Pa. Super. 291, 511 A.2d 878, 881 (1986).  Whether contract provisions are clear or ambiguous is a question of law for the Court.  Kiewit Eastern Co., Inc. v. L&R Construction Co., Inc., 44 F.3d 1194, 1199 (3d Cir. 1995).  "A contract is ambiguous only if it is reasonably susceptible to different constructions and capable of being understood in more than one sense."  12th Street Gym v. General Star Indemnity Co., 93 F.3d 1158, 1165 (3d Cir. 1996).

     In the present case, the Master Lease Agreement, the Program Agreement and the Guaranty Agreements are not, as a matter of law, ambiguous or open to reasonable alternative meanings.  Therefore, any dispute as to the interpretation of these agreements can and should be resolved as a matter of law by summary judgment.

3

  **B.**  **Summary Judgment Should Be Entered Against Defendants, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC And In Favor Of DLL For Breach of the Master Lease as Guarantors.**

   **1.**  **The Parties' Choice of Pennsylvania Law Should Be Honored In Construing the Agreements.**

Pursuant to Section 8.3 of the Guaranty Agreements, the parties agreed that the Guaranty Agreements were executed and to be construed in accordance with the laws of the Commonwealth of Pennsylvania. A federal district court exercising diversity jurisdiction must apply the choice of law rules of the forum state in determining what jurisdiction's law to apply in that particular case. <u>Klaxon Co. v. Stentor Electric Mfg. Co.</u>, 313 U.S. 487, 497, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941). In Pennsylvania, courts traditionally uphold the intent of the contracting parties and will enforce a choice of law provision in a contract as long as the transaction bears a reasonable relationship to the state whose law is governing. See, <u>Meade v. Florida Infusion Services, Inc.</u>, 120 F.Supp. 499, 501 (E.D. Pa. 2000); <u>Watkins v. Kmart Corp.</u>, 1998 WL 355525, *3 (E.D. Pa.); <u>Cottman Transmission Systems, Inc. v. Melody</u>, 869 F. Supp. 1180, 1184 (E.D. Pa. 1994) (holding choice of law provision was valid and application of Pennsylvania law was reasonable as contract was negotiated in Pennsylvania, made with a Pennsylvania corporation, executed by all parties in Pennsylvania and defendants were required to make payments to Pennsylvania for a period of fifteen years).

In the present case, the undisputed evidence demonstrates that this contract action bears a reasonable relation to the law of the Commonwealth of Pennsylvania. DLL's predecessor-in-interest, as well as DLL, maintain offices in the state of Pennsylvania. The Master Lease was executed by the Lessor in Pennsylvania and all of the payments to be made by Defendants over a period of sixty three months in accordance with the terms of the Master Lease were to be sent to Pennsylvania. Therefore, the parties have sufficient and substantial contacts to Pennsylvania.

4

Accordingly, the parties' contractual choice of Pennsylvania law is valid and must be applied to this contract action.

### 2. The Guaranty Agreements Are Enforceable as a Matter of Law

It is well established in Pennsylvania that contracts of guaranty are enforceable if they are founded upon consideration. Harr v. Perkins, 335 Pa. 186, 6 A.2d 534 (1939). However, in order to have an enforceable guaranty contract, it is not necessary that consideration pass directly to the guarantor. The extension of credit to the principal debtor is sufficient consideration for the promise of the guarantor. General Electric Capital Corp. v. Cohen, 1991 WL 157297 *3 (E.D.Pa.), citing Paul Revere Protective Life Ins. Co., 535 F.Supp. 379, 385 (E.D.Pa. 1981).

As part of the Lease Transaction, guaranty agreements were signed by defendants Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (collectively the "Guarantor Defendants"). The Guaranty Agreements provided, in pertinent part[2]:

> "In order to induce Toshiba America Medical Credit, a program of Toshiba America Medical Systems, Inc. ("Lessor") to enter into a certain Master Lease Agreement dated as of February 17, 2000 and any and all Lease Schedules with DeSoto Diagnostic Imaging, LLC . . . Guarantor hereby unconditionally guarantees to Lessor and its successors and assigns (i) the due and punctual payment to Lessor when due of all rent obligations and all other amounts coming due under the Lease, including, without limitation, all indemnification payments, whether as a result of acceleration, maturity or otherwise, . . . and (iii) all expenses of obtaining or endeavoring to obtain payment or performance thereof or security therefor, or of enforcing this Guaranty, including attorneys fee and other legal expenses."
>
> ***
>
> Section 2 Guarantee of Payment and Performance.

---

[2] The language that follows appears in each of the Guaranty Agreements, which were separately signed by the Guarantor Defendants and copies of which appear in the Appendix as Exhibits "D" through "G".

5

> Guarantor hereby agrees that if Lessee shall fail to pay any amount due under the Lease when and as the same shall be due and payable, or fails to perform any obligation under the lease in a timely manner, Guarantor shall cause such amount to be paid when and as the same shall be due and payable or cause such performance to be rendered in a timely manner in accordance with the terms of the Lease, as if the same were paid or performed by Lessee . . . <u>The obligation of guarantor hereunder shall be absolute and unconditional, irrespective of any circumstances which might constitute a legal or equitable defense or discharge of its obligations hereunder</u> or which otherwise limit enforceability against the Guarantor by Lessor <u>including but not limited to the following</u>:
>
> (i) the validity, regulatory or enforceability of the Lease or any provision thereof; (ii) the absence of any action to enforce the Lease; (iii) <u>the presence of any setoff, counterclaim, recoupment,</u> limitation or right of termination in favor of the Guarantor and against the Lessor or any other person whatsoever; or (iv) <u>any failure or delay by Lessor in enforcing the obligations of the Lessee</u> under the Lease.
>
> Section 3. Waiver of Precondition.
>
> 3.1 <u>Guarantor hereby waives against Lessor as a precondition for payment hereunder</u> each of the following . . . <u>any right</u> to require a proceeding first against the Lessee or any party whatsoever or <u>to exhaust any security for the performance of the obligations of Lessee</u>. . . .

