IN THE UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-CV-2810 |
| vs. | : | |
| | : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : : : | |
| | : | |
| Defendants | | |

## ORDER

This matter being brought before the Court by McCarter & English, LLP, counsel for plaintiff De Lage Landen Financial Services, Inc. (the "Plaintiff") on Plaintiff's Motion For Partial Summary Judgment Under Federal Rule of Civil Procedure 56 against Toshiba America Medical Systems, Inc. ("TAMS") on the ground that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law as to certain claims, and the Court having considered the said Motion and all supporting and supplemental affidavits, certifications, exhibits, documents and briefs, and all opposing affidavits, certifications, exhibits, documents and briefs filed by TAMS,

It is on this _____ day of _____, 2004 ORDERED that:

Plaintiff's Motion for Partial Summary Judgment is GRANTED as follows:

1. Judgment is hereby entered in favor of Plaintiff and against TAMS in the amount of $375,000 plus interest calculated at an annual rate of six (6%) percent from June 23, 2002;

2. In the event that the trier of fact in this case determines that Defendants, DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties are not liable to Plaintiff, as a result of TAMS' (i) failure to perform such maintenance and warranties as agreed to between TAMS and DDI; (ii) failure to provide all required service and/or maintenance for the leased equipment; or (iii) action or omission which caused the Master Lease or the Guarantees to become invalid, cancelable or unenforceable, then judgment shall be entered in favor of Plaintiff and against TAMS for an amount equal to the damages of DLL in the amount of $2,928,590, plus per diem interest in the amount of $984.53 from April 2, 2004 and fees and costs of Plaintiff, including attorneys' fees and costs in an amount to be determined by the Court.

BY THE COURT:

_____
RONALD L. BUCKWALTER, U.S.D.J.