**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : : : | |
| Plaintiff, | : : | |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : : : | |
| Plaintiff/Intervener, | : : | |
| v. | : : | CIVIL ACTION NO. 2:02CV2810 |
| DESOTO DIAGNOSTIC IMAGING, LLC., et al. | : | |
| Defendants and Counter-Claimants | : : : | |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Motion for Sanctions Against Plaintiff, for the Disqualification of Peter Boyer, Esquire, Rosetta B. Packer, Esquire, David J. Gaier, Esquire, Kevin J. Burke, Esquire and the firm of McCarter & English, LLP, and for the Exclusion from Evidence All Improperly Obtained Documents and for the Return of All Improperly Obtained Documents it is hereby ordered that Defendants motion is GRANTED.

    IT IS SO ORDERED.

                                                                                                          _____
                                                                                                          United States District Judge

                                                                                                          _____
                                                                                                          Date

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., <br>                         Plaintiff, <br><br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC. <br>                         Plaintiff/Intervener, <br><br> v. <br><br> DESOTO DIAGNOSTIC IMAGING, LLC., et al. <br>                         Defendants and Counter-Claimants | CIVIL ACTION NO. 2:02CV2810 |

**MOTION FOR SANCTIONS AGAINST PLAINTIFF, FOR THE DISQUALIFICATION OF PETER BOYER, ESQUIRE, ROSETTA B. PACKER, ESQUIRE, DAVID J. GAIER, ESQUIRE, KEVIN J. BURKE, ESQUIRE AND THE FIRM OF MCCARTER & ENGLISH, LLP, AND FOR THE EXCLUSION FROM EVIDENCE OF ALL IMPROPERLY OBTAINED DOCUMENTS AND FOR THE RETURN OF ALL IMPROPERLY OBTAINED DOCUMENTS**

Defendants and Counter-Claimants DESOTO DIAGNOSTIC IMAGING, LLC, RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC, ("Defendants") by and through their undersigned attorney, do hereby move this Honorable Court for an Order in the form attached for the imposition of sanctions against the Plaintiff, for the disqualification of Peter Boyer, Esquire, Rosetta B. Packer, Esquire, David J. Gaier, Esquire, Kevin J. Burke, Esquire and the firm of McCarter & English, LLP from any further representation of the Plaintiff in this action, and for the exclusion from evidence all

-2-

improperly obtained documents and for the return to Merchants & Farmers Bank of all improperly obtained documents. In support of this motion the parties rely upon the accompanying Memorandum of Law, Affidavits and other Exhibits submitted herewith.

                        Respectfully Submitted,

By: _KT823_____
     Kyle P. Tate
     for TATE LAW FIRM
     9085 Sandidge Center Cove
     Olive Branch, MS 38654
     (662) 893-8833

     Lynanne B. Wescott
     The Wescott Law Firm P.C.
     Two Penn Center Plaza, Suite 200
     Philadelphia, PA 19102
     (215) 755-6330

     William Matthews
     SAUL EWING LLP
     Center Square West
     1500 Market Street, 38th Fl.
     Philadelphia, PA 19102-2186
     (215) 972-7106

     Attorneys for Defendants
     DeSoto Diagnostic
     Imaging, LLC, *et al*

Dated: April 16, 2004

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : : : | |
| Plaintiff, | : : | |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : : : | |
| Plaintiff/Intervenor, | : : | |
| v. | : : | CIVIL ACTION NO. 03-031-Ma P |
| DESOTO DIAGNOSTIC IMAGING, LLC, et al. | : : | |
| Defendants and Counter-Claimants | : : : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF, FOR THE DISQUALIFICATION OF PETER BOYER, ESQUIRE, ROSETTA B. PACKER, ESQUIRE, DAVID J. GAIER, ESQUIRE, KEVIN J. BURKE, ESQUIRE AND THE FIRM OF MCCARTER & ENGLISH, LLP, AND FOR THE EXCLUSION FROM EVIDENCE OF ALL IMPROPERLY OBTAINED DOCUMENTS AND FOR THE RETURN OF ALL IMPROPERLY OBTAINED DOCUMENTS**

