Table of Contents

Page

I.  INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 1

III. DLL HAS STANDING TO BRING THE INSTANT LAWSUIT ..................................... 2

IV. DEFENDANTS' DEFENSE RELATING TO AN ALLEGED FAILURE ....................... 3

V.  CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

American Postal Workers Union, AFL CIO, Philadelphia, Pa Area Local v.
  United States Postal Service, 222 F. Supp. 2d 675, 682 (E.D.Pa. 2002),
  quoting FDIC v. Calhoun, 34 F.3rd 1291, 1299 (5th Cir. 1994) ...................................................... 4

Bowen Engineering v. Estate of Reeve, 799 F.Supp. 467, 474 (D.N.J. 1992) ............................... 4

De Saracho v. Custom Food Machinery, 206 F.3d 874, 878 n.4 (9th Cir.2000) ............................. 4

McGrath v. Johnson, 67 F. Supp. 2d 499, 506 (E.D. Pa. 1999), citing
  Schering Corp. v. Food & Drug Administration, 51 F.3d 390, 395 (3rd Cir.),
  cert. denied, 516 U.S. 907, 116 S. Ct. 274, 133 L.Ed.2d 195 (1995) ...................................... 2, 3

Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc. 461 F.Supp. 994 (E.D.Pa. 1978) ............... 3, 4

Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ....................................... 3

**Federal Rules**

Fed.R.Civ.P. 12 (b) .......................................................................................................................... 3

Fed.R.Civ.P. 12(h)(3) ...................................................................................................................... 2

Fed.R.Civ.P. 9 (a) ........................................................................................................................... 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff | : | |
| and | : | HON. RONALD L. BUCKWALTER |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : | |
| Defendants | : | |
| | : | |

## ORDER

AND NOW, upon consideration of Defendants' Motion to Dismiss Plaintiff's Claims for Violation of the Pennsylvania Fictitious Name Act or In the Alternative for Dismissal for Lack of Jurisdiction and the Response of Plaintiff, DeLage Landen Financial Services, Inc., thereto, and the record before this Court, it is hereby ORDERED that Defendants' Motion is DENIED with prejudice.

BY THE COURT:

_____
HONORABLE RONALD L. BUCKWALTER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| Defendants : | |

**PLAINTIFF, DE LAGE LANDEN FINANCIAL SERVICES, INC.'S**
**RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**CLAIMS FOR VIOLATION OF THE PENNSLVANIA FICTITIOUS NAME ACT**
**OR IN THE ALTERNATIVE FOR DISMISSAL FOR LACK OF JURISDICTION**

**I.    INTRODUCTION**

The present Motion of Defendants to Dismiss Plaintiff's Claims rests entirely on their continued misconstruction of the transactions relating to the lease <u>sub judice</u>. Defendants' assert, with no factual or legal substantiation that a private label transaction is the same as a fictitious name. The record adduced in this case clearly demonstrates to the contrary. Plaintiff, De Lage Landen Financial Services, Inc. ("DLL") had no obligation to register the name Toshiba American Medical Credit or TAMC as a fictitious name because, as the facts disclose, TAMC is a program of Toshiba America Medical Systems, Inc. ("TAMS").

**II.    FACTUAL BACKGROUND**

The following facts are undisputed. Defendant DeSoto Diagnostic Imaging, LLC ("DeSoto") signed a Master Lease Agreement dated February 17, 2000. (See Exhibit "A" hereto) The very first provision of the Master Lease states:

> This MASTER LEASE AGREEMENT ("Agreement") is dated as of February 17, 2000 and is by and between <u>Toshiba American Medical Credit, a program of Toshiba America Medical Systems, Inc.</u>…and the above referenced Lessee. (emphasis supplied).

Defendants are well aware of the Master Contract Financing Agreement (the "Program Agreement") between TAMS and DLL's predecessor, which sets forth the terms of the private label arrangement. (See Exhibit "B" hereto) "Section Four – Granting Clause" of the Program Agreement demonstrates that until certain conditions (as more fully set forth in the Program Agreement) are met, TAMS has all right, title and interest in the subject leases which are then sold, assigned and transferred to DLL, effective upon DLL's acceptance of the subject lease.

The Master Lease further provides that the Lessor has the absolute right of assignment (Exhibit "A", Master Lease, paragraph 7). Therefore, the ultimate lessor could have been an unrelated third party without any connection to TAMS or DLL, with full rights to enforce the Master Lease.

DeSoto obtained the equipment it selected. DeSoto accepted the equipment and executed the Master Lease. DLL became the assignee under the Master Lease.

### III.   DLL HAS STANDING TO BRING THE INSTANT LAWSUIT

As the undisputed facts demonstrate, DLL is an assignee of TAMS with respect to the Master Lease. As such, DLL has standing as plaintiff in this matter.

Defendants claim that the instant motion is brought pursuant to Fed.R.Civ.P. 12(h)(3) that DLL lacks standing.

In order to meet the requirements of standing under Article III of United States Constitution, to demonstrate the existence of a case or controversy, the plaintiff must demonstrate: "(1) he has suffered an actual or threatened injury; (2) that the injury was caused by the allegedly illegal action of the defendants; and (3) that the injury must be subject to redress by a favorable decision in the district court. <u>McGrath v. Johnson</u>, 67 F. Supp. 2d 499, 506 (E.D.

Pa. 1999), citing <u>Schering Corp. v. Food & Drug Administration</u>, 51 F.3d 390, 395 (3rd Cir.), cert. denied, 516 U.S. 907, 116 S. Ct. 274, 133 L.Ed.2d 195 (1995), see also <u>Warth v. Seldin</u>, 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

DLL, as assignee of the Master Lease, has alleged a sufficient stake in the outcome of this controversy to meet the Article III tests. Id. at 500. DLL has demonstrated that it has suffered a monetary loss as a result of Defendants' breaches of the Master Lease. (See Declaration of Lawrence Levin, Exhibit "C" hereto).

