## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : Defendants : | |

## ORDER

AND NOW, upon consideration of Defendants' Motion for Sanctions and for other Relief and the Response of Plaintiff, DeLage Landen Financial Services, Inc. thereto, and the record before this Court,

IT IS, this _____ day of April, 2004, hereby ORDERED that Defendants' Motion is DENIED, with prejudice.

BY THE COURT:

_____
HONORABLE RONALD L. BUCKWALTER

PHI: 478596.01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-2810 |
| v. : | |
| : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants. : | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION FOR SANCTIONS AND OTHER RELIEF

**McCARTER & ENGLISH, LLP**
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

Table of Contents

Page

I.      I NTRODUCTION ............................................................................................1

II.     ARGUMENT ..................................................................................................2

        A.      Defendants Should Not be Permitted to Use the Discovery
                Deadline to Obstruct Access to Discovery Properly Sought in
                Advance of the Deadline............................................................................2

        B.      Plaintiff's Efforts to Resolve the Matter with Counsel were
                Thwarted by Defendants Refusal to Consent to Production of the
                Records. ...................................................................................................3

        C.      Service Of A Subpoena On A Third Party Represented By Counsel
                Is Both Proper And Necessary To Effect Service......................................3

        D.      Service Of The Bank Subpoena On a Branch Office President Is
                Proper and Valid Service ..........................................................................4

III.    CONCLUSION................................................................................................6

## TABLE OF AUTHORITIES

### <u>CASES</u>

<u>Harrison v. Prather</u>, 404 F.2d 267 (5th Cir. 1968)................................................................4

<u>Newton v. Dana Corporation Parish Division</u>, 1995 WL 368172 (E.D.Pa. 1995)..........2, 3

<u>Zipes v. Abraham</u>, 1992 WL 328894 (E.D.Pa. 1992), aff'd, 19 F.3d 645 (3d Cir.1994)......................................................................................................................2

### <u>OTHER AUTHORITIES</u>

Federal Rule of Civil Procedure 45 (c) ................................................................................4

Rule of Professional Conduct 4.2 ........................................................................................3

Rule of Professional Conduct 8.4 ........................................................................................2

## I.    **INTRODUCTION**

Defendant's Motion provides new meaning to the term "chutzpah". Filled with colorful adjectives and wild accusations of breaches of ethical duties, defendants' motion and brief are short on facts and law supporting the relief sought. Rather than respond in kind, plaintiff and its counsel will rely, instead, upon the undisputed facts and the law governing service of subpoenas in United States District Court, and the impact of this Court's discovery deadline of March 15 on the subpoena at issue in the motion.

Plaintiff incorporates herein the facts set forth in the Declarations of Robert Marshall, Jr., Kevin Burke and Peter Boyer that are being filed with this Memorandum.

On or about September 26, 2003, plaintiff served on Merchants & Farmers Bank ("M&F Bank") a subpoena requesting financial and loan information relating to the defendants and related parties. This subpoena was issued out of the United States District Court for the Western District of Tennessee. On or about March 31, 2004 plaintiff caused a new subpoena seeking the identical information to be issued and served out of the United States District Court for the Northern District of Mississippi. The Mississippi subpoena was issued and served in a follow up effort to obtain discovery initiated well before the discovery cut off. The Mississippi subpoena was served only after an agreement, which was reached before the conclusion of discovery and memorialized in correspondence from counsel. That agreement was subsequently disavowed by Mississippi counsel for M&F Bank, but only after counsel for defendants lulled plaintiff into believing they were cooperating in making the records available when in fact they had no intention of doing so.

In December 2003, well prior to the original discovery cut off established by this Court, plaintiff began the process of seeking to obtain records from Farmers & Merchants Bank. The

PH1: 478410.01

chronology of its efforts in that regard are summarized in the Declaration that accompany this Memorandum of Law. Suffice it to say that defendants have done everything in their power to prevent plaintiff from getting access to these records, including creating a misleading impression regarding their intention to consent to production of the records in order to permit the existing discovery deadline of March 15, 2004 to pass[1].

## II.    ARGUMENT

### A.    Defendants Should Not be Permitted to Use the Discovery Deadline to Obstruct Access to Discovery Properly Sought in Advance of the Deadline.

The assertion, in defendants' brief, that the reissuance of a subpoena (originally served September, 2003) two weeks after the conclusion of discovery constitutes an ethical breach in violation of RPC 8.4 is so specious as to suggest that no response is necessary. Suffice it to say that defendants have cited to no reported decision in this district or elsewhere even remotely suggesting the absurd result urged upon the Court here, namely that vigorous pursuit of relevant evidence in the face of obstructionist tactics constitutes a violation of RPC 8.4.

To the contrary, it is well settled, in this District and elsewhere, while a Pre-Trial Scheduling Order serves an important tool for Court's effective case management, it should not be viewed totally inflexibly as a means of restricting access to discovery relevant to a party's claims. Zipes v. Abraham, 1992 WL 328894 (E.D.Pa. 1992) aff'd, 19 F.3d 645 (3d Cir. 1994). In Newton v. Dana Corporation Parish Division, 1995 WL 368172 (E.D.Pa. 1995), this Court

---

[1] Defendants' stonewalling is not limited to the Bank Subpoena. At defendants' urging, Rhea & Ivey stand in contempt of an order from the United States District Court for the Western District of Tennessee which directed compliance with the Rhea & Ivey Subpoena on or before March 26, 2003, as a result of a motion to enforce that subpoena filed prior to the March 15, 2004 discovery deadline. Plaintiff is filing an order to show cause in Tennessee seeking further relief from that Court in an effort to secure access to these documents. Despite an Order from this court entered in December of 2003, defendants have not produced financial information in response to a motion to compel filed by TAMS.

held that a deposition which had been noticed prior to the conclusion of discovery could take place after the discovery deadline and, in so ordering, noted:

> "to prevent defendant from pursing its deposition of plaintiff Newton would be to reward plaintiff for his dilatory tactics."

