**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff : | CIVIL ACTION NO. 02-CV-2810 |
| vs. : | |
| : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants : | |

## ORDER

This matter being brought before the Court by McCarter & English, LLP, counsel for

plaintiff De Lage Landen Financial Services, Inc. (the "Plaintiff") on Plaintiff's Motion For

Sanctions Against Defendants And Counsel For Defendants, Kyle Tate, Esquire, and the Court

having considered the said Motion and all supporting and supplemental affidavits, certifications,

exhibits, documents and briefs, and all opposing affidavits, certifications, exhibits, documents

and briefs filed by the Defendants;

It is on this _____ day of _____, 2004 ORDERED as follows:

(1) Plaintiff's Motion for Santions against Defendants and their counsel, Kyle Tate,

Esquire is hereby GRANTED;

(2) Judgment as to all Counts of Plaintiff's Complaint is hereby GRANTED in favor of

Plaintiff and against Defendants  DeSoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T.

Carvel, Delta Radioloty, P.C. and Zobar Properties, LLC, jointly and severally, in the amount of

$2,928,590, plus per diem interest at the rate of $984.53 per day from April 2, 2004, plus counsel fees and costs in an amount to be determined by the Court;

(3) Defendants' Amended Affirmative Defenses are hereby STRICKEN and Amended Counterclaims against the Plaintiff are hereby DISMISSED, with prejudice;

(4) Defendants' counsel, Kyle Tate, Esquire, shall pay plaintiff's counsel fees and costs incurred in connection with the present motion for sanctions and in connection with all proceedings in the matter pending before the United States District Court for the Western District of Tennessee. Plaintiff's counsel shall submit a detailed summary of fees and costs to the court, with a copy to all counsel, within _____ days of the date of this Order.

BY THE COURT:

_____

RONALD L. BUCKWALTER, U.S.D.J.

PHI: 478716.01

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

De Lage Landen Financial Services, Inc.            :
                                             :
                          Plaintiff  :
                vs.                   :

CIVIL ACTION NO. 02-CV-2810

HON. RONALD L. BUCKWALTER

Toshiba America Medical Systems, Inc.            :
                                            :
            Intervenor Plaintiff  :
                                            :
                vs.                   :
                                            :

DeSoto Diagnostic Imaging, LLC., Randon J.  :
Carvel, Lynn T. Carvel, Delta Radiology, P.C.  :
and Zobar Properties, LLC.                :
                                            :
                        Defendants  :

## ORDER

    This matter being brought before the Court by McCarter & English, LLP, counsel for plaintiff De Lage Landen Financial Services, Inc. (the "Plaintiff") on Plaintiff's Motion For Sanctions Against Defendants And Counsel For Defendants, Kyle Tate, Esquire, and the Court having considered the said Motion and all supporting and supplemental affidavits, certifications, exhibits, documents and briefs, and all opposing affidavits, certifications, exhibits, documents and briefs filed by the Defendants;

    It is on this _____ day of _____, 2004 ORDERED as follows:

    (1) Plaintiff's Motion for Santions against Defendants and their counsel, Kyle Tate, Esquire is hereby GRANTED;

(2)  At the trial of this matter, defendants shall be barred from presenting any evidence relating to the performance of the leased medical equipment identified in plaintiff's complaint or any service provided by TAMS relating to the leased equipment.

(3)  Defendants and their counsel, Kyle Tate, Esquire, shall pay plaintiff's counsel fees and costs incurred in connection with the present motion for sanctions and in connection with all proceedings in the matter pending before the United States District Court for the Western District of Tennessee.  Plaintiff's counsel shall submit a detailed summary of fees and costs to the court, with a copy to all counsel, within _____ days of the date of this Order.

BY THE COURT:

_____
RONALD L. BUCKWALTER, U.S.D.J.

PH1: 478864.01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

De Lage Landen Financial Services, Inc.           :
                                                  :
                                    Plaintiff,  :     CIVIL ACTION NO. 02-CV-2810
                                                  :
              vs.                                 :     Honorable Ronald L. Buckwalter
                                                  :
Toshiba America Medical Systems, Inc.             :
                                                  :
                          Intervenor Plaintiff, :
                                                  :
              vs.                                 :
                                                  :
DeSoto Diagnostic Imaging, LLC., Randon J.      :
Carvel, Lynn T. Carvel, Delta Radiology, P.C. :
and Zobar Properties, LLC.                        :
                                                  :
                                  Defendants.  :

## PLAINTIFF'S EMERGENT MOTION FOR SANCTIONS AND FOR OTHER RELIEF

Plaintiff, De Lage Landen Financial Services, Inc., hereby files its Emergent Motion for Sanctions and for Other Relief against Defendants DeSoto Diagnostic Imaging, LLC and Kyle P. Tate, Esquire. The grounds supporting the motion are set forth in the Declaration of Peter J. Boyer and the Memorandum of Law submitted herewith. Two alternative proposed forms of Order are also enclosed.

The conduct of Defendants and Mr. Tate stand in violation of Orders of this Court and of the United States District Court for the Western District of Tennessee. As a result plaintiffs are being prevented from gaining access to evidence that bears on the issues in the trial of this matter which is scheduled to commence on May 17, 2004. Accordingly, plaintiff requests that the

Court enter an Order directing Defendants to show cause on short notice why the relief prayed

for should not be granted.

