UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., <br> Plaintiff, <br><br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC. <br> Plaintiff/Intervenor, <br><br> v. <br><br> DESOTO DIAGNOSTIC IMAGING, LLC., RANDON J. CARVEL, LYNN T. CARVEL, DELTA RADIOLOGY, P.C. and ZOBAR PROPERTIES, LLC <br><br> Defendants. | CIVIL ACTION NO. 2:02CV2810 <br><br> HON. RONALD L. BUCKWALTER |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Motion of Plaintiff/Intervenor Toshiba America Medical Systems, Inc. ("TAMS") for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2), it is hereby ORDERED that the motion is GRANTED.

It is FURTHER ORDERED that:

(a) Judgment is hereby entered in favor of Plaintiff De Lage Landen Financial Services, Inc. ("DLL") and against Defendants on all counts of the Complaint in this action;

(b) Judgment is hereby entered in favor of Plaintiff/Intervenor Toshiba America Medical Systems, Inc. ("TAMS") and against Defendant on all counts of the Intervenor Complaint in this action;

(c) Judgment is hereby entered against Defendants dismissing with prejudice all counts of Defendants' Amended Counterclaims against DLL and TAMS;

(d) The following facts established as against all Defendants for purposes of trial: (1) all of the Toshiba equipment leased by DeSoto performed properly in accordance with its specifications and in accordance with any warranties or representations made by TAMS; (2) TAMS properly serviced, maintained and repaired the Toshiba equipment leased by DeSoto; (3) Defendants engaged in Medicare fraud which adversely affected its operations due to technologist turnover, in that the Medicare fraud caused technologists to quit and prevented DeSoto from being able to retain qualified replacement technologists and; (4) DeSoto and the other Defendants were sophisticated parties who freely entered into all agreements involved in this action and no such agreements were contracts of adhesion or otherwise unlawful or unenforceable.

(e) Prohibiting Defendants from introducing any evidence relating to any claimed damages, including without limitation damages relating to the performance or alleged performance of the leased equipment.

(f) Defendants and Kyle P. Tate, Esq. shall pay sanctions in the amount of TAMS' reasonable costs, including attorneys fees, incurred in preparing TAMS' prior Motion for Terminating Sanctions filed with this Court on October 7, 2003. TAMS shall submit a bill of costs for such amounts as it claims within ten (10) days of entry of this Order. Within ten (10) days thereafter, Defendants and Mr. Tate may lodge any objections to said bill of costs.

(g) Defendants and Kyle P. Tate, Esq. shall pay sanctions in the amount of TAMS' reasonable costs, including attorneys fees, incurred in preparing TAMS' instant Motion for Sanctions. TAMS shall submit a bill of costs for such amounts as it claims within ten (10)

days of entry of this Order. Within ten (10) days thereafter, Defendants and Mr. Tate may lodge any objections to said bill of costs.

      (h) A damages hearing will be scheduled within thirty (30) days of the date of this order;

BY THE COURT:

_____
Ronald L. Buckwalter, U.S.D.J.