IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., <br>                 Plaintiff, <br><br> TOSHIBA AMERICA MEDICAL SYSTEMS, INC. <br>                 Plaintiff/Intervener, <br><br>               v. <br><br> DESOTO DIAGNOSTIC IMAGING, LLC., et al. <br>               Defendants and Counter-Claimants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br><br><br><br> CIV. A. NO. 2:02CV2810 |

**DEFENDANTS' REPLY BRIEF TO DLL'S RESPONSE TO THE MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR VIOLATION OF THE PENNSYLVANIA FICTITIOUS NAME ACT OR IN THE ALTERNATIVE FOR DISMISSAL FOR LACK OF JURISDICTION**

In response to De Soto's disclosure that De Lage Landen ("DLL") has violated Pennsylvania law by not registering its fictitious name and as a result is not entitled to file suit in courts of this Commonwealth, DLL offers two defenses that require a response: first, that DLL had no obligation to register any fictitious name because the fictitious name (Toshiba America Medical Credit or TAMC) is a program of Toshiba America Medical Systems, Inc. ("TAMS") and, apparently, DLL believes TAMS should have registered the name; and second, DLL claims it has the capacity to sue and that De Soto has waived this defense.

Whether TAMS or DLL had the initial burden of complying with the Commonwealth's Fictitious Name Act,[1] the fact remains that DLL is the entity suing under the Master Lease Agreement. DLL is the company doing business in that name and using the courts in contravention of Pennsylvania law. Thus, DLL was operating under a name not its own, a name not disclosed to customers, and as a result, was required to register.

DLL argues it meets the tests for Article III standing in United States courts. However, DLL does not address any of De Soto's caselaw demonstrating that when a company utilizes a fictitious name, registration under the Fictitious Name Act is mandatory before an entity can bring suit either in the fictitious name or in a successor name. There is no exception in the Fictitious Name Act for failure to register, filing a lawsuit, getting caught for failing to register, but being allowed to proceed because an entity has "standing."

In arguing that De Soto's motion is a "capacity to sue" motion, DLL claims that De Soto has waived this defense because it failed to raise it in its initial pleadings. This is false. De Soto's First Amended Affirmative Defenses and First Amended Counterclaims set forth at ¶¶ 13, 25, 26, 28-31 the facts it knew at the time as to DLL's misrepresentations as to who it was. De Soto also reserved the right to assert other defenses as they became known. Id. p.4. Thus, De Soto has not waived anything. When asked by interrogatory in which states DLL was authorized to do business as Toshiba America Medical Credit and/or Toshiba Medical Credit, DLL falsely responded "[a]ll fifty states of the United States." Thus DLL deliberately misled De Soto about its

---

[1] DLL argues a "private label" name is not a fictitious name, but offers nothing in support of that position. However, DLL concedes in its response to Interrogatory 14 at Exhibit 1 of De Soto's motion that a private

failure to register. It was not until the stream of lies by DLL became obvious that De Soto started checking DLL's statements under oath, such as its responses to interrogatories. It seems ludicrous for DLL to thumb its corporate nose at the law, lie about it under oath, then blame De Soto for not catching it earlier.

Each of the cases cited by DLL to excuse its lack of registration merely proves De Soto's point. For example, <u>Typh Inc. v. Typhoon Fence of Pennsylvania, Inc.</u>, 461 F. Supp. 994 (E.D. Pa. 1978) deals with the failure of a foreign corporation to comply with Pennsylvania's requirements for it to maintain suit in Pennsylvania. DLL is not a foreign corporation, it is a Pennsylvania corporation and, as such, is required to know and follow Pennsylvania law. Moreover, nothing in <u>Typh</u> allows the violation of state law to remain unaddressed. DLL does not aver that it has complied, or that it intends to comply with the Fictitious Name Act. <u>American Postal Workers Union v. United States Postal Service</u>, 222 F. Supp. 2d 675 (E.D. Pa. 2002) is a case where the dispute was over whether a local union, as opposed to the national union, could bring an enforcement action when there was no provision in the Collective Bargaining Agreement allowing a local to sue. Nothing in that case addressed violation of a state law. <u>Bowen Eng. v. Estate of Reeve</u>, 799 F. Supp. 467, 474 (D.N.J. 1992) is an environmental case where a decedent's estate was sued under CERCLA. Again, nothing in that case addressed compliance with a state law.

<u>De Saracho v. Custom Food Machinery</u>, 206 F.3d 874 (9th Cir. 2000) is similarly inapposite on its facts, but illustrates that De Soto has done all it needs to do to maintain this defense. <u>De Saracho</u> was on appeal from a jury verdict. There, an allegation was made that the plaintiff was not properly authorized to sue because it

---

label is a fictitious name, by the terms of its answer.

purportedly was not a party to a partnership agreement, clearly not a case of violation of state law. The court held that the defense was waived without a "specific negative averment", subject "to the liberal amendment policy of Rule 15." In De Saracho the court noted that none of the defendants made a specific negative averment in their responses, moved to amend, or filed a motion for summary judgment on the issue. Here, De Soto made averments in its response to DLL's complaint of that which De Soto had knowledge, reserved its right to assert additional defenses as they were discovered and filed a summary judgment motion on the issue.

      De Soto takes exception to DLL's allegation that it deliberately waited until the eve of trial and the expiration of discovery to assert this defense, as if DLL was surprised by completely new information. In fact, all the relevant information was in *DLL's* possession, it knew whether or not it had complied with state law—and lied about it in its interrogatory answers. There is no surprise here, just disappointment that it has been caught.

For all these reasons and because DLL has not complied with state law prerequisite to filing suit, and does not deny that it has not done so, De Soto's motion for summary judgment should be granted.

Respectfully submitted,

_____
Lynanne B. Wescott
The Wescott Law Firm P.C.
Two Penn Center Plaza, Suite 200
Philadelphia, PA   19102
         (215) 755-6330


Kyle P. Tate
for TATE LAW FIRM
9085 Sandidge Center Cove
Olive Branch, MS 38654
(662) 893-8833

William Matthews
SAUL EWING LLP
Center Square West
1500 Market Street, 38th Fl.
Philadelphia, PA 19102-2186
(215) 972-7106


Attorneys for Defendants
DeSoto Diagnostic
Imaging, LLC, *et al*

Dated:  May 3, 2004

**CERTIFICATE OF SERVICE**

I certify that I am this day serving a copy of the attached Reply to Plaintiff's Response to Defendants Motion to Dismiss for Violation of the Pennsylvania Fictitious Name Act or in the Alternative for Dismissal for Lack of Jurisdiction upon the persons and in the manner indicated below:

Service by telecopy on May 3, 2004 and by hand delivery on May 4, 2004 to:

>   Mr. John Chesney
>   Ms. Julianne Peck
>   Mr. Jonathan Sturz
>   DRINKER BIDDLE & REATH LLP
>   One Logan Square
>   18th & Cherry Streets
>   Philadelphia, PA 19103-6996
>
>   Mr. Peter Boyer
>   Ms. Rosetta B. Packer
>   MCCARTER & ENGLISH, LLP
>   Mellon Bank Center, Suite 700
>   1735 Market Street
>   Philadelphia, PA 19103-7501

_____
Lynanne B. Wescott

Dated: May 3, 2004