IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc.<br><br>           Plaintiff<br>vs.<br><br>Toshiba America Medical Systems, Inc.<br><br>          Intervenor Plaintiff<br><br>vs.<br><br>DeSoto Diagnostic Imaging, LLC., Randon J.<br>Carvel, Lynn T. Carvel, Delta Radiology, P.C.<br>and Zobar Properties, LLC.<br><br>           Defendants | CIVIL ACTION NO. 02-CV-2810<br><br>HON. RONALD L. BUCKWALTER |

## ORDER

This matter being brought before the Court by McCarter & English, LLP, counsel for plaintiff De Lage Landen Financial Services, Inc. (the "Plaintiff") on Plaintiff's Motion in Limine Precluding Defendants From Presenting Evidence Regarding Performance Of The Leased Medical Equipment And Alleged Damages Sustained By Defendants, and the Court having considered the said Motion and the record in this case, and all opposing affidavits, certifications, exhibits, documents and briefs filed by the Defendants;

It is on this _____ day of _____, 2004 ORDERED as follows:

  (1) Plaintiff's Motion to Preclude is hereby GRANTED; and

  (2) At the trial of this matter, Defendants shall be BARRED from presenting any evidence relating to the performance of the leased medical equipment and any alleged damages sustained by Defendants.

BY THE COURT:


_____
RONALD L. BUCKWALTER, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| Defendants : | |

### PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION IN LIMINE PRECLUDING DEFENDANTS FROM PRESENTING EVIDENCE REGARDING PROPER PERFORMANCE OF THE LEASED EQUIPMENT AND ANY ALLEGED DAMAGES SUSTAINED BY DEFENDANTS

Plaintiff, De Lage Landen Financial Services, Inc. ("DLL"), by and through its undersigned attorneys, moves this Honorable Court pursuant to Federal Rule of Civil Procedure 37 to preclude Defendants from presenting evidence regarding the performance of the leased equipment and any alleged damages sustained by Defendants. In support of its Motion in Limine, DLL relies upon the accompanying Memorandum of Law in support thereof, which is incorporated herein by reference. The grounds for the motion and the specific relief sought are

set forth in the Memorandum of Law and Proposed Form of Order, which is also being submitted with this Motion.

Dated May 7, 2004

     Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214)
MCCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-2810 |
| v. | : | |
| | : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : : : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION IN LIMINE PRECLUDING DEFENDANTS FROM PRESENTING EVIDENCE REGARDING PROPER PERFORMANCE OF THE MEDICAL EQUIPMENT AND ALLEGED DAMAGES SUSTAINED BY DEFENDANTS**

**McCARTER & ENGLISH, LLP**
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

I.  **INTRODUCTION**

The basis for this Motion in Limine is set forth in Plaintiff, De Lage Landen Financial Services, Inc.'s ("DLL") Motion for Sanctions and Other Relief Against Defendants and Counsel For Defendants, Kyle Tate, Esquire ("Motion for Sanctions"), filed with the Court on April 30, 2004. In light of the Court's familiarity with the facts of this case and in the interests of efficiency and judicial economy, DLL relies on the facts set forth in its Motion for Sanctions, a copy of which is attached hereto as Exhibit A.

II. **LEGAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 37, federal courts are authorized to impose sanctions against a party for discovery violations. Ware Communications, Inc. v. Rodale Press, Inc., 2002 WL 89604, *2 (E.D.Pa.). If a party fails to obey an order to provide or permit discovery, the court in which the action is pending may sanction the disobeying party by, inter alia, barring the admission of certain evidence. F.R.C.P. 37(b)(2)(B).

When preclusion of evidence as a sanction under F.R.C.P. 37(b)(2)(B) results in a dismissal of the case, the district judge is required to follow the factors outlined in Poulis v. State Farm and Casualty Co., 747 F.2d 863 (3d Cir. 1984). Ware Communications, 2002 WL at *2. In Ware Communications, defendant sought to preclude the plaintiff from introducing evidence relating to the element of damages under a claim for breach of contract as a result of plaintiff's repeated and blatant refusal to comply with court Orders and respond to defendant's discovery requests. Id. at *3. Preclusion of plaintiff's statement of calculation of damages would result in dismissal of plaintiff's complaint because the plaintiff would be unable to establish a claim for breach of contract. Id. Therefore, this Court looked to and weighed the factors set forth in Poulis and determined that plaintiff's failure to provide a complete response to defendant's

discovery until the eve of trial was inexcusable and the sanction of preclusion was warranted. Id. at *7.

In the present case, Defendants assert that the medical equipment that it leased was defective and did not perform properly. DDI claims that it suffered damages as a result of the alleged malfunction of the equipment. One element in proving whether, in fact, the defects were of a nature and extent so as to justify DDI's breach of the Master Lease is the extent to which the alleged defects hindered DDI in the operation of its business. DDI utilized this equipment in the operation of its business and billed patients and/or related parties for the services performed. Discovery of DDI's and the Guarantor Defendants' financial information and billing records for the time period both during its use and after the equipment was removed is clearly calculated to lead to the discovery of relevant admissible evidence as to the extent of profits generated by DDI's use of the leased equipment and Defendants' claim for damages.

Preclusion of evidence regarding the functionality of the equipment and alleged damages sustained by Defendants is warranted based on Defendants' continued and blatant failure to comply with discovery orders, of this Court and of the United States District Court for the Western District of Tennessee. This Court must weigh and analyze the Poulis factors prior to warranting the sanction of preclusion. DLL relies on its analysis of the Poulis factors set forth in its Motion for Sanctions attached hereto as Exhibit A.

## III. **CONCLUSION**

The Poulis factors weigh heavily in favor of preclusion Defendants' evidence regarding the functionality of the equipment and alleged damages sustained by the Defendants. Therefore, the sanction of preclusion is warranted.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine Precluding Defendants from Producing Evidence Regarding the Functionality of the Equipment and Alleged Damages Sustained By Defendants at trial.

Respectfully submitted
McCARTER & ENGLISH, LLP

_____
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
Dated: May 7, 2004          De Lage Landen Financial Services, Inc

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Peter J. Boyer, Esquire, hereby certify that on May 7, 2004, I caused a true copy of the foregoing Plaintiff's Motion in Limine Precluding Defendants From Presenting Evidence Regarding the Functionality of the Equipment and Alleged Damages Sustained By Defendants, and Memorandum of Law in support thereof and this Certificate of Service to be served upon the following counsel in this action in the manner indicated:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
**Via Hand Delivery**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
**Via Hand Delivery**

Kyle P. Tate, Esquire
c/o William Matthews, Esquire
Saul Ewing LLP
Center Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
**Via Hand Delivery**

Lynanne B. Wescott, Esquire
The Wescott Law Firm
Two Penn Center Plaza, Suite 200
Philadelphia, PA 19102
**Via Hand Delivery**

**PETER J. BOYER**