IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc.<br><br>                                     Plaintiff<br>vs.<br><br>Toshiba America Medical Systems, Inc.<br><br>                      Intervenor Plaintiff<br><br>vs.<br><br>DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC.<br><br>                                  Defendants | CIVIL ACTION NO. 02-CV-2810<br><br>HON. RONALD L. BUCKWALTER |

## ORDER

This matter being brought before the Court by McCarter & English, LLP, counsel for plaintiff De Lage Landen Financial Services, Inc. (the "Plaintiff") on Plaintiff's Motion in Limine to Preclude Defendants' Claim for Punitive Damages Against Plaintiff (the "Motion in Limine"), and the Court having considered the said Motion and the record in this case and all opposing affidavits, certifications, exhibits, documents and briefs filed by the Defendants;

It is on this _____ day of _____, 2004 ORDERED as follows:

(1) Plaintiff's Motion in Limine is hereby GRANTED;

(2) Defendants' claims for punitive damages against Plaintiff are hereby DISMISSED.

BY THE COURT:

_____
RONALD L. BUCKWALTER, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : Defendants : | |

## PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION IN LIMINE PRECLUDING DEFENDANTS' CLAIMS FOR PUNITIVE DAMAGES

Plaintiff, De Lage Landen Financial Services, Inc. ("DLL"), by and through its undersigned attorneys, moves this Honorable Court to preclude Defendants' claims for punitive damages against Plaintiff. In support of its Motion in Limine, DLL relies upon the accompanying Memorandum of Law in support thereof, which is incorporated herein by reference. The grounds for the motion and the specific relief sought are set forth in the Memorandum of Law and Proposed Form of Order, which is also being submitted with this Motion.

Dated May 7, 2004

                                                        Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214)
MCCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-2810 |
| v. : | |
| : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DE LAGE LANDEN
FINANCIAL SERVICES, INC.'S MOTION IN LIMINE TO PRECLUDE
DEFENDANTS' CLAIMS FOR PUNITIVE DAMAGES AGAINST PLAINTIFF**

**McCARTER & ENGLISH, LLP**
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214 )
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

I.  **INTRODUCTION**

De Lage Landen Financial Services, Inc. ("DLL") commenced this diversity action by filing a Complaint against Defendants DeSoto Diagnostic Imaging, LLC ("DeSoto"), Randon J. Carvel ("Randon Carvel"), Lynn T. Carvel ("Lynn Carvel"), Delta Radiology, P.C. ("Delta") and Zobar Properties, LLC ("Zobar").  The Complaint sets forth causes of action alleging breach of a certain Master Lease Agreement ("Master Lease") by defendant DeSoto and breach of certain Guaranty Agreements ("Guaranties") by defendants Randon Carvel, Lynn Carvel, Delta and Zobar for an amount in excess of $3.25 million.

Defendants, in their First Amended Affirmative Defenses and Counterclaims, seek punitive damages against DLL and intervenor plaintiff, Toshiba America Medical Systems, Inc. ("TAMS").  This Motion in Limine seeks to preclude Defendants' claims for punitive damages against DLL.

II.  **LEGAL ARGUMENT**

Under Pennsylvania law, in order to recover on a claim for punitive damages, a party must prove that the other party's conduct was outrageous, either because of the party's evil motive or reckless indifference to the rights of other. Chladek v. Milligan, 1998 WL 334699, *6 (E.D.Pa. 1998), citing Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963) (adopting the guidelines of Restatement (Second) of Torts, Section 908).  An award of punitive damages against a party is only justified if it acted with malice or other wrongful intent. Kennard v. Louis Zimmer Communications, Inc., 632 F.Supp. 635 (E.D.Pa. 1986)

Punitive damages are permitted only for conduct that is outrageous due to the defendant's evil motive or reckless indifference to the rights of others. Hoffman v. Memorial Osteopathic Hospital, 342 Pa.Super. 375, 492 A.2d 1382 (1985).  A person's conduct is outrageous when he

or she acts with a bad motive or when he or she acts with reckless indifference to the interests of others. To award punitive damages, the plaintiff's conduct must contain some "element of outrage similar to that usually found in [a] crime." Rizzo v. Michener, 584 A.2d 973, 979 (Pa. Super. 1990)

Punitive damages cannot be awarded simply because a party has acted negligently or wrongfully. There must be additional evidence which demonstrates willful, malicious, wanton, reckless or oppressive conduct. Delahanty v. First Pennsylvania Bank, 318 Pa. Super. 90, 129, 464 A.2d 1243, 1263 (1983). A finding of fraud, in and of itself, is insufficient to support an award of punitive damages. To return a verdict of punitive damages, there must, in addition to any fraud, be evidence that the conduct was outrageous. Hughes v. Consol-Pennsylvania Coal Co., 945 F.2d 594 (3d Cir. 1991), rehearing denied, cert. Denied, 504 U.S. 955 (1992).

In the present case, Defendants have not pled facts sufficient to substantiate their request for punitive damages. There are no allegations that DLL acted in such a manner that amounts to outrageous or evil conduct. Defendants' requests for punitive damages arise in Defendants' Counterclaims for fraud against DLL. However, Defendants failed to provide any evidence that DLL conducted itself in a deliberate manner that completely disregarded the rights of others. Other than their basic allegations of fraud, Defendants have not established any evidence that DLL acted in an outrageous and vicious manner. Accordingly, based upon the facts set forth in the pleadings, a jury could not reasonably find that DLL acted in a manner that warrants the award of punitive damages.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant plaintiff DLL's Motion in Limine and preclude Defendants' claims for punitive damages against DLL.

Respectfully submitted
McCARTER & ENGLISH, LLP

_____
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214)
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

Dated: May 7, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Peter J. Boyer, Esquire, hereby certify that on May 7, 2004, I caused a true copy of the foregoing Plaintiff's Motion in Limine To Preclude Defendants' Claims For Punitive Damages Against Plaintiff, and Memorandum of Law in support thereof and this Certificate of Service to be served upon the following counsel in this action in the manner indicated:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
**Via Hand Delivery**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Kyle P. Tate, Esquire
c/o William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Lynanne B. Wescott, Esquire
The Wescott Law Firm
Two Penn Center Plaza, Suite 200
Philadelphia, PA 19102
**Via Hand Delivery**

_____
Peter J. Boyer