## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff : | CIVIL ACTION NO. 02-CV-2810 |
| vs. : | |
| : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants : | |

## **ORDER**

This matter being brought before the Court by McCarter & English, LLP, counsel for plaintiff De Lage Landen Financial Services, Inc. (the "Plaintiff") on Plaintiff's Motion in Limine Seeking a Determination that this Court and not the jury will determine the reasonable amount of attorneys' fees and costs awarded to Plaintiff in the event the Defendant and/or Intervenor Plaintiff are adjudicated to be liable to Plaintiff for attorneys' fees and costs under the terms of the contracts at issue (the "Motion in Limine"), and the Court having considered the said Motion and the record in this case, and all opposing affidavits, certifications, exhibits, documents and briefs filed by the Defendants and/or Intervenor Plaintiff;

It is on this _____ day of _____, 2004 ORDERED as follows:

(1) Plaintiff's Motion in Limine is hereby GRANTED;

(2) In the event the Defendants or the Intervenor Plaintiff are found liable to the Plaintiff for attorneys' fees and costs for breach of any of the contracts at issue, this Court, and not the jury, will determine the reasonable amount of attorneys' fees and costs awarded to Plaintiff for Defendants and/or the Intervenor Plaintiff's respective breaches of the contracts at issue in this matter.

BY THE COURT:

RONALD L. BUCKWALTER, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : | |
| Defendants : | |

### PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION IN LIMINE SEEKING A DETERMINATION THAT THE COURT, NOT THE JURY, RETAINS EXCLUSIVE JURISDICTION TO DECIDE THE REASONABLE AMOUNT OF ATTORNEYS' FEES AND COSTS AWARDED TO PLAINTIFF IN THE EVENT DEFENDANTS AND/OR INTERVENOR PLAINTIFF ARE FOUND LIABLE TO PLAINTIFF FOR ATTORNEYS' FEES AND COSTS UNDER THE CONTRACTS AT ISSUE

Plaintiff, De Lage Landen Financial Services, Inc. ("DLL"), by and through its undersigned attorneys, moves this Honorable Court seeking a determination that this Court and not the jury will determine the reasonable amount of attorneys' fees and costs to be awarded to Plaintiff in the event that Defendant and/or Intervenor Plaintiff are adjudicated to be liable to Plaintiff for attorneys' fees and costs under the terms of the contracts at issue. In support of its Motion in Limine, DLL relies upon the accompanying Memorandum of Law in support thereof, which is incorporated herein by reference. The grounds for the motion and the specific relief

sought are set forth in the Memorandum of Law and Proposed Form of Order, which is also being submitted with this Motion.

Dated: May 7, 2004

Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214)
MCCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-2810 |
| v. : | |
| : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S MOTION IN LIMINE SEEKING A DETERMINATION THAT THIS COURT WILL DETERMINE THE REASONABLE AMOUNT OF ATTORNEYS' FEES AND COSTS AWARDED TO PLAINTIFF IN THE EVENT DEFENDANTS AND/OR INTERVENOR PLAINTIFF ARE FOUND LIABLE TO PLAINTIFF FOR ATTORNEYS' FEES AND COSTS UNDER THE CONTRACTS AT ISSUE**

**McCARTER & ENGLISH, LLP**
Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517)
Kevin J. Burke (Attorney ID No. 87214)
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc

I.  **INTRODUCTION**

De Lage Landen Financial Services, Inc. ("DLL") commenced this diversity action by filing a Complaint against Defendants DeSoto Diagnostic Imaging, LLC ("DeSoto"), Randon J. Carvel ("Randon Carvel"), Lynn T. Carvel ("Lynn Carvel"), Delta Radiology, P.C. ("Delta") and Zobar Properties, LLC ("Zobar"). The Complaint sets forth causes of action alleging breach of a certain Master Lease Agreement ("Master Lease") by defendant DeSoto and breach of certain Guaranty Agreements ("Guarantees") by defendants Randon Carvel, Lynn Carvel, Delta and Zobar for an amount in excess of $3.25 million. DLL has also filed a Cross-claim against the Intervenor Plaintiff Toshiba America Medical Systems, Inc.("TAMS") for breach of a certain Master Contract Financing Program Agreement ("Program Agreement") and Application Approval Form, as well as for indemnification. The Master Lease, the Guarantees and the Program Agreement each contain provisions requiring DeSoto, Randon Carvel, Lynn Carvel, Delta, Zobar, or TAMS, respectively, to reimburse Plaintiff for its attorneys' fees and costs in the event DeSoto, Randon Carvel, Lynn Carvel, Delta, Zobar, or TAMS breach the terms of their respective contracts with Plaintiff and Plaintiff is forced to incur counsel fees to rectify those breaches.

