IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : : : | |
| Plaintiff, | : : | |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : : : | |
| Plaintiff/Intervener, | : : | |
| v. | : : | CIVIL ACTION NO. 2:02CV2810 |
| DESOTO DIAGNOSTIC IMAGING, LLC., et al. Defendants and Counter- Claimants | : : : : | |

ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Defendants' Supplemental Response to Plaintiff De Lage Landen Financial Services, Inc.'s Emergent Motion for Sanctions and Other Relief Against Defendants and Counsel for Defendants, Kyle Tate, Esquire, it is hereby ordered that Plaintiff's motion is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

_____
Date

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : : : | |
| Plaintiff, | : : | |
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC. | : : : | |
| Plaintiff/Intervener, | : : | |
| v. | : : : | CIVIL ACTION NO. 2:02CV2810 |
| DESOTO DIAGNOSTIC IMAGING, LLC., et al. Defendants and Counter-Claimants | : : : : | |

DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S EMERGENT MOTION
FOR SANCTIONS AND FOR OTHER RELIEF

Come now the Defendants and for their Supplemental Response to Plaintiff's Emergent Motion for Sanctions and for Other Relief state as follows:

1. Plaintiffs have not been consistent with their arguments in this Court and the Tennessee Courts. Plaintiffs argued in Tennessee that they must have the business records and financial records of all defendants (and non-parties) in order to support its defense that the equipment worked. Plaintiffs never asked for the individual Defendants' financial information in discovery in the Eastern District of Pennsylvania and have never defended on the basis that the equipment worked. Plaintiffs served a faulty subpoena duces tecum on accountants Rhea & Ivy in Tennessee in September of 2003 and at the same time subpoenaed John A. May, Jr. (who was

identified as the Defendants' accountant as early as July, 2003) to deposition. DLL then elected not to take the deposition of Mr. May. Thus, DLL never requested this discovery within this Court's jurisdiction (DLL had approximately two years to do so), DLL elected not to take the deposition of accountant John A. May, Jr. and waited until the weeks before trial to attempt to pursue subpoenas first issued in September of 2003 in the Western District of Tennessee, telling that Court that this information was necessary to its defense that the equipment worked. If this information was necessary to its case, why didn't they timely proceed in that manner? DLL admits it was not particularly active in the discovery of many issues, see, e.g., DLL's 9/15/03 Brief Opp'g Defs. Mot. for Leave to Amend at 8 (DLL "has elected not to participate in depositions of TAMS representatives relating to issues regarding alleged defects in the equipment, not to secure copies of documents and images that have been produced by the parties, and has consciously taken a back seat to counsel for TAMS relating to key allegations of defects or deficiencies in the equipment leased to defendants"). Because of this DLL is apparently unprepared to present its case against TAMS. For the reasons set forth in Desoto's Motion for Summary Judgment in order for DLL to recover from TAMS it must prove the equipment did not work. Now recognizing that its contract is faulty DLL strikes out at Desoto for financial information it never sought in discovery ostensibly to prove the equipment did work, perhaps to try to further muddy the issues and certainly to accuse Desoto's counsel of impropriety.

    2.    In addition, DLL is already in possession of the only documents which gives them exactly the information they seek. These documents are the Desoto tax returns and annual financial information which reveals all the profits and losses of the organization, all of the Desoto billing records which reveal all of the claims and reimbursements for both Desoto (as the billing agent for the use of the equipment) and Lynn T. Carvel, MD, PLLC (which is the billing

agent for the physician's professional interpretation of the images). This is not only the best information, it is the ONLY information that could possibly provide the Plaintiffs with the information it now claims it needs to prove whether or not the equipment worked. All DLL has to do is look at the information already in its hands. Defendants would be happy at any time to meet with DLL's counsel to explain the details of the information they have. Again, the records DLL seeks do not contain the information DLL claims it needs to defend this case.

      3.      To demonstrate further that DLL is completely confused about what records it needs, in its recent Motion In Limine To Preclude The Defendants From Presenting Evidence Regarding Proper Performance Of The Leased Equipment DLL has asked for discovery of Desoto's "and the Guarantor Defendants' financial information and billing records for the time period both during its use and after the equipment was removed". For example, Randon J. Carvel is an individual who has never billed for medical exams – only a medical physician or facility could bill for medical exams. It is quite apparent that DLL is very confused about what they have and what they need and do not realize the information sought is already in their possession.

      4.      Additionally, Defendants agreed in their original Response to Plaintiff's Emergent Motion for Sanctions and for Other Relief to update the Court with respect to the miscellaneous proceedings in the United States District Court for the Western District of Tennessee concerning the subpoena to non parties, Rhea & Ivy, PLC and John A. May, Fr. (hereinafter "Rhea & Ivy"), which is set forth below.

