IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-2810 |
| v. | : | |
| | : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : : : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S EMERGENT MOTION FOR SANCTIONS**

In a desperate and increasingly shrill attempt to avoid accountability for their stonewalling and concealment of evidence material to their counterclaims, Defendants and their counsel have once again deliberately misstated facts in an effort to avoid accountability for their conduct. The issues framed by Plaintiff's emergent motion for sanctions have been laid out in some detail in Plaintiff's moving papers, and will not be repeated here. This response will focus on discrete misstatements in the most recent submission.

**1.     The Discovery Sought is Relevant to the Pending Claims and Has Been Diligently Pursued by Plaintiff.**

In paragraph 1 of the Supplemental Response, Defendants and their counsel assert:

> Plaintiff never asked for the individual Defendants' financial
> information in discovery in the Eastern District of Pennsylvania
> and have never defended on the basis that the equipment worked.

This assertion is patently incorrect. Attached as Exhibit "A" is a true copy of a request for production of documents addressed to Defendants through their counsel, Kyle Tate, Esquire seeking financial information[1]. In addition to this request, Plaintiff served 30(b)(6) deposition notices on corporate representatives of various of the Defendants entities at which time Dr. Carvel was asked very specific questions about the location of financial documents. See, for example, the following colloquy from the deposition Dr. Carvel as a corporate representative of Delta Radiology, one of the defendants:

> Q. Who prepared the documents that were turned over to your accountant in order to be able to prepare the tax returns? Did you have a bookkeeper? Did you do the books?
>
> A. No. My CPA prepared all of my stuff.
>
> * * *
>
> Q. Where did the information come about your receipts for Delta Radiology, PC?
>
> A. From the billing company that I was using to do my billing.
>
> Q. Did they send it to your home?
>
> A. I believe it was sent to my CPA.

30(b)(6) Deposition of Delta Radiology, 9/16/03 at pages 14-15

> Q. Who is the billing company?
>
> A. Per Se.
>
> Q. Pardon me?
>
> A. Per Se.
>
> * * *

---

[1] The Court may recall that prior to Defendants' Motion to Amend its Defenses and Counterclaims, the claims against DLL were very limited. With the filing of the Amended Counterclaims, DLL properly and aggressively pursued discovery related to the new counterclaims.

        Q.     So Per Se performed services for Delta Radiology in terms of taking the money and then accounting for it?

        A.     They performed everything as it related to billing.

        Q.     And did they submit a report to Delta Radiology which outlined how much cash or income was received on monthly basis?

        A.     I'm sure they did.

        Q.     And you don't know where those records might be?

        A.     No.

        Q.     Do you know if those records were turned over to your accountants?

        A.     I'm sure they were.

Id. at page 30.

        Q.     Did Delta Radiology ever have financial statements prepared?

        A.     I don't know.

        Q.     Who would know?

        A.     My CPA.

Id. at page 32.

The record reflects that well within the discovery period Plaintiff questioned a designated representative of the Defendants regarding the location of billing and financial information relevant to the claims asserted and was told by corporate representative, Dr. Carvel, that the information was in the hands of John May and the accounting firm of Rhea & Ivey. Promptly after that deposition, Plaintiff issued and served a subpoena[2] on the accounting firm in order to secure the records.

---

[2] Defendants' assertion that the subpoena was somehow "faulty" has been rejected by the United States District Court for the Western District of Tennessee, which denied a motion to quash the subpoena and granted DLL's motion to enforce the subpoena.

**2.     Defendants Blatantly Mischaracterize the Tennessee Proceedings in an Effort to Cover Up Their Misconduct in Those Proceedings.**

The history of the proceedings in Tennessee is covered in some detail in Plaintiff's initial memorandum and will not be re stated here. However, in order to assist the Court in understanding the extraordinary length to which the Defendants have gone in an effort to avoid disclosure of the documents sought, (and to give the Court a more accurate "update" than Defendants Supplemental brief to the extent that is necessary for the Court's determination of the issue), Plaintiff attaches a time line of the events in Tennessee, (Exhibit "B") together with copies of the recent motion to stay filed by Defendant with the Sixth Circuit Court of Appeals (and alluded to in Defendants' supplemental brief) (Exhibit "C") and Plaintiff's response thereto (Exhibit "D"). Plaintiff submits that these documents, together with the Order of Magistrate Judge Pham dated March 17, 2004, tell the Court all it needs to know about the proceedings in Tennessee. In summary, the facts are:

1.     In October of 2003, Defendants filed a Motion to Quash the Subpoena. The filing of the motion effectively precluded the production of documents sought until the Court ruled. In January 2004 the Tennessee Court denied the Motion to Quash (and a related motion filed by the Accounting firm) without prejudice for failure to include a memorandum of law and a certification of consultation as required by the Local Rules of the Court. The Court gave Defendants leave to re-file the motion in accordance with the Court Rules. They did not do so.

2.     In February of 2004, Plaintiff again pressed the accounting firm for the documents, in light of the fact that no renewed motion to quash had been filed.

3.     On March 2, 2004 Plaintiff filed a Motion to Enforce the Subpoena and requested expedited consideration in light of the March 15, 2004 discovery deadline.

4. On March 11, the Magistrate Pham held a hearing and ordered that the subpoena be complied with "on or before March 25, 2004".

5. Magistrate Judge Pham's Order has not been complied with, and no stay of that order has been obtained from any court.

6. Neither defendants nor the accounting firm filed objections to Judge Pham's Order as required by Rule 72 of the Federal Rules of Civil Procedure, as a result of which all objections have been waived.

Plaintiff has diligently and aggressively sought access to the documents at issue and continues to do so, because the documents are essential to the defense of the amended counterclaim. However, given the May 17 trial date, and given defendants clearly stated intention not to produce the documents despite Court Orders that it do so, plaintiff has no alternative but to continue to press the Court for entry of an Order imposing sanctions in the form requested in the motion.

Respectfully submitted:

**McCARTER & ENGLISH, LLP**

Rosetta B. Packer
Peter J. Boyer
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Service

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff | : | |
| and | : | HON. RONALD L. BUCKWALTER |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : | |
| Defendants | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Kevin J. Burke, Esquire, hereby certify that on May 11, 2004, I caused a true copy of the foregoing Plaintiff's Reply to Defendants' Supplemental Response to Plaintiff's Emergent Motion for Sanctions to be served upon the following counsel in this action:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
**Via Hand Delivery**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Kyle P. Tate, Esquire
c/o William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Lynanne Wescott, Esquire
The Wescott Law Firm
Two Penn Center Plaza, Suite 200
Philadelphia, PA  19102
**Via Hand Delivery**

_____
**KEVIN J. BURKE**

6