IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : | |
| Defendants : | |

## ORDER

This matter being brought before the Court by the Tate Law Firm, the Wescott Law Firm, P.C., and Saul Ewing LLP, counsel for Defendants Desoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (the "Defendants") on Defendants' Motion *In Limine* to Preclude the Testimony of Gerald Hayes (the "Motion *In Limine*"), and the Court having considered the Motion *In Limine* and the record in this case, and the opposing Memorandum of Law filed by the Plaintiff De Lage Landen Financial Services, Inc.;

It is on this _____ day of _____, 2004 ORDERED that Defendants' Motion *In Limine* is DENIED.

BY THE COURT:

_____
RONALD L. BUCKWALTER, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| Defendants : | |

**PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT GERALD HAYES**

Plaintiff, De Lage Landen Financial Services, Inc., by and through its undersigned attorneys, submits this opposition to defendants' motion *in limine* to preclude the testimony of plaintiff's expert Gerald Hayes. Plaintiff relies upon the accompanying Memorandum of Law in support of its opposition, which is incorporated herein by reference. A proposed form of Order is provided herewith.

Dated: May 12, 2004

Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517) (PJB1913)
Candace Moody (Attorney ID No. 80995)
MCCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| Defendants : | |

**MEMORANDUM OF LAW SUBMITTED BY
PLAINTIFF DE LAGE LANDEN FINANCIAL SERVICES, INC. IN OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF
PLAINTIFF'S EXPERT GERALD HAYES**

Plaintiff, De Lage Landen Financial Services, Inc. ("DLL"), by and through its undersigned attorneys, submits this memorandum in opposition to defendants' motion *in limine* to preclude the testimony of plaintiff's expert Gerald Hayes. This Court is familiar with the facts and issues in this case and therefore, DLL will address only those facts and legal issues relevant to this motion.

**I.    FACTS**

On October 31, 2003, at the request of DLL and in defense of the fraud claims raised by defendants, Mr. Hayes provided his expert report regarding Private Label Agreements and their relationship to the facts of this case. (See the October 31, 2003 Report of Gerald A. Hayes, Jr., attached to defendants' Motion *In Limine* as Exhibit 1.) Mr. Hayes, Chief Credit Officer of a medical equipment finance company with over 30 years of experience in middle and senior level

management positions in equipment leasing, asset based lending, commercial and international banking and institutional trust management and administration, was asked to opine as to the use and acceptability of Private Label Agreements in the medical equipment leasing business and specifically the use of a Private Label Agreement by DLL's predecessor, Tokai Financial Services, Inc. ("TFS") and the intervenor plaintiff Toshiba America Medical Systems, Inc. ("TAMS"). Based on an objective evaluation of the relevant documents and facts in evidence, Mr. Hayes concluded that TFS (now DLL) and TAMS' use of a Private Label Agreement as a means to provide a complete package of services to TAMS' customers, including defendants, is in conformity with industry custom and practice. Id. Mr. Hayes further concludes that ". . . Master Lease Agreements for this type of program do not reflect the name of the finance company. In my opinion, the . . . [Private Label Agreement} . . . between. . . [TFS] . . . and . . . [TAMS] . . . is a standard Private Label . . . Agreement that is very common in the medical equipment financing business. It very clearly states the responsibilities of each of the parties, creates a Credit Pool and defines a Remarketing Agreement. These are standard for the industry." Id.

## II.   ARGUMENT

By this Motion, defendants seek to have Mr. Hayes' testimony excluded from this case. Citing to the United States Supreme Court's opinion in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589 (1992), as well as its progeny, most of which is irrelevant to this matter, and Fed.R.Evid. 702, defendants claim that Mr. Hayes' opinions are neither reliable nor "fit" within

2

the facts of this case.[1] Defendants' motion fails for two reasons: (1) it incorrectly and rigidly applies the reliability standard first set forth in Daubert, and later expanded and rendered more flexible by the Third Circuit, for testing the reliability of scientific and non-scientific methods of proof, and asks this Court to ignore the very pertinent personal knowledge and experience of Mr. Hayes in its determination of the reliability of Mr. Hayes' opinions under Fed.R.Evid. 702; and (2) it mischaracterizes and blatantly ignores the issues of fraud and fraudulent concealment in this case and their relationship to Mr. Hayes' opinion on the use and acceptability of Private Label Agreements in the medical equipment leasing industry.

### A.    Standard for Admissibility of Expert Testimony

This Court is aware of the general requirements under Daubert v. Merrell Dow Pharmaceuticals that it must consider in its role as the gatekeeper of the admissibility of expert testimony; namely the expert's qualifications, the reliability of the expert's opinion and the fit of that opinion to the case at hand. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589 (1992). The Daubert standard has since been codified in Fed.R.Evid. 702.

