**EXHIBIT A**

Case 2:02-cv-02810-RB  Document 164-2  Filed 05/12/2004  Page 1 of 10

Page 1

```
 1           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
 2   _____
 3   DELAGE LANDEN FINANCIAL SERVICES,  )
     INC,                               )
 4                                      )
              PLAINTIFF,                )
 5                                      )
     TOSHIBA AMERICA MEDICAL SYSTEMS,   )
 6   INC.,                              )
                                        )
 7           PLAINTIFF/INTERVENOR,      )
                                        )
 8                                      )
     VS.                                ) 2-02CV2810
 9                                      )
                                        )
10   DESOTO DIAGNOSTIC IMAGING, LLC,    )
     RANDON J. CARVEL, LYNN T. CARVEL,  )
11   DELTA RADIOLOGY, PC, AND ZOBAR     )
     PROPERTIES, LLC,                   )
12                                      )
             DEFENDANTS/                )
13           COUNTER-CLAMIANTS.         )
     _____
14
15                   VIDEO DEPOSITION
16                         OF
17                    DONNY JENKINS
18
19
                     AUGUST 13, 2003
20
21
22           ALPHA REPORTING CORPORATION
                KORIAN NEAL, RPR, CCR
23         100 North Main Building, The Lobby
               Memphis, Tennessee 38103
24                  (901) 523-8974
25
```

1   equipment to be there. I respected, you know,
2   everything going on. End of answer.
3      Q.   (BY MR. TATE)  Well, when you say you
4   respected everything that was going on, did you respect
5   Dr. Carvel?
6      A.   At the time, yes.
7      Q.   Now, when you were at DDI's facility when
8   these recordings took place, were you there on business?
9      A.   I believe this one was after hours. And it
10  was on a personal note.
11     Q.   Okay. So you arrived there --
12     A.   But -- excuse me. Go ahead.
13        MR. CHESNEY:  Well, no. Go ahead.
14        THE WITNESS:  Okay.
15        MR. CHESNEY:  If you're weren't
16  finished --
17     A.   I don't want to get into that no more. But I
18  am always an employee of Toshiba Medical Systems 24/7.
19  It is up to me to put out, you know, a good sign for
20  Toshiba. So, yes, I am there under Toshiba. But this
21  was after hours. And I was there on a personal note.
22  It was me and Dr. Carvel, and I think Randon came in. I
23  don't know if Paul King -- I don't know if it was just
24  me and her. I don't recall.
25     Q.   (BY MR. TATE)  Well, this particular tape

1  you're listening to right now is just you and
2  Dr. Carvel.
3              MR. CHESNEY:  Well, except for the fact
4  that right at the beginning, there was obviously a
5  third person who's not reflected in your transcript
6  who made a noise and apparently left the room.
7              MR. TATE:  Well, there will be a
8  certified transcript that's going to be produced.
9              MR. CHESNEY:  Yeah.
10             MR. TATE:  So that's not a problem.
11             MR. CHESNEY:  Well, I'm just pointing
12  out, you know, just ask questions.  Don't argue with
13  the witness about who was there.
14      Q.   (BY MR. TATE)  So as far as your understanding
15  of when this particular recording took place, you're
16  thinking this was after hours and you were there on a
17  personal nature?
18      A.   After hours, I'm there on my time.  I did not
19  charge Toshiba any overtime.  I was not compensated in
20  any way for being there after hours.
21      Q.   How did you arrive at the facility in the
22  first place?
23      A.   I drove.
24      Q.   Based on a service call?
25      A.   I'd have to investigate that.  I don't

1  remember.

2  Q.   But if you were there based on a service call,
3  you would have been there on behalf of Toshiba; correct?

4  A.   Initially, yes.

5  Q.   Okay.  Let's turn the tape back on.

6           (WHEREUPON, THE TAPE WAS PLAYED.)

7           DONNY JENKINS:  IBM.

8           DR. CARVEL:  Not really.

9           DONNY JENKINS:  When it all comes down --
10  GE used to be this way, GE Medical -- well, GE all
11  together.  GE, Big Blue, IBM, and Xerox, you could
12  work for any of them.  And what -- all right.  I
13  started with GE.  All I had was an associate's degree.
14  But I had more experience in my short learning curve
15  than guys who had been in the field for five years
16  that had, you know, master's degrees.  So they hired
17  me.

18           Well, then they started to make it hard
19  on me because I didn't have a four-year degree.

20           DR. CARVEL:  Um-um.

21           DONNY JENKINS:  Well, Big Blue is number
22  one.  The only thing you could work on if you did not
23  have a four-year degree with Big Blue was copiers.
24  You couldn't work on computers.

