**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-CV-2810 |
| | : | |
| vs. | : | |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFFS' OJBECTIONS AND COUNTER DESIGNATIONS
TO DEFENDANTS' DEPOSITION DESIGNATIONS**

Plaintiff De Lage Landen Financial Services, Inc. hereby objects to the deposition designations of defendants and proposes counter designations as follows:

**1.    Raymond Crouse**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| 17:3-17:6 | Need last two lines to place in context | 17:7 – 17:8 |
| 65:3-67:24 | Relevance; Lack of foundation; Hearsay Questioning asks for witnesses opinion of what author of email had in mind. | |
| 70:23 – 71-11 | Objection. Form of questions improper; assumes only one of two possibilities, asks for legal | |

| | position rather than facts | |
|---|---|---|
| 88.5-89.3 | Objection. Work Product; Attorney Client Privilege. Exhibit inadvertently produced | |

2. **Dave Begy**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| 26.23-27.1 and 27.5 – 27.7 | Objection. Calls for a legal conclusion as to who had remarketing responsibility | |
| 28.25-28.13 | Objection. Lack of foundation. Assumes facts not in evidence | |
| 35.8-35.14 | Objection to form of question; Lack of foundation; If question and answer permitted, plaintiff designates lines 15-16 | 35.15-35.16 |
| 58.21-59.10 | Objection. Lack of foundation; Lack of personal knowledge; Calls for speculation | |
| 69.21-70.8 | Objection. Lack of foundation; Assumes facts not in evidence | |
| 115.20-115.21 | Objection. Attorney objection is not evidence | |
| 116.21-116.24 | Objection. Attorney objection is not evidence | |

3.  **Don Flassing**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| 22.9 – 25.8 | Relevance. Setting of reserve within DLL has no relevance to the claims in this matter | |
| 27.12-28.3 | Relevance. Setting of reserve within DLL has no relevance to the claims in this matter | |
| 37.4-37.21 | Relevance. Setting of reserve within DLL has no relevance to the claims in this matter | |
| 37.24-38.1; 38.9-38.10 | Relevance. Setting of reserve within DLL has no relevance to the claims in this matter | |
| 38.12-38.17 | Relevance. Setting of reserve within DLL has no relevance to the claims in this matter | |
| 46.15-52.17 | Relevance. Testimony regarding reasons for DLL and Toshiba not renewing program agreement is not relevant to claims in this case | |
| 58.24-59.12 | Objection to form of the question. Assumes facts not in evidence. Improperly and inaccurately purports to summarize earlier testimony | |
| 60:22-61:2 | Objection to the form of the question. Vague and ambiguous as to whether questions relates to this transaction or to transactions in general under Toshiba program | |
| 101:23-102:04 | Relevance. Setting of reserve within DLL has no relevance | |

| | to the claims in this matter | |
|---|---|---|
| 119:10-120:7 | | 120:8-120:13 |

4. **Gary Hall**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| 19:8-19:17 | Colloquy among lawyers. Not relevant evidence | |
| 30:22-31:20 | Objection. Mischaracterizes testimony of another witness; Improperly asks witness to comment on summary of testimony of another witness | |
| 43:17-44:2 | Objection to form of question, leading, mischaracterizes the testimony of the witness; argumentative | |
| 64:20-69:9 | | 60:2-64:19 |
| 67:15-67:24 | Objection. Lack of foundation, calls for expert opinion, witness not qualified as an expert. | |
| 68:1-69:9 | Objection. Lack of foundation, calls for expert opinion, witness not qualified as an expert. | |
| 76:5-76:19 | Objection. Mischaracterizes the witness's testimony; Lack of foundation, calls for legal conclusion | |
| 80:23-82:17 | Objection. Lack of foundation, calls for speculation and assumptions on the part of the witness. | |

| | | |
|---|---|---|
| 86:18-89:6 | Objection. Hearsay. Testimony based on hearsay as evidenced by page 87 lines 17-19 | |
| 119:12-119:22 | Objection. Lack of foundation, calls for expert opinion, witness not qualified as an expert. | |
| 120:9-120:18 | Objection. Lack of foundation. Assumes facts not in evidence. Mischaracterizes the witnesses prior testimony | |
| | | 123:6-124:8 |

