## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | CIVIL ACTION NO. 02-CV-2810 |
| | : | |
| Plaintiff | : | |
| and | : | |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| Desoto Diagnostic Imaging, LLC., Randon J. | : | |
| Carvel, Lynne T. Carvel, Delta Radiology, | : | |
| P.C. and Zobar Properties, LLC. | : | |
| | : | |
| Defendants | : | |

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made and executed as of this this twenty third day of July, 2004 (the "Effective Date"), by and among De Lage Landen Financial Services, Inc. ("DLL"); Toshiba America Medical Systems, Inc. ("TAMS"); and Desoto Diagnostic Imaging, LLC, Lynn T. Carvel, Randon J. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (collectively, the "Desoto Parties").

## BACKGROUND

A.     DLL, TAMS and the Desoto Parties are parties to the action captioned-above (the "Action").

B.     The parties in the Action and to this Agreement now desire to avoid the further expense and inconvenience of the litigation, to fully resolve and compromise their claims and differences with respect to the Action and to effect the release of claims which have or might have been asserted by or against each of them in the Action, upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, with the foregoing Background deemed incorporated herein by this reference, the parties hereto, intending to be legally bound hereby, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, do hereby covenant and agree as follows:

1.  Settlement Sum.

Subject to the provisions of this Agreement, and in full and complete settlement of all claims, cross-claims and counterclaims in the Action, the following payments shall be made in immediately available funds made payable to McCarter & English, LLP, attorneys for De Lage Landen Financial Services, Inc. at 1735 Market Street, Suite 700, Philadelphia, PA 19103 on or before 3:00 p.m., e.s.t., August 2, 2004:

   (a)  the sum of $1,150,000.00 from TAMS; and

   (b)  the sum of $550,000.00 from DeSoto Diagnostic Imaging, LLC.

It is understood and agreed that the obligations of TAMS set forth in subparagraph 1(a) hereof are solely the obligations of TAMS and neither the Desoto Parties, nor any of them, is jointly or jointly and severally liable with TAMS for the performance of such obligations.  It is further understood and agreed that the obligations of the Desoto Parties set forth in subparagraph 1(b) hereof are solely the obligations of the Desoto Parties and TAMS is not jointly, or jointly and severally, liable with the Desoto Parties, or any of them, for the performance of such obligations.

2.  Consent Judgments.

Simultaneously with the execution of this Agreement, the parties shall execute and deliver to counsel for DLL the following (collectively the "Consent Judgments"):

   (a)  Consent Judgment in the amount of $1,450,000 plus costs of collection, including but not limited to reasonable attorneys' fees, against TAMS, in form attached hereto as Exhibit "A" (the "TAMS Consent Judgment"); and

   (b)  Consent Judgment in the amount of $850,000 plus costs of collection including, but not limited to reasonable attorneys' fees, against the Desoto Parties, jointly and severally, in the form attached hereto as Exhibit "B" (the "Desoto Consent Judgment").

Counsel for DLL shall hold the Consent Judgments in escrow in accordance with the terms of this Agreement.

3.  Releases, Bill of Sale, and UCC-3 Terminations.

   (a)  Simultaneously with the execution of this Agreement, DLL and TAMS shall execute, and each shall deliver to counsel for the other party, Mutual Releases in the form attached hereto as Exhibit "C".  These Mutual Releases shall be deemed fully effective as of the Effective Date as set forth herein and may be delivered by counsel to their clients immediately upon receipt.  In addition, and simultaneously with the execution of this Agreement, DLL shall execute, and deliver to counsel for TAMS, a Bill of Sale in the form attached as Exhibit "D" for the equipment that is the subject matter of the Action.  Counsel for TAMS shall hold the Bill of Sale in escrow in accordance with the terms of this Agreement.

(b)     Simultaneously with the execution of this Agreement, DLL and the Desoto Parties shall execute, and each shall deliver to counsel for the other party, Mutual Releases in the form attached hereto as Exhibit "E". These Mutual Releases shall be deemed fully effective as of the Effective Date as set forth herein and may be delivered by counsel to their clients immediately upon receipt.

(c)     Simultaneously with the execution of this Agreement, TAMS and the Desoto Parties shall execute, and each shall deliver to counsel for the other party, Mutual Releases in the form attached hereto as Exhibit "F". These Mutual Releases shall be deemed fully effective as of the Effective Date as set forth herein and may be delivered by counsel to their clients immediately upon receipt.

(d)     In the event that TAMS timely complies with the provisions of Section 1(a) of this Agreement, the following shall occur:

(i)  counsel for DLL shall promptly deliver to counsel for TAMS the Consent Judgment described in Section 2(a) of this Agreement, and

(ii)  counsel for TAMS shall release the Bill of Sale from escrow and may deliver it to TAMS;

(iii)  DLL shall promptly file UCC-3 Terminations in the form attached as Exhibit "G" in the offices indicated on Exhibit "G. The parties agree that DLL is authorized to sign and/or file the UCC-3 Termination Statements in the name of TAMS and/or TAMC in order to ensure that the termination statements are consistent with the original UCC filings. DLL agrees to execute and/or file such additional documents as may reasonably be required to effect the release of any security interest that DLL may have, either in its own name or in the name of TAMS or TAMC, in the equipment that is the subject of the UCC-3 Termination Statements attached hereto as Exhibit "G".

(e)     In the event that the Desoto Parties timely comply with provisions of Section 1(b) of this Agreement, the following shall occur

(i)  counsel for DLL shall promptly deliver to counsel for the Desoto Parties the Consent Judgment described in Section 2(b) of this Agreement; and

(ii)  DLL shall promptly file UCC-3 Terminations in the form attached as Exhibit "G" in the offices indicated on Exhibit "G. The parties agree that DLL is authorized to sign and/or file the

3

UCC-3 Termination Statements in the name of TAMS and/or TAMC in order to ensure that the termination statements are consistent with the original UCC filings.  DLL agrees to execute and/or file such additional documents as may reasonably be required to effect the release of any security interest that DLL may have, either in its own name or in the name of TAMS or TAMC, in the equipment that is the subject of the UCC-3 Termination Statements attached hereto as Exhibit "G".