(emphasis supplied). Exhibits "D" through "G".

Plaintiff is separately moving for summary judgment against the Lessee, De Soto Diagnostic Imaging, LLC ("DDI"). However, regardless of the Court's determination of that issue, Pennsylvania law is clear that Plaintiff is entitled to proceed against and secure judgment against the Guarantors.

Under Pennsylvania law, a court must enforce a contract according to its terms, absent allegations of fraud, mistake or illegality with regard to the execution of the contract. <u>Parker Hannifin Corp. v. Bradshaw</u>, 1992 WL 150658, *4 (E.D.Pa. 1992), citing <u>Brokers Title Co. v. St. Paul Fire & Marine Ins. Co.</u>, 610 F.2d 1174, 1181 (3d Cir. 1979). An unconditional guaranty is

one where the guarantor agrees to pay or perform a contract on default of the principal without limitation. Parker Hannifin Corp. v. Bradshaw, 1992 WL at *4 (E.D.Pa. 1992), citing Continental Leasing Corp. v. Lebo, 272 A.2d 193, 197 (Pa. Super. 1970). It is an absolute undertaking to pay a debt at maturity or perform an agreement if the principal defaults on the underlying obligations. Continental Leasing Corp. v. Lebo, 272 A.2d at 197.

As stated above, in actions to enforce an unconditional guaranty, courts will only recognize the defenses of payment and performance. Parker Hannifan, 1992 WL at *4. In the present case, the Guarantor Defendants have not and cannot raise the defense of payment (as it is not disputed that payment of the sums due has not been made) or performance (as DLL is not seeking any performance other than payment of the sums due). Defendants did not perform or make the required monthly payments to DLL in accordance with the Master Lease. As a matter of law the Guarantor Defendants are liable for all sums due under the Lease.

### 3. Plaintiff is Entitled to Recover Counsel Fees Incurred.

Under the terms of the Guaranty Agreements signed by the Guarantor Defendants, in the very first paragraph on page 1, Plaintiff is entitled to recover:

> All expenses of obtaining or endeavoring to obtain payment or performance [by the Lessee under the Lease]. . . or of enforcing this Guaranty, including attorneys' fees and other legal expenses. . .

Exhibit "D", "E", "F" and "G" at page 1. Plaintiff requests, as part of its motion, that the Court determine that plaintiff is entitled to recover attorneys fees and costs, with the amount of those fees and costs to be determined at such time as the proceedings (including counterclaims) involving the Guarantor Defendants are concluded.

### III. **CONCLUSION**

The issue presented for determination is not a difficult one. In a commercial transaction, the Guarantor Defendants "<u>absolutely and unconditionally</u>" guaranteed to pay all sums due under the Lease, in the event of a failure of the Lessee, DDI, to perform. The phrase "absolutely and unconditionally" is not ambiguous. The Guaranty Agreement recited that it was being given to induce the Lessor to enter into the lease and, in order to do so, to fund the purchase of equipment with a purchase price in excess of $2,000,000 (Exhibit "O"). DDI has failed to make payments due under the Lease. Plaintiff is entitled to partial summary judgment against the Guarantor Defendants for all sums due under the Lease, including prejudgment interest, and to a determination that attorneys fees will be awarded at the conclusion of this matter for all fees and costs incurred by plaintiff in pursuing its remedies against the Lessee and the Guarantor Defendants.

No genuine issues of material fact exist as to DLL's claims against the Guarantor Defendants. DLL is entitled to summary judgment as a matter of law on Count II of the Complaint against the Guarantor Defendants, jointly and severally.

                                    **Respectfully submitted**
                                    **McCARTER & ENGLISH, LLP**

By: _____
      Rosetta B. Packer (Attorney ID No. 28357)
      Peter J. Boyer (Attorney ID No. 25517)
      Kevin J. Burke (Attorney ID No. 87214 )
      Mellon Bank Center
      1735 Market Street, Suite 700
      Philadelphia, PA 19103
      (215) 979-3800

      Attorneys for Plaintiff
Dated: April 12, 2004                 De Lage Landen Financial Services, Inc

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor : | |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon : | |
| J. Carvel, Lynn T. Carvel, Delta Radiology, : | |
| P.C. and Zobar Properties, LLC. : | |
| : | |
| Defendants | |

## CERTIFICATE OF SERVICE

I, Peter J. Boyer, Esquire, hereby certify that on April 12, 2004, I caused a true copy of the foregoing Plaintiff's Motion for Summary Judgment as to **Guarantor Defendants**, and Memorandum of Law, Appendix of Exhibits and Proposed Form of Order in support thereof, to be served upon the following counsel in this action in the following manner:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
Attorney for Intervenor Plaintiff
**Via Overnight Mail**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
Attorney for Defendants
**Via Overnight Mail**

Kyle P. Tate, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
 Attorney for Defendants
**Via Overnight Mail**

_____
PETER J. BOYER

9