**I.   INTRODUCTION**

In flagrant bad faith and callous disregard of the Court's March 15, 2004 discovery deadline as set forth in this Court's January 30, 2004 Order, Plaintiff, De Lage Landen Financial Services, Inc. ("DLL") sent a subpoena on April 1, 2004 (<u>over two weeks after the close of discovery</u>) to Merchant & Farmers Bank ("M&F"), a non-party to this litigation, seeking the disclosure of the Defendants' bank records and other privileged and confidential information. DLL ultimately obtained this information through the use of improper means and in violation of

the Pennsylvania Rules of Professional Conduct by (1) making willful misrepresentations to counsel for the M&F, (2) communicating directly with the M&F despite knowing the party was represented by counsel and (3) intentionally misdirecting the improper subpoena to a distant branch of M&F in an attempt to improperly obtain the documents by circumventing counsel for M&F. DLL's counsel has not only knowingly and willfully ignored the Court's scheduling order, but has also violated the Federal Rules of Civil Procedure and numerous rules of professional conduct. This wholly inappropriate behavior warrants the imposition of sanctions against DLL including, but not limited to, the disqualification of DLL's counsel from this case.

## II.    FACTUAL BACKGROUND

DLL wrongly issued one subpoena from the United States District Court for the Western District of Tennessee dated September 26, 2003, purporting to command M&F and Andrea Gladney, Mississippi citizens, to produce specified documents pertaining to defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology and Zobar Properties, LLC on or before October 31, 2003 in Memphis, Tennessee. See Exhibit "A"; see Exhibit "E" at ¶3. On October 28, 2003 M&F's counsel, Mr. Jeff Rawlings, informed Rosetta B. Packer, counsel for DLL, that he represented M&F and Ms. Gladney, and objected to the Tennessee subpoena issued to his Mississippi clients as failing to comply with the requirements of the Federal Rules of Civil Procedure, among other things. See Exhibit "B"; see Exhibit "E" at ¶4.

DLL sat idle on the known invalid Tennessee subpoena until January 21, 2004, when counsel for DLL, Peter J. Boyer, sent M&F and Ms. Gladney a letter threatening to seek Court intervention if production of the documents was not made within ten days thereafter, in

direct violation of the Pennsylvania Rules of Professional Conduct which prohibit communication with persons represented by counsel. See Exhibit "C"; see Exhibit "E" at ¶5. Counsel for M&F Bank and Ms. Gladney promptly responded to Mr. Boyer, pointing out that objection to the subpoena had been properly made pursuant to F.R.C.P. 45(c)(2)(B). See Exhibit "D"; see Exhibit "E" at ¶6. In March of 2004, DLL's Counsel once again tried to bully M&F's counsel by demanding that the information requested in the ineffective subpoena be disclosed. Shortly thereafter, in another improper attempt to gain access to the documents despite M&F's objection, and without pursuing the proper means of production via Court Order, Kevin J. Burke, another DLL attorney, then represented to Counsel for M&F that Defendants' Counsel had agreed to the production of the requested information, which it had not. See Exhibit "E" at ¶7. Fortunately during a telephone conversation with Mr. Burke, M&F's attorney requested confirmation of that representation in writing, which Mr. Burke obviously did not (and could not) produce as the representation was a complete fabrication. See Exhibit "E" at ¶ 8. M&F's counsel followed up with a letter dated March 24, 2004 to counsel for DLL reiterating the fact that the subpoena was objectionable as set forth in his original letter dated October 28, 2003. See Exhibit "E" at ¶9; see Exhibit "F".

      DLL sensibly chose not to pursue the faulty Tennessee subpoena as it was obviously ineffective and a nullity. However, almost two weeks after the Court-ordered March 15, 2004 discovery deadline, counsel for DLL thumbed its nose at the Court's discovery deadline and apparently issued a new Mississippi subpoena on April 1, 2004, this time directed only to M&F. On April 1, 2004 Counsel for Defendants became aware of DLL's inappropriate and untimely discovery efforts and immediately notified DLL's counsel that their behavior in issuing

the Mississippi subpoena directed to M&F was not proper and was in conscious violation of the Court's March 15, 2003 discovery deadline. See Exhibit "G".