### IV. DEFENDANTS' DEFENSE RELATING TO AN ALLEGED FAILURE TO REGISTER A FICTITIOUS NAME HAS BEEN WAIVED.

Fed.R.Civ.P. 9 (a) provides in pertinent part:

> … When party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue <u>shall do so by specific negative averment</u>, which shall include such supporting particulars as are within the pleader's knowledge (emphasis supplied).

Defendants admit they had knowledge of DLL's claims prior to the initiation of the instant suit. (See Defendants' Motion, page 4). Defendants' raised no defense as to lack of standing or capacity to sue by specific negative averment in either their Answer and Counterclaim or First Amended Affirmative Defenses and First Amended Counterclaims. Defendants did not file a Motion under Fed.R.Civ.P. 12 (b)[1].

The failure of a foreign corporation to comply with Pennsylvania procedural statute defining capacity to maintain suit does not deprive a Pennsylvania court of subject matter jurisdiction. <u>Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc.</u> 461 F.Supp. 994 (E.D.Pa. 1978).

---

[1] Fed. R. Civ. P. 12 (b) provides: **"How Presented.** Every claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required except the following defenses may, at the option of the pleader be made by Motion:…(6) failure to state a claim upon which relief can be granted…A motion making any of these defenses <u>shall be made</u> before pleading if a further pleading is permitted…"

3

Capacity to sue as a defense and Federal Rule 9(a) requires not only that the defendant raise the issue of capacity, but he must do so by "specific negative averment". American Postal Workers Union, AFL CIO, Philadelphia, Pa Area Local v. United States Postal Service, 222 F. Supp. 2d 675, 682 (E.D.Pa. 2002), quoting FDIC v. Calhoun, 34 F.3rd 1291, 1299 (5th Cir. 1994).  A challenge to a party's capacity to sue or be sued must be pleaded as an affirmative defense, and failure to raise the defense results in its waiver.  Bowen Engineering v. Estate of Reeve, 799 F.Supp. 467, 474 (D.N.J. 1992).

Recognizing the deficiencies in their initial pleadings, Defendants now attempt to assert that the failure to register the fictitious name goes to the standing of the Plaintiff to prosecute its case and argues that the issue goes to the subject matter jurisdiction of this Court which can be raised at any time.  However, as demonstrated herein, DLL has standing for purposes of subject matter jurisdiction and the capacity to sue.  As the Court noted in De Saracho v. Custom Food Machinery, 206 F.3d 874, 878 n.4 (9th Cir.2000):

> "Defendants cast their authority to sue argument as a challenge to plaintiffs' standing to sue. . . Subject matter cannot be waived and may be raised at any time . . . . Even if defendants are correct that ECG lacked authorization to sue, this Court does not lack subject matter jurisdiction in the sense that it would if plaintiffs lack standing to sue under the "case or controversy" requirement of Article III of the Constitution.  The question of a litigant's capacity or right to sue or be sued generally does not affect the subject matter jurisdiction of the district court . . ." (citation omitted)

Id. at 878, FN 4.  Accord, Typh, Inc. v. Typhoon Fence of Pa., Inc., supra,.

It is for this very reason that capacity to sue, like venue and personal jurisdiction, can be waived, while subject matter jurisdiction cannot.  The reasons for the waiver doctrine are well illustrated by this case.  Defendants now, for the first time, on the eve of trial, and after two years of extensive and expensive deposition and motion practice, raise a contention that Plaintiff did not properly register a fictitious name and therefore lacks the capacity to sue.  This defense,

4

had it been properly and timely raised, could have been addressed at the outset of the case. Instead, Defendants deliberately waited until the eve of trial and the expiration of discovery before asserting the defense without having pleaded it in accordance with the requirements of Rule 9 (a) of the Federal Rules of Civil Procedure.

## V.    CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss Plaintiff's Claims for Violation of the Pennsylvania Fictitious Name Act or In the Alternative for Dismissal for Lack of Jurisdiction should be denied with prejudice.

**Respectfully submitted**
**McCARTER & ENGLISH, LLP**

_____
Rosetta B. Packer (Attorney ID No.  28357)
Peter J. Boyer (Attorney ID No.  25517)
Kevin J. Burke (Attorney ID No.  87214)
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA  19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.

5


# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

      I, Rosetta B. Packer, Esquire, hereby certify that on April 26, 2004, I caused a true copy of the foregoing Plaintiff's Response to Defendant's Claims for Violation of the Pennsylvania Fictitious Name Act or in the Alternative for Dismissal for Lack of Jurisdiction and Proposed Form of Order in support thereof, to be served upon the following counsel in this action in the following manner:

John Chesney, Esquire  
Drinker Biddle & Reath, LLP  
One Logan Square  
18th & Cherry Streets  
Philadelphia, PA  19103  
Attorney for Intervenor Plaintiff  
**Via Overnight Mail**

William Matthews, Esquire  
Saul Ewing LLP  
Centre Square West  
1500 Market Street, 38th Floor  
Philadelphia, PA  19102  
Attorney for Defendants  
**Via Overnight Mail**

Kyle P. Tate, Esquire  
Tate Law Firm  
9085 Sandidge Center Cove  
Olive Branch, MS 38654  
Attorney for Defendants  
**Via Overnight Mail**

Lynanne Westcott, Esquire  
The Wescottt Law Firm  
Two Penn Center Plaza, Suite 200  
Philadelphia, PA  19102  
Attorney for Defendants  
**Via Overnight Mail**

 

_____  
**ROSETTA B. PACKER**

PH1: 478095.01.