Likewise, in this case, precluding the evidence produced pursuant to the subpoena on M&F Bank would reward defendants for dilatory and obstructionist tactics far more egregious than those before the Court in the Newton case.

### B.    Plaintiff's Efforts to Resolve the Matter with Counsel were Thwarted by Defendants Refusal to Consent to Production of the Records.

Contrary to the assertions of defendants and counsel for M&F Bank, Mr. Burke never represented that the consent of defendants had been obtained for release of the documents. As set forth in the attached Certification of Mr. Burke, no such representation was ever made to M&F's attorney. Instead, Mr. Burke reported to M&F's attorney what was reported to him by Peter Boyer, based upon Mr. Boyer's conversation with Mr. Tate, namely that Mr. Tate would seek to get his clients' consent for the release of those documents.

Moreover, when that consent was not forthcoming, counsel for M&F Bank offered to send the documents to this Court in Philadelphia under seal for a determination as to whether they should be produced. Plaintiff's counsel agreed to that suggestion and confirmed that agreement, which was reached prior to the conclusion of the discovery period. Only after the discovery deadline had passed did counsel for M&F Bank assert to the contrary.

### C.    Service Of A Subpoena On A Third Party Represented By Counsel Is Both Proper And Necessary To Effect Service

Defendants contend that plaintiff acted improperly by arranging for a subpoena to be served directly on M&F Bank at a time when plaintiff knew the Bank was represented by counsel. Once again, Defendants' reliance on the Rules of Professional Conduct is misplaced. It

is not a violation of RPC 4.2 to serve a subpoena on a party represented by counsel. To the contrary, service of a subpoena under these circumstances is not effective unless it is personally served on the party, not counsel. See, e.g., Harrison v. Prather, 404 F.2d 267 (5th Cir. 1968)(relating to service of a subpoena in the Northern District of Mississippi, the same district in which M&F Bank was served in this case) as the Court noted:

> In opposition to the defendant's, Carey Prather, motion for an order directing the plaintiff to produce the records demanded by the subpoena duces tecum served upon him, the plaintiff asserts that the service of said subpoena on plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity. Rule 45(c), Federal Rules of Civil Procedure, provides that:
>
>  Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law. (Emphasis added)
>
> This subpoena was not served in conformity with the rule. Hence, plaintiff's position is well taken.

404 F.2d at 273.

### D.    Service Of The Bank Subpoena On a Branch Office President Is Proper and Valid Service

Defendants assert that DLL improperly served a subpoena on a "rank and file bank employee" in a "out of the way branch location", and that this conduct is somehow improper. In the first instance, there was nothing secret about the subpoena. Counsel for defendants and counsel for the M&F Bank were served with a copy on the same day the subpoena was served on the M&F Bank, and were on notice, as indicated on the face of the subpoena, that it called for documents to be produced on or before April 15, 2004. If, as alleged, defendants were prepared to file a motion to quash, why did they not file it between April 1, when defendants' counsel was served with the subpoena, and April 15, the date in which the documents were to be produced?

As to the "out of the way branch" served with the subpoena, as set forth in Mr. Marshall's declaration, service on the Starkville branch was suggested by the party originally sought to be served in Koskiuko. In addition, defendants cite no authority for the novel proposition that a subpoena must be served at the home office of a financial institution to be effective. This is simply not the case. As to the "rank and file employee", the return of service (page 2 of Exhibit "B" to Declaration of Robert Marshall) indicates that the subpoena was served on Dwayne Myers, the <u>President</u> of the Starkville Branch, hardly a "rank and file" employee. Mr. Myers status as President of the Starkville Branch is confirmed by the Bank's own website. <u>See</u> Exhibit "G" to Declaration of Peter J. Boyer.

Defendants' motion, while full of "sound and fury" is, in the end, devoid of any substantive merit. The subpoena at issue was properly served on an authorized officer of the Bank with notice to counsel for the defendants and counsel for M&F Bank. It was identical to the subpoena served on M&F Bank on September 26, 2003. Prior to the return date, no objections were served by the Bank and no motion to quash was filed with the Court which issued the subpoena. It was re-served as a last step in an effort to secure the documents that began well before the discovery deadline and only after an agreement which plaintiff believed had been reached was disavowed by the counsel for M&F Bank after the discovery deadline had passed. The documents sought relate to issues which this Court has already determined are germane to this case, and are sought from third parties in part because of defendants' refusal to produce the documents despite this Court's order that they do so.

PHI: 478410.01

## III.    CONCLUSION

For the foregoing reasons, it is respectfully requested that defendants' motion be denied.