Respectfully submitted

McCARTER & ENGLISH, LLP

Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Dated: April 30, 2004

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-2810 |
| v. | : | |
| | : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. | : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. | : | |
| and Zobar Properties, LLC. | : | |
| | : | |
| Defendants. | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND COUNSEL FOR DEFENDANTS, KYLE TATE, ESQUIRE

---

**McCARTER & ENGLISH, LLP**
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

## TABLE OF CONTENTS

I.    FACTUAL AND PROCEDURAL BACKGROUND.........................................................1

II.   LEGAL ARGUMENT.........................................................................................................7

      A.    Defendants' Counterclaims Should Be Dismissed With Prejudice
           And Default Judgment Should Be Entered In Favor Of DLL as
           Sanctions for Defendants' Failure to Comply with the Discovery
           Order. .................................................................................................................7

           1.    Defendants Are Personally Responsible For Failure To
                 Comply With The Court's Order. ..............................................................8

           2.    DLL and TAMS Have Been Prejudiced By Defendants'
                 Refusal to Produce the Financial Records. ..................................................9

           3.    Defendants Have a History of Dilatoriness. .............................................12

           4.    Defendants' Conduct is Willful and in Bad Faith.....................................12

           5.    Alternative Sanctions. ..............................................................................13

           6.    Lack of Merit to Defendants' Claims and Defenses. .................................14

      B.    Monetary Sanctions Should Be Imposed Upon the Defendants and
           Their Counsel.....................................................................................................15

III.  CONCLUSION....................................................................................................................17

i

## TABLE OF AUTHORITIES

### CASES

Baker Industries, Inc. v. Cerverus Limited, 764 F.2d 204 (3rd Cir. 1985)........................15

Derzack v. County of Allegheny Pennsylvania, 173 F.R.D. 400 (W.D.Pa. 1996).....7, 8,12

Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992) .................................................................8

Murphy v. Housing and Urban Redevelopment, 158 F. Supp. 2d 438
    (D.N.J.2001), aff'd, 51 Fed. Appx. 82 (3d Cir. 2002); cert. denied, 124 S. Ct.
    68, 157 L. Ed. 2d 31 (2003)........................................................................................16

National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.
    Ct. 2778 (1976) .........................................................................................................13

Poulis v. State Farm and Casualty Co., 747 F.2d 863 (3d Cir. 1984)..7, 8, 9, 12, 13, 14, 15

### STATUTES

28 U.S.C. § 1927..............................................................................................................15, 16

### FEDERAL RULES

Fed.R.C.P. 37(b)(2)................................................................................................................7

Fed.R.C.P. 72 ........................................................................................................................3

Fed.R.C.P. 72 (a)...............................................................................................................4, 5

Fed.R.C.P. 26 (c)...................................................................................................................2

Fed.R.C.P. 37 ...................................................................................................................7, 15

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This Motion arises as a result of Defendants' continued and defiant refusal to comply with orders relative to discovery, and a pattern of vexatious misconduct by Kyle Tate, Esquire, counsel for Defendants. The instant motion relates to a subpoena served by Plaintiff, De Lage Landen Financial Services, Inc. ("DLL"), and local counsel in Tennessee directed to John A. May, Jr. ("May") and Rhea & Ivy, PLC ("R&I") (collectively, the "R&I Deponents") and issued out of the United States District Court for the Western District of Tennessee, Western Division.

As this Court is well aware, DLL filed this action in the United States District Court for the Eastern District of Pennsylvania against defendants, DeSoto Diagnostic Imaging, LLC ("DDI"), Randon J. Carvel ("Randon Carvel"), Lynn T. Carvel ("Lynn Carvel"), Delta Radiology, P.C. ("Delta") and Zobar Properties, LLC ("Zobar") (collectively, the "Defendants") on May 10, 2002. Toshiba American Medical Systems ("TAMS" or "Plaintiff/Intervenor") subsequently intervened in the action on May 24, 2002.

Seven months ago, on September 26, 2003, DLL issued a subpoena directed to the R&I Deponents requiring the production of, inter alia, tax and financial information pertaining to the Defendants and related parties on or before October 31, 2003 (the "Subpoena"). A true copy of the Subpoena is attached hereto as Exhibit "A". Just before the return date, and after the time to object had passed, DDI and R&I, separately, filed motions in the United States District Court for the Western District of Tennessee to quash the subpoena on the grounds that the information requested was, inter alia, irrelevant to this action. Neither motion complied with the Local Rules of the United States District Court in Tennessee in that, inter alia, they did not include a brief.

At about the same time, Defendants opposed a motion filed by TAMS in the United States District Court for the Eastern District of Pennsylvania to compel the production of

financial information of the type called for in the Tennessee subpoena. A true copy of TAMS's Motion to Compel is attached hereto as Exhibit "B". Specifically, TAMS requested the Court compel the Defendants to produce all documents concerning DDI's annual financial information for the years 2000, 2001 and 2002, including annual financial statements, profit and loss statements and any other compilation of DDI's financial information, in accordance with TAMS' first document request No. 15. See, Exhibit "B", pages 19-20. This Court determined that the Defendants' financial information was relevant and a proper subject for pretrial discovery. A true copy of the Order granting TAMS' Motion to Compel dated November 7, 2003 is attached hereto as Exhibit "C".

At about the same time, Defendants' counsel filed an "Emergency Motion" for protective order pursuant to Federal Rule of Civil Procedure 26 (c) seeking to preclude certain discovery related to DDI's billing practices and financial records. The Emergency Motion was opposed by both DLL and TAMS and was subsequently denied by this Court on December 2, 2003. A true copy of the Order denying Defendants' Emergency Motion for Protective Order is attached hereto and marked as Exhibit "D".