This Motion in Limine seeks a determination that, in the event that it is determined that defendant DeSoto, Randon Carvel, Lynn Carvel, Delta, Zobar, or TAMS are responsible for DLL's attorneys' fees and costs, that the Court, and not the jury, will determine the reasonable amount of the attorneys' fees and costs awarded to DLL.

II.  **LEGAL ARGUMENT**

It is well-settled that federal courts will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law. McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313

(2d Cir. 1993). The Seventh Amendment right to a jury trial does not extend to the determination of the reasonable amount of attorneys' fees awarded under a contractual indemnification provision. Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates, Inc., 2002 WL 32348506, *2 (E.D.Pa. 2002). See also, McGuire, 1 F.3d at 1314. Actions to recover contractual claims for attorneys' fees should be submitted to a jury to determine whether a party is entitled to such an award. Id. See also, Dunkin Donuts, Inc. v. Liu, 2002 WL 31375509, *2 (E.D.Pa. 2002). If the jury determines that a party is entitled to an award of attorneys' fees pursuant to a contractual indemnification provision, the district judge must then determine the reasonable amount of attorneys' fees and costs to be awarded. Longport Ocean, 2002 WL at *2; Dunkin Donuts, 2002 WL at *2.

While the Third Circuit has never opined on this procedure, the United States District Court for the Eastern District of Pennsylvania has determined that this procedure is the usual practice of this Court. This Court has specifically adopted the Second Circuit's decision in McGuire that the action to recover attorneys fees' pursuant to a contractual provision is a common law contract issue for the jury but the subsequent determination of the reasonable amount of the attorneys' fees is an equitable issue for the judge. Longport Ocean, 2002 WL at *2; Dunkin Donuts, 2002 WL at *2.

In the present case, the terms of the Master Lease, Guarantees and Program Agreement are unambiguous with respect to the Defendants and Intervenor Plaintiff's obligation to pay Plaintiff's counsel fees and costs if they breach the terms of the contracts at issue. In the event that the jury returns a verdict in favor of Plaintiff on its claims against DeSoto, Randon Carvel, Lynn Carvel, Delta, Zobar, or TAMS, and awards recovery of DLL's attorneys' fees and costs,

then the Court, as a matter of law, is required to determine a reasonable amount of attorneys' fees and costs to be awarded to DLL.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant plaintiff DLL's Motion in Limine and retain the exclusive jurisdiction to determine the reasonable amount of attorneys' fees and costs to be awarded to DLL from DeSoto, Randon Carvel, Lynn Carvel, Delta, Zobar, and TAMS' for their respective breaches of the Master Lease, the Guarantees, and the Program Agreement, and pursuant to TAMS' indemnification obligations to Plaintiff.

        Respectfully submitted
        McCARTER & ENGLISH, LLP

        _____
        Rosetta B. Packer (Attorney ID No. 28357)
        Peter J. Boyer (Attorney ID No. 25517)
        Kevin J. Burke (Attorney ID No. 87214 )
        Mellon Bank Center
        1735 Market Street, Suite 700
        Philadelphia, PA 19103
        (215) 979-3800

        Attorneys for Plaintiff
Dated: May 7, 2004        De Lage Landen Financial Services, Inc

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : Defendants : | |

## CERTIFICATE OF SERVICE

I, Peter J. Boyer, Esquire, hereby certify that on May 7, 2004, I caused a true copy of the foregoing Plaintiff's Motion in Limine Seeking A Determination That This Court Will Retain Exclusive Jurisdiction To Determine The Reasonable Amount Of Attorneys' Fees And Costs Awarded To Plaintiff In The Event That Defendant and/or Intervenor Plaintiff Are Adjudicated To Be Liable To Plaintiff For Attorneys' Fees And Costs Under The Terms Of The Contracts At Issue, and Memorandum of Law in support thereof and this Certificate of Service to be served upon the following counsel in this action in the manner indicated:

| | |
|---|---|
| John Chesney, Esquire | William Matthews, Esquire |
| Drinker Biddle & Reath, LLP | Saul Ewing LLP |
| One Logan Square | Centre Square West |
| 18th & Cherry Streets | 1500 Market Street, 38th Floor |
| Philadelphia, PA  19103 | Philadelphia, PA  19102 |
| **Via Hand Delivery** | **Via Hand Delivery** |

| | |
|---|---|
| Kyle P. Tate, Esquire<br>c/o William Matthews, Esquire<br>Saul Ewing LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>**Via Hand Delivery** | Lynanne B. Wescott, Esquire<br>The Wescott Law Firm<br>Two Penn Center Plaza, Suite 200<br>Philadelphia, PA 19102<br>**Via Hand Delivery** |

_____
PETER J. BOYER