      5.      On May 7, 2004, the Honorable Magistrate Tu M. Pham conducted a telephone hearing in the United States District Court for the Western District of Tennessee regarding Plaintiff's Motion to Show Cause. Prior to Judge Pham's hearing on May 7, 2004, Rhea & Ivy and Defendants filed a Motion with the Sixth Circuit Court of Appeals pursuant to Federal Rules

of Appellate Procedure Rule 8(a) for a stay of the District Court proceedings pending Defendants' appeal to the Sixth Circuit Court of Appeals filed previously April 16, 2004.

6. Such application was made to the Appellate Court pursuant to F.R.A.P. 8(a) which provides generally that a motion for stay must ordinarily be filed with the District Court first, but may instead be filed direct to the Appellate Court where moving first in the District Court would be impracticable. F.R.A.P. 8(a). A motion for stay in the District Court would have been impracticable in that such a request to the District Court to reverse its previous ruling would have likely been denied. Once the hearing before Judge Pham began on May 7, 2004, Judge Pham indicated he would address the jurisdictional issues raised and whether or not the facts of the matter should be certified to the District Court for a finding of contempt. All counsel present made arguments wherein Rhea & Ivy's counsel and Defendants' counsel argued that the United States District Court for the Western District of Tennessee no longer had jurisdiction of the matter in that Judge Pham had entered a final discovery order regarding a miscellaneous case regarding a non-party, Rhea & Ivy, and such final order had been timely and properly appealed to the Sixth Circuit Court of Appeals. See In re Mark Madden, 151 F.3d 125 (3d Cir. 1998); see also Hooker v. Continental Life Ins. Co., 965 F.2d 903, 904 (10th Cir. 1992); Minpeco, S.A. v. Conticommodity Servs., Inc., 844 F.2d 856, 859 (D.C. Cir 1988). Rhea & Ivy and Defendants further argued that the Sixth Circuit Court of Appeals has jurisdiction over the matter and therefore the matter should not proceed before District Court. Rhea & Ivy and Defendants further advised Judge Pham of the Motion for Immediate Stay of the District Court proceedings had been filed with the Sixth Circuit Court of Appeals pursuant to F.R.A.P. Rule 8(a) as mentioned above. At the time of Judge Pham's hearing, the Sixth Circuit had not indicated whether or not it had issued a stay upon Rhea & Ivy and Defendants' request and thus it was requested that Judge

Pham postpone the hearing in order to give the Sixth Circuit an opportunity to properly rule. It was further requested in the alternative that if Judge Pham decided to proceed forward despite the filing of the Motion for Immediate Stay with the Sixth Circuit that the District Court enter a stay pending the appeal to the Sixth Circuit so that Rhea & Ivy and Defendants could properly pursue the only available relief with the Sixth Circuit Court of Appeals for their claim of protection pursuant to the Tennessee accountant-client privilege. Upon further argument of all counsel, Judge Pham advised that he would take the matter under advisement and issue a written opinion with respect to the jurisdictional issues raised, with respect to Rhea & Ivy and Defendants' request for a stay in the District Court, and with respect to whether or not Judge Pham would certify facts to the District Court. At this time, Defendants have not received Judge Pham's opinion as to his findings.

7. The issue regarding the proceedings in the United States District Court for the Western District of Tennessee, which was properly appealed to the Sixth Circuit Court of appeals is whether an accountant or accounting firm located in the state of Tennessee can be ordered to disclose confidential protected information while being subject to the Tennessee accountant-client privilege (T.C.A. § 62-1-116) and without the clients' consent.

8. A quick review of the Tennessee accountant-client privilege statute and supporting case law, make it perfectly clear that the Tennessee accountant-client privilege may be the strongest state statutory privilege in the United States regarding this privilege. After thorough research it is very likely that this issue may be one of first impression in the Sixth Circuit Court of Appeals and is an obvious public policy concern as to Federal Circuit's interpretation of the Tennessee accountant-client privilege.

9.      Several Circuits, including the Sixth Circuit, use the traditional factors governing injunctive relief in ruling on motions to stay pending appeal: (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the District Court proceedings are not stayed; (3) whether staying the District Court proceedings will substantially injure other interested parties; and (4) where the public interest lies. See Grutter v. Bollinger, 247 F.3d 631, 632 (6th Cir.2001) (order); Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991). These factors are to be balanced. The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue. However, in order to justify a stay of the District Court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted. See In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir.1985); Baker v. Adams County/Ohio Valley School Board, 310 F.3d 927, 928 (6th Cir. 2002).