Since defendants have not attacked Mr. Hayes' qualifications, DLL will begin its analysis with the second requirement for admissibility under Daubert and Rule 702 regarding the reliability of Mr. Hayes' testimony. Defendants' incorrectly assert that Mr. Hayes' opinion as to Private Label Agreements is unreliable because it is not based upon a reliable methodology or technique. (Defendants' Memorandum at 5.) This argument incorrectly applies the standards for the admissibility of expert scientific testimony, as set forth in Daubert, and ignores the very

---

[1] Defendants' Motion *in Limine* does not dispute Mr. Hayes' qualifications to testify as an expert. Notably, the standard for qualifying an expert has been interpreted liberally to encompass "a broad range of knowledge, skills and training." Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000); In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 741 (3d Cir. 1994). This policy of liberal admissibility of expert testimony "extends to the substantive as well as the formal qualifications of experts." Elcock v. Kmart Corp., supra. at 741, (citing Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998)).

3

relevant indices of reliability considered and relied upon by Daubert's progeny when dealing with business transactions; specifically, Mr. Hayes' personal knowledge and experience in the field of medical equipment leasing and financing. The traditional test for reliability is set forth in Daubert, which provides a non-exclusive list of "general observations" for a judge to consider in evaluating whether an expert's testimony qualifies as scientific knowledge. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 742 at n.8 (3d Cir. 1994). The Daubert factors for reliability are necessarily geared toward an analysis of scientific evidence as that was the issue facing the Daubert court. Elcock v. Kmart Corp., 233 F.3d 734 (3d Cir. 2000). In the context of analyzing business transactions, however, the test of reliability necessarily must differ. Protocomm Corp. v. Novell Advanced Services, Inc., et al., 171 F.Supp.2d 473 (E.D.Pa. 2001)(citing, Robert Billet Promotions v. IMI Cornelius, Inc., 1998 WL 151806, *2 (E.D. Pa., April 1, 1998). "In the context of more technical testimony, like the validity of an accountant's assessment of contractual damages, the Daubert approach must be applied in a more general manner." Robert Billet Promotions v. IMI Cornelius, Inc., 1998 WL 151806, *2 (E.D. Pa., April 1, 1998). In this regard, courts have stressed that Daubert:

> make[s] certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. . . . [T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. That is to say, a trial court should consider the specific factors identified in Daubert where they are reasonable measures of the reliability of expert testimony.

Elcock v. Kmart Corp., 233 F.3d 734, 745-46 (3d Cir. 2000)(quoting Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999). Thus, in some cases, such as the one before this Court, **"relevant reliability concerns may focus upon**

4

**personal knowledge or experience," as opposed to "scientific foundations."** Protocomm Corp. v. Novell Advanced Services, Inc., 171 F.Supp.2d at 477 (quoting Kumho Tire, 526 U.S. at 150, 119 S.Ct. at 1175).

If the expert is qualified and the reliability of his testimony is established, the third requirement, that of relevancy to the matter in dispute, must be established in order to admit the proffered expert's testimony. In addition to challenging the reliability of Mr. Hayes' expert opinion, defendants' Motion *In Limine* likewise incorrectly challenges the admissibility of Mr. Hayes' expert testimony on the basis that it is not relevant to a fact in issue in this case. Defendants' argument is incorrect in that it ignores the very fraud claims they have raised by way of a counterclaim against DLL.

The relevancy prong of the court's assessment calls for an appropriate "fit" between the proffered theory and the facts of the case. Protocomm Corp. v. Novell Advanced Services, Inc., 171 F.Supp.2d at 478 (citing U.S. v. Mathis, 264 F.3d321, 334 (3d Cir. 2001)(quoting Fed.R.Evid. 702). As stated in Fed. R. Evid. 702, evidence or testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue."

Admissibility under this factor turns on "the proffered connection between the scientific research or test result to be presented and particular disputed factual issues in the case." Protocomm Corp. v. Novell Advanced Services, Inc., 171 F.Supp.2d at 478 (citing Oddi v. Ford Motor Co., 234 F.3d 136, 145 (3d Cir. 2000), cert. denied 532 U.S. 921, 121 S.Ct. 1357, 149 L.Ed.2d 287 (2001). "This measure is 'not intended to be a high one.'" Id. "Plaintiffs are not required 'to prove their case twice—they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to

5

demonstrate by a preponderance of [the] evidence that their opinions are reliable.'" Id. (quoting In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 744 (3d Cir. 1994).

### B. Mr. Hayes Relied on Objective Evidence in Reaching His Conclusions, and His Opinions Are Reliable Within the Meaning of Daubert and Rule 702.

Defendants argue that Mr. Hayes' opinions regarding Private Label Agreements are unreliable because they "do not flow from any data or methodology." (Defendants' Memorandum at 5.) Defendants' argument mischaracterizes the nature of the evidence upon which Mr. Hayes relied in forming his opinion. In reality, Mr. Hayes considered the core evidence in this case, that being the contracts at issue as well as the pleadings of all parties.