25           With Xerox, copiers.  You could not step

1   question as to a third party being present on the audio
2   tape.  And I'm not sure that I heard that.  Let me just
3   ask you.  Were there any other parties that were in and
4   out of the room while you were talking to Dr. Carvel?
5       A.   I don't remember what conversation we had.
6   But I remember Paul, Randon coming to the door at
7   different times.  It might have been this one.  I
8   remember her daughter coming from the back room.  But
9   there again, I don't remember what conversation, you
10  know, what day or anything like that.  I just remember
11  them coming around.
12      Q.   Do you remember at the first of this tape when
13  it appeared that you were talking to another individual
14  in the room and you had stated something to the effect,
15  what did you call me or -- do you remember that part of
16  the conversation?
17      A.   I mean -- I mean, it's here.  But I don't --
18  wait a minute.  I don't see that.  Oh.  That sounds like
19  a reaction to something that Paul King would have said
20  to me.  There again, I considered them you, know,
21  friends, not just, you know, somebody I work with.
22      Q.   So Paul King was at work evidently when you
23  had this discussion with Dr. Carvel?
24      A.   Numerous occasions Paul would be there late,
25  and Randon would be there late.

1  Q. Okay. Is it your testimony here today that
2  you're absolutely certain that this conversation between
3  you and Dr. Carvel was after hours?
4  A. Am I absolutely certain? No.
5  Q. Okay. And what would you classify as after
6  hours?
7  A. 5:00 o'clock, 5:00 p.m.
8  Q. Okay. Do you on occasion bill Toshiba for
9  service after hours?
10 A. If I'm performing service, yes.
11 Q. Okay. Do you know if after the conversation
12 with Dr. Carvel on this particular -- on this particular
13 tape, if you made another service call that night?
14 A. I don't recall. I would have to look at my
15 service tickets.
16         DR. CARVEL: Okay. Let's turn the tape
17 back on.
18         (WHEREUPON, THE TAPE WAS PLAYED.)
19         DONNY JENKINS: But listen to what I'm
20 saying. You know, between you and Paul and your
21 husband and maybe even a tech, spread it around and
22 just say, you know, not necessarily Donny, but Greg,
23 either one of us. But you know, if there was somebody
24 here eight hours a day, seven days or five days a
25 week, you know, some of these issues probably wouldn't

**EXHIBIT B**

# TATE LAW FIRM

ATTORNEYS AND COUNSELORS AT LAW
9085 SANDIDGE CENTER COVE
OLIVE BRANCH, MISSISSIPPI 38654
TELEPHONE: (662) 893-8833
FAX: (662) 893-8824

KYLE P. TATE, P.C.*
HOLLY E. BRADY, P.C.

*ALSO ADMITTED IN NORTH CAROLINA

November 18, 2003

*Via Facsimile*

Mr. John Chesney
DRINKER, BIDDLE & REATH, LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

Mr. Peter Boyer
MCCARTER & ENGLISH, LLP
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA 19103-7501

    RE:    *Delage Landen Financial Services, Inc. and Toshiba American Medical Systems, Inc. v. DeSoto Diagnostic Imaging, L.L.C., et. al. Case No. 2: 02CV2810 United States District Court for the Eastern District of Pennsylvania*

Dear John and Peter:

    In light of information disclosed in last week's 30(b)(6) deposition of De Lage Landen Financial Services, Inc., DDI designates as witnesses the following individuals who are likely to have information bearing on Defendants' claims and defenses, in addition to those individuals who have been disclosed through discovery who may, or may not yet have been designated as possible witnesses for the trial of this matter:

    (1)    **Dina Reimund**
            De Lage Landen Financial Services, Inc.
            c/o McCarter & English, LLP
            Fact witness

    (2)    **Jennifer Gibson**
            De Lage Landen Financial Services, Inc.
            c/o McCarter & English, LLP
            Fact witness

November 18, 2003
Page 2

Additionally, DDI further designates the following individuals as witnesses who are likely to have information bearing on Defendants' claims and defenses:

    (3)    **Katsuhiro Ito**
            Toshiba America Medical Systems, Inc.
            c/o Drinker, Biddle & Reath, LLP
            Fact witness

    (4)    **Koji Ito**
            Toshiba America Medical Systems, Inc.
            c/o Drinker, Biddle & Reath, LLP
            Fact witness

    (5)    **Hirokazu Noguchi**
            Toshiba America Medical Systems, Inc.
            c/o Drinker, Biddle & Reath, LLP
            Fact witness

    (6)    **Richard Moen**
            11111 Katy Freeway
            Suite 570
            Houston, TX  77079
            Fact witness

                      Sincerely,

                      TATE LAW FIRM

                      Kyle P. Tate

cc:    Mr. William Matthews