5.   **Larry Levin**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| 22:10-25:3 | Objection. Calls for legal conclusion and legal opinion as to an issue of law in the case. | |
| | | 50:6-50:10 |
| 57:14-57:17 | Objection. Relevance. Any remote relevance outweighed by potential prejudice. DLL's net worth would be relevant only in the event the Court determines that sufficient evidence has been presented to support an award of punitive damages | |
| 71:7-72:23 | Objection. Privilege. Memo from L Levin, an attorney at DLL to R Crouse regarding status, which includes legal advice. Document | |

| | inadvertently produced in discovery. | |
|---|---|---|
| 141:19-142:3 | Objection. Leading. Assumes facts not in evidence. Witness was not permitted to complete answer. | |

6. **Lisa Sparta**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| 20:4-20:5 | Objection withdrawn. Delete objection before reading | |
| 33:14-33:20 | Objection. Compound question. Question re asked without objection beginning in line 33:21 | |
| 38:18-39:8 | Objection. Based upon selection, unclear what is being asked. Lack of foundation. Vague and ambiguous | |

7. **Eugene Holliday**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| | | 22:11-22:23 |
| 36:17-19; 36:23-37:14 | Lack of foundation; Calls for expert opinion as to value; Witness neither qualified nor identified as an expert | |
| 49:4-49:16 | Lack of foundation; Calls for expert opinion as to changes in value over time, Witness | |

| Page and Line | Objection | Counter Designation |
|---|---|---|
| | neither qualified nor identified as an expert | |
| 55:12-56:5 | Attorney colloquy should be eliminated from the portion read to the jury | |
| 85:22-87:9 | Lack of foundation; Calls for expert opinion as to value; Witness neither qualified nor identified as an expert | |
| 91:6-91:18 | This is redirect.  Since the testimony to which this redirect refers was not designated, there is no reason to permit the redirect testimony | |
| 103:23-105:17 | This is redirect.  Since the testimony to which this redirect refers was not designated, there is no reason to permit the redirect testimony | |

8. **Zebulon Stewart**

| Page and Line | Objection | Counter Designation |
|---|---|---|
| | | 26:9-26:16 |
| | | 43:24-42:15 |
| | | 44:12-44:16 |
| | | 56:21-57:11 |
| | | 64:17-64:24 |
| | | 197:7-197:22 |
| 216;22-217:18 | Hearsay; Lack of foundation; Lack of personal knowledge: | |

| | | |
|---|---|---|
| | Improperly seeks to have witness testify about state of mind of author of email | |
| | | 224:9-224:18 |

        Respectfully submitted:

        **McCARTER & ENGLISH, LLP**

        _____
        Rosetta B. Packer
        Peter J. Boyer (PJB 1913)
        1735 Market Street, Suite 700
        Philadelphia, PA 19103
        (215) 979-3800

        Attorneys for Plaintiff
Dated: June 8, 2004        De Lage Landen Financial Service

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | |
| | : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff | : | |
| and | : | HON. RONALD L. BUCKWALTER |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DeSoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC. | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

   I, Peter J. Boyer, Esquire, hereby certify that on June 8, 2004, I caused a true copy of the foregoing Plaintiff's Objections and Counter Designations to Defendants' Deposition Designations to be served upon the following counsel in this action:

John Chesney, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
**Via Hand Delivery**

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Kyle P. Tate, Esquire
c/o William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
**Via Hand Delivery**

Lynanne Wescott, Esquire
The Wescott Law Firm
Two Penn Center Plaza, Suite 200
Philadelphia, PA  19102
**Via Hand Delivery**

             _____
             **Peter J. Boyer**