4.    Default by TAMS or the Desoto Parties.

(a)    In the event that TAMS fails to timely comply with the provisions of Section 1(a) of this Agreement, DLL may file with the Clerk of the United States District Court for the Eastern District of Pennsylvania the TAMS Consent Judgment, and TAMS will not take any action to oppose or contest the filing of the TAMS Consent Judgment.

(b)    In the event that the Desoto Parties fail to timely comply with the provisions of Section 1(b) of this Agreement, DLL may file with the Clerk of the United States District Court for the Eastern District of Pennsylvania the Desoto Consent Judgment and may also proceed with the Tennessee Action (hereinafter defined).  In such event the Desoto Parties will not take any action to oppose or contest the filing of the Desoto Consent Judgment or to oppose or contest any relief sought by DLL or TAMS in the Tennessee Action.

(c)    In the event that DLL files the TAMS Consent Judgment in accordance with this Agreement, then, upon DLL's recovery from TAMS of the full amount of the TAMS Consent Judgment and satisfaction of that judgment, the Bill of Sale identified in paragraph 3(a)(ii) above shall immediately become effective and counsel for TAMS may deliver the original of said Bill of Sale to TAMS.  In addition, DLL shall promptly file UCC-3 Terminations in the form attached as Exhibit "G" in the offices indicated on Exhibit "G.  The parties agree that DLL is authorized to sign and/or file the UCC-3 Termination Statements in the name of TAMS and/or TAMC in order to ensure that the termination statements are consistent with the original UCC filings.  DLL agrees to execute and/or file such additional documents as may reasonably be required to effect the release of any security interest that DLL may have, either in its own name or in the name of TAMS or TAMC, in the equipment that is the subject of the UCC-3 Termination Statements attached hereto as Exhibit "G".

(d) In the event that DLL files the Desoto Consent Judgment in accordance with this Agreement, upon DLL's recovery from the Desoto Parties of the full amount of the Desoto Consent Judgment and satisfaction of that judgment, DLL shall promptly file UCC-3 Terminations in the form attached as Exhibit "G" in the offices indicated on Exhibit "G.  The parties agree that DLL is authorized to sign and/or file the UCC-3 Termination Statements in the name of TAMS and/or TAMC in order to ensure that the termination statements are consistent with the original UCC filings.  DLL agrees to execute and/or file such additional documents as may reasonably be required to effect the release of any security interest that DLL may have, either in its own name or in the name of TAMS or TAMC, in the equipment that is the subject of the UCC-3 Termination Statements attached hereto as Exhibit "G".

4

5.     <u>Delivery of Documents or Materials Pursuant to This Agreement</u>

Where this Agreement requires or contemplates delivery of documents or materials to the parties or their counsel, such delivery shall be made as follows:

If to DLL or its counsel, to:

        Rosetta Packer, Esq.
        McCarter & English, LLP
        Mellon Bank Center, 7th Floor
        1735 Market Street
        Philadelphia, PA 19103

If to TAMS or its counsel, to:

        John Chesney, Esq.
        Drinker Biddle & Reath, LLP
        One Logan Square
        18th & Cherry Streets
        Philadelphia, PA 19103

If to the Desoto Parties or their counsel, to:

        Kyle P. Tate, Esq.
        Tate Law Firm
        9085 Sandidge Center Cove
        Olive Branch, MS 38654

6.     <u>Pending Action in Tennessee.</u>

There is presently pending an action in the United States District Court for the Western District of Tennessee at No. 03 MC 031 BIP (the "Tennessee Action") relating to a subpoena served on Rhea & Ivy and John May. Provided that the Desoto Parties timely comply with the provisions of this Agreement, DLL and TAMS shall, upon receipt of the payment described in Section 1(b) by DLL of this Agreement and the Mutual Release described in Section 3(b) of this Agreement, cause their counsel in Tennessee to dismiss the Tennessee Action with prejudice, provided that counsel for Rhea & Ivey joins in the dismissal. Pending compliance with the provisions of this Agreement, DLL and TAMS agree to request that the Tennessee Court stay all actions until after the conclusion of this settlement.

7.     <u>Dismissal of Action.</u>

(a)     Simultaneously with the execution of this Agreement, counsel for the parties shall execute Stipulations of Dismissal (collectively the "Stipulations") as follows: (1) a Stipulation of Dismissal with Prejudice of the Action in the form attached hereto as Exhibit "H" (the "TAMS Stipulation"), (2) a Stipulation of Dismissal with Prejudice of the Action in the form attached hereto as Exhibit "I" (the "Desoto Stipulation"), (3) a Stipulation of Dismissal with Prejudice of the Action in the form attached hereto as Exhibit "J" (the "TAMS Desoto Stipulation"), and (4) a

PH1: 482180.07

Stipulation of Dismissal with Prejudice of the Action in the form attached hereto as Exhibit "K" (the "Global Stipulation"). The TAMS Stipulation, the Desoto Stipulation and the Global Stipulation shall be held in escrow by counsel for DLL to be filed pursuant to the terms of this Agreement. Duplicate originals of the TAMS Desoto Stipulation shall be held by counsel for TAMS and counsel for the Desoto Parties to be filed pursuant to the terms of this Agreement.

(b)    One or more of the Stipulations shall be filed with the Court only upon the happening of the following events:

(i)    In the event that both the Desoto Parties and TAMS timely comply with the provisions of paragraph 1 hereof, counsel for DLL shall promptly file the Global Stipulation with the Court.

(ii)    In the event the Desoto Parties timely comply with the provisions of paragraph 1 hereof but TAMS does not, counsel for DLL shall promptly file the Desoto Stipulation and counsel for the Desoto Parties shall promptly file the TAMS Desoto Stipulation with the Court.

(iii)    In the event TAMS timely complies with the provisions of paragraph 1 hereof but the Desoto Parties do not, counsel for DLL shall promptly file the TAMS Stipulation and counsel for TAMS shall promptly file the TAMS Desoto Stipulation with the Court.