Counsel for Defendants then promptly communicated with M&F's Counsel regarding DLL's inappropriate conduct in trying to pursue discovery past the Court-ordered deadline, and Counsel for M&F advised that he would be on the lookout for the improper subpoena, as would the appropriate Bank officials in Kosciusko, Mississippi where the improper subpoena was directed. See Exhibit "E" at ¶10; see Exhibit "H". Shockingly, DLL did not attempt service at Kosciusko, Mississippi as indicated in the faulty subpoena, but instead deceptively chose to serve the improper subpoena on a bank employee at what turned out to be the M&F branch nearest to DLL's local counsel. Counsel for M&F contacted Counsel for Defendants on April 15, 2004 stating that he had just learned that DLL served its improper subpoena on an employee at small M&F branch bank in Starkville, Mississippi, who mistakenly and in violation of Mississippi Code Annotated § 13-1-245 sent the confidential documents directly to DLL. See Exhibit "E" at ¶11-12.

For these reasons, and the reasons set forth herein, the imposition of sanctions against DLL is necessary, as is the disqualification of DLL's counsel, Peter Boyer, Esquire, Rosetta B. Packer, Esquire, David J. Gaier, Esquire and Kevin J. Burke, Esquire. Moreover, the documents improperly obtained from M&F must be immediately returned to M&F's possession, and must be excluded from use as evidence.

**III.    ARGUMENT**

DLL inexcusably violated an explicit Order of this Court, violated Rule 26 of the Federal Rules of Civil Procedure which requires that discovery not be interposed for any

-4-

improper purpose, and also violated the Pennsylvania Rules of Professional Conduct as set forth herein. DLL must now be held accountable for its misconduct.

**A.    DLL Improperly Issued The Mississippi Subpoena after The Close Of Discovery**

According the Comment to Rule 8.4 of the Pennsylvania Rules of Professional Conduct, an example of a type of conduct that may prejudice the administration of justice is violation of an applicable order of court. Counsel for DLL clearly and unequivocally violated not only this Court's Order, but also the Federal Rules of Civil Procedure and the Pennsylvania Rules of Professional Conduct as set forth herein, by making false representations and issuing an untimely Mississippi subpoena on April 1, 2004 which was more than two weeks after the close of discovery. The improper subpoena was issued by a Mississippi lawyer on behalf of DLL at the direction of counsel for DLL.

Rule 8.4 of the Pennsylvania Rules of Professional Conduct provides that it is professional misconduct for a lawyer to:

> (a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice;
> (e) state or imply an ability to influence improperly a government agency or official; or
> (f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

In hiring the Mississippi lawyer to issue the untimely subpoena to M&F after the close of discovery, counsel for DLL clearly violated this ethical rule by inducing the Mississippi lawyer to issue an improper subpoena after the close of discovery for the improper purpose of

obtaining discovery after the Court's deadline. Such behavior is also violative of F.R.C.P. 26(b)(2) where it is undisputed that DLL had over 18 months to conduct this discovery but waited until two weeks after the close of discovery to attempt to issue a subpoena in the proper jurisdiction. Furthermore, DLL's conduct by untimely pursuing discovery through the improper manner set forth herein, is in violation of the Court's order and Rule 26(g)(2) which requires that discovery not be interposed for any improper purpose. DLL's conduct warrants the imposition of sanctions for its willful violation of Rule 8.4 of the Pennsylvania Rules of Professional Conduct and FRCP 26 as described above.

Additionally, a lawyer shall be responsible for another lawyer's violation of the Pennsylvania Rules of Professional Conduct if the lawyer orders, or with knowledge of the specific conduct, ratifies the conduct involved. See R.P.C. 5.1(c)(1). It is undeniable that the Mississippi lawyer improperly issued the subpoena on behalf of DLL to M&F after the close of discovery at the direction of counsel for DLL, and that counsel for DLL was well aware of the Court's scheduling order. As such, counsel for DLL had knowledge and ratified the conduct of the Mississippi lawyer in sending this untimely subpoena after the discovery deadline had passed, and should be held responsible for these willful actions as set forth above.

**B.** **Intentional Misrepresentations To Counsel.**

Rule 8.4 of the Pennsylvania Rules of Professional Conduct also provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. R.P.C. 8.4(c). Counsel for DLL, Kevin J. Burke, intentionally and willfully violated this rule when he represented to M&F's attorney that counsel for Defendants agreed to the production of the requested documents, knowing that in fact, no such agreement had been made. Clearly no such agreement had been made, a fact which was confirmed when Mr. Burke

was unable to provide M&F's attorney with the written confirmation he requested prior to producing the requested documents pursuant to the original improper Tennessee-issued subpoena.