                    **Respectfully submitted**
                    **McCARTER & ENGLISH, LLP**

                    Rosetta B. Packer (Attorney ID No. 28357)
                    Peter J. Boyer (Attorney ID No. 25517)
                    Kevin J. Burke (Attorney ID No. 87214 )
                    Mellon Bank Center
                    1735 Market Street, Suite 700
                    Philadelphia, PA 19103
                    (215) 979-3800

                    Attorneys for Plaintiff
Dated: April 27, 2004          De Lage Landen Financial Services, Inc

PHI: 478410.01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

De Lage Landen Financial Services, Inc.          :
                                             :     CIVIL ACTION NO. 02-CV-2810
                                Plaintiff  :
                                             :     HON. RONALD L. BUCKWALTER
                      and                     :
                                             :
Toshiba America Medical Systems, Inc.            :
                                             :
                         Intervenor Plaintiff  :
                                             :
                      vs.                     :
                                             :
DeSoto Diagnostic Imaging, LLC., Randon J.       :
Carvel, Lynn T. Carvel, Delta Radiology, P.C.   :
and Zobar Properties, LLC.                       :
                               Defendants  :
                                             :

### CERTIFICATE OF SERVICE

     I, Peter J. Boyer, Esquire, hereby certify that on April 27, 2004, I caused a true copy of the foregoing Plaintiff's Memorandum Of Law In Opposition To Motion For Sanctions And Other Relief, Declarations of Peter J. Boyer, Kevin Burke, and Robert Marshall and this Certificate of Service to be served upon the following counsel in this action in the manner indicated:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
**Via Hand Delivery**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
**Via Hand Delivery**

Kyle P. Tate, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
**Via Overnight Mail**

Lynanne B. Wescott, Esquire
The Westcott Law Firm
Two Penn Center Plaza, Suite 200
Philadelphia, PA 19102
**Via Hand Delivery**

**PETER J. BOYER**

# DECLARATION OF
# ROBERT B. MARSHALL, JR., ESQ.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : |
| | : |
| | : |
| Plaintiff | : |
| | : |
| | : |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : |
| | : |
| | : CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff/Intervenor, | : |
| | : |
| vs. | : |
| | : |
| DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. AND ZOBAR PROPERTIES, LLC. | : |
| | : |
| | : |
| Defendants. | : |

**DECLARATION OF ROBERT B. MARSHALL, JR.**

I, Robert B. Marshall, Jr., hereby declare as follows:

1.      I am an attorney at law and a partner in the law firm of Edwards, Storey, Marshall & Helveston, LLP of West Point, MS.  I am licensed to practice in the State of Mississippi and the United States District Court for the Northern District of Mississippi.

2.      My only involvement in this action has been to assist DLL's attorneys from the law firm of McCarter & English, LLP in Philadelphia in effecting service of a Subpoena and Rider (collectively, the "Subpoena") upon Merchants & Farmers Bank ("M&F Bank") in Mississippi.

3.      This Declaration is made in support of DLL's opposition to the Motion for Sanctions Against Plaintiff, For the Disqualification of Peter Boyer, Esquire, Rosetta B. Packer,

Esquire, David J. Gaier, Esquire, Kevin Burke, Esquire and the Firm of McCarter & English, LLP, For the Exclusion From Evidence of All Improperly Obtained Documents and For the Return of All Improperly Obtained Documents (the "Motion for Sanctions") filed by defendants DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (collectively, "Defendants").

4.    In Section D on pages 8-9 of the Memorandum of Law in support of the Motion for Sanctions, Defendants allege that counsel for DLL "improperly" sought "to circumvent the proper channels for service" of the Subpoena upon M&F Bank by serving it at a local branch of M&F Bank in Starkville, MS rather than its headquarters in Kosciusko, MS. Defendants further allege that employees at the Starkville branch produced documents responsive to the Subpoena prior to counsel for M&F Bank, Jeff Rawlings, Esquire, learning that the Subpoena had been served.

5.    Defendants' characterizations of these events are inaccurate and misleading.

6.    The allegation that the Subpoena was not served at M&F Bank's headquarters in Kosciusko is untrue. In fact, on March 31, 2004, the Subpoena was personally served upon Thomas Pound, a Vice President of M&F Bank, at its Kosciusko headquarters. See Proof of Service attached hereto as Exhibit A.

7.    The allegation that DLL "deliberately chose to divert service of [the Subpoena] on an out-of-the-way branch location to circumvent the proper channels for service" is untrue. On April 1, 2004, the day after Mr. Pound was served, I noticed that although I had executed the Rider that was attached to the Subpoena, I had inadvertently failed to execute the Subpoena itself. Thus, I contacted Mr. Pound by telephone to advise him that the Subpoena should be

disregarded because it was unexecuted, and that a signed Subpoena would need to be served. Somewhat embarrassed that I had failed to sign the Subpoena, I had hoped that Mr. Pound still had the Subpoena. However, it is my recollection that Mr. Pound indicated that he had already delivered the Subpoena to someone else, whom I assumed to be a compliance officer. I requested directions to the main office of M&F Bank in Kosciusko so that I could deliver to him a fully executed copy of the Subpoena. In response, Mr. Pound suggested that I serve the executed Subpoena at M&F Bank's branch in Starkville, MS because Starkville is closer to my office than Kosciusko. This was the extent of my conversation with Mr. Pound. Consequently, later that same day, I personally served the executed copy of the Subpoena on Dwayne K. Myers, President of M&F Bank's Starkville branch. See Proof of Service attached hereto as Exhibit B. But for Mr. Pound's suggestion that I serve the Subpoena in Starkville, I would have served it in Kosciusko. I would not consider Mr. Myers to be a "rank and file" employee of M&F Bank.