On January 9, 2004, the District Court for the Western District of Tennessee denied DDI's and the R&I Deponents' Motions to Quash without prejudice, for failure to comply with the local rules of that Court, in that the motions did not include a brief and did not include a Certification of a good faith effort to resolve the matter with opposing counsel. The Court gave the parties leave to refile their motions after compliance with the local rules. A true copy of the Order Denying Defendants' Motion to Quash is attached hereto and marked as Exhibit "E". Despite having ample opportunity to do so, neither DDI nor the R&I Deponents took any action to cure the deficiencies in their Motions to Quash, or renew their Motions.

DLL filed a Motion to Enforce the Subpoena in the Western District of Tennessee on March 2, 2004. On the same date, the R&I Deponents filed a renewed Motion to Quash the Subpoena. <u>No motions or objections of any kind were filed by the Defendants</u>. The Motion to Quash and the Motion to Enforce the Subpoena were referred by Order of Reference of the District Court to the Honorable Tu M. Pham, United States Magistrate Judge, for determination. The Order of Reference, a copy of which was sent to all counsel of record, provided that:

> Any objections to the magistrate judges' Order shall be made within ten (10) days after service of the Order, setting forth particularly those portions of the Order objected to and the reasons for the objections. Failure to timely assign as error a defect in the magistrate judge's Order will constitute a waiver of that objection. <u>See</u> Rule 72(a), Fed.R.Civ.P

A copy of the Order of Reference is attached hereto as Exhibit "F".

On March 11, 2004 Magistrate Judge Pham held a hearing in which all interested parties, including the Defendants and related third parties were given the opportunity to appear and argue the matter. Judge Pham granted Plaintiff's Motion to Enforce the Subpoena, denied the Motion to Quash filed by the R&I Deponents, and ordered the R&I Deponents to comply with the Subpoena by producing the documents on or before March 26, 2004.

On March 17, 2004, Magistrate Judge Pham entered a written order, a copy of which is attached as Exhibit "G", memorializing the decision of March 11 and providing, consistent with that decision, in pertinent part:

> 4. Accountants (defined in paragraph 1 of the order to collectively refer to Rhea & Ivey and John May) are hereby ordered to comply with the subpoenas served upon them by Plaintiffs on or before Friday, March 26, 2004.

Neither Defendants nor the R&I Deponents filed objections to Magistrate Judge Pham's Order within ten days in accordance with Fed. R. Civ. Pro. 72 and the Order of Reference. No request for a stay of the Court's Order of March 17 has been sought or granted by any court.

3

Defendants (through Mr. Tate's law firm) did file a Motion for Reconsideration, which falsely stated that the Magistrate Judge had given leave for the filing of a Motion for Reconsideration. On April 13, 2004, after a hearing with all interested parties including the Defendants and related third parties, Magistrate Judge Pham denied the Motion for Reconsideration.[1] A copy of the Order Denying Defendants' and the R&I Deponents' Joint Motion for Reconsideration is attached hereto as Exhibit "H". No objections to the Magistrate Judge's decision on the Motion for Reconsideration were filed within 10 days as required by Rule 72(a) of the Federal Rules of Civil Procedure.

On April 16, 2004, Defendants, together with the R&I Deponents, filed with the Clerk of the District Court for the Western District of Tennessee, a "Joint Notice of Appeal (FRA.P3(b))" purporting to appeal "a final order entered on the 18th day of March 2004 by the United States District of Tennessee". A true and correct copy of the Joint Notice of Appeal is attached hereto a Exhibit "I". No Order was entered on March 18, 2004. The only Order entered was that of Magistrate Judge Pham on <u>March 17, 2004</u>, directing the R&I Deponents to comply with the subpoena served on or before Friday, March 26, 2004, and the April 13, 2004 Order denying the Motion for Reconsideration.

The Joint Notice of Appeal, signed by Kyle Tate on behalf of the Defendants, also falsely states that copies were served on counsel of record. In fact, no such copies were served, and counsel for plaintiff and counsel for TAMS learned of the filing on April 27, 2004 only by checking the docket of the Court in Tennessee. Declaration of Peter J. Boyer at paragraph 20. The failure to serve multiple parties of a Notice of Appeal is hardly an oversight.

---

[1] At the Hearing, Magistrate Judge Pham specifically noted that, contrary to assertions in Defendants' brief, no motion for reconsideration had been invited by the Court.

The Joint Notice of Appeal falsely states it is taken pursuant to Rule 72.1(g)(3) of the Local Rules of the United States District Court for the Western District of Tennessee. A true and correct copy of relevant pages from Local Rule 72 of United States District Court for the Western District of Tennessee is attached hereto as Exhibit "J". Subparagraph (g)(3) of that rule relates to cases in which the parties have agreed to a trial before a Magistrate Judge. That is not the case here. In this case, the Motion to Enforce the Subpoena was filed with the District Court and was referred to the Magistrate Judge for determination, a circumstance governed by Rule 72.1(a) and by Rule 72(a) of the Federal Rules of Civil Procedure. The purported notice of appeal deliberately misstates its basis, is clearly without merit, and is filed for the sole purpose of attempting to take jurisdiction away from the District Court to enforce its Order compelling production of the documents.

This is not the first time such tactics have been employed by Defendants and their counsel. Plaintiff refers the Court to the Motion for Terminating Sanctions filed by Toshiba America Medical Systems, Inc. (Docket No. 48) and Orders entered by this Court compelling production of documents and denying an "Emergency" Motion for Protective Order (Docket Nos. 79 and 81).