10.     In the present matter, all four elements are easily met: (1) Clearly the Defendants have a strong likelihood of success on the merits as the Tennessee accountant-client privilege is held by the client, and the client in this case has unequivocally not waived its privilege, thus, the privilege stands. The Tennessee privilege is such that no subpoena can violate that privilege, or compel the production of documents considered protected pursuant to the privilege. (2) Clearly the Defendants (and especially the non-parties) will suffer irreparable harm if the motion for immediate stay is not granted due to the sensitive nature of documents sought and the fact that once the privilege is breached, it is irretrievably lost. The purpose of the stay is to prevent the immediate disclosure of the documents before the Sixth Circuit rules on the merits of

Defendants' appeal. If the documents are seen prior to the ruling of the Sixth Circuit, the Defendants will have lost not only their absolute right to appellate review, but also the privilege underlying the appeal. (3) A stay of the District Court proceedings will most certainly not injure the other parties because DLL already has the information it needs to defend Desoto's claims and the information sought can only be improper pre-judgment discovery. Despite DLL's brand new reason for its need of this information, no basis exists for the disclosure of Defendants' (and other non-parties') confidential financial records for again, the records will not disclose what DLL claims they will. The only records that contain information relating to the billing for the use of the Toshiba equipment are already in DLL's possession. Clearly DLL's request is premature discovery in aid of execution. (4) Lastly, the public interest lies in the protection of a statutorily-created privilege, no matter what the privilege, but in particular, where in this case the privilege applies to a person's or businesses' confidential and private accounting records which the state legislature has deemed worthy of protection from disclosure without the clients' consent.

     11.     Pursuant to F.R.A.P. 8(a) it is clear that these circumstances are not ordinary and that the factors required by the Sixth Circuit Court of Appeals to grant a stay have been met.

     12.     Rhea & Ivy and Defendants' motion for immediate stay pending appeal to the Sixth Circuit, and the alternative oral motion to stay made to Judge Pham during the hearing on May 7, 2004 in the event the Sixth Circuit did not rule on its stay, were both made timely. Defendants will further advise this Court upon the ruling of the United States District Court for the Western District of Tennessee regarding the May 7, 2004 hearing with respect to the jurisdictional questions as well as whether a stay has been entered with the Sixth Circuit or the District Court. Defendants will further advise this Court whether any sanctions or contempt

orders are entered as a result of the motion to show cause, and if so would rightfully proceed with the proper procedures to once again pursue appellate relief.

13.     Plaintiff's efforts in its recent motion for sanctions have clearly attempted to smear Defendants in hopes that this Court would somehow consider their untimely and inaccurate motion as a motion to compel documents that they never requested in discovery in this Court. The timeliness issue of the proceedings in the Western District of Tennessee was created by the Plaintiffs alone, and thus the Defendants should not be punished for properly pursuing their appellate remedies regarding their rights and protections pursuant to the Tennessee accountant-client privilege.

WHEREFORE, for the reasons set forth above and in Defendants original response, DLL's Emergent Motion for Sanctions and Other Relief Against Defendants and Counsel for Defendants, Kyle Tate, Esquire, should be denied.

Respectfully Submitted,

By:     _KT823_____
Kyle P. Tate
for TATE LAW FIRM
9085 Sandidge Center Cove
Olive Branch, MS 38654
(662) 893-8833

Lynanne B. Wescott
The Wescott Law Firm P.C.
Two Penn Center Plaza, Suite 200
Philadelphia, PA 19102
(215) 755-6330

William Matthews
SAUL EWING LLP
Center Square West
1500 Market Street, 38th Fl.
Philadelphia, PA 19102-2186

                                                                           (215) 972-7106

                                                                           *Attorneys for Defendants*
                                                                           *DeSoto Diagnostic*
                                                                           *Imaging, LLC, et al*

Dated: May 10, 2004

CERTIFICATE OF SERVICE

I certify that I am this day serving a copy of the attached Supplemental Response to Plaintiff De Lage Landen Financial Services, Inc.'s Emergent Motion for Sanctions and Other Relief Against Defendants and Counsel for Defendants, Kyle Tate, Esquire upon the persons and in the manner indicated below:

Service by *facsimile only* to:

Mr. John Chesney
Ms. Julianne Peck
Mr. Jonathan Sturz
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

Mr. Peter Boyer
Ms. Rosetta B. Packer
MCCARTER & ENGLISH, LLP
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA 19103-7501

_KT823_____
Kyle P. Tate

Dated: May 10, 2004