Defendants have not identified a single document or other source of objective, reliable or relevant evidence that Mr. Hayes did not consider. Instead, defendants point to their own interpretations (i.e. the deposition of Dr. Carvel) and complain that this was not considered as "fact." Mr. Hayes' failure to consider the self-serving testimony of Dr. Carvel and reach the same conclusions as defendants does not mean that Mr. Hayes failed to rely on appropriate data in forming his opinion. Mr. Hayes considered all of the relevant, factual documentary evidence in this case, the most important of which were the contracts between the parties, and arrived at an unbiased and objective opinion regarding the use of Private Label Agreements in the medical equipment leasing industry. As Mr. Hayes explains, the Private Label Agreement "very clearly states the responsibilities of each of the parties . . . ." (See the October 31, 2003 Report of Gerald A. Hayes, Jr., attached to defendants' Motion *In Limine* as Exhibit 1.)

Further, defendants argue that Mr. Hayes did not reference "any studies or statistics regarding either the commonality of private label program agreements or whether end users typically care about the source of financing." (Defendants' Memorandum at 5.) Contrary to defendants' contentions, Mr. Hayes' authority appropriately comes from his more than 30 years

6

of experience in middle and senior level management positions in equipment leasing, asset based lending, commercial and international banking and institutional trust management and administration, and from his experience in evaluating the precise type of Private Label Agreement at issue in this case. This experience gives Mr. Hayes the unique ability to examine the transactions at issue and to guide the Court and a jury in understanding the facts.

Clearly, Mr. Hayes is not being offered to testify as an expert on issues of science, but rather as an expert on the custom and practice in the medical equipment leasing industry of using Private Label Agreements as an alternative means of financing a transaction. This type of non-scientific expert testimony does not lend itself to a strict Daubert analysis. Rather, as noted by the United States Supreme Court and relied upon by this District, "[r]elevant reliability concerns may focus upon personal knowledge or experience," as opposed to "scientific foundations," in situations such as this one where the expert is not testifying as to scientific principles, but rather as to business transactions. Protocomm Corp. v. Novell Advanced Services, Inc., 171 F.Supp.2d at 477 (quoting Kumho Tire, 526 U.S. at 150, 119 S.Ct. at 1175). This is particular true with respect to Mr. Hayes' proffered testimony on trade custom and usage since similar testimony has been permitted to be introduced at trial through the use of lay witnesses. See Ebasco Services, Inc. v. Pennsylvania Power & Light Co. v. General Electric Co., 460 F.Supp. 163 (E.D.Pa. 1978); Posttape Assoc. v. Eastman Kodak Co., 450 F.Supp. 407 (E.D.Pa. 1978); Walnut Equipment Leasing Co., Inc. and Axtell v. The Equipment Leasing Company, 2003 WL 21262710 (Bankr.E.D.Pa.).

### C. Mr. Hayes' Opinions Are Relevant to the Facts at Issue in this Case

If expert testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue," (Fed.R.Evid. 702), then that testimony is relevant and meets the requirement of "fit" set forth in Daubert. 509 U.S. at 591.

The relevance of Mr. Hayes' opinion regarding both the commonality of Private Label Agreements and the end users concerns about the source of financing is beyond question in light of defendants' counterclaims for fraud. Defendants have alleged that DLL and TAMS committed and conspired to defraud them by "concealing" DLL's involvement in the financing of the leased equipment. This is precisely the question addressed by Mr. Hayes. After reviewing all of the relevant evidence, Mr. Hayes concludes that the Private Label Agreement used in the transaction between DLL and TAMS, was exactly what is commonly used in the medical equipment leasing industry. Such analysis speaks directly to the elements of defendants' fraud claims, specifically the element of intent on the part of DLL and TAMS to defraud defendants.

### III. CONCLUSION

Mr. Hayes' has reviewed all the relevant, objective evidence and has applied reliable data and experience to the facts in order to reach his conclusions, which will assist the trier of fact in evaluating the defendants' fraud claims in this case. He is eminently qualified to offer testimony

regarding industry custom and usage. Defendants will have the opportunity to challenge his opinions through cross-examination. Therefore, defendants' motion to exclude the testimony of Mr. Hayes should be denied.

McCARTER & ENGLISH, LLP

*/s/ Peter J. Boyer*

Rosetta B. Packer (Attorney ID No. 28357)
Peter J. Boyer (Attorney ID No. 25517) (PJB1913)
Candace Moody (Attorney ID No. 80995)
MCCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800
Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.

Dated: May 12, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| and : | HON. RONALD L. BUCKWALTER |
| Toshiba America Medical Systems, Inc. : | |
| Intervenor Plaintiff : | |
| vs. : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. : Carvel, Lynn T. Carvel, Delta Radiology, P.C. : and Zobar Properties, LLC. : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Peter J. Boyer, Esquire, hereby certify that on May 12, 2004, I caused a true copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine to Preclude The Testimony of Plaintiff's Expert Gerald Hayes and Proposed Form of Order in support thereof, to be served upon the following counsel in this action:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
**Via Hand Delivery**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Kyle P. Tate, Esquire
c/o William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Lynanne Wescott, Esquire
The Wescott Law Firm
Two Penn Center Plaza, Suite 200
Philadelphia, PA  19102
**Via Hand Delivery**

PETER J. BOYER