(iv)    in the event that neither the Desoto Parties nor TAMS timely comply with the provisions of paragraph 1 hereof, either counsel for the Desoto Parties or counsel for TAMS may promptly file the TAMS Desoto Stipulation with the Court.

8.    Headings.

The parties acknowledge that the headings used in this Agreement are for convenience purposes only and do not (and shall not be construed) to define or limit the parties' rights and remedies hereunder.

9.    Waiver of Jury Trial.

THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT THAT THEY MAY HAVE TO TRIAL BY JURY ON ANY MATTER, DISPUTE OR ACTION RELATED TO THIS AGREEMENT AND/OR ANY RIGHTS AND REMEDIES HEREUNDER. THIS WAIVER IS AND SHALL BE DEEMED UNCONDITIONAL AND IRREVOCABLE.

10.    Independent Counsel.

Each of the parties to this Agreement acknowledges and warrants that they have been represented by legal counsel of their own choosing in connection with the negotiation and execution of this Agreement and all related agreements, instruments and documents. Each of the parties hereto acknowledge that he, she or it is not relying upon any representation, promise, assurance or statement of fact by any other party or counsel for any other party except as specifically set forth herein.

PH1: 482180.07

11.    <u>Miscellaneous Provisions</u>.

(a)    This Agreement shall be construed in accordance with and governed by the laws of the Commonwealth of Pennsylvania, without regard to conflicts of laws principles.

(b)    All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and assigns.

(c)    If any provision of this Agreement is held to be invalid or unenforceable in any jurisdiction, the other provisions hereof shall remain in full force and effect in such jurisdiction, the to the fullest extent permitted by law and the invalidity or unenforceability of any provision hereof in any jurisdiction shall not affect the validity or enforceability of such provision in any other jurisdiction.

(d)    This Agreement and the documents referenced herein constitute the entire agreement of the parties relating to the matters set forth herein and there have been and are no other agreements or representations of any kind or nature whatsoever.

(e)    In the event of any inconsistency between the terms of this Agreement and the outlined terms of settlement placed on the record of counsel for the parties on June 15, 2004, the terms of the Agreement shall control.

12.    <u>No Admissions</u>.

The parties have agreed to settle this matter in order to avoid the expense, inconvenience and uncertainty of further litigation.  Nothing contained herein shall be deemed to be an admission of liability, wrongdoing, or fault by any of the parties hereto.

13.    <u>Confidentiality</u>.

The parties hereto warrant and agree that neither they, nor any of their attorneys, agents or employees, will, except as expressly provided in this Agreement, make any disclosure, either written or oral concerning the terms of this Agreement.  The response to proper discovery process in any court action or administrative proceeding, or disclosures required by law shall not be deemed a breach of the obligations of this Paragraph 1<u>3</u> provided that the party so compelled, when not prohibited by law, will give prompt written notice of such request and, to the extent possible, a reasonable opportunity for the other party to oppose disclosure.  Provided, however, that the parties <u>hereto</u> may, as necessary, disclose such information regarding this Agreement as is required for reporting purposes in the ordinary course of business, and in connection therewith DLL may disclose receipt of the aggregate sum of $1,700,000 without disclosing the breakdown as between TAMS and the Desoto <u>P</u>arties.  This Agreement shall not be recorded in any public office.

14.    <u>Modification</u>.

No modification hereof or any agreement referred to herein shall be binding or enforceable unless in writing and signed on behalf of the party against whom enforcement is sought

15. <u>Seal</u>.

This Agreement is intended to take effect as an instrument under seal.

16. <u>Counterpart Signatures</u>

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**[THE BALANCE OF THIS PAGE IS INTENTIONALLY BLANK]**

PH1: 482180.07

      IN WITNESS WHEREOF, the parties hereof have caused this Settlement Agreement to be executed and delivered by their duly authorized officers as of the day and year first above written.


ATTEST:                                 DE LAGE LANDEN FINANCIAL SERVICES, INC.


By:_____          By:_____
                                     Name:
                                     Title:


ATTEST:                                 TOSHIBA AMERICA MEDICAL SYSTEMS, INC.


By:_____          By:_____
                                     Name:
                                     Title:

ATTEST:                                 DESOTO DIAGNOSTIC IMAGING, LLC


By:_____          By:_____
                                     Name:
                                     Title:


WITNESS:


_____        _____(SEAL)
                                   LYNN T. CARVEL, M.D.


WITNESS:

_____    _____(SEAL)
                                    RANDON J. CARVEL


ATTEST:                             DELTA RADIOLOGY, P.C.


By:_____          By:_____
                                    Name:
                                    Title:


ATTEST:                             ZOBAR PROPERTIES, LLC


By:_____          By:_____
                                    Name:
                                    Title:


10

## ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA          :
                                                                        :          SS
COUNTY OF _____          :

       On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of De Lage Landen Financial Services, Inc., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

       WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____
NOTARY PUBLIC

## <u>ACKNOWLEDGMENT</u>

STATE OF CALIFORNIA                    :
                                       :      SS
COUNTY OF _____            :

      On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Toshiba America Medical Systems, Inc., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

      WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____
NOTARY PUBLIC

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE                          :
                                            :        SS
COUNTY OF _____              :

      On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Desoto Diagnostic Imaging, LLC, known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

      WITNESS my hand and Notarial Seal, the day and year aforesaid.


                                _____
                                NOTARY PUBLIC

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE     _____ :
                                                          :ss.
COUNTY OF                                          :


        On this \_\_\_ day of <u>August</u>, 2004, before me, a notary public, the undersigned personally appeared Lynn T. Carvel, M.D., known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

        IN WITNESS WHEREOF, I have hereunto set my hand and official seal.


_____
               Notary Public

PH1: 482180.07

## **ACKNOWLEDGMENT**

STATE OF TENNESSEE                    :
                                      :ss.
COUNTY OF                             :

On this ___ day of August, 2004, before me, a notary public, the undersigned personally appeared Randon J. Carvel, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE                          :
                                                            :          SS
COUNTY OF _____     :

On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Delta Radiology, P.C., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____
NOTARY PUBLIC

## **ACKNOWLEDGMENT**

STATE OF TENNESSEE     :
             :  SS
COUNTY OF _____   :

   On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Zobar Properties, LLC, known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

   WITNESS my hand and Notarial Seal, the day and year aforesaid.