Mr. Burke's intentional misrepresentation is an indisputable violation of the Pennsylvania Rules of Professional Conduct which is conduct that is sanctionable by this Court and is also actionable by the Disciplinary Board for the Supreme Court of Pennsylvania.[1] Moreover, the Pennsylvania Rules of Professional Conduct clearly establish the responsibility of Mr. Burke's supervisory lawyers, Mr. Boyer and Ms. Packer, for the unlawful acts of Mr. Burke, the subordinate lawyer. See R.P.C. 5.1 and 5.2.

C.    **Improperly Communication with Represented Parties.**

Rule 4.2 of the Pennsylvania Rules of Professional Conduct also provide that a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. As early as October 28, 2003 counsel for DLL received notice that M&F and Ms. Gladney were represented by Mr. Rawlings, yet proceeded to communicate directly with the represented parties on at least two, if not more, separate occasions thereafter.

On January 21, 2004, counsel for DLL Peter Boyer sent a letter to Ms. Gladney as set forth above, to which Mr. Rawlings replied requesting that counsel for DLL not communicate directly with his clients. In blatant disregard of not only the rules prohibiting contact with known represented parties, but also Mr. Rawlings' unequivocal request that his clients not be contacted directly, DLL again improperly communicated with M&F by serving its untimely subpoena upon

---

[1]    Counsel for M&F has indicated that pursuant to his professional duty to report attorney misconduct, he intends to file a complaint against the DLL attorneys with the Disciplinary Board for the Supreme Court of Pennsylvania.

a bank employee without going through its counsel. In fact, in its April 1, 2004 letter purporting to provide counsel with notice of its intent to serve M&F with an untimely subpoena after the close of discovery, and despite the fact that DLL undeniably knew M&F was represented by Mr. Rawlings, M&F's counsel was not even sent a courtesy copy of the improper subpoena directed to his client which effectively deprived M&F of its representation by Mr. Rawlings. DLL's counsel improper direct communication with a known represented party is unconscionable and is violation of Rule 4.2 of the Pennsylvania Rules of Professional Conduct and warrants disqualification from this case. (See <u>Vertical Resources, Inc. v. Bramlett</u>, 837 A.2d 1193, Super.2003)(Courts possess the inherent power to disqualify counsel for a violation of ethical standards).

**D.      Deliberately Diverting the Untimely Subpoena to Rank-and-File Bank Employee.**

In deliberate disregard for the Pennsylvania Rules of Professional Conduct as well as this Court's authority, counsel for DLL proceeded to improperly serve the untimely Mississippi subpoena on a rank-and-file bank employee working at the M&F branch in Starkville, Mississippi, the closest M&F branch location to DLL's local counsel in West Point, Mississippi. See Exhibit "I". Despite the fact that the documents sought originated from the Olive Branch, Mississippi M&F branch, and the improper <u>subpoena was directed to the Kosciusko, Mississippi M&F headquarters</u>, DLL deliberately chose to divert service of its inopportune subpoena on an out-of-the-way branch location to circumvent the proper channels for service of the Mississippi subpoena, communicate directly with the represented party and not its counsel, and offensively block Defendants from invoking the aid of the Court to prevent the disclosure of the documents after the close of discovery. In fact, counsel for Defendants was prepared to file a motion to quash the improper Mississippi subpoena after it was served, but

because of DLL's stealth maneuver, the documents had already been disclosed even before counsel for Defendants and counsel for M&F learned that the improper subpoena had been served. In fact, counsel for Defendants has just learned that financial documents pertaining to Carvel Companies, LLC and Southaven Diagnostic Imaging, LLC, two entities completely unrelated to this litigation were also disclosed in violation of Mississippi statutory law, and these documents must be returned immediately.

Unfortunately, DLL's egregious maneuver was successful: by serving the untimely subpoena on an out-of-the-way branch location who had no knowledge that the subpoena was wholly improper and beyond the bounds of fair discovery, the subpoenaed documents were produced by the Starkville, Mississippi branch employee without the knowledge of counsel for M&F, Ms. Gladney or the Defendants. Rule 4.4 of the Pennsylvania Rules of Professional Conduct also provide that a lawyer shall not use methods of obtaining evidence that violate the legal rights of a third person. Clearly the conduct exhibited by counsel for DLL in orchestrating the issuance of its improper Mississippi subpoena after the close of discovery and then circumventing Mr. Rawlings' representation of M&F by serving the improper subpoena on a small branch bank of M&F that was not even the addressee on the subpoena exemplifies the very behavior that the Pennsylvania Rules of Professional Conduct were designed to prevent and is thus sanctionable misconduct.