8.     The allegation that DLL obtained M&F's documents without prior disclosure of the Subpoena to counsel for Defendants and M&F Bank is also untrue. In fact, on April 1, 2004, the same day that I delivered the Subpoena to the Starkville branch, I forwarded a courtesy copy of the Subpoena by regular mail to M&F Bank's outside counsel, Jeff Rawlings, Esquire. See letter attached hereto as Exhibit C.

9.     DLL's attorneys at McCarter & English, LLP in Philadelphia were unaware of both my conversation with Mr. Pound and my service of the Subpoena at the Starkville branch until after those events occurred. The attorneys at McCarter & English, LLP had nothing to do with the decision to serve the Subpoena at the Starkville, MS branch of M&F Bank.

10.    The Subpoena called for documents to be produced in my office on or before April 15, 2004. M&F Bank did not deliver any responsive documents until April 14, 2004. I was not served with a motion to quash the Subpoena and, to my knowledge, no such motion has been filed.

11.    Upon delivery of the responsive documents from M&F Bank April 14, 2004, I opened the box and reviewed only the cover letter. Thereafter, I shipped the documents to DLL's attorneys at McCarter & English, LLP in Philadelphia, and it is my understanding that they arrived there on April 19, 2004. See parcel "Track & Confirm" documentation from the United States Postal Service attached hereto as Exhibit D. I did not speak with anybody at McCarter & English between April 14 and April 19, and therefore McCarter & English was unaware of the fact that M&F Bank had produced any documents when Defendants filed the Motion for Sanctions on April 16, 2004.

12.    I am unaware of any state or federal law which requires that subpoenas be served upon a bank's headquarters as opposed to one of its branch offices. However, had I envisioned this type of controversy, I would have gladly driven the additional fifty miles to Kosciusko as I had originally intended to do.

I declare this 23rd day of April, 2004 under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Robert B. Marshall, Jr., Esquire
Edwards Storey Marshall & Helveston, LLP
103 East Broad Street
P.O. Box 835
West Point, MS 39773

4

# EXHIBIT "A"

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern                          DISTRICT OF      Mississippi (Eastern Division)

DeLage Landen Financial Services, Inc.,
                        Plaintiff
          v.
Toshiba America Medical Systems, Inc.,          **SUBPOENA IN A CIVIL CASE**
          Intervenor Plaintiff
          v.
DeSoto Diagnostic Imaging, LLC, Randon J. Carvel,
Lynn T. Carvel, Delta Radiology, P.C. and Zobar        Case Number:[1] 02-CV-2810
Properties, LLC                                              U.S. District Court
    TO: Andrea Gladney , or any other officer of     Eastern District of Pennsylvania
        Merchants & Farmers Bank
        134 West Washington Street
        Kosciusko, MS 39090

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

        See attached rider

| PLACE | DATE AND TIME |
|---|---|
| 103 E. Broad St, West Point, MS  39773 | 10:00, April 15, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| X̶e̶e̶x̶a̶t̶t̶a̶c̶h̶e̶d̶ ̶R̶i̶d̶e̶r̶x̶x | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| An Attorney for Plaintiff | MARCH 28, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert B. Marshall, Jr. - Edwards, Storey, Marshall & Helveston
P. O. Box 835, West Point, MS  39773  (662) 494-4836

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/31/04 | 134 W. Washington, Kosciusko, MS 39092 |

SERVED ON (PRINT NAME)

Thomas Pound

MANNER OF SERVICE

VICE-PRESIDENT

SERVED BY (PRINT NAME)

Sondra D Wright

TITLE

individual over 21 yrs age

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3/31/04
                    DATE

SIGNATURE OF SERVER

Sondra D Wright

ADDRESS OF SERVER

Rt. 2, Box 64-B
Sallis, MS 39160

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "B"

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DeLage Landen Financial Services, Inc., | DISTRICT OF | Northern | | Mississippi (Eastern Division)

DeLage Landen Financial Services, Inc.,
_____Northern_____
v.                    **Plaintiff**
Toshiba America Medical Systems, Inc.,
Intervenor Plaintiff
v.
DeSoto Diagnostic Imaging, LLC, Randon J. Carvel,
Lynn T. Carvel, Delta Radiology, P.C. and Zobar
Properties, LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  02-CV-2810
U.S. District Court
Eastern District of Pennsylvania

TO:
Merchants & Farmers Bank , by service on any officer thereof
134 West Washington Street
Kosciusko, MS 39090

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached rider

| PLACE  Edwards Storey Marshall & Helveston<br>103 E. Broad St, West Point, MS  39773 | DATE AND TIME  10:00 A.M.<br>April 15, 2004 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  An Attorney for Plaintiff | April 1, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert B. Marshall, Jr., Edwards Storey Marshall & Helveston
P. O. Box 835, West Point, MS  39773   (662) 494-4836

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE Merchants & Farmers Bank |
|---|---|---|
| SERVED | April 1, 2004 | 315 University Drive |
| | | Starkville, MS |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dwayne K. Myers President (Starkville Branch) | Personal Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert B. Marshall, Jr. | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___April 1, 2004___
DATE