In addition to actions taken to obstruct and delay the prosecution of this matter with respect to proceedings occurring in this Court, Defendants' counsel has consistently acted to disrupt and delay access to evidence from third parties. As outlined in the Motion for Terminating Sanctions previously filed, counsel and the Defendants attempted to bribe witnesses and induce witnesses either not to testify or to testify falsely in a manner that would help Defendants to construct a fraudulent defense and counterclaim.

On the eve of the first discovery cut-off, when counsel for TAMS was questioning a third party witness (Paul King) in Memphis, Tennessee counsel for Defendants unilaterally terminated the deposition and filed a "Emergency Motion for Protective Order" which was patently without merit and was rejected by this Court. As a result, Plaintiff had to incur the expense of a second trip to Memphis by its counsel to complete a deposition that would have been finished but for Mr. Tate's unfounded objection.

Plaintiff's request for sanctions is not made lightly. However after eighteen months of discovery and six months of vigorous efforts to secure evidence controlled by Defendants which is critical to the case, nothing short of the imposition of meaningful sanctions against Defendants and their counsel will prevent a manifest injustice by rewarding a recalcitrant party who fails to disclose relevant evidence that goes to the heart of the issues to be tried in a trial scheduled to begin in less than three weeks.

At this late date, yet another Court order compelling production will nor resolve the issue, both because Defendants and their counsel have made it clear that any such order will not be obeyed, and because there is insufficient time to assimilate and incorporate the documents into the pretrial memorandum and trial preparation necessary in light of the pending trial date of May 17, a date specially listed by the Court in part at the request of the Defendants themselves.[2]

In view of (1) Defendants' flagrant and willful disregard of Orders of two District Courts in refusing to produce critical evidence within Defendants' control, (2) a consistent pattern of stonewalling, delay, and deliberate withholding of information (3) obstruction of depositions and improper interference with third party discovery, and (4) Defendants' counsel's willful

---

[2] Both Plaintiff and Defendants have made it clear that no one is seeking an adjournment of the pending trial date. Any additional delay in the trial of this matter will only result in additional expense and delay in Plaintiff's efforts to recover in excess of $3,000,000 owed to it.

misstatement of the procedural status of the ancillary Tennessee matter in order to prosecute a clearly frivolous appeal in an effort to avoid a contempt adjudication by the Court in Tennessee, DLL's ability to present its case at trial is severely prejudiced. Under the circumstances, sanctions must be imposed in order to prevent a gross miscarriage of justice.

## II.    LEGAL ARGUMENT

### A.    Defendants' Counterclaims Should Be Dismissed With Prejudice And Default Judgment Should Be Entered In Favor Of DLL as Sanctions for Defendants' Failure to Comply with the Discovery Order.

"A federal court has the authority to, and must not avoid the responsibility for, monitoring the conduct of all litigants and attorneys who come before it." Derzack v. County of Allegheny Pennsylvania, 173 F.R.D. 400, 411 (W.D.Pa. 1996) (citations omitted). One way a court may enforce this authority is through the imposition of sanctions under Federal Rule of Civil Procedure 37. Id. Pursuant to Federal Rule of Civil Procedure 37, if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may sanction the disobeying party by, inter alia, striking pleadings or dismissing the action and rendering a default judgment. F.R.C.P. 37(b)(2)(C).

In determining whether the sanction of dismissal under F.R.C.P. 37(b)(2)(C) is an appropriate sanction, the Third Circuit has determined that a district judge should do so in accordance with the factors outlined in Poulis v. State Farm and Casualty Co., 747 F.2d 863 (3d Cir. 1984). Derzack v. County of Allegheny Pennsylvania, 173 F.R.D. at 413. In Poulis, the Third Circuit, in reviewing whether the District Court abused its discretion in ordering dismissal as a sanction for failure to comply with court-ordered time limits, balanced the following factors:

1.    the extent of the party's personal responsibility;
2.    the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
3.    a history of dilatoriness;

7

4.     whether the conduct of the party or attorney was willful or in bad faith;
5.     the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
6.     the meritoriousness of the claim or defense.

See, Poulis, 747 F.2d at 868.

In balancing the Poulis factors, it is not necessary that all of the factors lean towards dismissal. Derzack, 173 F.R.D. at 414, citing Mindek v. Rigatti, 964 F.2d 1369, 1374 (3d Cir. 1992). As long as the district court carefully weighs each factor to the circumstances of the case and reasonably exercises his or her discretion in determining a sanction of dismissal, the guidelines under Poulis are appropriately followed and the court has the power to dismiss the claim. Id.

The facts in the present case weigh heavily in favor of dismissal of Defendants' counterclaims.

### 1.     Defendants Are Personally Responsible For Failure To Comply With The Court's Order.

There is no doubt that Defendants are personally responsible for failure to produce and the financial and billing records in the possession of their accountants. This Court ordered that this information was relevant and discoverable and granted a Motion by (TAMS) compelling their production. In addition, Defendants have been fully advised of and have participated in the ongoing proceedings in the District Court for the Western District of Tennessee in attempt to obstruct the production of the records. The Defendants cannot argue that they were not aware of the Orders of two different District Courts compelling the production of their financial records, nor can they argue that they were aware of their counsel, Kyle Tate's refusal to produce such records. Mr. Tate is defendant DDI's CEO and general counsel and is also the brother of Lynn T. Carvel, principal of DDI, an individual Defendant in this matter. Therefore, the Defendants' personal responsibility and involvement in willfully ignoring court orders and obstruction of

DLL's and TAMS' right to the financial information cannot be denied. As a result, this factor favors dismissal of Defendants' counterclaims.