        _____
        NOTARY PUBLIC

# EXHIBIT "A"

PH1: 482180.07

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-2810 |
| v. : | |
| : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff, : | |
| : | |
| v. : | |
| : | |
| Desoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C. : | |
| and Zobar Properties, LLC. : | |
| : | |
| Defendants. : | |

## CONSENT JUDGMENT

This matter having come before the Court on the joint request of counsel for Plaintiff and counsel for Intervenor Plaintiff pursuant to an amicable settlement of this matter, the terms of which were place on the record in open court on June 15, 2004 and further memorialized in settlement documentation executed by the parties thereafter, and the parties hereto, by their undersigned attorneys, having consented to the form and entry of this Consent Judgment;

IT IS,  this _____ day of _____, 2004, hereby ORDERED that FINAL JUDGMENT is hereby entered in favor of Plaintiff, De Lage Landen Financial Services, Inc. and against Intervenor Plaintiff Toshiba America Medical Systems, Inc. in the sum of $1,450,000.00, plus costs of collection including but not limited to reasonable attorneys fees.

PH1: 482180.07

BY THE COURT:

_____

RONALD L. BUCKWALTER, U.S.D.J.


The undersigned consent to the form and entry of the within Order.


Dated:                          **McCARTER & ENGLISH, LLP**

_____

Rosetta B. Packer
Peter J. Boyer
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800
Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.


Dated:                          _____

John Chesney, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
(215) 988-2842
Attorneys for Intervenor Plaintiff
Toshiba America Medical Systems, Inc.

PH1: 482180.07

# EXHIBIT "B"

PH1: 482180.07

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| De Lage Landen Financial Services, Inc.  : | |
|        : | |
| Plaintiff,  : | CIVIL ACTION NO. 02-CV-2810 |
| v.       : | |
|        : | Honorable Ronald L. Buckwalter |
| Toshiba America Medical Systems, Inc.  : | |
|        : | |
| Intervenor Plaintiff,  : | |
|        : | |
| v.       : | |
|        : | |
| Desoto Diagnostic Imaging, LLC., Randon J.  : | |
| Carvel, Lynn T. Carvel, Delta Radiology, P.C.  : | |
| and Zobar Properties, LLC.  : | |
|        : | |
| Defendants.  : | |

## CONSENT JUDGMENT

This matter having come before the Court on the joint request of counsel for Plaintiff and counsel for Defendants pursuant to an amicable settlement of this matter, the terms of which were place on the record in open court on June 15, 2004 and further memorialized in settlement documentation executed by the parties thereafter, and the parties hereto, by their undersigned attorneys, having consented to the form and entry of this Consent Judgment;

IT IS,  this _____ day of _____, 2004, hereby ORDERED that FINAL JUDGMENT is hereby entered in favor of Plaintiff, De Lage Landen Financial Services, Inc. and against Defendants Desoto Diagnostic Imaging, LLC., Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC, jointly and severally, in the sum of $850,000, plus costs of collection including but not limited to reasonable attorneys fees.

BY THE COURT:

_____

RONALD L. BUCKWALTER, U.S.D.J.

The undersigned consent to the form and entry of the within Order.

Dated:                                    **McCARTER & ENGLISH, LLP**

_____

Rosetta B. Packer
Peter J. Boyer
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800
Attorneys for Plaintiff
De Lage Landen Financial Services, Inc.

Dated:                                    _____

Kyle P. Tate, Esquire
Holly E. Brady, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC

Dated:                                    _____

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC

PH1: 482180.07

# EXHIBIT "C"

PH1: 482180.07

**MUTUAL RELEASE**

For and in consideration of the mutual releases contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, De Lage Landen Financial Services, Inc. ("DLL") and Toshiba America Medical Systems, Inc. ("TAMS") do hereby agree as follows:

1.     DLL for itself and for its respective agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations and anyone claiming through it or on its behalf (collectively, the "DLL Releasing Parties") does hereby fully and finally remise, release and forever discharge TAMS, its agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations (collectively, the "TAMS Released Parties") of and from all actions, causes of action, suits, claims, demands, damages, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, promises, controversies, whatsoever, in law or equity, whether known or unknown, suspected or unsuspected, that the DLL Releasing Parties, or any of them, have, had or hereafter can, shall or may have against the TAMS Released Parties arising from or relating to (a) that certain Master Lease dated February 17, 2000, the related Master Lease Schedule No. 01 dated December 29, 2000 and the related Master Lease Schedule No. 02 dated and signed as of February 7, 2001 by Lessee and dated and signed as of April 30, 2001 by Lessor, all between Toshiba America Medical Credit, a program of TAMS and Desoto Diagnostic Imaging, LLC (the "Released Agreements") and/or (b) all claims that were or could have been brought in that certain action in the United States District Court for the Eastern District of Pennsylvania captioned:  De Lage Landen Financial Services, Inc. v. Toshiba Medical Systems, Inc., et al., No. 02-CV-2810 (the "Action").

PH1: 482180.07

2.    TAMS for itself and for its respective agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations and anyone claiming through it or on its behalf (collectively, the "TAMS Releasing Parties") does hereby fully and finally remise, release and forever discharge DLL, its agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations (collectively, the "DLL Released Parties") of and from all actions, causes of action, suits, claims, demands, damages, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, promises, controversies, whatsoever, in law or equity, whether known or unknown, suspected or unsuspected, that the TAMS Releasing Parties, or any of them, have, had or hereafter can, shall or may have against the DLL Released Parties arising from or relating to (a) that certain Master Lease dated February 17, 2000, the related Master Lease Schedule No. 01 dated December 29, 2000 and the related Master Lease Schedule No. 02 dated and signed as of February 7, 2001 by Lessee and dated and signed as of April 30, 2001 by Lessor, all between Toshiba America Medical Credit, a program of TAMS and Desoto Diagnostic Imaging, LLC (the "Released Agreements") and/or (b) all claims that were or could have been brought in that certain action in the United States District Court for the Eastern District of Pennsylvania captioned:  De Lage Landen Financial Services, Inc. v. Toshiba Medical Systems, Inc., et al., No. 02-CV-2810 (the "Action").