**E.    Sanctions For Disobedience.**

Fortunately, the law does not condone this sort of behavior and under the Court's inherent power and the Federal Rules of Civil Procedure, the Court may sanction a person for bad faith conduct or for willful disobedience of a court order. F.R.C.P. 37; <u>Chamber v. NASCO, Inc.</u> 501 U.S. 32, 43-45 (1991). Rule 37 of the Federal Rules of Civil Procedure provides

sanctions for DLL's bad faith conduct in disobeying this Court's Order. Among the remedies are the Court's refusal to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing the documents into evidence. The Court may also hold the offending party in contempt of court for failure to comply with an Order of the Court, or require the offending party to pay the reasonable expenses and attorneys' fees incurred by its failure to abide by the Court's Order. F.R.C.P. 37. Defendants seek the return to M&F of their confidential and privileged documents that were improperly obtained by DLL, together with any and all copies thereof, and respectfully request that this Court prohibit DLL from using these documents in any manner whatsoever, and for sanctions as the Court deems appropriate.

### IV.     CONCLUSION

DLL has now improperly obtained not only the Defendants', <u>but also unrelated non-parties'</u> private, confidential and privileged information through improper means and in direct violation of this Court's scheduling Order, the Federal Rules of Civil Procedure and the Pennsylvania Rules of Professional Conduct by deliberately misrepresenting that counsel for the Defendants had agreed to the production of the subpoenaed documents when it had not, by communicating directly with the subpoenaed parties on more than one occasion despite knowing that the parties were represented by counsel and by intentionally diverting the Mississippi subpoena to an out-of-the-way branch location for service. The Defendants request that this Court enter an order sanctioning DLL for its unconscionable behavior in the form of disqualification of its attorneys from this case, preventing any counsel whatsoever from introducing any evidence obtained pursuant to the ineffective subpoena as described above, and

requiring the return of the requested documents to M&F. See <u>University Patents, Inc. v. Kligman</u>, E.D.Pa. 1990, 737 F.Supp. 325. For the foregoing reasons, Defendants respectfully request that this Court grant this motion for the reasons set forth herein in the form of the Order attached hereto.

        Respectfully Submitted,

By:   _KT823_____
      Kyle P. Tate
      for TATE LAW FIRM
      9085 Sandidge Center Cove
      Olive Branch, MS 38654
      (662) 893-8833

      Lynanne B. Wescott
      The Wescott Law Firm P.C.
      Two Penn Center Plaza, Suite 200
      Philadelphia, PA 19102
      (215) 755-6330

      William Matthews
      SAUL EWING LLP
      Center Square West
      1500 Market Street, 38th Fl.
      Philadelphia, PA 19102-2186
      (215) 972-7106

      Attorneys for Defendants
      DeSoto Diagnostic
      Imaging, LLC, *et al*

Dated: April 16, 2004

## **CERTIFICATE OF SERVICE**

I certify that I am this day serving a copy of the attached Motion and Brief for Sanctions Against Plaintiff, for the Disqualification of Peter Boyer, Esquire, Rosetta B. Packer, Esquire, David J. Gaier, Esquire, Kevin J. Burke, Esquire and the firm of McCarter & English, LLP, and for the Exclusion from Evidence All Improperly Obtained Documents and for the Return of All Improperly Obtained Documents upon the persons and in the manner indicated below:

Service by *facsimile* to:

>Mr. John Chesney
>Ms. Julianne Peck
>Mr. Jonathan Sturz
>DRINKER BIDDLE & REATH LLP
>One Logan Square
>18th & Cherry Streets
>Philadelphia, PA 19103-6996

>Mr. Peter Boyer
>Ms. Rosetta B. Packer
>MCCARTER & ENGLISH, LLP
>Mellon Bank Center, Suite 700
>1735 Market Street
>Philadelphia, PA 19103-7501

_KT823_____
Kyle P. Tate

Dated: April 16, 2004