_Robt. B. Marshall, Jr._
SIGNATURE OF SERVER

P. O. Box 835, West Point, MS 39773
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "C"

# EDWARDS, STOREY, MARSHALL & HELVESTON, LLP

## ATTORNEYS AT LAW

P.O. Box 835   103 E. Broad Street
West Point, MS 39773

PHONE  (662) 494-5184
FAX     (662) 494-4836
E-MAIL  esmh@wpms.net

A.M. EDWARDS, JR.
THOMAS B. STOREY, JR.
ROBERT B. MARSHALL, JR.
JAMES C. HELVESTON

MICHELLE D. EASTERLING

April 1, 2004

Hon. Jeff D. Rawlings
Rawlings & MacInnis
P. O. Box 1799
Madison, MS 39130-1789

      Re:   De Lange Landen Financial Services v.
               DeSoto Diagnostic Imaging, LLC et al

Dear Jeff:

Enclosed is a courtesy copy of a subpoena issued to Merchants & Farmers Bank
for documents in the captioned cause pending in the U. S. District Court for the
Eastern District of Pennsylvania.  We spoke a couple of weeks ago on this.

Yours truly,

Robert B. Marshall, Jr.
RBM/br

Enc.

cc:  Hon. David J. Gaier

# EXHIBIT "D"



## Track & Confirm

**Current Status**

You entered 0302 1790 0001 3065 1040

Your item was delivered at 10:47 am on April 19, 2004 in
PHILADELPHIA, PA 19103.

( **Shipment Details >** )

**Track & Confirm**

Enter label number:

Track & Confirm FAQs (

**Notification Options**

▶ **Track & Confirm by email**    What is this?    ( Go > )



POSTAL INSPECTORS
Preserving the Trust

**site map  contact us  government services**
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

# DECLARATION OF
# KEVIN J. BURKE, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-2810 |
| vs. : | |
| : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants. : | |

### DECLARATION OF KEVIN J. BURKE

I, Kevin J. Burke, hereby declare as follows:

1.     I am an attorney at law, licensed to practice in the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania, among others. I am one of the attorneys of record for plaintiff DLL.

2.     On September 26, 2003, DLL issued a Subpoena for the production of certain records from Merchants & Farmers Bank (the "Bank").

3.     On October 28, 2003, Jeff D. Rawlings, counsel for the Bank, objected to the Subpoena for failure to comply with the requirements of Federal Rule of Civil Procedure 45 and Mississippi Code Annotated § 13-1-245.

4.     On February 25, 2004, I attempted to contact Mr. Rawlings regarding the Subpoena and the objections raised by the Bank.

5.      On February 26, 2004, I sent a follow up email to Mr. Rawlings regarding same. A copy of the email is attached hereto as Exhibit "E".

6.      On or about February 27, 2004, I communicated with Mr. Rawlings regarding his objections to DLL's Subpoena. During that conversation, I advised Mr. Rawlings that our office was negotiating with counsel for the Defendants for the production of the records requested in the Subpoena. Mr. Rawlings indicated that he would need a letter from Defendants' counsel authorizing the release of the records. At no time during this conversation did I represent to Mr. Rawlings that Defendants had agreed to produce the documents.

7.      On or about March 4, 2004, I again communicated with Mr. Rawlings at which time we discussed an alternative to the production of the documents in the Subpoena in the event that negotiations with the Defendants to authorize the Bank to release the documents failed. It was agreed that the Bank would be protected from liability, without a letter of consent from the Defendants, if the bank records were produced under seal to the United States District Court for the Eastern District of Pennsylvania in accordance with Mississippi Code Ann. § 13-1-245, therefore leaving it up to the District Court for the Eastern District of Pennsylvania to ultimately authorize the release of the documents requested in the Subpoena.

8.      Because the Defendants had yet to consent to the Bank's release of the subpoenaed documents, it was agreed by Mr. Rawlings that the documents were to be released in accordance with the Mississippi Statute. On March 5, 2004, I provided Mr. Rawlings, via email, with the United States District Court for the Eastern District of Pennsylvania mailing information and case information.

9.    On March 8, 2004, I contacted Mr. Rawlings and he confirmed that he would be producing the subpoenaed documents under seal to the United States District Court for the Eastern District of Pennsylvania by the end of that week as another matter he was involved in had settled which would allow him to spend more time in preparing the documents to be submitted under seal. At no time during this conversation was there any representation made to Mr. Rawlings that Defendants had agreed to the production of the requested documents. It was my understanding, based upon my discussions with Mr. Rawlings, that if the Defendants would have consented in writing to the Bank's release of the subpoenaed documents, there would have been no need to produce the documents under seal in accordance with the Mississippi Statute.

10.    On March 16, 2004, I forwarded a letter to Mr. Rawlings confirming that he was producing the documents under seal to the Eastern District of Pennsylvania in accordance with Mississippi Code Ann. § 13-1-245. A copy of letter dated March 16, 2004 is attached hereto as Exhibit "F".

11.    On March 24, 2004, I communicated with Mr. Rawlings by telephone at which time he indicated that counsel for Defendants advised him that they would not consent to the production of the subpoenaed documents. I informed Mr. Rawlings that although there were negotiations with counsel for Defendants to authorize the Bank to release the documents requested in the Subpoena, I never represented that Defendants agreed to the release of the documents which was the reason Mr. Rawlings and I agreed for the documents to be produced under seal to the Eastern District in accordance with Mississippi Code Ann. § 13-1-245.