### 2.    DLL and TAMS Have Been Prejudiced By Defendants' Refusal to Produce the Financial Records.

The type of prejudice that supports dismissal of an action for abuse of litigation tactics can result from lack of cooperation from a party. Poulis, 747 F.2d at 868. In Poulis, the court weighed the plaintiff's failure to answer or object to interrogatories requiring defendant to file a motion to compel answers and file a pretrial statement without opportunity to review plaintiff's pretrial statement as prejudicial conduct whereby plaintiff should have cooperated under the spirit of federal procedural rules. Id.

In the present case, DLL and TAMS have been prejudiced by Defendants' refusal to produce documents as well as their direction to the accountants not to produce the financial records. Trial is scheduled in this matter on May 17, 2004 and pretrial memoranda and motions are required to be submitted 10 days prior to the trial. This subpoenaed information, as already determined by this Court, is highly relevant to the claims and defenses of both DLL and TAMS. Not only have Defendants refused to cooperate and produce the financial records, they have completely and deliberately disregarded the Orders of this Court and the District Court for the Western District of Tennessee's to the contrary.

At the heart of DDI's Answer and Counterclaim is the assertion that the medical equipment that it leased was defective and did not perform properly. The relevance of this evidence was described in plaintiff's Motion in opposition to Defendants' Emergency Motion for Protective Order (Docket No. 78) portions of which follow:

Among the claims set forth in the amended counterclaims are the following:

## COUNTERCLAIM I
## BREACH OF CONTRACT DELIVERY OF NON-CONFORMING GOODS

76.    Soon after TAMS installed the equipment at the DDI facility, defendants discovered that the goods failed to perform in accordance with the Master Lease in that the equipment did not perform the essential purpose for which it was intended, and failed to consistently perform to the level of quality as expressly promised, warranted, and represented by TAMS to defendant.

## COUNTERCLAIM II
## BREACH OF EXPRESSED AND IMPLIED WARRANTY AGAINST TAMS

95.    The goods delivered to defendants were not fit for defendants' purposes in that the subject equipment routinely produced poor images that were not capable of being used by the physicians for diagnostic purposes.

## COUNTERCLAIM IV
## BREACH OF MASTER CONTRACT FINANCING
## PROGRAM AGREEMENT AGAINST TAMS AND DLL

113.    TAMS has breached its obligations under the financing agreement by failing to meet its duty to provide equipment that conforms to the express and implied warranties represented by TAMS as set out herein, in that, inter alia, the equipment was not suitable for its intended purpose, was not timely or adequately repaired, and failed to produce high quality diagnostic images, as represented and warranted by TAMS in the financing agreement and elsewhere.

## COUNTERCLAIM IX
## DECLARATORY JUDGMENT AGAISNT TAMS AND DLL

143.    The non-conformity of the equipment substantially impaired its value to defendants in that it did not produce high quality diagnostic images and caused undue hardship of the defendants' business.

One of the issues presented by Defendants' counterclaims is whether Defendants have properly revoked acceptance of the goods by reason of claimed material defects. The evidence with respect to the nature and extent of these defects is hotly disputed. While [defendants] seek to characterize the defects as ongoing and material, representatives of Toshiba contend that the defects were resolved and that continuing problems resulted from operator error.

10

One of the elements of proof in assisting the trier of fact in determining whether, in fact, the defects were of a nature and extent so as to justify a delayed revocation of acceptance is the extent to which the defects hindered DDI in the operation of its business. DDI's business is medical imaging. The equipment that is claimed to have been not suitable for use and incapable of rendering images suitable for diagnosis was used by DDI in the operation of its business. Discovery of DDI's financial and billing records for the time period both before and after the equipment was removed is clearly calculated to lead to the discovery of relevant admissible evidence as to this issue.

Item 8 of Defendants' specification of damages (part of Defendants' Answer to Interrogatories) is entitled reduction and lease payments and provides as follow:

> Defendants incurred damages in an amount consistent with a United States District Court for the Eastern District of Pennsylvania jury award on the issue of what would have been reasonable lease payments for the TAMS medical equipment that failed of its essential purpose, which was to perform as warranted. Defendants continued to make regular, full lease payments on TAMS medical equipment, despite the fact that it failed to perform as warranted for the entire time the equipment was operative at the DDI facility. The actual percentage by which regular lease payments should be reduced to account for the reduced capabilities of the equipment is a question of fact, which should properly be decided by the jury in this matter.

The evidence sought is relevant not only to Defendants' counterclaims, but also to DLL's affirmative claims. DDI contends that it is not in default of the lease and disclaims liability for the remaining amounts due under the lease based on the contention that the equipment did not perform properly. As a result, the financial information is essential to determine if profits were generated by DDI's use of the leased equipment. Moreover, Defendants have asserted claims for damages as to which the information sought is also relevant. Defendants' tactics and refusing to

11

produce the financial records have clearly prejudiced both DLL and TAMS in the litigation of their respective cases. As a result, this factor favors dismissal of Defendants' counterclaims.

### 3. Defendants Have a History of Dilatoriness.

Time limits imposed by the rules and court serve the purpose of expediting the process of litigation and the practice of ignoring time limits is intolerable. Poulis, 747 F.2d 868. Stalling tactics and stonewalling a party's efforts to obtain discovery is conduct that favors dismissal. Derzack, 173 F.R.D. at 416.