3.    Notwithstanding anything to the contrary set forth in this Mutual Release, TAMS and DLL acknowledge and reaffirm that they were parties to a Master Contract Financing Program Agreement (the "Contract") and that nothing in this Mutual Release shall be deemed to release any claims relating to transactions under the Contract other than the transactions described above or that were the subject of the Action.

PH1: 482180.07

4.      Notwithstanding anything to the contrary set forth in this Mutual Release, this Mutual Release shall not be applicable to and shall be of no force and effect with respect to any claims brought against or among the parties hereto arising from any personal injury claims brought by persons who are not parties to the Confidential Settlement Agreement dated as of the date hereof by and among DLL, the Desoto Parties and Toshiba America Medical Systems, Inc. (the "Confidential Settlement Agreement")and that relate to Desoto Diagnostic Imaging, LLC's use of the leased equipment described in the Action.

5.      Notwithstanding anything to the contrary set forth in this Mutual Release, the DLL Releasing Parties and the TAMS Releasing Parties acknowledge and agree that, until the filing of either the Global Stipulation or the TAMS Stipulation (as defined in paragraph 7 of the Confidential Settlement Agreement), nothing contained in this Mutual Release shall be deemed to effect or relate to or release any obligations of DLL and TAMS under the terms and conditions of the Confidential Settlement Agreement .  Upon the filing of either the Global Stipulation or the TAMS Stipulation, this paragraph 5 shall no longer be of any force or effect.

6.      This Mutual Release shall be governed by and interpreted under the laws of the Commonwealth of Pennsylvania, without regard to conflict of laws principles.

PH1: 482180.07

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties have caused these presents to be duly executed and exchanged this _____ day of July, 2004.

DE LAGE LANDEN FINANCIAL SERVICES, INC.

By:_____

Title:_____

TOSHIBA AMERICA MEDICAL SYSTEMS, INC.

By:_____

Title:_____

PH1: 482180.07

## <u>ACKNOWLEDGMENT</u>

COMMONWEALTH OF PENNSYLVANIA :
              :  SS
COUNTY OF _____   :

   On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of De Lage Landen Financial Services, Inc., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

   WITNESS my hand and Notarial Seal, the day and year aforesaid.


         _____
         NOTARY PUBLIC

PH1: 482180.07

## <u>ACKNOWLEDGMENT</u>

STATE OF CALIFORNIA                :
                                               :     SS
COUNTY OF _____         :

       On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Toshiba America Medical Systems, Inc., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

       WITNESS my hand and Notarial Seal, the day and year aforesaid.


                          _____
                          NOTARY PUBLIC

PH1: 482180.07

# EXHIBIT "D"

**Bill of Sale**

This BILL OF SALE is made this _____ day of _____ 2004 by De Lage Landen Financial Services, Inc. ("Seller") to Toshiba America Medical Systems, Inc. ("TAMS").

WHEREAS, pursuant to that certain Confidential Settlement Agreement dated July ___, 2004, between Seller and TAMS and others ("the Agreement"), Seller has agreed to sell, and TAMS has agreed to accept the assets described on the equipment list which is attached hereto and marked as Exhibit "A"; and

WHEREAS, the parties hereto desire to evidence the sale by Seller to TAMS of the Assets.

NOW THEREFORE, Seller does hereby grant, bargain, sell, transfer and deliver unto TAMS the Assets.

1.      This Bill of Sale may be executed in counterparts, each of which shall be deemed an original, but all counterparts shall constitute one document.

2.      Seller represents and warrants that it is the true and lawful owner of and entitled to the sole possession of the Assets, and has full power, right and legal authority to sell and assign the Assets; and that none of the Assets is in any manner whatsoever encumbered, burdened, licensed or otherwise subject to any debts or obligations affecting the free marketability thereof.  Provided, Seller makes no representations or warranties regarding any liens asserted against or claims against the Assets from warehousemen or repairmen for the period during which TAMS has been in the possession or control of the Assets.

3.      Except for those warranties and representations set forth in Section 2 of this Bill of Sale, NEITHER SELLER NOR ANY OF ITS OFFICERS, EMPLOYEES OR AGENTS HAS MADE ANY REPRESENTATIONS OR WARRANTIES TO TAMS, ITS EMPLOYEES, AGENTS OR OTHER REPRESENATATIVES, EITHER EXPRESS OR IMPLIED, PARTICULARLY, BUT WITHOUT IN ANY WAY LIMITING THE GENERALITY OF THE FOREGOING, REGARDING THE FITNESS OF THE ASSETS FOR ANY PARTICULAR USE OR PURPOSE OR THE MERCHANTABILITY OF THE ASSETS, THE ASSETS BEING SOLD PURSUANT HERETO, ARE SOLD AS IS AND WITH ALL FAULTS, WITHOUT RECOURSE, REPRESENTATION OR WARRANTY EITHER EXPRESS OR IMPLIED.

IN WITNESS WHEREOF, Seller has caused this Bill of Sale to be executed by its duly authorized officer the day and year first above-written.

**Toshiba America Medical Systems, Inc.**          **De Lage Landen Financial Services, Inc.**


By:_____          By:_____

Title:_____          Title:_____

PH1: 482180.07

# EXHIBIT "E"

## MUTUAL RELEASE

For and in consideration of the mutual releases contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, De Lage Landen Financial Services, Inc. ("DLL") and Desoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (collectively, the "Desoto Parties") do hereby agree as follows:

1.      The Desoto Parties, for themselves, their respective agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations, heirs, executors, personal representatives, trusts, trustees and anyone claiming through it/them or on its or their behalf (collectively, the "Desoto Releasing Parties") do hereby fully and finally remise, release and forever discharge DLL, its predecessors, successors, assigns, agents, employees, officers, directors, attorneys, representatives, parent and subsidiary corporations and affiliates (collectively, the "DLL Released Parties") of and from all actions, causes of action, suits, claims, demands, damages, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, promises, controversies, whatsoever, in law or equity, whether known or unknown, suspected or unsuspected, arising out of or relating to the claims and transactions described in an action in the United States District Court for the Eastern District of Pennsylvania captioned: De Lage Landen Financial Services, Inc. v. Toshiba Medical Systems, Inc., et al. No. 02-CV-2810 (the "Action") that the Desoto Releasing Parties had, have or may ever have against the DLL Released Parties from the beginning of the world to the date of this Mutual Release.