3

I declare this 27th day of April 2004 under penalty of perjury that the foregoing is true

and correct.

Kevin J. Burke
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

# EXHIBIT "E"

**Burke, Kevin**

| | |
|---|---|
| **From:** | Burke, Kevin |
| **Sent:** | Thursday, February 26, 2004 8:28 AM |
| **To:** | 'rrm_h@bellsouth.net' |
| **Cc:** | Packer, Rosetta; Boyer, Peter J. |
| **Subject:** | DLL v. DeSoto - Subpoena to Merchants & Farmers Bank |

Mr. Rawlings:

Please be advised that my firm represents De Lage Landen with regard to the above-referenced matter. As you may recall, we served a subpoena on Merchants & Farmers Bank in October 2003. Kindly contact me today so that we may discuss the subpoena and the production of the documents referenced therein. I left a message with your secretary yesterday for you to contact me, but I have yet to hear from you.

Your anticipated cooperation is appreciated and I look forward to speaking with you.

Very truly yours,

Kevin J. Burke, Esquire
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
Direct Dial: (215) 979-3852
Direct Fax: (215) 988-4332

# EXHIBIT "F"

Kevin J. Burke

Associate
(215) 979-3852 phone
(215) 988-4332 fax
kburke@mccarter.com

McCarter & English, LLP
Mellon Bank Center
Suite 700
1735 Market Street
Philadelphia, PA 19103-7501
215.979.3800
fax 215.979.3899
www.mccarter.com



MCCARTER
ENGLISH
ATTORNEYS AT LAW

March 16, 2004

## VIA FACSIMILE & FIRST CLASS MAIL

Jeff D. Rawlings, Esquire
Rawlings & MacInnis, P.A.
7720 Old Canton Road,
P.O. Box 1789
Madison, Mississippi 39130

**RE:** **De Lage Landen Financial Services, Inc. v. DeSoto Diagnostic Imaging, LLC, et al**
      **Subpoena Directed to Merchants & Farmers Bank**

Dear Mr. Rawlings:

As you are aware, we represent De Lage Landen Financial Services, Inc ("DLL") with regard to the above-referenced matter. Please allow this letter to serve as confirmation of our telephone conversation on March 8, 2004 that you will immediately produce the documents requested in DLL's subpoena directed to your client, Merchants & Farmers Bank, under seal to the United States District Court for the Eastern District of Pennsylvania. Based upon the date of service of this subpoena and the discovery deadlines in this action, your immediate attention to this matter is greatly appreciated.

Should you have any questions regarding this matter, please feel free to contact me.