In the present case, as described herein, Defendants have deliberately delayed production of the financial records. In addition, Defendants have willfully ignored federal rules, orders and procedures and have ignored court-ordered deadlines within which to produce these documents. Moreover, Defendants have filed a frivolous appeal which deliberately misrepresents the underlying order. Defendants and their counsel have made it clear that they have no intention of production the documents, no matter what the consequences. As a result, this factor favors dismissal of Defendants' counterclaims.

### 4. Defendants' Conduct is Willful and in Bad Faith.

A willful act such as fraud on the court is a factor that indicates dismissal as the appropriate remedy. Derzack, 173 F.R.D. at 416-17.

In the present case, the Defendants have willfully disregarded this Court's order denying Defendants request for protection from releasing their financial records in discovery and the order of the District Court for the Western District of Tennessee's Order enforcing DLL's subpoena for Defendants' financial records in their accountants possession. As stated above, Defendants' repeated and deliberate attempts to preclude DLL and TAMS from obtaining this financial information is clearly willful and bad faith conduct and is in callous disregard of their responsibilities to this Court and all other parties. Moreover, the filing of false submissions in an

12

effort to support an improper appeal warrants a finding of a willful act of fraud on the Court. As a result, this factor favors dismissal of Defendants' counterclaims.

### 5.    Alternative Sanctions.

The sanction of dismissal is a harsh and severe sanction and is used as a last, not first, resort. Poulis, 747 F.2d at 869. However, the most severe sanctions must be available to the district court in certain circumstances not only to penalize those whose conduct may warrant such a sanction but also to deter those that are tempted to such conduct in the absence of such a deterrent. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976). Findings of flagrant bad faith and callous disregard of a party's responsibilities warrants the extreme sanction of dismissal. Id. In National Hockey League, the Supreme Court of the United States determined that the district judge did not abuse its discretion by dismissing the plaintiff's complaint after being expressly directed by the court to perform an act by a certain date and after being warned that failure to provide certain discoverable information would result in sanctions. Id. at 640-41, 96 S.Ct. at 2780.

In the present case, Defendants were compelled to produce financial records by both this Court and the District Court for the Western District of Tennessee. Defendants have deliberately disobeyed these Orders and continue to refuse to produce these records. They have instructed the accountants, Rhea & Ivy to disregard a clear and direct Order of Court in Tennessee. Now, on the eve of trial, DLL and TAMS have been deprived of essential information that goes to the heart of DLL's and TAMS' claims and Defendants' counterclaims. Defendants' willful disregard of the orders of the district courts and continuing attempts to obstruct DLL and TAMS from obtaining the financial records is exactly the kind of conduct that warrants the severe sanction of dismissal. This sanction is designed to protect against such conduct and cannot be avoided at this late stage.

If ever a case warrants the ultimate sanction, it is this case. In the alternative, if the Court feels that even on this record the ultimate sanction of default and dismissal is not warranted, plaintiff asks that a minimum the Court enter an Order precluding Defendants from introducing any evidence at trial that tends to show that the equipment did not function properly or that Toshiba's support service was not adequate. The evidence improperly withheld by Defendants goes directly to these issues.

### 6.    Lack of Merit to Defendants' Claims and Defenses.

The court does not use summary judgment standards in determining the meritoriousness of claims and defenses. Poulis, 747 F.2d 869. "A claim or defense is deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Id. at 869-70. In Poulis, the Third Circuit weighed the fact that the plaintiffs' claim could fail as it was not timely brought and plaintiffs failed to respond to or offer a defense against this allegation. Id. 870.

For the reasons set forth in detail in Plaintiff's Motion for Summary Judgment, pursuant to the terms of the Master Lease, DDI was required to make lease payments to DLL, regardless of the functionality of the equipment. In addition, Lynn T. Carvel, Randon J. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC unconditionally and absolutely guaranteed the performance of DDI's obligations under the Master Lease. The Defendants' arguments that the failure of the equipment constitutes a defense to payment is directly contrary to the express provisions of the Lease. In the face of that contention, Defendants' failure to give DLL access to clearly related discovery is shocking. DLL is entitled to judgment against the Defendants as a matter of law.

**B.     Monetary Sanctions Should Be Imposed Upon the Defendants and Their Counsel.**

In addition to whatever other sanctions are imposed, monetary sanctions should be awarded. The district court is authorized to impose on a party and/or attorney those expenses caused by failure to comply with discovery orders, including attorneys' fees. Poulis, 747 F.2d 869. Federal Rule of Civil Procedure 37 provides district courts with a broad range and discretion in determining the imposition of sanctions. See, F.R.C.P. 37(a)-(d). At a minimum, Defendants should be responsible for all fees and costs incurred as a result of the motions filed in the District Court for the Western District of Tennessee.

In this case the role and conduct of Kyle Tate, lead counsel for the Defendants warrants the imposition of monetary sanction against counsel as well. In Baker Industries, Inc. v. Cerverus Limited, 764 F.2d 204 (3rd Cir. 1985) the United States Court of Appeals for the Third Circuit affirmed the District Court Order requiring defense counsel to pay legal fees by reason of their bad faith conduct. The Court of Appeals observed:

> "We cannot leave this discussion without one last observation. An attorney's obligation to the Court is one that is unique and must be discharged with candor and with great care. The Court and all parties before the Court rely upon representations made by counsel. We believe without qualification that an attorneys word is his bond. . . We will not expect less from those who practice in our Courts."

Baker, 764 F.2d at 212.