2.      DLL for itself and for its predecessors, successors, assigns, agents, employees, officers, directors, attorneys, representatives, parent and subsidiary corporations and affiliates and anyone claiming through it or on its behalf (collectively, the "DLL Releasing Parties") do

hereby fully and finally remise, release and forever discharge the Desoto Parties, their agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations, personal representatives, executors, heirs, assigns, trusts, trustees and anyone claiming through it/them or on its or their behalf (collectively, the "Desoto Released Parties") of and from all actions, causes of action, suits, claims, demands, damages, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, promises, controversies, whatsoever, in law or equity, whether known or unknown, suspected or unsuspected, arising out of or relating to the claims and transactions described in an action in the United States District Court for the Eastern District of Pennsylvania captioned: De Lage Landen Financial Services, Inc. v. Toshiba Medical Systems, Inc., et al. No. 02-CV-2810 (the "Action") that the DLL Releasing Parties had, have or may ever have against the Desoto Released Parties from the beginning of the world to the date of this Mutual Release.

3.    Notwithstanding anything to the contrary set forth in this Mutual Release, the DLL Releasing Parties and the Desoto Releasing Parties acknowledge and agree that nothing contained in this Mutual Release shall be deemed to effect or relate to or release any obligations of the parties to that certain Master Lease Schedule No. 2, Lease No. 24388998, a copy of which is attached hereto.

4.    Notwithstanding anything to the contrary set forth in this Mutual Release, this Mutual Release shall not be applicable to and shall be of no force and effect with respect to any claims brought against or among the parties hereto arising from any personal injury claims brought by persons who are not parties to the Confidential Settlement Agreement dated as of the date hereof by and among DLL, the Desoto Parties and Toshiba America Medical Systems, Inc. (the "Confidential Settlement Agreement") relating to Desoto Diagnostic Imaging, LLC's use of the leased equipment described in the Action.

PH1: 482180.07

5.     Notwithstanding anything to the contrary set forth in this Mutual Release, the DLL Releasing Parties and the Desoto Releasing Parties acknowledge and agree that, until the filing of either the Global Stipulation or the Desoto Stipulation (as defined in paragraph 7 of the Confidential Settlement Agreement), nothing contained in this Mutual Release shall be deemed to effect or relate to or release any obligations of DLL and the Desoto Parties under the terms and conditions of the Confidential Settlement Agreement .  Upon the filing of either the Global Stipulation or the Desoto Stipulation, this paragraph 5 shall no longer be of any force or effect.

6.     This Mutual Release shall be governed by and interpreted under the laws of the Commonwealth of Pennsylvania, without regard to conflict of laws principles.

**[THE BALANCE OF THIS PAGE IS INTENTIONALLY BLANK]**

PH1: 482180.07

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties have caused these presents to be duly executed and exchanged this _____ day of July, 2004.

DE LAGE LANDEN FINANCIAL SERVICES, INC.

By:_____

Title:_____


DESOTO DIAGNOSTIC IMAGING, LLC

By:_____

Title:_____


_____<SEAL>
         Randon J. Carvel


_____<SEAL>
         Lynn T. Carvel


DELTA RADIOLOGY, P.C.

By:_____

Title:_____


ZOBAR PROPERTIES, LLC

By:_____

Title:_____

PH1: 482180.07

## __ACKNOWLEDGMENT__

STATE OF TENNESSEE    :

                                     :    SS

COUNTY OF _____    :

      On the ____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Desoto Diagnostic Imaging, LLC, known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

      WITNESS my hand and Notarial Seal, the day and year aforesaid.


                                   _____
                                   NOTARY PUBLIC

ACKNOWLEDGMENT

STATE OF TENNESSEE     :

                                       :     SS

COUNTY OF _____     :

      On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Delta Radiology, P.C., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

      WITNESS my hand and Notarial Seal, the day and year aforesaid.

                                    _____
                                    NOTARY PUBLIC

## <u>ACKNOWLEDGMENT</u>

COMMONWEALTH OF PENNSYLVANIA    :
                                                         :        SS
COUNTY OF _____    :

      On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of De Lage Landen Financial Services, Inc., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

      WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____
NOTARY PUBLIC

PH1: 482180.07

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE                    :
                                                    :        SS
COUNTY OF _____        :

On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Zobar Properties, LLC, known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____
NOTARY PUBLIC

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE          :
                                    :ss.

COUNTY OF                  :

        On this ___ day of August, 2004, before me, a notary public, the undersigned personally appeared Lynn T. Carvel, M.D., known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

        IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                                        _____
                                           Notary Public

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE                          :
                                                            :ss.
COUNTY OF                                          :

       On this ___ day of August, 2004, before me, a notary public, the undersigned personally appeared Randon J. Carvel, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

       IN WITNESS WHEREOF, I have hereunto set my hand and official seal.