Very truly yours,

Kevin J. Burke

KJB/

cc:    Peter J. Boyer, Esquire

03/16/2004 15:56 FAX 215 979 3899     MCCARTER & ENGLISH     ☐001

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                    1795
CONNECTION TEL                      916019691041
SUBADDRESS
CONNECTION ID
ST. TIME                    03/16 15:56
USAGE T                     00'23
PGS. SENT                      2
RESULT                      OK
```

FAXED

MAR 1 6 2004

By



**McCARTER ENGLISH**

# Fax Information Sheet

Date:  March 16, 2004

Time:  _____

Attorneys at Law

Mellon Bank
1735 Market Street - Suite 700
Philadelphia, PA 19103
Phone 215.979.3800
Fax 215.979.3899

 2    Total Number of Pages (Including Cover Sheet)

**Office Fax Number**

Baltimore, MD 410.659.8550
Hartford, CT 860.724.3397
Newark, NJ 973.624.7070
New York, NY 212.609.6921
Philadelphia, PA 215.979.3899
Stamford, CT 203.323.6513
Wilmington, DE 302.984.6399

**I.    Please Deliver To:**

| Name | Firm | Fax Number |
|------|------|------------|
| Jeff D. Rawlings, Esquire | Rawlings & MacInnis, P.A. | 601-969-1041 |

**Comments:**

**II.    From:**

Name    Kevin J. Burke                                          Att #    3168

# DECLARATION OF
# PETER J. BOYER, ESQUIRE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

De Lage Landen Financial Services, Inc. :
 :
       Plaintiff, :  CIVIL ACTION NO. 02-CV-2810
   vs.       :
 :  Honorable Ronald L. Buckwalter
Toshiba America Medical Systems, Inc. :
 :
     Intervenor Plaintiff, :
 :
   vs.       :
 :
DeSoto Diagnostic Imaging, LLC., Randon J. :
Carvel, Lynn T. Carvel, Delta Radiology, P.C. :
and Zobar Properties, LLC.   :
 :
      Defendants. :

## DECLARATION OF PETER J. BOYER RE:
## DEFENDANT'S MOTION FOR SANCTIONS

I, Peter J. Boyer, hereby declare as follows:

1. I am an attorney at law, licensed to practice in the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania, among others. I am one of the attorneys of record for plaintiff, De Lage Landen Financial Services, Inc. ("DLL") in this matter.

2. On September 26, 2003, DLL issued a Subpoena (the "Bank Subpoena") for the production of certain records from Merchants & Farmers Bank (the "Bank" or "M&F Bank") in Kosciusko, Mississippi. At about the same time a separate subpoena was issued on John May and the accounting firm of Rhea & Ivy in Memphis, Tennessee (the "Rhea & Ivey Subpoena").

3. On October 28, 2003, Jeff D. Rawlings, Mississippi counsel for M&F Bank, objected to the Bank Subpoena, contending that it had not been properly served and that it failed

to comply with Mississippi Code Annotated § 13-1-245. On October 29, motions were filed by Defendants and by Rhea & Ivey to quash the Rhea and Ivey subpoenas.

4.    In late February of 2004, this office attempted to resolve outstanding issues regarding both the Bank Subpoena and the Rhea & Ivey Subpoena. In that connection I had a number of conversations with our local counsel in Tennessee and with counsel for the accounting firm in Tennessee in an effort to secure production of records that had been subpoenaed in September.

5.    On February 26, 2004, Kyle Tate, counsel for the defendants, was in my office for a deposition of Larry Levin, an employee of DLL. During a break in the deposition, Mr. Tate came into my office and told me that he understood I was in the process of trying to secure documents in Tennessee and Mississippi from Rhea & Ivy and M&F Bank. He told me that he wanted to assist me in getting documents in order to resolve the issue and avoid further involvement on the part of the accounting firm and M&F Bank. He asked whether we might be able to work out some agreement with respect to what we wanted. I told Mr. Tate that I would be happy to send him another copy of the Schedule of Documents attached to our subpoenas and would very much appreciate his efforts to break the log jam so that these documents could be made available to us. Mr. Tate stated he would discuss the matter with his clients and get back to me. Our conversation was very cordial and I was left with the impression that Mr. Tate was genuinely interested in resolving the issue. I advised Kevin Burke, an associate in McCarter & English's Philadelphia office, of my conversation, which I understand he reported to Mississippi counsel for M&F Bank.

                    PH1: 478294.01

6.      Thereafter I forwarded a copy of the list of documents requested in the Rhea & Ivey Subpoena and the M&F Subpoena to Mr. Tate. I understood that he was speaking to his client about the matter and would get back to me.

7.      On or about March 1, 2004, I again spoke to Kyle Tate, this time by telephone, about the issue of the financial records. Mr. Tate told me that he was working with his clients to compile the records so that they could be made available directly from his clients rather than from the accounting firm and the Bank. I told Mr. Tate that I would welcome any production of records from his client, but that such a production would not satisfy our requests for documents directly from the Rhea & Ivey and M&F Bank and that it was my intention to pursue appropriate motions in that regard. Thereafter, I heard no further from Mr. Tate on this issue, and no documents were produced by his clients.

8.      After my conversation with Mr. Tate on March 2, 2004, I informed my associate, Kevin Burke, that it did not appear likely that defendants would consent to production of the records as I had hoped they might, and asked him to follow up with Robert Marshall, Jr., Mississippi counsel engaged by plaintiff to secure the Bank records. Mr. Burke subsequently reported to me that counsel for M&F Bank was willing to transmit the documents to the Court in Philadelphia under seal for a determination as to whether they should be turned over to DLL. I told Mr. Burke that that course of action was acceptable and, based upon the understanding that I thought had been reached, we took no further action regarding the subpoena directed to M&F Bank.

9.      On March 2, 2004, at my direction, plaintiff's local counsel in Tennessee filed a Motion to Enforce the Rhea & Ivey Subpoena with the United States District Court for the

3

Western District of Tennessee. On March 11, 2004, Magistrate Judge Tam of the United States District Court for the Western District of Tennessee heard argument by all interested parties at the conclusion of which Judge Tam granted DLL's Motion to Enforce the Subpoena and ordered production of the accounting records on or before March 26, 2004. Despite the Order, and a subsequent order denying a motion for reconsideration, no records have yet been produced. Plaintiff is filing an application with the Court in Tennessee for contempt and for sanctions against Rhea & Ivey and Mr. May.