The basis for the award of counsel fees and costs in the Baker matter was 28 USC § 1927 which provides for the assessment of sanctions directly against counsel as follows:

> § 1927 Counsel Liability for excessive costs
>
> "Any attorney or other person admitted to conduct cases in any Court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the

> excess costs, expenses and attorneys fees reasonably incurred
> because of such conduct."

The record in this case is replete with evidence that Kyle Tate has unreasonably and

vexatiously caused additional expense and delay in this matter. As Judge Orlofsky aptly noted,

in <u>Murphy v. Housing and Urban Redevelopment</u>, 158 F.Supp.2d 438 (D.N.J.2001), aff'd, 51

Fed. Appx. 82 (3d Cir. 2002); <u>cert.</u> denied, 124 S.Ct. 68, 157 L.Ed.2d 31 (2003), in assessing

counsel fees and costs against an attorney pursuant to 28 U.S.C. § 1927:

> While Rambo may be a success at the box office, lawyers who
> appear in this Court and adopt Rambo as a role model do so at their
> peril.

158 F.Supp.2d at 441. Mr. Tate' s Rambo tactics in this case have resulted in significantly

increased expense and the necessity for multiple motions and proceedings in order to get basic

discovery that goes to the heart of his client's position in the case. Accordingly sanctions should

be imposed upon Mr. Tate as well as the Defendants.

## III.    **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that this Court grant Plaintiff's

Motion and enter an Order in the form attached.

Respectfully submitted
McCARTER & ENGLISH, LLP


Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Dated: April 30, 2004

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

**DECLARATION OF PETER J. BOYER IN SUPPORT OF PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND COUNSEL FOR DEFENDANTS, KYLE TATE, ESQUIRE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO: 02-CV-2810 |
| vs. : | |
| : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants. : | |

**DECLARATION OF PETER J. BOYER IN SUPPORT OF PLAINTIFF DE LAGE
LANDEN FINANCIAL SERVICES, INC.'S MOTION FOR SANCTIONS AGAINST
DEFENDANTS AND COUNSEL FOR DEFENDANTS, KYLE TATE ESQUIRE**

I, Peter J. Boyer, hereby declare as follows:

1.     I am an attorney at law, licensed to practice in the Commonwealth of

Pennsylvania and the United States District Court for the Eastern District of Pennsylvania,

among others. I am one of the attorneys of record for plaintiff, De Lage Landen Financial

Services, Inc. ("DLL") in this matter.

2.     I am submitting this declaration in support of DLL's Motion for Sanctions and

expedited relief as a result of conduct by Defendants and their counsel in connection with

ancillary proceedings in the United States District Court for the Western District of Tennessee.

3.     In order to place the motion in context, some background is necessary.

4.    Although couched in a number of different legal theories, Defendants are contending that they do not have to pay the balance owed under the Lease and are asserting counterclaims based upon the contention that the equipment that was leased did not work. As Defendants stated in moving unsuccessfully for an "emergency" protective order:

> This is a case about a large, international company, Toshiba, who knowingly sold defective equipment to a small free-standing imaging center in Olive Branch, Mississippi.[1]

5.    As part of its discovery in this matter, DLL has sought to test that contention by, among other things, obtaining evidence concerning Defendants' financial condition and results of operation before and after the equipment was installed.

6.    DLL also sought discovery concerning related business ventures of the Defendants. Facts and documents concerning those ventures bear on the assertions by Defendants that they were unsophisticated parties who should be excused from their obligations because the contracts as issue constituted contracts of adhesion.

7.    Even before the Emergency Motion for Protective Order was filed, DLL had been seeking discovery relating to financial information concerning Defendants from Defendants' accountants in Memphis, Tennessee and Merchant & Farmers Bank in Mississippi.

8.    Details concerning the Subpoena to Merchants & Farmers Bank have been set forth in a separate declaration filed with the Court on April 27, 2004, a copy of which is attached as Exhibit K to DLL's Memorandum of Law in Support of DLL's Motion for Sanctions Against Defendants and Counsel for Defendants, Kyle Tate, Esquire.

---

[1] Defendants' Emergency Motion for Protective Order Under Fed. R. Civ. P. 26, filed with the Court on November 14, 2003.

PHl: 478644.01

9.      In September of 2003 this office caused subpoenas to be served on the accounting

firm of Rhea & Ivy, PLC and John A. May, Jr. (hereafter referred to as the "R&I Deponents")

which commanded Mr. May to appear for a deposition and to produce accounting records for

defendants and related parties.

10.     Motions to quash the subpoenas were filed by the Defendants and by the R&I

Deponents, and were denied by the District Court for the Western District of Tennessee on

January 9, 2004, for failure to comply with the local rules of Court, in that the motions did not

include a brief and did not include a Certification of a good faith effort to resolve the matter with

opposing counsel. The Court gave the parties leave to refile their motions after complying with

the local rules.

11.     In late February, when it became apparent that Defendants and the R&I

Deponents were not going to re file the motions to quash, this office pressed for the production

of documents and deposition as called for in the subpoena.

12.     The R&I Deponents, at the urging of the Defendants, refused to comply with the

subpoena.

13.     On March 2, 2004 DLL filed a motion in the District Court for the Western

District of Tennessee to enforce the subpoena. On the same date, the R&I Deponents filed a

renewed motion to quash the subpoena. No papers of any kind were filed by the Defendants.