                        _____
                                    Notary Public

PH1: 482180.07

# EXHIBIT F

## MUTUAL RELEASE

For and in consideration of the mutual releases contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Toshiba America Medical Systems, Inc. ("TAMS") and Desoto Diagnostic Imaging, LLC, Randon J. Carvel, Lynn T. Carvel, Delta Radiology, P.C. and Zobar Properties, LLC (collectively, the "Desoto Parties") do hereby agree as follows:

1.      The Desoto Parties for themselves and for their respective agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations and anyone claiming through them or on their behalf (collectively, the "The Desoto Releasing Parties") do hereby fully and finally remise, release and forever discharge TAMS, its agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations (collectively, the "TAMS Released Parties") of and from all actions, causes of action, suits, claims, demands, damages, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, promises, controversies, whatsoever, in law or equity, whether known or unknown, suspected or unsuspected, that the Desoto Releasing Parties, or any of them, have, had or hereafter can, shall or may have against the TAMS Released Parties arising from or relating to (a) that certain Master Lease dated February 17, 2000, the related Master Lease Schedule No. 01 dated December 29, 2000 and the related Master Lease Schedule No. 02 dated and signed as of February 7, 2001 by Lessee and dated and signed as of April 30, 2001 by Lessor, all between Toshiba America Medical Credit, a program of TAMS and Desoto Diagnostic Imaging, LLC (the "Released Agreements") and/or (b) all claims that were or could have been brought in that certain action in the United States District Court for the Eastern District of Pennsylvania captioned:  De Lage Landen Financial Services, Inc. v. Toshiba Medical Systems, Inc., et al., No. 02-CV-2810 (the "Action").

PH1: 482180.07

2.     TAMS for itself and for its respective agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations and anyone claiming through it or on its behalf (collectively, the "TAMS Releasing Parties") does hereby fully and finally remise, release and forever discharge the Desoto Parties, their agents, employees, officers, directors, attorneys, predecessors, successors, assigns, affiliates, parent and subsidiary corporations (collectively, the "Desoto Released Parties") of and from all actions, causes of action, suits, claims, demands, damages, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, promises, controversies, whatsoever, in law or equity, whether known or unknown, suspected or unsuspected, that the TAMS Releasing Parties, or any of them, have, had or hereafter can, shall or may have against the Desoto Released Parties arising from or relating to (a) that certain Master Lease dated February 17, 2000, the related Master Lease Schedule No. 01 dated December 29, 2000 and the related Master Lease Schedule No. 02 dated and signed as of February 7, 2001 by Lessee and dated and signed as of April 30, 2001 by Lessor, all between Toshiba America Medical Credit, a program of TAMS and Desoto Diagnostic Imaging, LLC (the "Released Agreements") and/or (b) all claims that were or could have been brought in that certain action in the United States District Court for the Eastern District of Pennsylvania captioned:  De Lage Landen Financial Services, Inc. v. Toshiba Medical Systems, Inc., et al., No. 02-CV-2810 (the "Action").

3.     Notwithstanding anything to the contrary set forth in this Mutual Release, this Mutual Release shall not be applicable to and shall be of no force and effect with respect to any claims brought against or among the parties hereto arising from any personal injury claims brought by persons who are not parties to the Confidential Settlement Agreement and that relate to Desoto Diagnostic Imaging, LLC's use of the leased equipment described in the Action.

4.     This Mutual Release shall be governed by and interpreted under the laws of the Commonwealth of Pennsylvania, without regard to conflict of laws principles.

PH1: 482180.07

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties have caused these presents to be duly executed and exchanged this _____ day of July, 2004.

TOSHIBA AMERICA MEDICAL SYSTEMS, INC.

By:_____
Title:_____

DESOTO DIAGNOSTIC IMAGING, LLC

By:_____
Title:_____

_____<SEAL>
       Randon J. Carvel

_____<SEAL>
       Lynn T. Carvel

DELTA RADIOLOGY, P.C.

By:_____
Title:_____

ZOBAR PROPERTIES, LLC

By:_____
Title:_____

PH1: 482180.07

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE                          :
                                                          :          SS
COUNTY OF _____          :

On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Desoto Diagnostic Imaging, LLC, known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____
NOTARY PUBLIC

ACKNOWLEDGMENT

STATE OF TENNESSEE                          :

                                           :        SS

COUNTY OF _____             :


     On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Delta Radiology, P.C., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

     WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____

NOTARY PUBLIC

PH1: 482180.07

## <u>ACKNOWLEDGMENT</u>

COMMONWEALTH OF PENNSYLVANIA  :

               :  SS

COUNTY OF _____   :

  On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of De Lage Landen Financial Services, Inc., known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

  WITNESS my hand and Notarial Seal, the day and year aforesaid.


       _____

       NOTARY PUBLIC

## **ACKNOWLEDGMENT**

STATE OF TENNESSEE                               :
                                                 :        SS
COUNTY OF _____                    :

On the _____ day of July, 2004 before me, the undersigned Officer, personally appeared _____, the _____ of Zobar Properties, LLC, known to me (satisfactory proven) to be the person whose name is subscribed to the within document and acknowledged that he/she executed the same for the purposes therein contained.

WITNESS my hand and Notarial Seal, the day and year aforesaid.


_____
NOTARY PUBLIC

## <u>ACKNOWLEDGMENT</u>

STATE OF TENNESSEE                    :
                                     :ss.
COUNTY OF                            :


   On this ___ day of August, 2004, before me, a notary public, the undersigned personally appeared Lynn T. Carvel, M.D., known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

   IN WITNESS WHEREOF, I have hereunto set my hand and official seal.


           _____
               Notary Public

### ACKNOWLEDGMENT

STATE OF TENNESSEE                           :
                                             :ss.
COUNTY OF                                    :

      On this ____ day of August, 2004, before me, a notary public, the undersigned personally appeared Randon J. Carvel, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

      IN WITNESS WHEREOF, I have hereunto set my hand and official seal.


                         _____
                                Notary Public

# EXHIBIT "G"

**[INSERT UCC RELEASE DOCUMENTS]**

# EXHIBIT "H"

PH1: 482180.07

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | |
| : | CIVIL ACTION NO. 02-CV-2810 |
| Plaintiff : | |
| : | |
| and : | |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| Desoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynne T. Carvel, Delta Radiology, : | |
| P.C. and Zobar Properties, LLC. : | |
| : | |
| Defendants : | |

## <u>STIPULATION OF DISMISSAL, WITH PREJUDICE</u>

The parties, by their undersigned attorneys hereby stipulate and agree, in accordance with

the provisions of Fed. R. Civ. P. No. 41 (a), that all claims, counterclaims, and cross claims in

the within action as between Plaintiff and Intervenor Plaintiff TAMS are hereby DISMISSED,

WITH PREJUDICE.