10.     On March 24, after the discovery deadline had passed, counsel for M&F Bank reversed his position and asserted that he would not send the bank records to the Court in Philadelphia. As a result, we determined that it was necessary to take further action in Mississippi to secure access to the documents.

11.     In discussion with plaintiff's local counsel in Mississippi regarding the original Bank Subpoena issued in September 2003, we learned that there was an issue regarding the enforceability of the September subpoena because it had been issued out of the United States District Court for the Western District of Tennessee but called for production of records in Mississippi.

12.     While I believed there was a proper basis for the September subpoena, in light of the fact that M&F Bank had branches within 100 miles of the United States Courthouse in Memphis, Tennessee, I did not want to waste further time litigating that issue. Accordingly, I directed David Gaier of this office arrange for service of a new subpoena to be issued out of the United States District Court for the appropriate District in Mississippi, utilizing the services of Robert Marshall, Esquire, on M&F Bank in Kosciusko, Mississippi. This subpoena was

identical[1] in its description of the documents requested as the original Bank Subpoena that had been issued on September 26, 2003.

13.    On April 1, 2004 I received a copy of the subpoena that had been prepared and signed by DLL's Mississippi counsel, and which I was informed would be served that day on the Bank. Mr. Gaier sent a copy of the subpoena by fax and regular mail to all counsel of record, as is acknowledged in Defendants' moving papers. At the same time, local counsel for DLL in Mississippi served a courtesy copy of the subpoena on the attorney representing M&F Bank in Mississippi.

14.    On Monday, April 19, 2004 I saw, for the first time, a copy of Defendants' Motion for Sanctions, which was apparently faxed to my office after I had left for the day on Friday, April 16. I was unaware, prior to reviewing Defendants' Motion, that (a) Mr. Marshall had served the subpoena on a branch of M&F Bank in Starkville, Mississippi and (b) M&F Bank had delivered records pursuant to the subpoena to Mr. Marshall's office on or about April 15, 2004.

15.    I called Mr. Marshall's office to inquire regarding these matters on Monday, April 19, 2004, but he was not available to take my call. However, on Tuesday, April 20, 2004, I learned that a box had been sent by Mr. Marshall's office to David Gaier, Esquire of this office containing the records produced by the Bank. Mr. Gaier's secretary, in accordance with normal office procedures, opened the box and presented it to Mr. Gaier. Because Mr. Gaier had already seen a copy of the motion for sanctions and had been unaware, up to that time, that the documents had been produced by the Bank, Mr. Gaier conferred with me and, on my

---

[1] Both Subpoenas are attached to Defendants' Motion for Sanctions as Exhibit "A" and Exhibit "H".

instructions, did not review any of the records in the box, which has been resealed pending the determination of this Motion.

16.    At my request, Mr. Marshall has prepared and signed a Declaration detailing the steps he took in connection with the service of the subpoena and the receipt of the documents from M&F Bank, which is being submitted with plaintiff's papers in response to Defendants' Motion for Sanctions.

17.    Neither I nor any attorney or other employee of this office has looked at, reviewed, or copied any documents produced by M&F Bank pursuant to the subpoena served on April 1. We have sealed the box out of an abundance of caution in order to give the Defendants an opportunity to have this issue heard and decided by the Court. We have done so despite the fact that, in our view, as set forth in further detail in the accompanying Memorandum of Law, the subpoena was properly served with appropriate notice to all parties, no Motion to Quash or appropriate objection to the subpoena was filed by any party, and the Bank acted properly in producing records pursuant to the subpoena.

18.    Attached as Exhibit "G" is a true copy of selected pages from the website of M&F Bank, indicating that Dwayne Myers, the individual who was served in the Starkville Branch of M&F Bank, is the Branch President of the Starkville Branch of the bank.

I declare this 26th day of April 2004, under penalty of perjury, that the foregoing is true and correct.

Peter J. Boyer

6

PH1: 478294.01

# EXHIBIT "G"





Online Banking | Contact Us | Locations | About Us | Careers

**Monday, April 26, 2004**

Home

- Home
- Morning Devotional
- Personal Banking
- Business Banking
- Mortgage Services
- Student Loans
- MaxLink Online
- MoneyLink
- Stock Quotes
- Trust Services
- Investments
- Insurance
- News & Sports
- Weather
- Community Center
- Financial Calculators
- Company News
- Locations
- Contact Us
- Virtual Mall
- Investor Information
- Company Store
- Code of Ethics

## Welcome

We are proud to serve you with 34 convenient locations throughout Mississippi. We are also proud to offer you the convenience of Max, <u>our 24-hour Automatic Teller Machine. Max is a member of the Pulse, Cirrus, and Moneybelt Networks, which enables you to use thousands of ATMs worldwide.</u> Visit your local M&F branch today for more details. Listed below are the branch locations and their office hours. (* indicates ATM available 24 hours daily.)



Click on one of the locations at the right, and vital M&F branch information will be listed.

<u>Click here to view our ATM locations....</u>



| ACKERMAN - CHOCTAW COUNTY | |
|---|---|
| | Branch President - Mary Parish |
| *ACKERMAN BRANCH | |
| 269 HIGHWAY 15 | |



| 230 GOODMAN RD EAST<br>SUITE 1<br>SOUTHAVEN, MS 38671<br>PHONE: (662) 342-3410 | |
|---|---|
| **Hours of Operation** | |
| **LOBBY**<br>Monday - Thursday<br>8:00 - 4:00<br>**Friday**<br>8:00 - 6:00 | **DRIVE-IN**<br>Monday - Thursday<br>9:00 - 4:00<br>**Friday**<br>8:00 - 6:00 |
| ***ATM (Automated Teller Machine) available 24 hours daily.*** | |

Back to Top

## STARKVILLE - OKTIBBEHA COUNTY

**Branch President - Dwayne Myers**

| **STARKVILLE MAIN BRANCH**<br><br>315 UNIVERSITY DRIVE<br>STARKVILLE, MS  39759<br>PHONE:  (662) 323-3950 |  |
|---|---|
| **Hours of Operation** | |
| **LOBBY**<br>Monday - Thursday<br>9:00 - 4:00<br>**Friday**<br>9:00  - 5:30 | **DRIVE-IN**<br>Monday - Thursday<br>8:30 - 5:00<br>**Friday**<br>8:30 - 5:30<br>**Saturday**<br>9:00 - 12:00 |
| ***STARKVILLE HIGHWAY 12 & MONTGOMERY** | |
| 308 HIGHWAY 12 EAST<br>STARKVILLE, MS  39759<br>PHONE:  (662) 338-1127 | |
| **Hours of Operation** | |
| **LOBBY**<br>Monday - Thursday<br>9:00 -4:00<br>**Friday**<br>9:00  - 5:30 | **DRIVE-IN**<br>Monday - Thursday<br>8:30 - 5:00<br>**Friday**<br>8:30 - 5:30 |
| ***ATM (Automated Teller Machine) available 24 hours daily.*** | |
| **\*STARKVILLE** | |