14.     The Motion to Quash and the Motion to Enforce the Subpoena were referred by

the Court to the Honorable Tu M. Pham, United States Magistrate Judge, for determination. The

Order of reference, a copy of which was sent to all counsel of record, provided that

PHI: 478644.01

> Any objections to the magistrate judge's Order shall be made within ten (10) days after service of the Order, setting forth particularly those portions of the Order objected to and the reasons for the objections. Failure to timely assign as error a defect in the magistrate judge's Order will constitute a waiver of that objection. See Rule 72(a), Fed.R.Civ.P

15.    On March 11, 2004 Magistrate Judge Pham, after a hearing in which all interested parties were given the opportunity to appear and argue the matter, granted DLL's motion to enforce the subpoena, denied the motion to quash filed by the R&I Deponents, and ordered the R&I Deponents to comply with the subpoena on or before March 26, 2004.

16.    On March 17, 2004, Magistrate Judge Pham entered a written order, a copy of which is attached as Exhibit G to DLL's Memorandum of Law in Support of DLL's Motion for Sanctions Against Defendants and Counsel for Defendants, Kyle Tate, Esquire, memorializing his decision of March 11 and providing, consistent with that decision, in pertinent part:

> 4. Accountants (defined in paragraph 1 of the order to collectively refer to Rhea & Ivy and John May) are hereby ordered to comply with the subpoenas served upon them by Plaintiffs on or before Friday, March 26, 2004.

17.    Neither Defendants nor the R&I Deponents filed objections to Magistrate Judge Phan's Order within ten days in accordance with Fed. R. Civ. Pro. 72. No request for stay of the Court's Order of March 17 has been sought or granted by any court[2].

18.    The Defendants did file a Motion for Reconsideration which was referred to the Magistrate Judge for determination. On April 13, 2004 the Magistrate Judge denied Defendants' Motion for Reconsideration. No objections to the Magistrate Judge's decision on the Motion for

---

[2] Defendants did file a Motion for Reconsideration, in which the R&I Deponents joined, which motion was denied by Magistrate Judge Phan on April 13, 2004, after a hearing in which Magistrate Judge Phan noted that, contrary to assertions in Defendants' brief, no motion for reconsideration had been invited by the Court.

PHI: 478644.01

Reconsideration were filed within 10 days as required by Rule 72(a) of the Federal Rules of Civil Procedure.

19.      On April 16, 2004, Defendants together with R&I Deponents filed a "Joint Notice of Appeal (FRAP3(b))" purporting to appeal "a final order entered on the 18th day of March 2004 by the United States District of Tennessee". A true and correct copy of the Joint Notice of Appeal is attached as Exhibit I to DLL's Memorandum of Law in Support of DLL's Motion for Sanctions Against Defendants and counsel for Defendants, Kyle Tate, Esquire. The only Order that was entered in March was that of Magistrate Judge Pham on March 17, 2004. On April 13, 2004 Magistrate Judge Pham of the United States District Court for the Western District of Tennessee entered an Order denying a Motion for Reconsideration. No objections were filed and no appeal has been taken from either of these Orders.

20.      Although the Joint Notice of Appeal, as filed with the Court, indicates that copies were served on counsel of record, service was in fact not made. Plaintiff first learned of the filing on April 27, 2004 when plaintiff's Tennessee counsel checked the Court file in the Clerk's office. I have confirmed with DLL's local counsel, Jeremy Alpert, Esquire and with counsel for TAMS that no notice of this filing was sent to them, and that they were similarly unaware of the filing until April 27, 2004.

21.      The Joint Notice of Appeal purports to be taken pursuant to Rule 72.1(g)(3) of the Local Rules of the United States District Court for the Western District of Tennessee. A true and correct copy of relevant pages from Local Rule 72 of United States District Court for the Western District of Tennessee is attached as Exhibit J to DLL's Memorandum of Law in Support of DLL's Motion for Sanctions Against Defendants and counsel for Defendants, Kyle Tate,

PH1: 478644.01

Esquire. As can be seen from the attached, subparagraph (g)(3) relates to cases in which the party have agreed to a trial before a Magistrate Judge. That is not the case here. Instead, in this case motions were filed with the District Court which were referred to the District Court by the Magistrate Judge for determination, a circumstance governed by Rule 72.1(a) and by Rule 72(a) of the Federal Rules of Civil Procedure.

22.    Plaintiff continues to press for appropriate remedies in the Court in Tennessee and in that regard is filing an Order to Show Cause for Contempt as well as a Motion to Quash to Appeal as improper.

23.    In the meantime, however, the imminent trial date in this Court makes it likely that relief may not be granted in the Court of Appeals or the District Court in Tennessee until after the trial of this matter is concluded.

24.    Despite the Court's Order and despite follow up requests by counsel for Plaintiffs, Defendants and the R&I Deponents continue to refuse to comply with the Court's Order, and stand in contempt of that order.

I declare this 30th day of April 2004, under penalty of perjury, that the foregoing is true and correct.

Peter J. Boyer

6

PH1: 478644.01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| : | |
| Plaintiff : | HON. RONALD L. BUCKWALTER |
| and : | |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| Defendants : | |
| : | |

### CERTIFICATE OF SERVICE

I, Peter J. Boyer, Esquire, hereby certify that on April 30, 2004, I caused a true copy of the foregoing Declaration of Peter J. Boyer Re: Defendant's Motion for Sanctions and this Certificate of Service to be served upon the following counsel in this action in the manner indicated:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
**Via Hand Delivery**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Kyle P. Tate, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
**Via Fax & Overnight Mail**

Lynanne B. Wescott, Esquire
The Westcott Law Firm
Two Penn Center Plaza, Suite 200
Philadelphia, PA 19102
**Via Hand Delivery**

PETER J. BOYER