Dated: _____    _____

Rosetta B. Packer
Peter J. Boyer
McCarter & English, LLP
1735 Market Street, Suite 700
Philadelphia, PA 19103
Attorneys for Plaintiff,
De Lage Landen Financial Services, Inc.

Dated: _____    _____

John Chesney, Esquire
Drinker Biddle & Reath LLP

PH1: 482180.07

One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
Attorneys for Intervenor Plaintiff,
Toshiba America Medical Systems, Inc.


Dated:                    _____

Kyle P. Tate, Esquire
Holly E. Brady, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC


Dated:                    _____

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC


**APPROVED AND SO ORDERED,**
**THIS _____ DAY OF _____, 2004**


_____
**U.S.D.J.**

# EXHIBIT "I"

PH1: 482180.07

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | : | CIVIL ACTION NO. 02-CV-2810 |
| | : | |
| Plaintiff | : | |
| and | : | |
| | : | |
| Toshiba America Medical Systems, Inc. | : | |
| | : | |
| Intervenor Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| Desoto Diagnostic Imaging, LLC., Randon J. | : | |
| Carvel, Lynne T. Carvel, Delta Radiology, | : | |
| P.C. and Zobar Properties, LLC. | : | |
| | : | |
| Defendants | : | |

**STIPULATION OF DISMISSAL, WITH PREJUDICE**

The parties, by their undersigned attorneys hereby stipulate and agree, in accordance with the provisions of Fed. R. Civ. P. No. 41 (a), that all claims, counterclaims, and cross claims in the within action as between Plaintiff and all Defendants are hereby DISMISSED, WITH PREJUDICE.

Dated: _____

           Rosetta B. Packer
           Peter J. Boyer
           McCarter & English, LLP
           1735 Market Street, Suite 700
           Philadelphia, PA 19103
           Attorneys for Plaintiff,
           De Lage Landen Financial Services, Inc.

Dated: _____

           John Chesney, Esquire
           Drinker Biddle & Reath LLP
           One Logan Square
           18th & Cherry Streets

Philadelphia, PA  19103
Attorneys for Intervenor Plaintiff,
Toshiba America Medical Systems, Inc.

Dated:                              _____

Kyle P. Tate, Esquire
Holly E. Brady, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC

Dated:                              _____

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC

**APPROVED AND SO ORDERED,**
**THIS _____ DAY OF _____, 2004**


_____
**U.S.D.J.**

PH1: 482180.07

# EXHIBIT "J"

PH1: 482180.07

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| De Lage Landen Financial Services, Inc. : | CIVIL ACTION NO. 02-CV-2810 |
| : | |
| Plaintiff : | |
| and : | |
| : | |
| Toshiba America Medical Systems, Inc. : | |
| : | |
| Intervenor Plaintiff : | |
| : | |
| vs. : | |
| : | |
| Desoto Diagnostic Imaging, LLC., Randon J. : | |
| Carvel, Lynne T. Carvel, Delta Radiology, : | |
| P.C. and Zobar Properties, LLC. : | |
| : | |
| Defendants : | |

## STIPULATION OF DISMISSAL, WITH PREJUDICE

The parties, by their undersigned attorneys hereby stipulate and agree, in accordance with the provisions of Fed. R. Civ. P. No. 41 (a), that all claims, counterclaims, and cross claims in the within action as between Intervenor Plaintiff TAMS and all Defendants are hereby DISMISSED, WITH PREJUDICE.

Dated: _____         _____

Rosetta B. Packer
Peter J. Boyer
McCarter & English, LLP
1735 Market Street, Suite 700
Philadelphia, PA 19103
Attorneys for Plaintiff,
De Lage Landen Financial Services, Inc.

Dated: _____         _____

John Chesney, Esquire
Drinker Biddle & Reath LLP

One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
Attorneys for Intervenor Plaintiff,
Toshiba America Medical Systems, Inc.


Dated: _____        _____

Kyle P. Tate, Esquire
Holly E. Brady, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC


Dated: _____        _____

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
Attorneys for Defendants,
Desoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC


**APPROVED AND SO ORDERED,**
**THIS _____ DAY OF _____, 2004**


_____
**U.S.D.J.**

PH1: 482180.07

# EXHIBIT "K"

PH1: 482180.07

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

De Lage Landen Financial Services, Inc.      :
                                             :      CIVIL ACTION NO. 02-CV-2810
                                  Plaintiff  :
                                             :
              and                            :
                                             :
Toshiba America Medical Systems, Inc.        :
                                             :
                        Intervenor Plaintiff :
                                             :
              vs.                            :
                                             :
DeSoto Diagnostic Imaging, LLC., Randon J.   :
Carvel, Lynne T. Carvel, Delta Radiology,    :
P.C. and Zobar Properties, LLC.              :
                                             :
                                 Defendants  :

## STIPULATION OF DISMISSAL, WITH PREJUDICE

The parties, by their undersigned attorneys hereby stipulate and agree, in accordance with

the provisions of Fed. R. Civ. P. No. 41 (a), that all claims, counterclaims, and cross claims in

the within action are hereby DISMISSED, WITH PREJUDICE.

Dated: 

_____

Rosetta B. Packer
Peter J. Boyer
McCarter & English, LLP
1735 Market Street, Suite 700
Philadelphia, PA 19103
Attorneys for Plaintiff,
De Lage Landen Financial Services, Inc.

Dated: 

_____

John Chesney, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets

PH1: 482180.07

Philadelphia, PA  19103
Attorneys for Intervenor Plaintiff,
Toshiba America Medical Systems, Inc.


Dated:                              _____

Kyle P. Tate, Esquire
Holly E. Brady, Esquire
Tate Law Firm
9085 Sandidge Center Cove
Olive Branch, MS 38654
Attorneys for Defendants,
DeSoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC


Dated:                              _____

William Matthews, Esquire
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
Attorneys for Defendants,
DeSoto Diagnostic Imaging, LLC., Randon J.
Carvel, Lynn T. Carvel, Delta Radiology, P.C. and
Zobar Properties, LLC


**APPROVED AND SO ORDERED,
THIS _____ DAY OF _____, 2004**


_____

**U.S.D.J.**

PH1: 482180.07